```
 1
 2
 3
 4
 5
 6
 7
 8
 9
10
11
```

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| D.F.,<br><br>    Plaintiff,<br><br>v.<br><br>CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, a Utah corporation sole,<br><br>    Defendant. | NO. C07-0801JLR<br><br>NOTIFICATION OF FILING NOTICE OF REMOVAL |

TO:         D.F., Plaintiff

AND TO:   MICHAEL T. PFAU and TIMOTHY D. KOSNOFF, Attorneys for Plaintiff

YOU ARE HEREBY NOTIFIED that on May 24, 2007, defendant CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, in the above-referenced action, filed with the United States District Court for the Western District of Washington at Seattle its Notice of Removal to the District Court of the action brought in the Superior Court of Washington for King County, Cause No. 06-2-18131-0 KNT, and that defendant has promptly thereafter filed a copy of the Notice with the Clerk of the Superior Court,

NOTIFICATION OF FILING NOTICE OF REMOVAL- 1

GORDON TILDEN THOMAS & CORDELL LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154-1007
Phone (206) 467-6477
Fax (206) 467-6292

and that this action has hereby been removed from the Superior Court to the District Court. A copy of the Notice of Removal, which is attached to this Notice, is herewith served upon you.

DATED this _24_ day of May, 2007.

**GORDON TILDEN THOMAS & CORDELL** LLP

By /s/ Michael
Charles C. Gordon, WSBA #1773
Jeffrey I. Tilden, WSBA #12219
Michael Rosenberger, WSBA #31550
Attorneys for Defendants Corporation of the President of the Church of Jesus Christ of Latter-Day Saints

NOTIFICATION OF FILING NOTICE OF REMOVAL- 2

GORDON TILDEN THOMAS & CORDELL LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154-1007
Phone (206) 467-6477
Fax (206) 467-6292

# DECLARATION OF SERVICE

The undersigned certifies under penalty of perjury under the laws of the State of Washington that on the below date, I caused a true and correct copy of this document to be delivered via ABC Legal Messengers, Inc. to:

    Michael T. Pfau
    Gordon, Thomas, Honeywell, Malanca, Peterson & Daheim, LLP
    600 University, Suite 2100
    Seattle, WA 98101-4185
    Co-Counsel for Plaintiff

    Timothy D. Kosnoff
    Law Offices of Timothy D. Kosnoff
    One Union Square
    600 University Street, Suite 2101
    Seattle, WA 98101
    Co-Counsel for Plaintiff

DATED this 29th day of May, 2007 at Seattle, Washington.

*[signature]*
Jacqueline Lucien, Legal Secretary
Gordon Tilden Thomas & Cordell LLP

NOTIFICATION OF FILING NOTICE OF REMOVAL- 3

GORDON TILDEN THOMAS & CORDELL LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154-1007
Phone (206) 467-6477
Fax (206) 467-6292

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| D.F.,<br><br>Plaintiff,<br><br>v.<br><br>CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, a Utah corporation sole,<br><br>Defendant. | NO. C07-0801 JLR<br><br>NOTICE OF REMOVAL<br>(DIVERSITY JURISDICTION) |

Defendant, Corporation of the President of The Church of Jesus Christ of Latter-day Saints ("COP"), removes this action from the Superior Court of Washington State in and for King County, to the United States District Court for the Western District of Washington, upon the following grounds:

1. COP is now the sole defendant in a civil action filed in the Superior Court of Washington in and for King County, styled *D.F. v. Corporation of The President of the Church of Jesus Christ of Latter-day Saints*, No. 06-2-18131-0 KNT (the "State Court Action"). Plaintiff commenced the State Court Action by filing a complaint on June 1, 2006, a copy of which is attached to this Notice. Plaintiff originally named a non-diverse defendant, The Church of Jesus

NOTICE OF REMOVAL- 1

GORDON TILDEN THOMAS & CORDELL LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154-1007
Phone (206) 467-6477
Fax (206) 467-6292

Christ of Latter-day Saints, an unincorporated ecclesiastical organization. On May 22, 2007, the Superior Court dismissed the unincorporated Church, thus creating complete diversity.

2. Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

3. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332 based upon diversity of citizenship. Plaintiff is a resident of King County, Washington. Defendant is a citizen of Utah, incorporated under the laws of Utah, with its principal place of business in Utah.

4. In regard to CR 101(a), COP believes the matter in controversy exceeds $75,000 because plaintiff has claimed general damages of $3.5 million in an interrogatory response.

5. For the Court's convenience, COP notes that plaintiff's allegation that defendant negligently failed to prevent sexual abuse is closely related to the plaintiff's claim in *R.K. v. Corporation of the President of The Church of Jesus Christ of Latter-day Saints*, 04-2338 RSM (W.D. Wash.). *R.K. v. COP* was tried to a jury before Judge Ricardo S. Martinez in October 2006 and is now on appeal. Both cases involve sexual abuse by the same individual during the 1970s. Some legal issues presented by the current case are identical to those Judge Martinez previously addressed in *R. K.*

WHEREFORE, Corporation of the President of The Church of Jesus Christ of Latter-day Saints hereby removes this action from the Superior Court of Washington State in and for King County to the United States District Court for the Western District of Washington at Seattle.

NOTICE OF REMOVAL- 2

GORDON TILDEN THOMAS & CORDELL LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154-1007
Phone (206) 467-6477
Fax (206) 467-6292

DATED this 24th day of May, 2007.

**GORDON TILDEN THOMAS & CORDELL LLP**

By *[signature]*
Charles C. Gordon, WSBA #1773
Jeffrey I. Tilden, WSBA #12219
Michael Rosenberger, WSBA #31550
Attorneys for Defendant Corporation of the President
of The Church of Jesus Christ of Latter-day Saints

NOTICE OF REMOVAL- 3

GORDON TILDEN THOMAS & CORDELL LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154-1007
Phone (206) 467-6477
Fax (206) 467-6292

FILED
06 JUN -1 PM 4:13
KING COUNTY
SUPERIOR COURT CLERK
SEATTLE, WA.

SUPERIOR COURT OF THE STATE OF WASHINGTON
FOR KING COUNTY

D.F.,

     Plaintiff,

v.

THE CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, a Utah corporation sole; LDS SOCIAL SERVICES a/k/a LDS FAMILY SERVICES, a Utah corporation; and the "MORMON CHURCH" THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, an unincorporated association,

     Defendants

06-2-18131-0KNT

COMPLAINT

PARIS K. KALLAS

COMES NOW plaintiff D.F., by and through his attorneys Michael T. Pfau, Gordon Thomas Honeywell Malanca Peterson & Daheim, LLP and Timothy Kosnoff, Law Offices of Timothy Kosnoff, PC, and hereby states and alleges as follows.

## I. PARTIES AND GENERAL ALLEGATIONS

1.1 Plaintiff D.F., is an adult and at all times relevant hereto was a boy residing with his parent in Kent, Washington. D.F. and his family were recruited into the Mormon

COMPLAINT - 1 of 13
[163983 v5.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 • FACSIMILE (206) 676-7575

ORIGINAL

Church. At all relevant times, plaintiff was a member of the Church of Jesus Christ of Latter-day Saints and attended the Kent 2nd Ward. At time relevant to this case plaintiff D.F. was approximately 12 year old.

1.2     Defendant THE CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST LATTER-DAY SAINTS, a Utah corporation sole, is a corporation duly organized and operating pursuant to the laws of Utah. This defendant also operates as the "MORMON CHURCH" THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, which is an unincorporated association. This defendant will hereinafter be referred to as COP. COP operates churches within the State of Washington.

1.3     Defendant the "MORMON CHURCH" THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, is an unincorporated association. This defendant will hereinafter be referred to as the "Mormon Church." The Mormon Church operates churches within the State of Washington.

1.4     LDS SOCIAL SERVICES a/k/a LDS FAMILY SERVICES (hereinafter "LDSSS") was at all relevant times the official social service arm of the Mormon Church. Its purpose was to provide ward bishops and priesthood leaders access to state-licensed social services delivered "by staff members and volunteers whose values, knowledge, and professional skills are in harmony with the gospel and the order of the Church." LDSSS was at all relevant times a Utah Corporation headquartered in Salt Lake City, Utah. On information and belief it has branch offices throughout the United States and worldwide. At all relevant times, LDSSS was an agent of COP.

1.5     COP, THE MORMON CHURCH, and LDSSS were, at all relevant times, mandatory child abuse reporters subject to RCW § 26.44.030

COMPLAINT - 2 of 13
0
[163983 v5.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 • FACSIMILE (206) 676-7575

## II.   JURISDICTION AND VENUE

2.1   Jurisdiction and venue are proper in this Court because the acts giving rise to this claim occurred in Kent, King County, Washington.

## III.   FACTS RELATING TO THE STRUCTURE OF THE MORMON CHURCH

3.1   COP is a corporation governed by a single individual, the President of the Mormon Church. The President wields ultimate and absolute authority within the Mormon Church. The President of the Mormon Church, Gordon B. Hinckley, is the "Divine Prophet, Seer and Revelator" of the Church and has the authority to appoint and remove anyone in the Mormon Church, including all members of wards and stakes, at will. The President of the Mormon Church controls everything in the Mormon Church and all of its wards and stakes. As such, the President of the Church has authority to dictate changes in Church policy, discipline, ecclesiastical doctrine or anything else he so chooses. The acts of the President, in his capacity as head of the Mormon Church, are the acts of COP. COP is registered to do business within, and conducts continuous and systematic activities within, the State of Washington.

3.2   COP administers the Mormon Church through a multi-level structure. Structurally, the Mormon Church follows a strict hierarchical form. At the local level are wards, consisting of a geographic area administered by a bishop and two counselors which comprise the governing "bishopric." A cluster of 8-12 wards are grouped into a stake, which is administered by a stake president. Stakes are, in turn, grouped into areas, which are administered by an area president. All bishops, stake presidents, and area presidents are answerable, directly or indirectly, to COP and are its agents and servants. The wards, stakes and areas of the Mormon Church are instruments of COP and are not separate corporate entities.

COMPLAINT - 3 of 13
0
[163983 v5.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

3.3    All members of the Mormon Church are required to tithe 10% of their annual gross income to the Church as a condition of membership. The Church's income from tithing is approximately 5.5 to 7.5 billion dollars annually.

3.4    During all times material to this action, the plaintiff and his family regularly attended and tithed to the Mormon Church.

3.5    Adherents of the Mormon faith who have been baptized into the Church are known as members. COP has the power to limit or restrict the capacity in which any member serves the Church, and may place such conditions on a member as may be in the interests of the Church and of its members and prospective converts.

3.6    Adult male members of the Church are eligible to be ordained as a Priest. There are various levels of priesthood, including elevation to the rank of "Elder," "Melchizedek" Priest and High Priest. Elders and Melchizedek and High Priests are held out by the Mormon Church as men that are morally worthy and deserving of the trust of its members.

3.7    At all relevant times, the Mormon Church assumed special responsibilities toward its members including a disciplinary and red-flagging system meant to identify and track sexual predators and other dangerous individuals within the membership in order to protect innocent members from harm they might inflict.

3.8    The Mormon Church is closely affiliated with the Boy Scouts of America. The Mormon Church is the oldest and one of the largest sponsoring organizations of boy scouting in the United States. Since 1913 the Mormon Church has used the Scouting program as an integral part of its ministry to boys and young men. Scouting is the exclusive youth activity for males in the Mormon Church.

COMPLAINT - 4 of 13
0
[163983 v5.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
800 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 · FACSIMILE (206) 676-7575

## IV. SUBSTANTIVE FACTS

4.1  DR. HERMAN M. ALLENBACH was at relevant times a High Priest, Bishopric Counselor and Scout leader in the Kent 2nd Ward of the Church of Jesus Christ of Latter-day Saints and he was their agent. ALLENBACH was an oral surgeon with a practice in Kent. In addition to owning and operating a professional oral surgery practice in Kent, Allenbach owned and managed commercial and residential rental properties in the Kent area.

4.2  ALLENBACH died March 6, 2000.

4.3  At relevant times RANDY BORLAND, PHILLIP COLEMAN and RICHARD PETITT were ward bishops of the Kent 2nd Ward.

4.4  JACK ALLEN LOHOLT, a/k/a JACK ALLEN ONOFREY ("Loholt"), is a twice-convicted, compulsive sexual predator of children. At all relevant times LOHOLT was a member of the Mormon Church and held the status of Melchizedek Priest, and Elder. At all relevant times, LOHOLT was the assistant scout leader in the Kent 2nd Ward of the Mormon Church. As such, he was subject to the control and discipline of the Church, and he was, at all relevant times, an agent of COP and the MORMON CHURCH.

4.5  In approximately 1969, LOHOLT resided in a rental home owned by Dr. Allenbach. The home was located on the same property as the Allenbach family home in Kent.

4.6  At all relevant times, LOHOLT worked as contractor and handyman for Allenbach. Both were Mormon priests and both were active in the Kent 2nd ward scouting program.

4.7  In approximately 1970-1971, LOHOLT masturbated and ejaculated in front of the neighbors' seven year old son. The neighbors complained to Dr. Allenbach. Allenbach told them that he would "take care of it."

COMPLAINT - 5 of 13
[163983 v5.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 · FACSIMILE (206) 676-7575

4.8     Despite this complaint, neither ALLENBACH nor any other church officials reported LOHOLT to civil authorities, warned church members about LOHOLT or took any action to protect children. Instead, Mormon Church officials did nothing about LOHOLT and continued him as assistant scoutmaster.

4.9     In approximately 1971-73, members of the Kent 2d Ward complained to Bishop Randy Borland that LOHOLT was sexually abusing their thirteen-year-old sons. Borland confronted LOHOLT about the allegations. LOHOLT denied abusing those boys but admitted that he was molesting other boys in the ward.

4.10    In response, Borland interviewed the boys and their parents and confirmed that LOHOLT had been abusing them. Despite this certain knowledge that LOHOLT was an abuser, COP failed to report LOHOLT to civil authorities, failed to warn parents and failed to take any measures to protect children from LOHOLT. Further, COP failed to provide guidance counseling and support to the victims. Instead, Bishop Borland temporarily removed LOHOLT from his position as assistant scout master and sent LOHOLT to LDSSS for counseling. LOHOLT underwent a brief period of counseling with LDSSS during which he fully informed his counselors that he had constant, uncontrollable urges to have sex with children. Instead of providing him proper treatment, LDSSS counseled LOHOLT to read scripture, to repent of his sins and to pray more.

4.11    LDSSS and COP and the MORMON CHURCH, despite being mandatory child abuse reporters in Washington, and despite having certain knowledge that LOHOLT presented a severe and immediate threat to children, failed to report him to civil authorities, failed to warn parents and failed to take any reasonable steps to warn or protect children it knew or should have known were at risk of abuse by LOHOLT. Instead, COP and the MORMON CHURCH put LOHOLT back in to his role as assistant scoutmaster and allowed him to resume working with boys in the ward's scouting program.

COMPLAINT - 6 of 13
0
[163983 v5.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

4.12   For the next seven years, LOHOLT sodomized young boys in the ward's scouting program including the plaintiff in this case when he was approximately 12 years old.

4.13   In approximately 1979 or 1980, LOHOLT sexually abused two twelve year old scouts on a campout and it was reported to Bishop Petit.

4.14   Petit removed LOHOLT from the ward's scouting program but never reported the incidents to the police or to civil authorities and failed to investigate the full extent of LOHOLT's predations of boys in the ward. Further, COP failed to provide adequate guidance, counseling and support to the victims.

4.15   In 1980, LOHOLT moved to Kenora, Ontario, Canada to get a "fresh start." In Kenora, LOHOLT joined a Mormon ward and immediately got involved in the scouting program. COP failed to warn church and scout officials in Kenora about LOHOLT's history of sexually abusing children in the United States.

4.16   In Canada, LOHOLT sexually abused five boy scouts. He was arrested, prosecuted and convicted of child sexual abuse in Winnipeg. COP knew that LOHOLT had been convicted of abusing boys in Canada but did nothing to warn or protect children when he returned to the United States after his release from prison.

4.17   After serving a prison sentence in Canada, LOHOLT moved back to Kent and back in to one of Allenbach's rental properties. Mormon Church officials never warned parents or civil authorities that LOHOLT, a serial sexual predator of children and had returned to the community.

4.18   Upon his return to Kent, LOHOLT immediately began sexually abusing another neighbor child, an eight year old girl with whom he had sexual contact 50-100 times between 1985 and 1988. LOHOLT was prosecuted and convicted of indecent liberties with a child in 1991. At sentencing, a Mormon church official asked the court for leniency for LOHOLT. One church official represented to the sentencing court that LOHOLT had served

COMPLAINT - 7 of 13
[163983 v5.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 • FACSIMILE (206) 676-7575

as a ward scout leader from 1972 to 1979 and that he was "very diligent and gave outstanding service." LOHOLT was sentenced to prison. Upon release from prison, LOHOLT returned to Canada.

4.19   LOHOLT now lives in Lake La Hache, B.C. and goes by the name Jack Onofrey. He is married and attends the local branch of the Mormon Church. COP has not warned members of the branch that LOHOLT is a child sexual predator.

### V. -- FIRST CAUSE OF ACTION
(Negligence and Breach of Fiduciary Duty)

5.1   Plaintiff incorporates all paragraphs of this Complaint as if fully set forth under this count and further alleges:

5.2   Defendants COP and THE MORMON CHURCH, and each of them, had a special relationship with plaintiff and with LOHOLT. Knowing that LOHOLT was a pedophile who was actively abusing children, COP had a duty to warn or protect foreseeable victims including plaintiff.

5.3   Defendant LDSSS had a "special relationship with plaintiff and LOHOLT. Knowing that LOHOLT was a dangerous pedophile, LDSSS had a duty to warn or protect foreseeable victims including plaintiff.

5.4   Furthermore, at all relevant times, the Mormon Church's bishops, stake presidents, Boy Scout leaders and LDS Social Services therapists were all mandatory child abuse reporters pursuant to R.C.W. 24.44.

5.5   The Mormon Church's bishops, stake presidents, Boy Scout leaders and therapists within the State of Washington breached both a statutorily proscribed duty and a duty of reasonable care by failing to report their knowledge of LOHOLT'S sexual abuse of children to civil authorities.

5.6   But for the breach of duty, acts, omissions and deceit of COP, THE MORMON CHURCH and LDSSS, and the church bishops, boy scout leaders, stake

COMPLAINT - 8 of 13
[163983 v5.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA, PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 · FACSIMILE (206) 676-7575

presidents and area presidents, LOHOLT would not have been able to abuse plaintiff because LOHOLT would have been arrested, prosecuted and convicted or would have been in prison or under an order of supervision or would otherwise have been publicly identified as a child molester.

5.7   Moreover, COP adopted guidelines for handling victims of child sexual abuse and sex offenders. Plaintiff is within the class of people whom the guidelines were designed to protect. The harm Plaintiff suffered as a result of COP's negligence was the harm contemplated in COP's Handbook of Instruction to clergy.

5.8   Notwithstanding COP's duty, it failed to train and supervise its hierarchal clergy in the proper implementation of its guidelines, policies and procedures regarding the treatment of victims of child sexual abuse, to monitor and insure compliance with their guidelines, policies and procedures, treatment of child sexual abusers and reporting of child sexual abuse.

5.9   COP failed to properly investigate allegations of abuse and failed to reach out and provide services to victims.

5.10   Defendants COP, the MORMON CHURCH and LDSSS knew, or in the exercise of reasonable care should have known, that their failure to report LOHOLT'S sexual abuse to appropriate law enforcement or social services agencies or to notify Plaintiff's family or other families would result in LOHOLT sexually abusing members children of the ward, including plaintiff.

5.11   As a result of the molestation and breach of trust, plaintiff has suffered and will continue to suffer physical and emotional pain and dysfunction to his general, non-economic damage in an amount to be determined. As a further result of the sexual abuse, plaintiff has incurred and/or will continue to incur costs for counseling and psychological treatment, and has lost earning capacity to his damage in an amount to be proved at trial.

COMPLAINT - 9 of 13
0
[163983 v5.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 • FACSIMILE (206) 676-7575

5.12   Defendants' (and each of them) conduct was the result of a willful, reckless and outrageous indifference to a highly unreasonable risk of harm and a conscious indifference to the health, safety and welfare of plaintiff. The defendants' conduct is socially intolerable and plaintiff gives notice of intent to seek exemplary damages.

## VI. – SECOND CAUSE OF ACTION
(Intentional Infliction of Emotional Distress)

6.1   Plaintiff re-alleges and incorporates the paragraph set forth above.

6.2   Defendants' knew that it was substantially certain that Loholt would continue to abuse children of their congregation and intentionally and/or reckless failed to report Loholt's conduct to the proper authorities, failed to warn the parishioners of Loholt's abusive tendencies and failed to remove him from his position in the scouting program.

6.3   Defendants' knew that it was substantially certain that victims of Loholt, including plaintiff herein, would suffer severe emotional distress if they failed to take action to prevent Loholt from molesting children of the congregation.

6.4   By intentionally or recklessly failing to notify law enforcement officials, by failing to warn parishioners of Loholt's abusive tendencies and by intentionally or recklessly failing to remove Loholt from his position in the scouting program, defendants, and each of them, engaged in conduct that was an outrageous violation of societal norms and went so far beyond all possible bounds of decency, so as to be regarded as atrocious, and utterly intolerable in a civilized community.

6.5   In addition, defendants intentionally and reckless caused severe emotional distress to plaintiff when, after plaintiff notified defendants of Loholt's abusive tendencies, the defendants told plaintiff to keep the information secret and to not let the information "leave the [Bishop's] office."

6.6   As a direct and proximate result of defendants' failure to take any action, and defendants' act of silencing plaintiff, plaintiff suffered, and will continue to suffer, with

COMPLAINT - 10 of 13
[163983 v5.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA, PETERSON & DAHEIM LLP
ONE UNION SQUARE
800 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 • FACSIMILE (206) 676-7575

extreme emotional distress and has incurred, and will continue to incur costs for counseling and psychological treatment.

### VII. – THIRD CAUSE OF ACTION
(Estoppel and Fraudulent Concealment)

7.1   Plaintiff re-alleges the paragraphs set forth above.

7.2   Defendants, and each of them, engaged in a plan of action to cover up incidents of the sexual abuse of minors by its Melchizedek priests and scout leaders and to prevent disclosure, prosecution and civil litigation including, but not limited to: failure to report incidents of abuse to law enforcement or child protection agencies, denial of abuse it had substantiated, the transfer of abusive Melchizedek priests and scoutmasters, coercion of victims and their families and by failure to seek out and redress the injuries these men had caused. Based on these actions, the defendants engaged in fraudulent concealment and are estopped from asserting defense of limitations.

### VIII. – THIRD CAUSE OF ACTION
(Civil Conspiracy)

8.1   Plaintiff re-alleges the paragraphs set for above.

8.2   Defendants, by and through their agents and representatives, conspired to cover up incidents of sexual abuse of minors by Melchizedek priests and scout leaders and to prevent disclosure, prosecution and civil litigation including, but not limited to: failure to report incidents of abuse to law enforcement or child protection agencies, denial of abuse it had substantiated, aiding criminal child molesters in evading detection, arrest and prosecution, allowing them to cross state and international borders for purposes of gaining access to uninformed parents whose innocent children could sexually abused, failure to warn, and by failure to seek out and redress the injuries its priests and scoutmasters had caused. Based on these actions, the defendants conspired for the unlawful purpose of concealing and

COMPLAINT - 11 of 13
0
[163983 v5.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

suppressing information on the danger and threat that its priests posed to unsuspecting children, including the plaintiff.

## IX. – DAMAGES

9.1   As a direct and proximate result, the wrongful acts of defendants, plaintiff has suffered serious and continuing physical and emotional harm.

9.2   As a proximate cause of the aforementioned acts, plaintiff has sustained past general and special damages, including but not limited to, the following damages in an amount to be proven at trial.

    9.2.1   Past, present and future physical and emotional pain and suffering.

    9.2.2   Past, present and future permanent and continuing physical and psychological injury.

    9.2.3.   Past, present and future impaired earning capacity, and

    9.2.4   Medical bills and other related expenses for past and future treatment.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court enter a judgment against the Defendants, and each of them, jointly and severally, and in plaintiff's favor, for the following:

1.   For special damages for medical treatment expenses, lost earnings, and lost earnings capacity, and the expenses of medication and other special expenses, both in the past and continuing into the future, in amounts to be determined at the time of trial;

2.   For all general damages, for mental, physical and emotional upset and disturbance, and other disorders resulting from the acts complained of herein;

3.   For such attorneys' fees, prejudgment interest, costs and exemplary damages allowed by RCW 9.68A.130 and other law; and

COMPLAINT - 12 of 13
0
[163983 v5.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 • FACSIMILE (206) 676-7575

4. For such other and further relief as this Honorable Court determines just in the premises.

Dated this 1st day of June, 2006.

GORDON, THOMAS, HONEYWELL, MALANCA, PETERSON & DAHEIM, LLP

By *Michelle Menely*
Michael T. Pfau, WSBA No. 24649
mpfau@gth-law.com
Michelle A. Menely, WSBA No. 28353
mmenely@gth-law.com
Co-Counsel for Plaintiff

LAW OFFICES OF TIMOTHY D. KOSNOFF

By _____
Timothy D. Kosnoff, WSBA No. 16586\
timkosnoff@comcast.net
Co-Counsel for Plaintiff

COMPLAINT - 13 of 13
[163983 v6.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA, PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 • FACSIMILE (206) 676-7575