UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

D.F.,

               Plaintiff,

      v.

CORPORATION OF THE PRESIDENT OF
THE CHURCH OF JESUS CHRIST OF
LATTER-DAY SAINTS, a Utah corporation
sole,

               Defendant.

NO.  C07-0801 JLR

CR 101 VERIFICATION OF STATE
COURT RECORDS

Pursuant to CR 101(b), the undersigned counsel hereby verifies that the attached

documents are true and complete copies of all records and proceedings in the state court action

brought in the Superior Court of Washington for King County, Cause No. 06-2-18131-0 KNT.

These documents consist of the following:

| Doc. No. | Date Filed | Description of Document |
|---|---|---|
| 1 | 06/01/2006 | Summons & Complaint |
| 2 | 06/01/2006 | Order Setting Civil Case Schedule |
| 3 | 06/01/2006 | Case Information Cover Sheet |
| 4 | 07/06/2006 | Confirmation of Service |

CR 101 VERIFICATION OF STATE COURT
RECORDS - 1
   Page 1

GORDON TILDEN THOMAS & CORDELL LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154-1007
Phone (206) 467-6477
Fax (206) 467-6292

Dockets.Justia.com

| Doc. No. | Date Filed | Description of Document |
|---|---|---|
| 5 | 07/14/2006 | Acceptance of Service |
| 6 | 08/09/2006 | Certificate of Service |
| 7 | 08/09/2006 | Jury Demand |
| 8 | 08/18/2006 | Declaration of Service of Summons & Complaint |
| 9 | 11/17/2006 | Order on Transfer of Individual Judge Assignment |
| 10 | 11/20/2006 | Declaration of Service of Summons & Complaint |
| 11 | 11/30/2006 | Certificate of Service |
| 12 | 11/30/2006 | Answer and Affirmative Defenses of Corporation of the President of the Church of Jesus Christ of Latter-Day Saints and LDS Family Services |
| 13 | 12/12/2006 | Court's Order to Show Cause |
| 14 | 12/29/2006 | Confirmation of Joinder of Parties, Claims and Defenses |
| 15 | 01/11/2007 | Defendant COP's Motion to Dismiss and/or for Summary Judgment |
| 16 | 01/11/2007 | Notice for Hearing |
| 17 | 01/11/2007 | Declaration of Paul D. Rytting |
| 18 | 01/11/2007 | Declaration of Michael Rosenberger |
| 19 | 01/11/2007 | Certificate of Service |
| 20 | 01/29/2007 | Declaration of Michelle A. Menely |
| 21 | 01/29/2007 | Plaintiff's Memorandum in Opposition to COP's Motion to Dismiss and/or For Summary Judgment |
| 22 | 02/06/2007 | Second Declaration of Paul D. Rytting |
| 23 | 02/06/2007 | Reply Brief in Support of Motion to Dismiss and/or Motion for Summary Judgment |
| 24 | 02/06/2007 | Certificate of Service |
| 25 | 02/07/2007 | Certificate of Service |
| 26 | 02/07/2007 | Praecipe to Defendant's Reply Brief |
| 27 | 02/09/2007 | Minute Entry – Summary Judgment Hearing |
| 28 | 02/09/2007 | Order Denying Defendant COP's Motion to Dismiss and/or For Summary Judgment |
| 29 | 02/15/2007 | Certificate of Service |
| 30 | 02/15/2007 | Notice for Hearing on Motion for Reconsideration |

GORDON TILDEN THOMAS & CORDELL LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154-1007
Phone (206) 467-6477
Fax (206) 467-6292

| Doc. No. | Date Filed | Description of Document |
|---|---|---|
| 31 | 02/15/2007 | Defendant COP's Motion for Reconsideration |
| 32 | 02/20/2007 | Declaration of Service of Subpoena Duces Tecum |
| 33 | 03/27/2007 | Order Granting COP's Motion for Reconsideration and Setting Briefing Schedule |
| 34 | 04/09/2007 | Plaintiff's Memorandum in Opposition to Defendant COP's Motion for Reconsideration |
| 35 | 04/10/2007 | Court Minutes – Status Conference Continued |
| 36 | 04/10/2007 | Order on Show Cause Hearing |
| 37 | 04/13/2007 | Defendant COP's Reply in Support of Motion for Reconsideration |
| 38 | 05/08/2007 | Notice of Withdrawal and Substitution of Counsel |
| 39 | 05/22/2007 | Order Granting COP's Motion for Reconsideration and Dismissing the Mormon Church |
| 40 | 05/22/2007 | Court Minutes – Status Conference Hearing |
| 41 | 05/22/2007 | Order on Show Cause Hearing |

DATED this _/5T_ day of June, 2007.

**GORDON TILDEN THOMAS & CORDELL** LLP

By _____
Charles C. Gordon, WSBA #1073
Jeffrey I. Tilden, WSBA #12219
Michael Rosenberger, WSBA #31550
Attorneys for Defendants Corporation of the President
of the Church of Jesus Christ of Latter-Day Saints

**GORDON TILDEN THOMAS & CORDELL** LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154-1007
Phone (206) 467-6477
Fax (206) 467-6292

**CERTIFICATE OF SERVICE**

I hereby certify that on June _____/_____, 2007 I electronically filed the foregoing with the

Clerk of the Court using the CM/ECF system, which will send notification of such filing to the

following:

      Timothy D. Kosnoff
      timkosnoff@comcast.net

      Michelle A. Menely
      mmenely@gth-law.com

      Michael T. Pfau
      mpfau@gth-law.com

DATED this _____ day of June, 2007.

               GORDON TILDEN THOMAS & CORDELL LLP

               By_____

                Michael Rosenberger, WSBA #31550
                Attorneys for Defendants Corporation of the
                President of the Church of Jesus Christ of Latter-Day
                Saints

GORDON TILDEN THOMAS & CORDELL LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154-1007
Phone (206) 467-6477
Fax (206) 467-6292



FILED

06 JUN -1 PM 4: 13

KING COUNTY
SUPERIOR COURT CLERK
SEATTLE, WA.

SUPERIOR COURT OF THE STATE OF WASHINGTON
FOR KING COUNTY

D.F.,

                Plaintiff,

v.

THE CORPORATION OF THE PRESIDENT
OF THE CHURCH OF JESUS CHRIST OF
LATTER-DAY SAINTS, a Utah corporation
sole; LDS SOCIAL SERVICES a/k/a LDS
FAMILY SERVICES, a Utah corporation; and
the "MORMON CHURCH" THE CHURCH OF
JESUS CHRIST OF LATTER-DAY SAINTS,
an unincorporated association,

                Defendants

NO. **06-2-18131- OKNT**

SUMMONS

PARIS K. KALLAS

    A lawsuit has been started against you in the above-entitled court by the above-named

Plaintiff. Plaintiff's claims are stated in the written complaint, a copy of which is served upon

you with this summons.

    In order to defend against this lawsuit, you must respond to the complaint by stating

your defense in writing, and serve a copy upon the undersigned attorney for the Plaintiff

SUMMONS - 1 of 3
[164607 v2.doc]

ORIGINAL

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

within 20 days after service of this summons if within the State of Washington, or within 60 days after service of this summons if outside of the State of Washington, excluding the day of service, or a default judgment may be entered against you without notice.  A default judgment is one where Plaintiffs are entitled to what they ask for because you have not responded.  If you serve a notice of appearance on the undersigned attorney, you are entitled to notice before a default judgment may be entered.

You may demand that the Plaintiff file this lawsuit with the court.  If you do so, the demand must be in writing and must be served upon the Plaintiff.  Within fourteen (14) days after you serve the demand, the Plaintiff must file this lawsuit with the court, or the service on you of this summons and complaint will be void.

If you wish to seek the advice of an attorney in this matter, you should do so promptly so that your written response, if any, may be served on time.

This summons is issued pursuant to Rule 4 of the Superior Court Civil Rules of the State of Washington.

DATED this 1st day of June, 2006.

GORDON, THOMAS, HONEYWELL,
MALANCA, PETERSON & DAHEIM LLP


By: _Michelle Menely_____
Michael T. Pfau, WSBA No. 24649
mpfau@gth-law.com
Michelle A. Menely, WSBA No. 28353
mmenely@gth-law.com
Co-Counsel for Plaintiff

SUMMONS - 2 of 3
[164607 v02.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

1

2        LAW OFFICES OF TIMOTHY D. KOSNOFF

3

4        By:_____
             Timothy D. Kosnoff, WSBA No. 16586
5            timkosnoff@comcast.net.
             Co-Counsel for Plaintiff
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

SUMMONS  - 3 of 3
[164607 v02.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

FILED

06 JUN -1 PM 4: 13

KING COUNTY
SUPERIOR COURT CLERK
SEATTLE, WA.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

SUPERIOR COURT OF THE STATE OF WASHINGTON
FOR KING COUNTY

D.F.,

Plaintiff,

v.

THE CORPORATION OF THE PRESIDENT
OF THE CHURCH OF JESUS CHRIST OF
LATTER-DAY SAINTS, a Utah corporation
sole; LDS SOCIAL SERVICES a/k/a LDS
FAMILY SERVICES, a Utah corporation; and
the "MORMON CHURCH" THE CHURCH OF
JESUS CHRIST OF LATTER-DAY SAINTS,
an unincorporated association,

Defendants



06-2-18131-0KNT

COMPLAINT



PARIS K. KALLAS

COMES NOW plaintiff D.F., by and through his attorneys Michael T. Pfau, Gordon

Thomas Honeywell Malanca Peterson & Daheim, LLP and Timothy Kosnoff, Law Offices of

Timothy Kosnoff, PC, and hereby states and alleges as follows.

I.    PARTIES AND GENERAL ALLEGATIONS

1.1    Plaintiff D.F., is an adult and at all times relevant hereto was a boy residing

with his parent in Kent, Washington.  D.F. and his family were recruited into the Mormon

COMPLAINT - 1 of 13

0

[163983 v5.doc]

ORIGINAL

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 · FACSIMILE (206) 676-7575

Church. At all relevant times, plaintiff was a member of the Church of Jesus Christ of Latter-day Saints and attended the Kent 2nd Ward. At time relevant to this case plaintiff D.F. was approximately 12 year old.

1.2    Defendant THE CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST LATTER-DAY SAINTS, a Utah corporation sole, is a corporation duly organized and operating pursuant to the laws of Utah.  This defendant also operates as the "MORMON CHURCH" THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, which is an unincorporated association.  This defendant will hereinafter be referred to as COP. COP operates churches within the State of Washington.

1.3    Defendant the "MORMON CHURCH" THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, is an unincorporated association.   This defendant will hereinafter be referred to as the "Mormon Church." The Mormon Church operates churches within the State of Washington.

1.4    LDS SOCIAL SERVICES a/k/a LDS FAMILY SERVICES (hereinafter "LDSSS") was at all relevant times the official social service arm of the Mormon Church. Its purpose was to provide ward bishops and priesthood leaders access to state-licensed social services delivered "by staff members and volunteers whose values, knowledge, and professional skills are in harmony with the gospel and the order of the Church." LDSSS was at all relevant times a Utah Corporation headquartered in Salt Lake City, Utah. On information and belief it has branch offices throughout the United States and worldwide. At all relevant times, LDSSS was an agent of COP.

1.5    COP, THE MORMON CHURCH, and LDSSS were, at all relevant times, mandatory child abuse reporters subject to RCW § 26.44.030

COMPLAINT - 2 of 13
0
[163983 v5.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 • FACSIMILE (206) 676-7575

## II.    JURISDICTION AND VENUE

2.1    Jurisdiction and venue are proper in this Court because the acts giving rise to this claim occurred in Kent, King County, Washington.

## III.    FACTS RELATING TO THE STRUCTURE OF THE MORMON CHURCH

3.1    COP is a corporation governed by a single individual, the President of the Mormon Church. The President wields ultimate and absolute authority within the Mormon Church. The President of the Mormon Church, Gordon B. Hinckley, is the "Divine Prophet, Seer and Revelator" of the Church and has the authority to appoint and remove anyone in the Mormon Church, including all members of wards and stakes, at will. The President of the Mormon Church controls everything in the Mormon Church and all of its wards and stakes. As such, the President of the Church has authority to dictate changes in Church policy, discipline, ecclesiastical doctrine or anything else he so chooses. The acts of the President, in his capacity as head of the Mormon Church, are the acts of COP. COP is registered to do business within, and conducts continuous and systematic activities within, the State of Washington.

3.2    COP administers the Mormon Church through a multi-level structure. Structurally, the Mormon Church follows a strict hierarchical form. At the local level are wards, consisting of a geographic area administered by a bishop and two counselors which comprise the governing "bishopric." A cluster of 8-12 wards are grouped into a stake, which is administered by a stake president. Stakes are, in turn, grouped into areas, which are administered by an area president. All bishops, stake presidents, and area presidents are answerable, directly or indirectly, to COP and are its agents and servants. The wards, stakes and areas of the Mormon Church are instruments of COP and are not separate corporate entities.

COMPLAINT - 3 of 13
O
[163983 v5.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

3.3    All members of the Mormon Church are required to tithe 10% of their annual gross income to the Church as a condition of membership. The Church's income from tithing is approximately 5.5 to 7.5 billion dollars annually.

3.4    During all times material to this action, the plaintiff and his family regularly attended and tithed to the Mormon Church.

3.5    Adherents of the Mormon faith who have been baptized into the Church are known as members. COP has the power to limit or restrict the capacity in which any member serves the Church, and may place such conditions on a member as may be in the interests of the Church and of its members and prospective converts.

3.6    Adult male members of the Church are eligible to be ordained as a Priest. There are various levels of priesthood, including elevation to the rank of "Elder," "Melchizedek" Priest and High Priest. Elders and Melchizedek and High Priests are held out by the Mormon Church as men that are morally worthy and deserving of the trust of its members.

3.7    At all relevant times, the Mormon Church assumed special responsibilities toward its members including a disciplinary and red-flagging system meant to identify and track sexual predators and other dangerous individuals within the membership in order to protect innocent members from harm they might inflict.

3.8    The Mormon Church is closely affiliated with the Boy Scouts of America. The Mormon Church is the oldest and one of the largest sponsoring organizations of boy scouting in the United States. Since 1913 the Mormon Church has used the Scouting program as an integral part of its ministry to boys and young men. Scouting is the exclusive youth activity for males in the Mormon Church.

COMPLAINT - 4 of 13
()
[163983 v5.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 • FACSIMILE (206) 676-7575

## IV.    SUBSTANTIVE FACTS

4.1    DR. HERMAN M. ALLENBACH was at relevant times a High Priest, Bishopric Counselor and Scout leader in the Kent 2nd Ward of the Church of Jesus Christ of Latter-day Saints and he was their agent. ALLENBACH was an oral surgeon with a practice in Kent. In addition to owning and operating a professional oral surgery practice in Kent, Allenbach owned and managed commercial and residential rental properties in the Kent area.

4.2    ALLENBACH died March 6, 2000.

4.3    At relevant times RANDY BORLAND, PHILLIP COLEMAN and RICHARD PETITT were ward bishops of the Kent 2nd Ward.

4.4    JACK ALLEN LOHOLT, a/k/a JACK ALLEN ONOFREY ("Loholt"), is a twice-convicted, compulsive sexual predator of children. At all relevant times LOHOLT was a member of the Mormon Church and held the status of Melchizedek Priest, and Elder. At all relevant times, LOHOLT was the assistant scout leader in the Kent 2nd Ward of the Mormon Church. As such, he was subject to the control and discipline of the Church, and he was, at all relevant times, an agent of COP and the MORMON CHURCH.

4.5    In approximately 1969, LOHOLT resided in a rental home owned by Dr. Allenbach. The home was located on the same property as the Allenbach family home in Kent.

4.6    At all relevant times, LOHOLT worked as contractor and handyman for Allenbach. Both were Mormon priests and both were active in the Kent 2nd ward scouting program.

4.7    In approximately 1970-1971, LOHOLT masturbated and ejaculated in front of the neighbors' seven year old son. The neighbors complained to Dr. Allenbach. Allenbach told them that he would "take care of it."

COMPLAINT - 5 of 13
0
[163983 v5.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
800 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 · FACSIMILE (206) 676-7575

4.8    Despite this complaint, neither ALLENBACH nor any other church officials reported LOHOLT to civil authorities, warned church members about LOHOLT or took any action to protect children. Instead, Mormon Church officials did nothing about LOHOLT and continued him as assistant scoutmaster.

4.9    In approximately 1971-73, members of the Kent 2d Ward complained to Bishop Randy Borland that LOHOLT was sexually abusing their thirteen-year-old sons. Borland confronted LOHOLT about the allegations. LOHOLT denied abusing those boys but admitted that he was molesting other boys in the ward.

4.10    In response, Borland interviewed the boys and their parents and confirmed that LOHOLT had been abusing them. Despite this certain knowledge that LOHOLT was an abuser, COP failed to report LOHOLT to civil authorities, failed to warn parents and failed to take any measures to protect children from LOHOLT.    Further, COP failed to provide guidance counseling and support to the victims.    Instead, Bishop Borland temporarily removed LOHOLT from his position as assistant scout master and sent LOHOLT to LDSSS for counseling. LOHOLT underwent a brief period of counseling with LDSSS during which he fully informed his counselors that he had constant, uncontrollable urges to have sex with children. Instead of providing him proper treatment, LDSSS counseled LOHOLT to read scripture, to repent of his sins and to pray more.

4.11    LDSSS and COP and the MORMON CHURCH, despite being mandatory child abuse reporters in Washington, and despite having certain knowledge that LOHOLT presented a severe and immediate threat to children, failed to report him to civil authorities, failed to warn parents and failed to take any reasonable steps to warn or protect children it knew or should have known were at risk of abuse by LOHOLT. Instead, COP and the MORMON CHURCH put LOHOLT back in to his role as assistant scoutmaster and allowed him to resume working with boys in the ward's scouting program.

COMPLAINT  - 6 of 13
O
[163983 v5.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON  98101-4185
(206) 676-7500 · FACSIMILE (206) 676-7575

4.12    For the next seven years, LOHOLT sodomized young boys in the ward's scouting program including the plaintiff in this case when he was approximately 12 years old.

4.13    In approximately 1979 or 1980, LOHOLT sexually abused two twelve year old scouts on a campout and it was reported to Bishop Petit.

4.14    Petit removed LOHOLT from the ward's scouting program but never reported the incidents to the police or to civil authorities and failed to investigate the full extent of LOHOLT's predations of boys in the ward.    Further, COP failed to provide adequate guidance, counseling and support to the victims.

4.15    In 1980, LOHOLT moved to Kenora, Ontario, Canada to get a "fresh start." In Kenora, LOHOLT joined a Mormon ward and immediately got involved in the scouting program. COP failed to warn church and scout officials in Kenora about LOHOLT's history of sexually abusing children in the United States.

4.16    In Canada, LOHOLT sexually abused five boy scouts. He was arrested, prosecuted and convicted of child sexual abuse in Winnipeg. COP knew that LOHOLT had been convicted of abusing boys in Canada but did nothing to warn or protect children when he returned to the United States after his release from prison.

4.17    After serving a prison sentence in Canada, LOHOLT moved back to Kent and back in to one of Allenbach's rental properties. Mormon Church officials never warned parents or civil authorities that LOHOLT, a serial sexual predator of children and had returned to the community.

4.18    Upon his return to Kent, LOHOLT immediately began sexually abusing another neighbor child, an eight year old girl with whom he had sexual contact 50-100 times between 1985 and 1988. LOHOLT was prosecuted and convicted of indecent liberties with a child in 1991. At sentencing, a Mormon church official asked the court for leniency for LOHOLT. One church official represented to the sentencing court that LOHOLT had served

COMPLAINT - 7 of 13
()
[163983 v5.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 · FACSIMILE (206) 676-7575

as a ward scout leader from 1972 to 1979 and that he was "very diligent and gave outstanding service." LOHOLT was sentenced to prison. Upon release from prison, LOHOLT returned to Canada.

4.19    LOHOLT now lives in Lake La Hache, B.C. and goes by the name Jack Onofrey. He is married and attends the local branch of the Mormon Church. COP has not warned members of the branch that LOHOLT is a child sexual predator.

## V. – __FIRST CAUSE OF ACTION__
(Negligence and Breach of Fiduciary Duty)

5.1    Plaintiff incorporates all paragraphs of this Complaint as if fully set forth under this count and further alleges:

5.2    Defendants COP and THE MORMON CHURCH, and each of them, had a special relationship with plaintiff and with LOHOLT.  Knowing that LOHOLT was a pedophile who was actively abusing children, COP had a duty to warn or protect foreseeable victims including plaintiff.

5.3    Defendant LDSSS had a "special relationship with plaintiff and LOHOLT. Knowing that LOHOLT was a dangerous pedophile, LDSSS had a duty to warn or protect foreseeable victims including plaintiff.

5.4    Furthermore, at all relevant times, the Mormon Church's bishops, stake presidents, Boy Scout leaders and LDS Social Services therapists were all mandatory child abuse reporters pursuant to R.C.W. 24.44.

5.5    The Mormon Church's bishops, stake presidents, Boy Scout leaders and therapists within the State of Washington breached both a statutorily proscribed duty and a duty of reasonable care by failing to report their knowledge of LOHOLT'S sexual abuse of children to civil authorities.

5.6    But for the breach of duty, acts, omissions and deceit of COP, THE MORMON CHURCH and LDSSS, and the church bishops, boy scout leaders, stake

COMPLAINT - 8 of 13
()
[163983 v5.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 • FACSIMILE (206) 676-7575

presidents and area presidents, LOHOLT would not have been able to abuse plaintiff because LOHOLT would have been arrested, prosecuted and convicted or would have been in prison or under an order of supervision or would otherwise have been publicly identified as a child molester.

5.7     Moreover, COP adopted guidelines for handling victims of child sexual abuse and sex offenders.  Plaintiff is within the class of people whom the guidelines were designed to protect.   The harm Plaintiff suffered as a result of COP's negligence was the harm contemplated in COP's Handbook of Instruction to clergy.

5.8     Notwithstanding COP's duty, it failed to train and supervise its hierarchal clergy in the proper implementation of its guidelines, policies and procedures regarding the treatment of victims of child sexual abuse, to monitor and insure compliance with their guidelines, policies and procedures, treatment of child sexual abusers and reporting of child sexual abuse.

5.9     COP failed to properly investigate allegations of abuse and failed to reach out and provide services to victims.

5.10    Defendants COP, the MORMON CHURCH and LDSSS knew, or in the exercise of reasonable care should have known, that their failure to report LOHOLT'S sexual abuse to appropriate law enforcement or social services agencies or to notify Plaintiff's family or other families would result in LOHOLT sexually abusing members children of the ward, including plaintiff.

5.11    As a result of the molestation and breach of trust, plaintiff has suffered and will continue to suffer physical and emotional pain and dysfunction to his general, non-economic damage in an amount to be determined.  As a further result of the sexual abuse, plaintiff has incurred and/or will continue to incur costs for counseling and psychological treatment, and has lost earning capacity to his damage in an amount to be proved at trial.

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 · FACSIMILE (206) 676-7575

5.12    Defendants' (and each of them) conduct was the result of a willful, reckless and outrageous indifference to a highly unreasonable risk of harm and a conscious indifference to the health, safety and welfare of plaintiff. The defendants' conduct is socially intolerable and plaintiff gives notice of intent to seek exemplary damages.

## VI. – SECOND CAUSE OF ACTION
(Intentional Infliction of Emotional Distress)

6.1    Plaintiff re-alleges and incorporates the paragraph set forth above.

6.2    Defendants' knew that it was substantially certain that Loholt would continue to abuse children of their congregation and intentionally and/or reckless failed to report Loholt's conduct to the proper authorities, failed to warn the parishioners of Loholt's abusive tendencies and failed to remove him from his position in the scouting program.

6.3    Defendants' knew that it was substantially certain that victims of Loholt, including plaintiff herein, would suffer severe emotional distress if they failed to take action to prevent Loholt from molesting children of the congregation.

6.4    By intentionally or recklessly failing to notify law enforcement officials, by failing to warn parishioners of Loholt's abusive tendencies and by intentionally or recklessly failing to remove Loholt from his position in the scouting program, defendants, and each of them, engaged in conduct that was an outrageous violation of societal norms and went so far beyond all possible bounds of decency, so as to be regarded as atrocious, and utterly intolerable in a civilized community.

6.5    In addition, defendants intentionally and reckless caused severe emotional distress to plaintiff when, after plaintiff notified defendants of Loholt's abusive tendencies, the defendants told plaintiff to keep the information secret and to not let the information "leave the [Bishop's] office."

6.6    As a direct and proximate result of defendants' failure to take any action, and defendants' act of silencing plaintiff, plaintiff suffered, and will continue to suffer, with

COMPLAINT - 10 of 13
()
[163983 v5.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

extreme emotional distress and has incurred, and will continue to incur costs for counseling and psychological treatment.

## VII. – __THIRD CAUSE OF ACTION__
(Estoppel and Fraudulent Concealment)

7.1    Plaintiff re-alleges the paragraphs set forth above.

7.2    Defendants, and each of them, engaged in a plan of action to cover up incidents of the sexual abuse of minors by its Melchizedek priests and scout leaders and to prevent disclosure, prosecution and civil litigation including, but not limited to: failure to report incidents of abuse to law enforcement or child protection agencies, denial of abuse it had substantiated, the transfer of abusive Melchizedek priests and scoutmasters, coercion of victims and their families and by failure to seek out and redress the injuries these men had caused. Based on these actions, the defendants engaged in fraudulent concealment and are estopped from asserting defense of limitations.

## VIII. – __THIRD CAUSE OF ACTION__
(Civil Conspiracy)

8.1    Plaintiff re-alleges the paragraphs set for above.

8.2    Defendants, by and through their agents and representatives, conspired to cover up incidents of sexual abuse of minors by Melchizedek priests and scout leaders  and to prevent disclosure, prosecution and civil litigation including, but not limited to: failure to report incidents of abuse to law enforcement or child protection agencies, denial of abuse it had substantiated, aiding criminal child molesters in evading detection, arrest and prosecution, allowing them to cross state and international borders for purposes of gaining access to uninformed parents whose innocent children could sexually abused,  failure to warn, and by failure to seek out and redress the injuries its priests and scoutmasters had caused.  Based on these actions, the defendants conspired for the unlawful purpose of concealing and

COMPLAINT - 11 of 13
0
[163983 v5.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON  98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

suppressing information on the danger and threat that its priests posed to unsuspecting children, including the plaintiff.

## IX. – DAMAGES

9.1     As a direct and proximate result, the wrongful acts of defendants, plaintiff has suffered serious and continuing physical and emotional harm.

9.2     As a proximate cause of the aforementioned acts, plaintiff has sustained past general and special damages, including but not limited to, the following damages in an amount to be proven at trial.

      9.2.1   Past, present and future physical and emotional pain and suffering.

      9.2.2   Past, present and future permanent and continuing physical and psychological injury.

      9.2.3.  Past, present and future impaired earning capacity, and

      9.2.4   Medical bills and other related expenses for past and future treatment.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court enter a judgment against the Defendants, and each of them, jointly and severally, and in plaintiff's favor, for the following:

1.     For special damages for medical treatment expenses, lost earnings, and lost earnings capacity, and the expenses of medication and other special expenses, both in the past and continuing into the future, in amounts to be determined at the time of trial;

2.     For all general damages, for mental, physical and emotional upset and disturbance, and other disorders resulting from the acts complained of herein;

3.     For such attorneys' fees, prejudgment interest, costs and exemplary damages allowed by RCW 9.68A.130 and other law; and

COMPLAINT - 12 of 13
0
[163983 v5.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

4.    For such other and further relief as this Honorable Court determines just in the premises.

Dated this _1ˢᵗ_ day of June, 2006.

GORDON, THOMAS, HONEYWELL,
MALANCA, PETERSON & DAHEIM, LLP

By _Michelle Menely_
Michael T. Pfau, WSBA No. 24649
mpfau@gth-law.com
Michelle A. Menely, WSBA No. 28353
mmenely@gth-law.com
Co-Counsel for Plaintiff

LAW OFFICES OF TIMOTHY D. KOSNOFF

By _____
Timothy D. Kosnoff, WSBA No. 16586\
timkosnoff@comcast.net
Co-Counsel for Plaintiff

COMPLAINT - 13 of 13
()
[163983 v6.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 • FACSIMILE (206) 676-7575



# IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
# IN AND FOR THE COUNTY OF KING

| | |
|---|---|
| D.F., | NO. 06-2-18131-0    KNT |
| | Order Setting Civil Case Schedule (*ORSCS) |
| **vs**                              Plaintiff(s) | |
| THE CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST, | ASSIGNED JUDGE  Kallas _____ 35 |
| | FILE DATE:                    06/01/2006 |
| Defendant(s) | **TRIAL DATE:**          **11/19/2007** |

A civil case has been filed in the King County Superior Court and will be managed by the Case Schedule on Page 3 as ordered by the King County Superior Court Presiding Judge.

## I. NOTICES

**NOTICE TO PLAINTIFF:** The Plaintiff may serve a copy of this **Order Setting Case Schedule** (**Schedule**) on the Defendant(s) along with the **Summons and Complaint/Petition.** Otherwise, the Plaintiff shall serve the *Schedule* on the Defendant(s) within 10 days after the later of: (1) the filing of the **Summons and Complaint/Petition** or (2) service of the Defendant's first response to the **Complaint/Petition**, whether that response is a **Notice of Appearance**, a response, or a Civil Rule 12 (CR 12) motion. The **Schedule** may be served by regular mail, with proof of mailing to be filed promptly in the form required by Civil Rule 5 (CR 5).

*"I understand that I am required to give a copy of these documents to all parties in this case."*

_____     |     _____
Print Name                                          Sign Name

**I. NOTICES (continued)**

**NOTICE TO ALL PARTIES:**
All attorneys and parties should make themselves familiar with the King County Local Rules [*KCLR*] --
especially those referred to in this *Schedule*. In order to comply with the *Schedule*, it will be necessary for
attorneys and parties to pursue their cases vigorously from the day the case is filed. For example,
discovery must be undertaken promptly in order to comply with the deadlines for joining additional parties,
claims, and defenses, for disclosing possible witnesses [*See KCLR 26*], and for meeting the discovery
cutoff date [*See KCLR 37(g)*].

**CROSSCLAIMS, COUNTERCLAIMS AND THIRD PARTY COMPLAINTS:**
A filing fee of **$200** must be paid when any answer that includes additional claims is filed in an existing
case.

**SHOW CAUSE HEARINGS FOR <u>CIVIL</u> CASES** [King County Local Rule 4(g)]
A Confirmation of Joinder, Claims and Defenses or a Statement of Arbitrability must be filed by the
deadline in the schedule. A review of the case will be undertaken to confirm service of the original
complaint and to verify that all answers to claims, counterclaims and cross-claims have been filed. If
those mandatory pleadings are not in the file, a *Show Cause Hearing* will be set before the Chief Civil or
RJC judge. The Order to Show Cause will be mailed to all parties and designated parties or counsel are
required to attend.

**PENDING DUE DATES CANCELED BY FILING PAPERS THAT RESOLVE THE CASE:**
When a final decree, judgment, or order of dismissal of <u>all parties and claims</u> is filed with the Superior
Court Clerk's Office, and a courtesy copy delivered to the assigned judge, all pending due dates in this
*Schedule* are automatically canceled, including the scheduled Trial Date. It is the responsibility of the
parties to 1) file such dispositive documents within 45 days of the resolution of the case, and 2) strike any
pending motions by notifying the bailiff to the assigned judge.

Parties may also authorize the Superior Court to strike all pending due dates and the Trial Date by filing a
*Notice of Settlement* pursuant to KCLR 41, and forwarding a courtesy copy to the assigned judge. If a final
decree, judgment or order of dismissal of <u>all parties and claims</u> is not filed by 45 days after a *Notice of
Settlement*, the case may be dismissed with notice.

**If you miss your scheduled Trial Date**, the Superior Court Clerk is authorized by KCLR 41(b)(2)(A) to
present an *Order of Dismissal*, without notice, for failure to appear at the scheduled Trial Date.

**NOTICES OF APPEARANCE OR WITHDRAWAL AND ADDRESS CHANGES:**
*All parties to this action must keep the court informed of their addresses.* When a Notice of
Appearance/Withdrawal or Notice of Change of Address is filed with the Superior Court Clerk's Office,
parties must provide the assigned judge with a courtesy copy.

**ARBITRATION FILING <u>AND</u> TRIAL DE NOVO POST ARBITRATION FEE:**
A Statement of Arbitrability must be filed by the deadline on the schedule **if the case is subject to
mandatory arbitration** and service of the original complaint and all answers to claims, counterclaims and
cross-claims have been filed. If mandatory arbitration is required after the deadline, parties must obtain
an order from the assigned judge transferring the case to arbitration. **Any party filing a Statement must
pay a $220 arbitration fee.** If a party seeks a trial de novo when an arbitration award is appealed, a fee of
$250 and the request for trial de novo must be filed with the Clerk's Office Cashiers.

**NOTICE OF NON-COMPLIANCE FEES:**
All parties will be assessed a fee authorized by King County Code 4.71.050 whenever the Superior Court
Clerk must send notice of non-compliance of schedule requirements <u>and/or</u> Local Rule 41.

**King County Local Rules are available for viewing at www.metrokc.gov/kcscc.**

Order Setting Civil Case Schedule (*ORSCS)                                      REV. 7/200    2

## II. CASE SCHEDULE

| CASE EVENT | DEADLINE or EVENT DATE | Filing Needed |
|---|---|---|
| Case Filed and Schedule Issued. | Thu  06/01/2006 | * |
| Confirmation of Service [See KCLR 4.1]. | Thu  06/29/2006 | * |
| Last Day for Filing Statement of Arbitrability without a Showing of Good Cause for Late Filing [See KCLMAR 2.1(a) and Notices on Page 2]. **$220 arbitration fee must be paid** | Thu  11/09/2006 | * |
| **DEADLINE** to file Confirmation of Joinder if not subject to Arbitration. [See KCLR 4.2(a) and Notices on Page 2]. **Show Cause hearing will be set if Confirmation is not filed, or if the Confirmation does not have all signatures, or if all answers have not been filed, or judgment on default has not been filed, or Box 2 is checked.** | Thu  11/09/2006 | * |
| **DEADLINE** for Hearing Motions to Change Case Assignment Area. [See KCLR 82(e)] | Mon  11/27/2006 | |
| **DEADLINE** for Disclosure of Possible Primary Witnesses [See KCLR 26(b)]. | Mon  06/18/2007 | |
| **DEADLINE** for Disclosure of Possible Additional Witnesses [See KCLR 26(b)]. | Mon  07/30/2007 | |
| **DEADLINE** for Jury Demand [See KCLR 38(b)(2)]. | Mon  08/13/2007 | * |
| **DEADLINE** for Setting Motion for a Change in Trial Date [See KCLR 40(e)(2)]. | Mon  08/13/2007 | * |
| **DEADLINE** for Discovery Cutoff [See KCLR 37(g)]. | Mon  10/01/2007 | |
| **DEADLINE** for Engaging in Alternative Dispute Resolution [See KCLR 16(c)]. | Mon  10/22/2007 | |
| **DEADLINE** for Exchange Witness & Exhibit Lists & Documentary Exhibits [See KCLR 16(a)(4)]. | Mon  10/29/2007 | |
| **DEADLINE** to file Joint Confirmation of Trial Readiness [See KCLR 16(a)(2)] | Mon  10/29/2007 | * |
| **DEADLINE** for Hearing Dispositive Pretrial Motions [See KCLR 56; CR 56]. | Mon  11/05/2007 | |
| Joint Statement of Evidence [See KCLR 16(a)(5)]. | Tue  11/13/2007 | * |
| Trial Date [See KCLR 40]. | Mon  11/19/2007 | |

## III. ORDER

Pursuant to King County Local Rule 4 [KCLR 4], IT IS ORDERED that the parties shall comply with the schedule listed above. Penalties, including but not limited to sanctions set forth in Local Rule 4(g) and Rule 37 of the Superior Court Civil Rules, may be imposed for non-compliance. It is FURTHER ORDERED that the party filing this action **must** serve this Order Setting Civil Case Schedule and attachment on all other parties.

**DATED:**  06/01/2006

**PRESIDING JUDGE**

Order Setting Civil Case Schedule (*ORSCS)

REV. 7/200   3

### IV. ORDER ON CIVIL PROCEEDINGS FOR ASSIGNMENT TO JUDGE
READ THIS ORDER PRIOR TO CONTACTING YOUR ASSIGNED JUDGE

**This case is assigned to the Superior Court Judge whose name appears in the caption of this** *Schedule.* **The assigned Superior Court Judge will preside over and manage this case for all pre-trial matters.**

**COMPLEX LITIGATION:** If you anticipate an unusually complex or lengthy trial, please notify the assigned court as soon as possible.

**The following procedures hereafter apply to the processing of this case:**

**APPLICABLE RULES:**

a. Except as specifically modified below, all the provisions of King County Local Rules 4 through-26 shall apply to the processing of civil cases before Superior Court Judges.

**CASE SCHEDULE AND REQUIREMENTS:**

A. Show Cause Hearing: A Show Cause Hearing will be held before the Chief Civil/Chief RJC judge if the case does not have confirmation of service on all parties, answers to all claims, crossclaims, or counterclaims as well as the confirmation of joinder or statement of arbitrability filed before the deadline in the attached case schedule. All parties will receive an *Order to Show Cause* that will set a specific date and time for the hearing. Parties and/or counsel who are required to attend will be named in the order.

B. Pretrial Order: An order directing completion of a Joint Confirmation of Trial Readiness Report will be mailed to all parties approximately six (6) weeks before trial. **This order will contain deadline dates for the pretrial events listed in King County Local Rule 16:**

1) Settlement/Mediation/ADR Requirement;
2) Exchange of Exhibit Lists;
3) Date for Exhibits to be available for review;
4) Deadline for disclosure of witnesses;
5) Deadline for filing Joint Statement of Evidence;
6) Trial submissions, such as briefs, Joint Statement of Evidence, jury instructions;
7) voir dire questions, etc;
8) Use of depositions at trial;
9) Deadlines for nondispositive motions;
10) Deadline to submit exhibits and procedures to be followed with respect to exhibits;
11) Witnesses -- identity, number, testimony;

C. Joint Confirmation regarding Trial Readiness Report: No later than twenty one (21) days before the trial date, parties shall complete and file (with a copy to the assigned judge) a joint confirmation report setting forth whether a jury demand has been filed, the expected duration of the trial, whether a settlement conference has been held, and special problems and needs (e.g. interpreters, equipment), etc. If parties wish to request a CR 16 conference, they must contact the assigned court. Plaintiff/petitioner's counsel is responsible for contacting the other parties regarding said report.

D. Settlement/Mediation/ADR:

**1) Forty five (45) days before the Trial Date**, counsel for plaintiff shall submit a written settlement demand. Ten (10) days after receiving plaintiff's written demand, counsel for defendant shall respond (with a counteroffer, if appropriate).

**2) Twenty eight (28) days before the Trial Date,** a settlement/mediation/ADR conference shall have been held. **FAILURE TO COMPLY WITH THIS SETTLEMENT CONFERENCE REQUIREMENT MAY RESULT IN SANCTIONS.**

E. Trial: Trial is scheduled for 9:00 a.m. on the date on the *Schedule or as soon thereafter as convened by the court.* The Friday before trial, the parties should access the King County Superior Court website at www.metrokc.gov/kcsc to confirm trial judge assignment. Information can also be obtained by calling (206) 205-5984.

## MOTIONS PROCEDURES:

### A. Noting of Motions

**Dispositive Motions: All Summary Judgment or other motions that dispose of the case in whole or in part will be heard with oral argument before the assigned judge. The moving party must arrange with the courts a date and time for the hearing, consistent with the court rules.**

**King County Local Rule 7 and King County Local Rule 56 govern procedures for all summary judgment or other motions that dispose of the case in whole or in part. The local rules can be found at www.metrokc.gov/kcscc.**

**Nondispositive Motions: These motions, which include discovery motions, will be ruled on by the assigned judge without oral argument, unless otherwise ordered. All such motions must be noted for a date by which the ruling is requested; this date must likewise conform to the applicable notice requirements. Rather than noting a time of day, the *Note for Motion* should state "Without Oral Argument." King County Local Rule 7 governs these motions, which include discovery motions. The local rules can be found at www.metrokc.gov/kcscc.**

Motions in Family Law Cases not involving children: Discovery motions to compel, motions in limine, motions relating to trial dates and motions to vacate judgments/dismissals shall be brought before the assigned judge. All other motions should be noted and heard on the Family Law Motions Calendar. King County Local Rule 7 and King County Family Law Local Rules govern these procedures. The local rules can be found at www.metrokc.gov/kcscc.

Emergency Motions: Emergency motions will be allowed only upon entry of an *Order Shortening Time*. However, emergency discovery disputes may be addressed by telephone call, and without written motion, if the judge approves.

Filing of Documents All original documents must be filed with the Clerk's Office. *The working copies of all documents in support or opposition must be marked on the upper right corner of the first page with the date of consideration or hearing and the name of the assigned judge.* The assigned judge's working copy must be delivered to his/her courtroom or to the judges' mailroom. Do not file working copies with the Motions Coordinator, except those motions to be heard on the Family Law Motions Calendar, in which case the working copies should be filed with the Family Law Motions Coordinator.

Original Proposed Order: Each of the parties must include in the working copy materials submitted on any motion an original proposed order sustaining his/her side of the argument. Should any party desire a copy of the order as signed and filed by the judge, a preaddressed, stamped envelope shall accompany the proposed order.

Presentation of Orders: All orders, agreed or otherwise, must be presented to the assigned judge. If that judge is absent, contact the assigned court for further instructions. If another judge enters an order on the case, counsel is responsible for providing the assigned judge with a copy.

Proposed orders finalizing settlement and/or dismissal by agreement of all parties shall be presented to the assigned judge or in the Ex Parte Department. Formal proof in Family Law cases must be scheduled before the assigned judge by contacting the bailiff, or formal proof may be entered in the Ex Parte Department. If final orders and/or formal proof are entered in the Ex Parte Department, counsel is responsible for providing the assigned judge with a copy.

C. Form: Memoranda/briefs for matters heard by the assigned judge may not exceed twenty four (24) pages for dispositive motions and twelve (12) pages for nondispositive motions, unless the assigned judge permits over-length memoranda/briefs in advance of filing. Over-length memoranda/briefs and motions supported by such memoranda/briefs may be stricken.

IT IS SO ORDERED. FAILURE TO COMPLY WITH THE PROVISIONS OF THIS ORDER MAY RESULT IN DISMISSAL OR OTHER SANCTIONS. PLAINTIFF/PETITIONER SHALL FORWARD A COPY OF THIS ORDER AS SOON AS PRACTICABLE TO ANY PARTY WHO HAS NOT RECEIVED THIS ORDER.

**PRESIDING JUDGE**

FILED

FILED
'06 JUN -1 PM 4: 13
KING COUNTY
SUPERIOR COURT CLERK
SEATTLE, WA.

KING CO SUPERIOR CT
BARBARA MINER
DIRECTOR & SUP CRT CLERK
SEATTLE WA

06-2-18131-0

| Rcpt. Date | Acct. Date | Time |
|---|---|---|
| 06/01/2006 | 06/01/2006 | 04:21 PM |

| Receipt/Item # | Tran-Code | Docket-Code |
|---|---|---|
| 2006-14-07126/01 | 1100 | $FFR |
| Cashier: RDB | | |

**KING COUNTY SUPERIOR COURT**
**CASE ASSIGNMENT DESIGNATION**
and
**CASE INFORMATION COVER SHEET**
(cics)

Paid By: GORDON, THOMAS
    Transaction Amount:              $200.00

In accordance with LR82(e), a faulty document fee of $15 will be assessed to new case filings missing this sheet pursuant to King County Code 4.71.100.

CASE NUMBER:    **06-2-18131-0** KNT

CASE CAPTION: D.F. v. CHURCH OF JESUS CHRIST LATTER-DAY SAINTS ET AL.

I certify that this case meets the case assignment criteria, described in King County LR 82(e), for the:

_____ **Seattle Area**, defined as:

> All of King County north of Interstate 90 and including all of the Interstate 90 right-of-way; all the cities of Seattle, Mercer Island, Bellevue, Issaquah and North Bend; and all of Vashon and Maury Islands.

___X___ **Kent Area**, defined as:

> All of King County south of Interstate 90 except those areas included in the Seattle Case Assignment Area.

_____
Signature of Petitioner/Plaintiff

or

*Michelle Menely*
Signature of Attorney for
Petitioner/Plaintiff

_28353_
WSBA Number

_____
Date

_6-1-06_
Date

L: forms/cashiers/cics
Rev. 06/05

**ORIGINAL**

1

KING COUNTY SUPERIOR COURT
CASE ASSIGNMENT DESIGNATION
and
CASE INFORMATION COVER SHEET

Please check one category that best describes this case for indexing purposes. Accurate case indexing not only saves time but helps in forecasting judicial resources. A faulty document fee of $15 will be assessed to new case filings missing this sheet pursuant to Administrative Rule 2 and King County Code 4.71.100.

**PROPERTY RIGHTS**
- [ ] Condemnation/Eminent Domain (CON 2)*
- [ ] Foreclosure (FOR 2)*
- [ ] Land Use Petition (LUP 2)*
- [ ] Property Fairness (PFA 2)*
- [ ] Quiet Title (QTI 2)*
- [ ] Unlawful Detainer (UND 2)

**JUDGMENT**
- [ ] Confession of Judgment (MSC 2)*
- [ ] Judgment, Another County, Abstract (ABJ 2)
- [ ] Judgment, Another State or Country (FJU 2)
- [ ] Tax Warrant (TAX 2)
- [ ] Transcript of Judgment (TRJ 2)

**OTHER COMPLAINT/PETITION**
- [ ] Action to Compel/Confirm Private Binding Arbitration (MSC 2)
- [ ] Certificate of Rehabilitation (MSC 2)
- [ ] Change of Name (CHN 2)
- [ ] Deposit of Surplus Funds (MSC 2)
- [ ] Emancipation of Minor (EOM 2)
- [ ] Frivolous Claim of Lien (MSC 2)
- [ ] Injunction (INJ 2)*
- [ ] Interpleader (MSC 2)
- [ ] Malicious Harassment (MHA 2)*
- [ ] Non-Judicial Filing (MSC 2)
- [ ] Other Complaint/Petition(MSC 2)*
- [ ] Seizure of Property from the Commission of a Crime (SPC 2)*
- [ ] Seizure of Property Resulting from a Crime (SPR 2)*
- [ ] Structured Settlements (MSC 2)*
- [ ] Subpoena (MSC 2)

**PROBATE/GUARDIANSHIP**
- [ ] Absentee (ABS 4)
- [ ] Disclaimer (DSC4)
- [ ] Estate (EST 4)
- [ ] Foreign Will (FNW 4)
- [ ] Guardian (GDN4)
- [ ] Limited Guardianship (LGD 4)
- [ ] Minor Settlement (MST 4)
- [ ] Notice to Creditors – Only (NNC 4)
- [ ] Trust (TRS 4)
- [ ] Trust Estate Dispute Resolution Act/POA (TDR 4)
- [ ] Will Only—Deceased (WLL4)

**TORT, MEDICAL MALPRACTICE**
- [ ] Hospital (MED 2)*
- [ ] Medical Doctor (MED 2)*
- [ ] Other Health Care Professional (MED 2)*

**TORT, MOTOR VEHICLE**
- [ ] Death (TMV 2)*
- [ ] Non-Death Injuries (TMV 2)*
- [ ] Property Damage Only (TMV 2)*

**TORT, NON-MOTOR VEHICLE**
- [ ] Asbestos (PIN 2)**
- [ ] Implants (PIN 2)
- [ ] Other Malpractice (MAL 2)*
- [ ] Personal Injury (PIN 2)*
- [ ] Products Liability (TTO 2)*
- [ ] Property Damage (PRP 2)*
- [ ] Wrongful Death (WDE 2)*
- [x] Tort, Other (TTO 2)*

**WRIT**
- [ ] Habeas Corpus (WHC 2)
- [ ] Mandamus (WRM 2)**
- [ ] Review (WRV 2)**

* The filing party will be given an appropriate case schedule. ** Case schedule will be issued after hearing and findings.

L: forms/cashiers/cics
Rev. 07/05

3

**KING COUNTY SUPERIOR COURT**
**CASE ASSIGNMENT DESIGNATION**
and
**CASE INFORMATION COVER SHEET**

Please check one category that best describes this case for indexing purposes. Accurate case indexing not only saves time but helps in forecasting judicial resources. A faulty document fee of $15 will be assessed to new case filings missing this sheet pursuant to Administrative Rule 2 and King County Code 4.71.100.

**APPEAL/REVIEW**

☐ Administrative Law Review (ALR 2)*
☐ DOL Implied Consent—Test Refusal –only RCW 46.20.308 (DOL 2)*
☐ DOL- all other appeals (ALR 2) *

**CONTRACT/COMMERCIAL**

☐ Breach of Contract (COM 2)*
☐ Commercial Contract (COM 2)*
☐ Commercial Non-Contract (COL 2)*
☐ Meretricious Relationship (MER 2)*
☐ Third Party Collection (COL 2)*

**DOMESTIC RELATIONS**

☐ Annulment/Invalidity (INV3)*
 with dependent children? Y / N; wife pregnant? Y / N
☐ Child Custody (CUS 3)*
☐ Nonparental Custody (CUS 3)*
☐ Dissolution With Children  (DIC 3)*
☐ Dissolution With No Children (DIN 3)*
 wife pregnant? Y / N
☐ Enforcement/Show Cause- Out of County (MSC 3)
☐ Establish Residential Sched/Parenting Plan(PPS 3)* ££
☐ Establish Supprt Only (PPS 3)* ££
☐ Legal Separation (SEP 3)*
 with dependent children? Y / N; wife pregnant? Y / N
☐ Mandatory Wage Assignment (MWA 3)
☐ Modification (MOD 3)*
☐ Modification - Support Only (MDS 3)*
☐ Out-of-state Custody Order Registration (FJU 3)
☐ Out-of-State Support Court Order Registration (FJU 3)
☐ Reciprocal, Respondent Out of County (ROC 3)
☐ Reciprocal, Respondent in County (RIC 3)
☐ Relocation Objection/Modification (MOD 3)*

**ADOPTION/PATERNITY**

☐ Adoption (ADP 5)
☐ Challenge to Acknowledgment of Paternity (PAT 5)*
☐ Challenge to Denial of Paternity (PAT 5)*
☐ Confidential Intermediary (MSC 5)
☐ Establish Parenting Plan-Existing King County Paternity (MSC 5)*
☐ Initial Pre-Placement Report (PPR 5)
☐ Modification (MOD 5)*
☐ Modification-Support Only (MDS 5)*
☐ Paternity, Establish/Disestablish  (PAT 5)*
☐ Paternity/UIFSA (PUR 5)*
☐ Out-of-State Custody Order Registration  (FJU 5)
☐ Out-of-State Support Order Registration (FJU5)
☐ Relinquishment (REL 5)
☐ Relocation Objection/Modification (MOD 5)*
☐ Rescission of Acknowledgment of Paternity (PAT 5)*
☐ Rescission of Denial of Paternity (PAT 5)*
☐ Termination of Parent-Child Relationship (TER 5)

**DOMESTIC VIOLENCE/ANTIHARASSMENT**

☐ Civil Harassment (HAR 2)
☐ Confidential Name Change (CHN 5)
☐ Domestic Violence (DVP 2)
☐ Domestic Violence with Children (DVC 2)
☐ Foreign Protection Order (FPO 2)  .
☐ Vulnerable Adult Protection (VAP 2)

**££** Paternity Affidavit or Existing/Paternity is not an issue and NO other case exists in King County* The filing party will be given an appropriate case schedule.      ** Case schedule will be issued after hearing and findings.

FILED

06 JUL -6 PM 3: 52

KING COUNTY
SUPERIOR COURT CLERK
KENT, WA

ASSIGNED TO THE HONORABLE PARIS K. KALLAS

SUPERIOR COURT OF THE STATE OF WASHINGTON
FOR KING COUNTY

D.F.,

                         Plaintiff,

v.

THE CORPORATION OF THE PRESIDENT
OF THE CHURCH OF JESUS CHRIST OF
LATTER-DAY SAINTS, a Utah corporation
sole; LDS SOCIAL SERVICES a/k/a LDS
FAMILY SERVICES, a Utah corporation; and
the "MORMON CHURCH" THE CHURCH OF
JESUS CHRIST OF LATTER-DAY SAINTS,
an unincorporated association,

                         Defendants

NO. 06-2-18131-0 KNT

CONFIRMATION OF SERVICE
SCOMIS CODE:CS/CSSRV

[ ]    All the named defendants or respondents have been served or have waived service.  (Check if appropriate; otherwise, check the box below.)

[X]    One or more named defendants or respondents have not yet been served.  (If this box is checked, the following information must also be provided.)

The following defendants or respondents have been served or have waived service:

CONFIRMATION OF SERVICE  - 1 of 3
(06-2-18131-0KNT)
[166565 v2.doc]

Page 29

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

ORIGINAL

The following defendants or respondents have not yet been served: The Corporation of the President of the Church of Jesus Christ of Latter-Day Saints; LDS Social Services a/k/a LDS Family Services; The "Mormon Church" The Church of Jesus Christ of Latter-Day Saints.

Reasons why service has not been obtained: the attorney for defendant Corporation of the President of the Church of Jesus Christ of Latter-Day Saints and defendant LDS Social Services a/k/a LDS Family Services has agreed to accept service on behalf of these two defendants and it is anticipated that Acceptance of Service will be filed within five (5) court days.  Plaintiff is attempting service on the president of Defendant "Mormon Church".

How service will be obtained: personal service on the attorney for defendants Corporation of the President of the Church of Jesus Christ of Latter-Day Saints and defendant LDS Social Services a/k/a LDS Family Services; personal service on defendant "Mormon Church".

Date by which service is expected to be obtained: by 8/30/06 (90 days from the day of filing of the complaint with the Clerk of the King County Superior Court.)

No other named defendants or respondents remain to be served.

DATED this ____ day of ____, 2006.

GORDON, THOMAS, HONEYWELL,
MALANCA, PETERSON & DAHEIM, LLP

By _____ WSBA# 24708
Michael T. Pfau, WSBA No. 24649
mpfau@gth-law.com
Michelle A. Menely, WSBA No. 28353

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON  98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

mmenely@gth-law.com
Co-Counsel for Plaintiff

**LAW OFFICES OF TIMOTHY D. KOSNOFF**

By _____

Timothy D. Kosnoff, WSBA No. 16586\
timkosnoff@comcast.netCo-Counsel for Plaintiff

CONFIRMATION OF SERVICE  - 3 of 3
(06-2-18131-0KNT)
[166565 v2.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON  98101-4185
(206) 676-7500 •  FACSIMILE (206) 676-7575

FILED

06 JUL 14 PM 3: 26

KING COUNTY
SUPERIOR COURT CLERK
KENT, WA

RECEIVED

JUL 12 2006

GORDON, THOMAS, HONEYWELL
MALANCA, PETERSON & DAHEIM LLP

SUPERIOR COURT OF THE STATE OF WASHINGTON
FOR KING COUNTY

| | |
|---|---|
| D.F.,<br><br>                    Plaintiff,<br><br>v.<br><br>THE CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, a Utah corporation sole; LDS SOCIAL SERVICES a/k/a LDS FAMILY SERVICES, a Utah corporation; and the "MORMON CHURCH" THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, an unincorporated association,<br><br>                    Defendants | NO. 06-2-18131-0 KNT<br><br>ACCEPTANCE OF SERVICE<br><br>ASSIGNED TO THE HONORABLE PARIS K. KALLAS |

I, Charles C. Gordon and Jeffrey I. Tilden of GORDON MURRAY TILDEN LLP, attorneys for Defendants CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS and LDS SOCIAL SERVICES a/k/a LDS FAMILY SERVICES, hereby accepts service of the Summons and Complaint on behalf of said Defendants, as though personal service on said defendants had occurred.

ACCEPTANCE OF SERVICE - 1 of 2
(06-2-18131-0KNT)
[166562 v04.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

ORIGINAL

DATED this _12_ day of _July_, 2006.

GORDON MURRAY TILDEN LLP

By _____

Charles C. Gordon, WSBA #1773
Jeffrey I. Tilden, WSBA #12219
Attorney for Defendants Corporation of the
President of the Church of Jesus Christ of Latter-
Day Saints; and LDS Social Services a/k/a LDS
Family Services

STATE OF WASHINGTON )
                     )  ss.
County of King       )

I certify that I know or have satisfactory evidence that _Charles C. Gordon_ is the person who appeared before me, and said person acknowledged that he signed this instrument and acknowledged it to be his free and voluntary act for the uses and purposes mentioned in the instrument.

DATED this _12th_ day of _July_, 2006.

_____
Notary Public in And For the State of
Washington,
residing at _Covington, WA_
Name (printed or typed): _Giovanna Ballentine_
My appointment expires: _7/4/08_

GIOVANNA BALLENTINE
STATE OF WASHINGTON
NOTARY — • — PUBLIC
MY COMMISSION EXPIRES  07-04-08

ACCEPTANCE OF SERVICE - 2 of 2
(06-2-18131-0KNT)
[166562 v04.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON  98101-4185
(206) 676-7500 • FACSIMILE (206) 676-7575

FILED

06 AUG -9 PM 3: 57

SUPERIOR COUNTY CLERK
KENT. WA

The Honorable Paris K. Kallas

SUPERIOR COURT OF THE STATE OF WASHINGTON
FOR KING COUNTY

D.F.,

             Plaintiff,

      v.

THE CORPORATION OF THE PRESIDENT
OF THE CHURCH OF JESUS CHRIST OF
LATTER-DAY SAINTS, a Utah corporation
sole; LDS SOCIAL SERVICES a/k/a LDS
FAMILY SERVICES, a Utah corporation; and
the "MORMON CHURCH" THE CHURCH
OF JESUS CHRIST OF LATTER-DAY
SAINTS, an unincorporated association,

           Defendants.

NO.  06-2-18131-0 KNT

CERTIFICATE OF SERVICE

    The undersigned hereby certifies that on August 9, 2006, copies of the following

document:

    Demand for Jury; and this

    Certificate of Service

CERTIFICATE OF SERVICE - 1

Page 34 **ORIGINAL**

**GORDON MURRAY TILDEN LLP**
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154-1007
Phone (206) 467-6477
Fax (206) 467-6292

were served at the following addresses via the methods indicated:

Michael T. Pfau
Michelle A. Menely
Gordon, Thomas, Honeywell, Malanca, Peterson & Daheim LLP
600 University, Suite 2100
Seattle, WA 98101-4185
Co-Counsel for Plaintiff Rob Rinde
(X) Mail        ( ) Hand Delivery        ( ) Via e-mail
( ) Fax         ( ) Federal Express

Timothy D. Kosnoff
Law Offices of Timothy D. Kosnoff
One Union Square
600 University Street, Suite 2101
Seattle, WA 98101
Co-Counsel for Plaintiff Rob Rinde
(X) Mail        ( ) Hand Delivery        ( ) Via e-mail
( ) Fax         ( ) Federal Express


DATED this 9th day of August, 2006.


_Theresa Barron_
Theresa Barron

CERTIFICATE OF SERVICE - 2

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154-1007
Phone (206) 467-6477
Fax (206) 467-6292

FILED

06 AUG -9 PM 3: 57

KING COUNTY
SUPERIOR COURT CLERK
KENT. WA

KING COUNTY SUPERIOR COURT
BARBARA MINER
DIRECTOR & SUPERIOR CT CLERK
SEATTLE WA

06-2-18131-0

| Rcpt. Date | Acct. Date | Time |
| --- | --- | --- |
| 08/09/2006 | 08/10/2006 | 03:57 PM |

Receipt/Item #    Tran-Code    Docket-Code
2006-09-06743/01    1140    $JDR12
Cashier: RPC

Paid By: GORDON MURRAY ATTYS
Transaction Amount:                     $250.00

The Honorable Paris K. Kallas

SUPERIOR COURT OF THE STATE OF WASHINGTON
FOR KING COUNTY

| | |
| --- | --- |
| D.F., | NO.  06-2-18131-0 KNT |
| Plaintiff, | |
| v. | DEMAND FOR JURY |
| THE CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, a Utah corporation sole; LDS SOCIAL SERVICES a/k/a LDS FAMILY SERVICES, a Utah corporation; and the "MORMON CHURCH" THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, an unincorporated association, | 12 JURORS<br><br>(Clerk's Action Required) |
| Defendants. | |

TO:          CLERK OF COURT; and

AND TO:     ALL COUNSEL OF RECORD

Pursuant to KCLR 38(b)(2), a jury demand is being requested no later than the deadline

for filing jury demand designated in the Order Setting Civil Case Schedule, said date being

August 13, 2007.  Charles C. Gordon and Jeffrey I. Tilden, as attorneys of record for defendants

The Corporation of the President of the Church of Jesus Christ of Latter-Day Saints and LDS

ORIGINAL

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154-1007
Phone (206) 467-6477
Fax (206) 467-6292

1
2   Social Services a/k/a LDS Family Services hereby request a jury of 12 persons for the trial in the
3   above-entitled matter, said trial date currently being November 19, 2007.
4
5         The proper fee for this demand, the sum of $250, is herewith attached.
6
7         DATED this ___4___ day of August, 2006.
8
9
10
11                              GORDON MURRAY TILDEN LLP
12
13
14                              By _____
15                                 Charles C. Gordon, WSBA #1773
16                                 Jeffrey I. Tilden, WSBA #12219
17                              Attorneys for Defendants The Corporation of the
18                              President of the Church of Jesus Christ of Latter-Day
19                              Saints and LDS Social Services a/k/a LDS Family
20                              Services
21
22
23  [Jury Demand]
24
25
26
27
28
29
30
31
32
33
34
35
36
37
38
39
40
41
42
43
44
45

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154-1007
Phone (206) 467-6477
Fax (206) 467-6292

FILED

06 AUG 18 AM 10:45

KING COUNTY
SUPERIOR COURT CLERK
KENT, WA

IN THE
SUPERIOR COURT, IN AND FOR THE COUNTY OF KING, STATE OF WASHINGTON

D.F.

                     Plaintiff/Petitioner

vs.
THE CORPORATION OF THE PRESIDENT OF
THE CHURCH OF JESUS CHRIST OF
LATTER-DAY SAINTS, A UTAH CORPORATION;
ET AL.,

                     Defendant/Respondent

Hearing Date:

CAUSE NO. **06-2-18131-0 KNT**

DECLARATION OF SERVICE OF:
**SUMMONS & COMPLAINT; ORDER SETTING CIVIL CASE
SCHEDULE**

The undersigned hereby declares: That s(he) is now and at all times herein mentioned was a citizen of the United States, over the age of eighteen, not an officer of a plaintiff corporation, not a party to nor interested in the above entitled action, and is competent to be a witness therein.

On the **8th day of August, 2006, at 3:55 PM**, at the address of **60 E South Temple Street Suite 1800, SALT LAKE CITY, Salt Lake** County, **UT 84111**; this declarant served the above described documents upon **THE CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, A UTAH CORPORATION** , by then and there personally delivering **1** true and correct copy(ies) thereof, by then presenting to and leaving the same with **Kari Lyn Lorimer, secretary to Von Keetch, registered agent**.

No Information was provided or discovered that indicates that the subjects served are members of the U.S. military.

Declarant hereby states under penalty of perjury under the laws of the State of **Washington** that the statement above is true and correct.

DATED this **10th day of August, 2006.**

_____
**Clifford Stowers**

ABC's Client Name
**Gordon, Thomas (Seattle)
26313-00001**

ORIGINAL PROOF OF
SERVICE

ABC Tracking #: **8022216**





SUPERIOR COURT OF THE STATE OF WASHINGTON
FOR KING COUNTY

D.F.,

         Plaintiff,

v.

THE CORPORATION OF THE PRESIDENT
OF THE CHURCH OF JESUS CHRIST OF
LATTER-DAY SAINTS, a Utah corporation
sole; LDS SOCIAL SERVICES a/k/a LDS
FAMILY SERVICES, a Utah corporation; and
the "MORMON CHURCH" THE CHURCH OF
JESUS CHRIST OF LATTER-DAY SAINTS,
an unincorporated association,

         Defendants

NO. 06-2-18131-0 

SUMMONS

PARIS K. KALLAS

    A lawsuit has been started against you in the above-entitled court by the above-named

Plaintiff. Plaintiff's claims are stated in the written complaint, a copy of which is served upon

you with this summons.

    In order to defend against this lawsuit, you must respond to the complaint by stating

your defense in writing, and serve a copy upon the undersigned attorney for the Plaintiff

SUMMONS  - 1 of 3
[164607 v2.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575



FILED
KING COUNTY, WASHINGTON

NOV 1 7 2006

SUPERIOR COURT CLERK

**IN THE SUPERIOR COURT OF THE STATE OF**
**WASHINGTON IN AND FOR THE COUNTY OF KING**

F

   Plaintiff/Petitioner,

vs.

CORP OF THE PRESIDENT OF THE CHURCH OF
   Defendant/Respondent.

NO.    06-2-18131-0 KNT

**ORDER ON TRANSFER OF**
**INDIVIDUAL JUDGE ASSIGNMENT**
(ORCJ)

Effective January 8, 2007  , this case is transferred from Judge  Paris Kallas  ,
Dept.  35  , to Judge  Laura C. Inveen  , Dept.  48  for pre-trial management

Parties should not contact the new judge prior to   January 8, 2007

Dispositive motions with oral argument already scheduled in the month of January shall remain before
the currently assigned judge.

The trial date and all other dates in the case schedule shall remain the same, unless revised by the
assigned judge.

If final documents for this case have been entered, please disregard this notice.

It is so ordered this  November 17, 2006

                 Presiding Judge

KOSNOFF, TIMOTHY DAVID
600 UNIVERSITY ST STE 2100
SEATTLE, WA  98101-4161

MENELY, MICHELLE
600 UNIVERSITY ST STE 2100
SEATTLE, WA  98101-4185

PFAU, MICHAEL THOMAS
600 UNIVERSITY ST STE 2100
SEATTLE, WA  98101-4185



FILED
06 NOV 20 PM 4: 05
KING COUNTY
SUPERIOR COURT CLERK
KENT, WA

1

2

3

4

5

6

7

# SUPERIOR COURT, IN AND FOR THE COUNTY OF KING, STATE OF WASHINGTON

| | |
|---|---|
| D.F.,  Plaintiff/Petitioner | Cause #:   06 2 18131 0   KNT |
| vs.  THE CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, A UTAH CORPORATION SOLE; ET AL.,  Defendant/Respondent | Declaration of Service of:  SUMMONS AND COMPLAINT; ORDER SETTING ORIGINAL CIVIL CASE SCHEDULE  Hearing Date: |

Declaration:

The undersigned hereby declares: That s(he) is now and at all times herein mentioned, a citizen of the United States and a resident of the State of Washington, over the age of eighteen, not an officer of a plaintiff corporation, not a party to nor interested in the above entitled action, and is competent to be a witness therein.

On the date and time of Nov 13 2006  7:57PM  at the address of 2217 123RD AVE SE  BELLEVUE, within the County of KING, State of WASHINGTON, the declarant duly served the above described documents upon THE "MORMON CHURCH" THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, AN UNINCORPORATED ASSOCIATION   by then and there personally delivering 1 true and correct copy(ies) thereof, by then presenting to and leaving the same with GORDON CONGER, MISSION TEMPLE PRESIDENT.

No information was provided that indicates that the subjects served are members of the U.S. military.

I hereby declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

Dated: November 15, 2006 at Seattle, WA

by _____                    Service Fee Total: $    77.35
      E. Traina    9604327

ABC Legal Services, Inc.
206 521-9000
Tracking #: 8023997

**ORIGINAL**
**PROOF OF SERVICE**
Page 1 of 1

Gordon, Thomas (Seattle)
600 University St, #2101
Seattle, WA   98101
206 676-7500



SUPERIOR COURT OF THE STATE OF WASHINGTON
FOR KING COUNTY

D.F.,

               Plaintiff,

v.

THE CORPORATION OF THE PRESIDENT
OF THE CHURCH OF JESUS CHRIST OF
LATTER-DAY SAINTS, a Utah corporation
sole; LDS SOCIAL SERVICES a/k/a LDS
FAMILY SERVICES, a Utah corporation; and
the "MORMON CHURCH" THE CHURCH OF
JESUS CHRIST OF LATTER-DAY SAINTS,
an unincorporated association,

               Defendants

NO. 06-2-18131-0 NT

SUMMONS

PARIS K. KALLAS

To: Defendants

A lawsuit has been started against you in the above-entitled court by the above-named

Plaintiff.  Plaintiff's claims are stated in the written complaint, a copy of which is served upon

you with this summons.

In order to defend against this lawsuit, you must respond to the complaint by stating

your defense in writing, and serve a copy upon the undersigned attorney for the Plaintiff

SUMMONS  - 1 of 3
[164607 v2.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 – FACSIMILE (206) 676-7575

FILED

06 NOV 30 PM 1:56

KING COUNTY
SUPERIOR COURT CLERK
KENT, WA

The Honorable Paris K. Kallas

SUPERIOR COURT OF THE STATE OF WASHINGTON
FOR KING COUNTY

D.F.,

               Plaintiff,

      v.

THE CORPORATION OF THE PRESIDENT
OF THE CHURCH OF JESUS CHRIST OF
LATTER-DAY SAINTS, a Utah corporation
sole; LDS SOCIAL SERVICES a/k/a LDS
FAMILY SERVICES, a Utah corporation; and
the "MORMON CHURCH" THE CHURCH
OF JESUS CHRIST OF LATTER-DAY
SAINTS, an unincorporated association,

               Defendants.

NO.  06-2-18131-0 KNT

CERTIFICATE OF SERVICE

     The undersigned hereby certifies that on November 30, 2006, copies of the following

document:

     Answer of Corporation of the President of the Church of Jesus Christ of Latter-Day
     Saints and LDS Family Services and this Certificate of Service

were served at the following addresses via the methods indicated:

CERTIFICATE OF SERVICE - 1

ORIGINAL

**GORDON MURRAY TILDEN LLP**
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154-1007
Phone (206) 467-6477
Fax (206) 467-6292

1  Michael T. Pfau
2  Michelle A. Menely
3  Gordon, Thomas, Honeywell, Malanca, Peterson & Daheim LLP
4  600 University, Suite 2100
5  Seattle, WA 98101-4185
6  Co-Counsel for Plaintiff Rob Rinde
7  ( ) Mail      ( X ) Hand Delivery      ( ) Via e-mail
8  ( ) Fax       ( ) Federal Express
9
10 Timothy D. Kosnoff
11 Law Offices of Timothy D. Kosnoff
12 One Union Square
13 600 University Street, Suite 2101
14 Seattle, WA 98101
15 Co-Counsel for Plaintiff Rob Rinde
16 ( ) Mail      ( X ) Hand Delivery      ( ) Via e-mail
17 ( ) Fax       ( ) Federal Express
18
19
20 DATED this 30th day of November, 2006.
21
22
23
24 _____
25 Jacqueline D. Lucien
26
27
28
29
30
31
32
33
34
35
36
37
38
39
40
41
42
43
44
45

CERTIFICATE OF SERVICE - 2

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154-1007
Phone (206) 467-6477
Fax (206) 467-6292

FILED

06 NOV 30 PM 1:56

KING COUNTY
SUPERIOR COURT CLERK
KENT, WA

The Honorable Paris K. Kallas

SUPERIOR COURT OF THE STATE OF WASHINGTON
FOR KING COUNTY

| | |
|---|---|
| D.F.,<br><br>            Plaintiff,<br><br>     v.<br><br>THE CORPORATION OF THE PRESDIENT<br>OF THE CHURCH OF JESUS CHRIST OF<br>LATTER-DAY SAINTS, a Utah corporation<br>sole; LDS SOCIAL SERVICES a/k/a LDS<br>FAMILY SERVICES, a Utah corporation; and<br>the "MORMON CHURCH" THE CHURCH<br>OF JESUS CHRIST OF LATTER-DAY<br>SAINTS, an unincorporated association,<br><br>            Defendants. | NO.  06-2-18131-0 KNT<br><br>ANSWER OF CORPORATION OF<br>THE PRESIDENT OF THE CHURCH<br>OF JESUS CHRIST OF LATTER-DAY<br>SAINTS AND LDS FAMILY<br>SERVICES |

Defendants Corporation of the President of the Church of Jesus Christ of Latter-Day

Saints ("COP") and LDS Family Services (collectively, "Answering Defendants") respond to

plaintiff's complaint as follows:

## I.    PARTIES AND GENERAL ALLEGATIONS

1.1    Answering paragraph 1.1., Answering Defendants admit that plaintiff D.F. at one

time resided in Kent, Washington and was a member of the Church of Jesus Christ of Latter-Day

Saints ("the Church") in the Kent 2nd Ward.  Except as expressly admitted herein, Answering

ANSWER OF CORPORATION OF THE PRESIDENT OF THE
CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS AND
LDS FAMILY SERVICES - 1

Page 45

**ORIGINAL**

**GORDON MURRAY TILDEN LLP**
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154-1007
Phone (206) 467-6477
Fax (206) 467-6292

Defendants are without present knowledge or information sufficient to form a believe as to the truth or falsity of the remaining allegations contained herein, and therefore deny the same.

    1.2    Answering paragraph 1.2, Answering Defendants admit that the Corporation of the President of the Church of Jesus Christ of Latter-Day Saints is a Utah corporation sole, a corporation duly organized and operating pursuant to the laws of Utah. COP denies the remaining allegations in this paragraph.

    1.3    Answering paragraph 1.3, Answering Defendants admit that the Church is an unincorporated spiritual and ecclesiastical entity that has churches within the State of Washington. Except as expressly admitted, the allegations in this paragraph are denied.

    1.4    Answering paragraph 1.4, Answering Defendants admit that LDS Social Services, now known as LDS Family Services, is a Church-affiliated social service organization. Answering Defendants further admit that LDS Family Services has state licensed social service personnel on its staff and that some members of the staff of LDS Family Services believe the teaching of the Church. Answering Defendants admit that LDS Family Services is a Utah corporation which has its principal place is Salt Lake City, Utah, and that said corporation has offices in various geographic areas. Except as expressly admitted herein, the allegations contained in this paragraph are denied.

    1.5    Answering paragraph 1.5, Answering Defendants admit that certain individuals employed by LDS Family Services may fall within the written definition of mandatory reporters as set forth in RCW 26.44.030. Except as expressly admitted herein, any other allegations contained in this paragraph are denied.

ANSWER OF CORPORATION OF THE PRESIDENT OF THE
CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS AND
LDS FAMILY SERVICES - 2

Page 46

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154-1007
Phone (206) 467-6477
Fax (206) 467-6292

## II.    JURISDICTION AND VENUE

2.1    Answering paragraph 2.1, Answering Defendants admit that the Court has jurisdiction over the subject matter subject to the constraints of the First Amendment of the United States Constitution and Article I Section II of the Constitution of the State of Washington. Defendants also admit venue is proper and that this Court has personal jurisdiction over Answering Defendants. Answering Defendants deny that this Court has jurisdiction over defendant Church as it has not been properly served and has no capacity to be sued. To the extent not admitted, any other allegations in this paragraph are denied.

## III.    FACTS RELATING TO THE STRUCTURE OF THE MORMON CHURCH

3.1    Answering paragraph 3.1, Answering Defendants admit that one of the ecclesiastical offices of the Church is that of President and Prophet, and that said person possess and exercises the authority commensurate with that office as defined by the doctrines and beliefs of the Church. Defendants admit that the current President of the Church is Gordon B. Hinckley. Answering Defendants admit that COP is registered to do business and does business in the State of Washington. Except as expressly admitted herein, any other allegations contained in this paragraph are denied.

3.2    Answering paragraph 3.2, Answering Defendants admit that the Church functions geographically based upon the designation of "wards" and "stakes," which are geographically delineated. Answering Defendants admit that there is also a geographic designation of "area" which is used for certain ecclesiastical administration purposes. Answering Defendants admit that the Church uses the designations of bishops, stake presidents, and area presidents; and admit that "wards," "stakes," and "areas," as those terms are used within the Church are not corporate

ANSWER OF CORPORATION OF THE PRESIDENT OF THE
CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS AND
LDS FAMILY SERVICES - 3

Page 47

**GORDON MURRAY TILDEN LLP**
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154-1007
Phone (206) 467-6477
Fax (206) 467-6292

entities. Except as expressly admitted herein, any other allegations contained in this paragraph are denied.

3.3    Answering paragraph 3.3, Answering Defendants admit that the religious doctrine of tithing is part of the belief and doctrine of the Church and that all members of the Church are invited to practice this doctrine. Except as expressly admitted herein, any other allegations contained in this paragraph are denied.

3.4    Answering paragraph 3.4, Answering Defendants are without present knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, and therefore deny the same.

3.5    Answering paragraph 3.5, Answering Defendants admit that persons who were baptized and confirmed into the Church are members of the Church. Answering Defendants further admit that various Church ecclesiastical authorities, in the practice of their religious beliefs and responsibilities, attempt to guide and encourage Church members in their service in the Church. Except as expressly admitted herein, any other allegations contained in this paragraph are denied.

3.6    Answering paragraph 3.6, Answering Defendants admit that male members of the Church may be eligible for ordination to the lay priesthood of the Church beginning at age 12; admit that there are different offices in the priesthood with different responsibilities, and that eligible members of the Church must meet standards of worthiness, as that term is doctrinally defined by the Church, before being ordained into an office of the priesthood. Answering Defendants further admit that the offices of elder and high priest (in the Melchizedek Priesthood)

ANSWER OF CORPORATION OF THE PRESIDENT OF THE
CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS AND
LDS FAMILY SERVICES - 4

Page 48

**GORDON MURRAY TILDEN LLP**
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154-1007
Phone (206) 467-6477
Fax (206) 467-6292

are offices in the lay priesthood of the Church. Except as expressly admitted herein, any other allegations contained in this paragraph are denied.

3.7    Answering paragraph 3.7, Answering Defendants deny the allegations in this paragraph.

3.8    Answering paragraph 3.8, Answering Defendants admit that the Church is and has been for an extended period of time one of the many sponsoring organizations for the Boy Scouts of America. Except as expressly admitted herein, any other allegations contained in this paragraph are denied.

## IV.    SUBSTANTIVE FACTS

4.1    Answering paragraph 4.1, Answering Defendants admit that Herman M. Allenbach, as a male member of the Church, participated in the lay priesthood of the Church, as that term is defined and understood within the Church, and that Mr. Allenbach was a high priest. Answering Defendants further admit that Dr. Allenbach was an oral surgeon who maintained a practice in Kent, Washington. Answering Defendants deny that Dr. Allenbach was a bishopric counselor and/or scout leader in the Kent Second Ward during the relevant period of time, and further deny that Dr. Allenbach was the agent of COP or the Church. As to the remaining allegations in this paragraph, Answering Defendants are without present knowledge or information sufficient to form a believe as to the truth or falsity of these allegations, and therefore deny the same.

4.2    Answering paragraph 4.2, Answering Defendants admit that Herman M. Allenbach died on or about March 6, 2000.

ANSWER OF CORPORATION OF THE PRESIDENT OF THE
CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS AND
LDS FAMILY SERVICES - 5

Page 49

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154-1007
Phone (206) 467-6477
Fax (206) 467-6292

4.3     Answering paragraph 4.3, Answering Defendants admit that Randy Borland, Philip Coleman and Richard Pettit have served as bishops in the Kent Second Ward.  Except as expressly admitted herein, any other allegations contained in this paragraph are denied.

4.4     Answering paragraph 4.4, Answering Defendants admit that Jack Allen Loholt, a/k/a Jack Allen Onefrey, hereinafter "Loholt") has been convicted of a crime in the State of Washington; has been a member of the Church; and that he was an elder, as that term is defined and understood within the Church.  Except as expressly admitted herein, any other allegations contained in this paragraph are denied.

4.5     Answering paragraph 4.5, Answering Defendants admit that in approximately 1969 Loholt began renting a room from Dr. Allenbach in the Allenbach family home.  Except as expressly admitted herein, the allegations contained in this paragraph are denied.

4.6     Answering paragraph 4.6, Answering Defendants admit that at various times Loholt was involved in the scouting program in the Kent Second Ward.  Except as expressly admitted, Answering Defendants are without present knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in this paragraph, and therefore deny the same.  The allegation that Loholt and Allenbach were "Mormon priests" is expressly denied.

4.7     Answering paragraph 4.7, Answering Defendants admit the allegations in the first two sentences of this paragraph.  As to the third sentence, Answering Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations and therefore deny the same.

ANSWER OF CORPORATION OF THE PRESIDENT OF THE
CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS AND
LDS FAMILY SERVICES - 6

Page 50

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154-1007
Phone (206) 467-6477
Fax (206) 467-6292

4.8     Answering paragraph 4.8, Answering Defendants deny the allegations in this paragraph.

4.9     Answering paragraph 4.9, Answering Defendants deny the allegations in this paragraph.

4.10    Answering paragraph 4.10, Answering Defendants deny the allegations in this paragraph.

4.11    Answering paragraph 4.11, Answering Defendants are without information sufficient to form a belief as to the truth or falsity of the allegations relating to LDS Family Services and therefore deny the same.  Answering Defendants deny the remaining allegations in this paragraph.

4.12    Answering paragraph 4.12, Answering Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and therefore deny the same.

4.13    Answering paragraph 4.13, Answering Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and therefore deny the same.

4.14    Answering paragraph 4.14, Answering Defendants deny the allegations in this paragraph.

4.15    Answering paragraph 4.15, Answering Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and therefore deny the same.

ANSWER OF CORPORATION OF THE PRESIDENT OF THE
CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS AND
LDS FAMILY SERVICES - 7

Page 51

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154-1007
Phone (206) 467-6477
Fax (206) 467-6292

4.16    Answering paragraph 4.16, Answering Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and therefore deny the same.

4.17    Answering paragraph 4.17, Answering Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and therefore deny the same.

4.18    Answering paragraph 4.18, Answering Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and therefore deny the same.

4.19    Answering paragraph 4.19, Answering Defendants lack information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and therefore deny the same.

## V.    FIRST CAUSE OF ACTION

5.1    Answering paragraph 5.1, Answering Defendants reallege and incorporate their prior responses as set forth above.

5.2-5.6  Answering paragraphs 5.2, 5.3, 5.4, 5.5 and 5.6, Answering Defendants deny these allegations.

5.7    Answering paragraph 5.7, Answering Defendants admit that the Church has promulgated general guidelines to assist members in helping victims of sexual abuse and sex offenders.  Except as admitted herein, any other allegations contained in this paragraph are denied.

5.8-5.12  Answering paragraphs 5.8, 5.9, 5.10, 5.11, and 5.12, Answering Defendants deny these allegations.

ANSWER OF CORPORATION OF THE PRESIDENT OF THE
CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS AND
LDS FAMILY SERVICES - 8

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154-1007
Phone (206) 467-6477
Fax (206) 467-6292

## VI.    SECOND CAUSE OF ACTION

6.1    Answering paragraph 6.1, Answering Defendants reallege and incorporate their responses set forth above.

6.2-6.6   Answering paragraph 6.2, 6.3, 6.4, 6.5, and 6.6, Answering Defendants deny these allegations.

## VII.    THIRD CAUSE OF ACTION

7.1    Answering paragraph 7.1, Answering Defendants reallege and incorporate herein their responses set forth above.

7.2    Answering paragraph 7.2, Answering Defendants deny these allegations.

## VIII.   FOURTH CAUSE OF ACTION

8.1    Answering paragraph 8.1, Answering Defendants re-allege and incorporate herein their responses set forth above.

8.2    Answering paragraph 8.2, Answering Defendants deny these allegations.

## IX.    DAMAGES

Answering paragraph 9.1 and 9.2, Answering Defendants deny these allegations.

## AFFIRMATIVE DEFENSES

For further answer, and by way of affirmative defenses, Defendants allege as follows:

1.    **Failure to State a Claim.**  Plaintiffs' Amended Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

2.    **No Fiduciary Duty.**  Defendants owe no fiduciary duty to Plaintiffs.

3.    **Failure to Mitigate Damages.**  Plaintiffs have failed to mitigate or minimize their damages, if any.

ANSWER OF CORPORATION OF THE PRESIDENT OF THE
CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS AND
LDS FAMILY SERVICES - 9

Page 53

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154-1007
Phone (206) 467-6477
Fax (206) 467-6292

4.    **No Proximate Cause.**  Plaintiffs' damages, if any, were proximately caused by the acts or omissions of others over whom these Defendants had no control or right of control.

5.    **Contribution.**  If liability is established, these Defendants are entitled to contribution from any party or non-party whose negligence may have contributed as a proximate cause to the injury complained of in Plaintiffs' Amended Complaint.

6.    **Contributory Fault / Apportionment.**  Pursuant to RCW 4.22.070(1), damages are to be apportioned according to the relative fault of all at-fault entities.  In accordance with CR 12(i), and to preserve all potential defenses, Defendants identify Dr. Herman Allenbach, Arlene Land and Ron Nash as unnamed at-fault parties pursuant to RCW 4.22.070(1). Defendants reserve the right to identify other unnamed or as yet unidentified at-fault entities, if any, once such identity has become known to Defendants.

7.    **No Punitive Damages.**  Washington law does not permit a claim for exemplary (punitive) damages.

8.    **Statute of Limitations.**  Plaintiffs' claims are barred by the statute of limitations.

9.    **No Liability for Damages Resulting from Intentional Misconduct.**  Defendants are not liable under the laws of the State of Washington for of Plaintiffs' damages caused by the intentional acts of Jack Loholt aka Jack Onefrey (or by the intentional acts of such other tortfeasors, if any), and all of Plaintiffs' damages resulting from such intentional acts and omissions must be segregated from damages that are negligent/fault-based, on the basis of the varying degrees of culpability and causation among the actors.

10.   **Intervening or Superseding Cause.**   Defendants are not liable under the laws of the State of Washington based on an intervening or superseding cause.

ANSWER OF CORPORATION OF THE PRESIDENT OF THE
CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS AND
LDS FAMILY SERVICES - 10

Page 54

**GORDON MURRAY TILDEN LLP**
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154-1007
Phone (206) 467-6477
Fax (206) 467-6292

## MATTERS OF AVOIDANCE

1.    **Freedom of Religion.**  To the extent that Plaintiffs' claims are based upon these Defendants' exercise of their religious beliefs, they are barred by the Defendants' rights under the First Amendment to the United States Constitution, and by Article I, Section II, of the Constitution of the State of Washington.

## RESERVATION

Defendants hereby reserve the right to assert such further and other affirmative defenses, avoidances, and to otherwise allege, admit, or deny as may be warranted by discovery.

**WHEREFORE,** Defendants pray for judgment as follows:

1.    That Plaintiffs take nothing by way of their Amended Complaint against these Defendants and that the Complaint be dismissed with prejudice;

2.    That Defendants, each of them, be granted their attorneys' fees and costs against Plaintiffs;

3.    That, pursuant to RCW 4.22.070, if liability were to be established against these Defendants (either or both of them), that each of Defendants (either or both of them) be severally liable only for its share of fault-based damages;

4.    That, pursuant to established law, Plaintiffs' damages caused by intentional conduct be segregated from those damages, if any, caused by negligent/"at-fault" conduct; and

5.    That Defendants be given such other and further relief as the Court deems just and equitable.

ANSWER OF CORPORATION OF THE PRESIDENT OF THE
CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS AND
LDS FAMILY SERVICES - 11

Page 55

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154-1007
Phone (206) 467-6477
Fax (206) 467-6292

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34
35
36
37
38
39
40
41
42
43
44
45

DATED this _3-th_ day of _November_, 2006.

**GORDON MURRAY TILDEN LLP**

By _Michael Rosenberger_
Charles C. Gordon, WSBA #1773
Jeffrey I. Tilden, WSBA #12219
Michael Rosenberger, WSBA #17730
Attorneys for Defendants
The Corporation of the President of the Church
of Jesus Christ of Latter-Day Saints

ANSWER OF CORPORATION OF THE PRESIDENT OF THE
CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS AND
LDS FAMILY SERVICES - 12

Page 56

FILED

06 DEC 12 PM 3: 43

KING COUNTY
SUPERIOR COURT CLERK
KENT, WA

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

ORIGINAL

| | |
|---|---|
| F<br><br>                                    Plaintiff(s),<br><br>vs.<br><br>CORP OF THE PRESIDENT OF THE CHURCH OF<br>                                    Defendant(s) | NO.   06-2-18131-0 KNT<br><br>**COURT'S ORDER TO SHOW CAUSE**<br>**(Clerk's Action Required)**<br>SCOMIS CODE: **ORTSC**<br><br>Hearing Date:    APR- 1 0 2007 |

This Court, having reviewed the legal file herein, and, determining that certain required filings do not appear of record, or that parties have indicated a problem on the Confirmation of Joinder, enters the following order:

I.  ☐ The following parties are to appear in Room 1F at the Regional Justice Center, 401 Fourth Avenue North, Kent, WA on _____ at 1:30 PM to review these issues from the Confirmation of Joinder:

      ☐ Plaintiff / Petitioner
      ☐ Defendant / Respondent
      ☐ Third Party
      ☐ Other _____

II. ☑ The following counsel and/or pro se parties, shall appear in Room 1F at the Regional Justice Center, 401 Fourth Avenue North, Kent, WA at 1:30 PM  on the _____ day of _____APR- 1 0 2007_____ 20_____, shall then and there to show cause as to why monetary sanctions in a sum of at least $250 or other sanctions should not be ordered.

    ☑ **Plaintiff** to appear for failure to prosecute this cause of action by filing a Confirmation of Joinder, a Statement of Arbitrability, or submitting an Order of Dismissal to the Court for entry

**Or**

    ☐ **The following parties** are to appear as after a review of the legal file upon filing of the Confirmation of Joinder shows that mandatory answers have not been filed and the case is not ready. The following action(s) should have been taken:

      ☐ Plaintiff / Petitioner
      ☐ Defendant / Respondent
      ☐ Third Party
      ☐ Other _____

to have moved for default on the

☐ Claim

☐ Counterclaim

☐ Cross-claim

☐ Other _____

If Paragraph **I** is checked, the hearing will be stricken upon filing of an amended Confirmation of Joinder or a Statement of Arbitrability when the case is ready, but no later than *seven days* before the scheduled hearing.  Failure to file complying document by this deadline will result in **monetary sanctions in a sum of at least $250 or other** sanctions.

If Paragraph **II** is checked, the hearing on Order to Show Cause will be stricken upon compliance with the deficiencies listed.  If the case is resolved and completed, a copy of the disposition order should be sent to the Chief Civil judge.  The Show Cause hearing will be stricken.

If you believe you have received this Order in error because the responsive pleading has already been filed and served pursuant to the Case Scheduling Order, or if you are going to file and serve the necessary responsive pleading after receipt of this Order, you must forward a copy of the pleading requested so that the Court receives it not later than **seven days prior** to the date of the hearing.

**IF EITHER OF THE ABOVE SITUATIONS APPLY TO YOU, YOU MUST PROVIDE A WORKING COPY TO THE CHIEF CIVIL JUDGE <u>VERY CLEARLY NOTING</u> IN THE UPPER RIGHT HAND CORNER.**

**"SHOW CAUSE HEARING SET FOR** APR 1 0 2007

**If there is no response from you <u>seven days prior</u> to the scheduled hearing, the hearing will be held as scheduled and sanctions may be imposed.**

IT IS SO ORDERED THIS _____ day of ___DEC 1 2 2006_____, 20____.

_____

Judge Jeffrey M. Ramsdell

KING COUNTY SUPERIOR COURT

**(NAMES AND ADDRESSES OF ALL PARTIES)**

GORDON, CHARLES COOPER
1001 4TH AVE STE 4000
SEATTLE, WA  98154-1007

KOSNOFF, TIMOTHY DAVID
600 UNIVERSITY ST STE 2100
SEATTLE, WA  98101-4161

ORDER TO SHOW CAUSE                    06-2-18131-0 KNT

MENELY, MICHELLE
600 UNIVERSITY ST STE 2100
SEATTLE, WA  98101-4185


PFAU, MICHAEL THOMAS
600 UNIVERSITY ST STE 2100
SEATTLE, WA  98101-4185


ROSENBERGER, MICHAEL
1001 4TH AVE STE 4000
SEATTLE, WA  98154-1007


TILDEN, JEFFREY IVER
1001 4TH AVE STE 4000
SEATTLE, WA  98154-1007

FILED

2006 DEC 29 AM 10: 18

KING COUNTY
SUPERIOR COURT CLERK
SEATTLE, WA

SUPERIOR COURT OF THE STATE OF WASHINGTON
FOR KING COUNTY

D.F.,

                    Plaintiff,

        v.

THE CORPORATION OF THE PRESIDENT
OF THE CHURCH OF JESUS CHRIST OF
LATTER-DAY SAINTS, a Utah corporation
sole; LDS SOCIAL SERVICES a/k/a LDS
FAMILY SERVICES, a Utah corporation; and
the "MORMON CHURCH" THE CHURCH OF
JESUS CHRIST OF LATTER-DAY SAINTS,
an unincorporated association,

                    Defendants.

NO. 06-2-18131-0 KNT

CONFIRMATION OF JOINDER OF
PARTIES, CLAIMS AND DEFENSES

ASSIGNED TO THE HONORABLE
PARIS K. KALLAS

(CJ) (Clerk's Action Required)

1.  This case is **NOT** subject to mandatory arbitration.
    [If it is, this report should not be filed; instead, no later than the deadline for
    filing this report, a statement of arbitrability should be filed.]
2.  No additional parties will be joined.
3.  All parties have been served or have accepted service.
4.  All mandatory pleadings have been filed.
5.  No additional claims or defenses will be raised.
6.  The parties anticipate no problems in meeting the deadlines for disclosing
    possible witnesses and other, subsequent deadlines in the Case Schedule.
7.  All parties have cooperated in completing this report.

II.   ( X )   **The parties do not join in making the foregoing representations, as
              explained below (if appropriate, check both the box at left and every
              applicable box below.)**

CONFIRMATION OF JOINDER OF PARTIES, CLAIMS ETC., - 1 of 3
[172469 v07.doc]

ORIGINAL

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

1    ( )   This case **IS** subject to mandatory arbitration, but not ready yet for the Statement of Arbitrability to be filed.

2    ( )   Plaintiff's will be adding other defendant(s).

     ( )   A party remains to be served.

3    (X)   A mandatory pleading remains to be filed.

4    ( )   An additional claim or defense will be raised.

     ( )   An additional claim or defense will be raised.

5    ( )   One or more parties anticipate a problem in meeting the deadlines for disclosing possible witnesses or other, subsequent deadlines in the

6          Case Schedule.

7    ( )   A party has refused to cooperate in drafting this report.

     (X)   Other explanation:

8          Defendant Corporation of the President of The Church of Jesus
9          Christ of Latter-day Saints ("COP") is the corporation established by
           The Church of Jesus Christ of Latter-day Saints to interface with
10         secular society.  COP has reserved Feburary 9, 2007 for hearing a
           Motion to Dismiss the unincorporated church as COP believes the
11         church has no capacity to sue or be sued, and thus is not a proper
12         party.  If the motion is denied, attorneys for defendant COP will
           appear and answer on behalf of the unincorporated church.  The
13         parties represent and agree that not having the Answer on behalf of
           the "Mormon Church" at this time will not affect the parties ability to
14         meet case Scheduling Deadlines.

15

16   Dated this ____ day of December 2006.

17                    GORDON, THOMAS, HONEYWELL, MALANCA,
                      PETERSON & DAHEIM LLP
18

19                    By _Michelle Menely_____
20                       Attorneys for Plaintiffs
                         Michael T. Pfau, WSBA No. 24649
21                       mpfau@gth-law.com
                         Michelle A. Menely, WSBA No. 2835324649
22                       mmenely@gth-law.commpfau@gth-law.com
                         Co-Counsel for Plaintiff
23

24   LAW OFFICES OF TIMOTHY D. KOSNOFF

25                    By___Timothy D. Kosnoff_____
                         Timothy D. Kosnoff, WSBA No. 16586
26                       timkosnoff@comcast.net
                         Co-Counsel for Plaintiff

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 • FACSIMILE (206) 676-7575

1

2

3

4

5

6

GORDON MURRAY TILDEN LLP

*Ok to file by*

By *Gordon Murray Tilden* 12/27/2006

Charles C. Gordon, WSBA #1773
Jeffrey I. Tilden, WSBA #12219
Attorney for Defendants Corporation of the
President of the Church of Jesus Christ of Latter-
Day Saints; and LDS Social Services a/k/a LDS
Family Services

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

CONFIRMATION OF JOINDER OF PARTIES, CLAIMS ETC., - 3 of 3
[172469 v07.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

F I L E D

07 JAN 11 PM 4:32

KING COUNTY
SUPERIOR COURT CLERK
KENT, WA

The Honorable Laura Inveen
Hearing Date: February 9, 2006 9:00 a.m.

SUPERIOR COURT OF THE STATE OF WASHINGTON
FOR KING COUNTY

D.F.,

    Plaintiff,

  v.

THE CORPORATION OF THE PRESDIENT
OF THE CHURCH OF JESUS CHRIST OF
LATTER-DAY SAINTS, a Utah corporation
sole; LDS SOCIAL SERVICES a/k/a LDS
FAMILY SERVICES, a Utah corporation; and
the "MORMON CHURCH" THE CHURCH
OF JESUS CHRIST OF LATTER-DAY
SAINTS, an unincorporated association,

    Defendants.

NO.  06-2-18131-0 KNT

DEFENDANT CORPORATION OF
THE PRESIDENT OF THE CHURCH
OF JESUS CHRIST OF LATTER-DAY
SAINTS' MOTION TO DISMISS
AND/OR FOR SUMMARY
JUDGMENT

## I. INTRODUCTION

Plaintiff alleges that approximately 31 years ago he was sexually abused by an Assistant

Scout Master of the Boy Scouts who was a member of The Church of Jesus Christ of Latter-day

Saints ("the Church" or "the LDS Church").  Although the abuser was not a member of the

clergy, plaintiff alleges that defendants had a duty to prevent such abuse.  By this motion,

defendant Corporation of the President of The Church of Jesus Christ of Latter-day Saints

("COP") moves to dismiss the Church as a party.  COP stands in the shoes of the Church and

DEFENDANT CORPORATION OF THE PRESIDENT OF THE
CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS'
MOTION TO DISMISS - 1

Page 63

ORIGINAL

**GORDON MURRAY TILDEN LLP**
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154-1007
Phone (206) 467-6477
Fax (206) 467-6292

1
2 brings this motion on the Church's behalf because, as discussed below, the Church has no
3
4 capacity to sue, be sued, or participate in litigation.
5
6        Defendant COP is a corporation organized nearly 75 years ago as a legal vehicle for the
7
8 Church's interface and relationship with secular society.  COP possesses assets, enters contracts
9
10 to carry out the business of the Church, hires and pays employees, and has the capacity to file
11
12 suit and be sued.  COP is registered to conduct business in the State of Washington and has
13
14 identified an agent for service of process.  In contrast, the Church exists solely as a spiritual and
15
16 ecclesiastical entity which possesses no assets or property, does no business in any state, and has
17
18 no employees.  According to Church doctrine, the Church functions as the Kingdom of God on
19
20 earth.  The Church is not incorporated or registered to do business, and has no agent for service
21
22 of process.
23
24        COP moves to dismiss the Church from this suit for two reasons.  First, the Church lacks
25
26 capacity to be sued.  Once a religious organization has seen fit to incorporate, it is solely this
27
28 legal entity that can be sued.  The corresponding ecclesiastical, unincorporated church lacks any
29
30 legal existence.  Enforcing this principle would cause no prejudice to plaintiff's liability or
31
32 damages case.  COP concedes it is liable for any negligence of the Church and COP's assets are
33
34 available to satisfy any judgment.  Thus, for example, counsel for plaintiff and defendants tried a
35
36 similar sexual abuse case in federal court just a few months ago, and the sole defendant in that
37
38 case was COP.  COP proposed a jury instruction, which Judge Ricardo S. Martinez gave, that
39
40 advised the jury that COP "stands in the shoes of the Church."
41
42        That is as equally true here as it was there.  Because the COP stands in the shoes of the
43
44 Church, the Church has no assets, and any judgment would be paid by COP, the Church is
45

DEFENDANT CORPORATION OF THE PRESIDENT OF THE
CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS'
MOTION TO DISMISS - 2

**GORDON MURRAY TILDEN LLP**
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154-1007
Phone (206) 467-6477
Fax (206) 467-6292

completely superfluous. Plaintiff has sued the Church for one reason: to defeat diversity jurisdiction. If the Church were deemed an "unincorporated association" with capacity to be sued, the traditional rule is that such an association is a resident of any state in which it has a member, thus making diversity jurisdiction impossible. COP's motion, if granted, merely prevents plaintiff's counsel from forum shopping between federal and state court—adding or omitting the Church as a defendant at times of plaintiff's counsel's whim. Plaintiff's counsel has represented several other plaintiffs in sexual abuse cases against COP, and in most of them the Church is not a named defendant.[1]

Second, the Church should be dismissed because plaintiff has failed to serve the Church and, indeed, cannot practically do so under any circumstances. Plaintiff attempted service on the Church by serving a former clergy member, Gordon Conger, presumably on the belief that Mr. Conger is the Church's agent. However, service upon the Church (even if it were a proper party) cannot be accomplished by serving an "agent" of the Church. Washington law provides an agent of an unincorporated association can be served when that association is "doing business" in Washington. Given that the Church has no employees and conducts no business in the State of Washington, the Church is not "doing business" and thus cannot be served through an agent. Thus, even if the Church were a proper party, which COP disputes, the Church could be served only by serving each of its members in the State. COP readily concedes that this is nearly impossible as a practical matter and such impossibility serves only to highlight the impropriety of joining the Church in this action.

---

[1] For example, and as discussed in more detail below, plaintiff's counsel did not name the Church as a defendant in the case recently tried against COP in the Western District of Washington, *R.K. v. Corporation of the President of The Church of Jesus Christ of Latter-day Saints*. Plaintiffs' counsel also represent a plaintiff in a federal action that does not name the Church as a defendant, *Ames v. Corporation of the President of the Church of Jesus Christ of Latter-day Saints*.

DEFENDANT CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS' MOTION TO DISMISS - 3

Page 65

**GORDON MURRAY TILDEN LLP**
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154-1007
Phone (206) 467-6477
Fax (206) 467-6292

## II.    FACTS

**A.    Similar Cases Show The Church is Not an Appropriate or Necessary Party.**

Plaintiff's counsel, Mssrs. Pfau and Kosnoff, represent current and former litigants in sex abuse cases against COP. Some of these cases are being litigated in federal court against only COP. Given that the Church is not needed to litigate these cases or to collect on any judgment, one must conclude the Church's presence as a party derives solely from plaintiff's counsel's opinion as to the forum most favorable for a given case.

In this case and another pending before this Court, plaintiff's counsel named the Church as a defendant. Plaintiff's counsel have sought to justify naming the Church as a defendant on the ground that COP purportedly could argue the Church is a non-party at fault under R.C.W. 4.22.070, thereby reducing plaintiff's damages. However, the Church cannot be an "empty chair" to whom fault could be attributed, <u>and COP would be willing to so stipulate</u>.

The cases filed by plaintiff's counsel against COP include:

1.  *R.K. v. The Corporation of the President of The Church of Jesus Christ of Latter-day Saints* (W.D. Wash. C04-2338RSM): That case, now on appeal, did <u>not</u> name the Church as a defendant. Four plaintiffs commenced the action, which was originally captioned *K.F. v. The Corporation of the President of the Church of Jesus Christ of Latter Day Saints*. The lead plaintiff in that case, K.F., is the brother of D.F., plaintiff herein. Three plaintiffs, including K.F., settled with COP and R.K.'s claim went to trial. COP itself proposed a jury instruction —which the Court gave—that succinctly stated the relationship between COP and the Church:

> Defendant in this case is the corporation established by the
> Church of Jesus Christ of Latter-Day Saints to carry out the

DEFENDANT CORPORATION OF THE PRESIDENT OF THE
CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS'
MOTION TO DISMISS - 4

Page 66

**GORDON MURRAY TILDEN LLP**
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154-1007
Phone (206) 467-6477
Fax (206) 467-6292

secular affairs of the Church. <u>Legally, it stands in the shoes of the Church.</u>

Declaration of Michael Rosenberger, Exs. 1-2 (emphasis added).[2]

2. *David V. Ames v. The Corporation of the President of the Church of Jesus Christ of Latter-day Saints* (D.N.J., 2:06-cv-03441 –WJM-RJH). That sexual abuse case does <u>not</u> name the Church and was recently commenced in federal court in New Jersey.[3]

3. *Doe v. The Corporation of the President of The Church of Jesus Christ of Latter-day Saints* (King Co. Sup. Ct. 02-2-04105-1 KNT): That case, also on appeal, did <u>not</u> name the Church as a defendant. Ex. 5. COP did not remove the case to federal court because complete diversity was lacking; the plaintiffs and COP's co-defendant were Washington residents.

4. *Rinde v. The Corporation of the President of The Church of Jesus Christ of Latter-day Saints*, et. al. (King Co. Sup. Ct. 06-2-09825-1 SEA). In *Rinde*, plaintiff's counsel initially named only COP.[4] COP removed to federal court, at which point plaintiff moved to amend the Complaint to add the Church as a defendant and to remand to this Court. Judge Zilly permitted plaintiff to add the Church based on the plaintiff's misrepresentation that COP might assert "that it is not the entity responsible for the acts of the Bishops, Stake Presidents and other officials involved in this case." Ex. 7 at 3. Plaintiff thus suggested he "could be left with an 'empty chair' defendant." *Id.* These

---

[2] All exhibits subsequently cited are attached to the Rosenberger declaration filed herewith.

[3] Plaintiff's counsel do not appear on the Complaint in that action, Ex. 3, but the preceding demand letter identifies them as counsel for plaintiff Mr. Ames. Ex. 4.

[4] The federal court to which the case was removed noted that Plaintiff "failed to plead the existence of two defendants in his Complaint." Ex. 6 at 1.

DEFENDANT CORPORATION OF THE PRESIDENT OF THE
CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS'
MOTION TO DISMISS - 5

Page 67

**GORDON MURRAY TILDEN LLP**
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154-1007
Phone (206) 467-6477
Fax (206) 467-6292

statements were blatantly false because, as reflected by the instruction COP proposed in

*R.K. v. COP*, COP concedes it is the entity responsible if Church clergy were negligent

while acting within the scope of their authority as clergy. Unfortunately, COP could not

rebut the misrepresentation because it appeared in plaintiff's reply brief and the court did

not hold a hearing. The court relied on plaintiff's misstatements and thus allowed Mr.

Rinde to add the Church as a defendant, stating that "the absence of the Mormon church

as a named defendant could preclude Mr. Rinde from recovering damages for any fault

attributable to the Mormon church." Ex. 6 at 2. The court then remanded the case to

Superior Court as it viewed the Church as an association that is a resident of every state

in which a member resides, including Washington, thus defeating diversity jurisdiction.

*Rinde* is pending before Judge Downing, and COP has filed a nearly

identical motion to dismiss the Church from that case. That motion will be argued on the

same day as the present motion, February 9, 2007. If it would be of convenience to the

Court, COP would be willing to argue the two motions simultaneously before both Judge

Inveen and Judge Downing.

Hence, three of plaintiff's counsel's four other cases against COP did not name the

Church as a defendant, and two of them are being litigated in federal court. Surely, plaintiff's

counsel cannot contend that Plaintiff would be prejudiced if the Church were dismissed.

**B.    Most Religious Organizations, Including the LDS and Catholic Churches, Operate Through a Form of Corporate Organization.**

Before addressing the specifics of the corporate existence of the LDS Church, it is

appropriate to describe why religious organizations adopt a corporate form and the unique

corporate form that is often used.

DEFENDANT CORPORATION OF THE PRESIDENT OF THE
CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS'
MOTION TO DISMISS - 6

Page 68

Most religious organizations do not carry out church business through unincorporated associations.  This is not surprising, given the disadvantages of associations:  "lack of limits on personal liability for the members and directors; difficulties in the ownership, receipt and succession of property, particularly real property; [and] complications in entering into legal transactions such as contracts and the initiation of lawsuits. . . ."  Gerstenblith, *Associational Structures of Religious Organizations*, 1995 B.Y.U. L. Rev. 439, 444 (1995).

> For these reasons, most organizations which are of any size or
> complexity, which own property, or which desire to gain other
> advantages from a more formal corporate status choose to
> incorporate under one of the applicable state incorporation statutes.

*Id.*

Utah permits a religious organization to incorporate as a "corporation sole," thus permitting the incorporation of one or more high offices within the particular church.  Utah Code Ann. § 16-7-1 et seq.  Washington also permits this form of organization and, for example, the Catholic Bishop of Spokane and the Corporation of the Catholic Archbishop of Seattle are organized as corporations sole.[5]

> [A] corporation sole is the incorporation of the bishop or other
> presiding officer of the church for the purposes of administering
> and managing the affairs, property and temporalities of the church.
> The principal purpose of a corporation sole is to insure the
> continuation of ownership of a religious organization's property. At
> the death of the individual holding the office, church property
> passes to the successor to the office for the benefit of the religious
> group, rather than passing to the officeholder's heirs.

Gerstenblith, *supra*, at 455.  Utah's corporation sole statute grants corporate status and protection to the incorporating religious organization, and provides that the entity shall have

---

[5] According to the web site of the Washington Secretary of State, http://www.secstate.wa.gov/corps/, the Catholic Bishop of Spokane is an active corporation sole organized in 1915 and The Corporation of the Catholic Archbishop of Seattle is an active corporation sole organized in 1861.

DEFENDANT CORPORATION OF THE PRESIDENT OF THE
CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS'
MOTION TO DISMISS - 7

Page 69

power: (1) to "acquire," "possess" and "dispose" of real property; (2) "to borrow money"; (3) "to contract and be contracted with"; (4) "to sue and be sued"; (5) "to plead and be impleaded in all courts of justice"; and (6) to have a common seal. Utah Code Ann. § 16-7-6.

## C.    Defendant COP Exists to Conduct Temporal Affairs on Behalf of the Church.

For nearly 75 years, COP has been incorporated as a corporation sole under Utah law. Affidavit of Paul D. Rytting, ¶ 3. It has its headquarters in Salt Lake City, Utah. *Id.* It has employees, owns significant assets and carries out church business. *Id.* COP, for example, funds all Church-sponsored activities and outings.

## D.    The Church Is Concerned Solely with Spiritual Matters, Holds No Property, and Conducts No Business.

As distinguished from COP, the Church exists solely as an ecclesiastical/spiritual organization, with more than 27,000 congregations and more than 12.6 million members worldwide. Rytting Affidavit ¶ 5. Under Church doctrine, the Church functions as the Kingdom of God on earth. From time to time, the president or other "general authorities" of the Church provide spiritual and doctrinal guidance to local Church leaders and the general membership. *Id.* ¶ 7. Local leaders of the Church also perform religious functions similar to those performed in other religious organizations, including blessings, baptisms, confirmation, ordinations, and the calling of members to serve in volunteer ecclesiastical positions. *Id.* The Church itself has no corporate identity and no articles of association, bylaws, or rules governing legal existence. Instead, the Church is organized and governed by scripture, by modern revelation from God, and by the ecclesiastical doctrines and beliefs of the Church. *Id.* ¶ 6.

As a purely ecclesiastical and spiritual entity, the Church itself holds no assets or property. *Id.* ¶ 4. It does not do business in any state, nor is it registered to do so. *Id.* The

DEFENDANT CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS' MOTION TO DISMISS - 8

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154-1007
Phone (206) 467-6477
Fax (206) 467-6292

Church has no employees and it has no money from which to pay salaries, employment taxes, or

benefits. *Id.* Thus, if a judgment were rendered against the Church, it would be futile because the

Church has absolutely no assets or property from which such a judgment could be satisfied. *Id.*

**E.     Plaintiff Has Purported to Serve the Church by Serving a Former Clergy Member.**

Even if the Church had the capacity to be sued, plaintiff has not accomplished effective

service of process.

Plaintiff attempted to serve the Church by serving Gordon Conger. Mr. Conger is a

former clergy member of the Church. Although it is questionable whether Mr. Conger is an

"agent" of the Church, this motion does not contest his status. Rather, COP contends that no

service can be made on *any* agent because the Church is not "doing business" in Washington.

### III.     EVIDENCE RELIED UPON

1.     Declaration of Michael Rosenberger.

3.     Declaration of Paul D. Rytting.

### IV.     ARGUMENT

The factual setting from which this motion arises is novel. In most such cases, a personal

injury plaintiff attempts to join the asset-rich corporate entity affiliated with a religious

organization, and in some cases the corporate entity disputes responsibility for the torts of the

actor in question. Here, COP does not dispute that it will be liable for, and pay, any judgment

resulting from the negligence of Church agents acting within the scope of their authority.

Paradoxically, Plaintiff here seeks to maintain an action against an unincorporated

religious organization with no assets and for no reason bearing upon liability or damages.

Plaintiff's counsel seek to maintain the fiction of the Church as a necessary party so as to

DEFENDANT CORPORATION OF THE PRESIDENT OF THE
CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS'
MOTION TO DISMISS - 9

Page 71

**GORDON MURRAY TILDEN LLP**
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154-1007
Phone (206) 467-6477
Fax (206) 467-6292

preserve their discretion to defeat diversity jurisdiction when they perceive it in their interest to do so.

**A. The Church Has No Legal Status and is not a Proper Party.**

As a purely spiritual association with no worldly affairs, the Church cannot be sued and thus is not a proper party. Once a religious entity chooses to incorporate utilizing a valid and recognized form of legal incorporation, one can bring suit *only* against the corporate form:

> [W]henever a religious society incorporates, it assumes a dual existence; two distinct entities come into being -- *one, the church. which is conceived and endures wholly free from the civil law*, and the other, the corporation created through the state prescribed method. Each remains separate although closely allied. *The components of the ecclesiastical interrelationship between the parent church and the subordinate body cannot be permitted to serve as a bridge capable of reaching the non-secular parent in a civil proceeding.*

*Folwell v. Bernard*, 477 So. 2d 1060, 1063 (Fla. App. 1985) (emphasis added) (citation omitted). Other courts concur with *Folwell* and expressly acknowledge and respect the existence of two separate yet related entities: the spiritual or ecclesiastical entity that cannot be sued and over which courts have no jurisdiction, and the temporal or corporate entity which is subject to judicial control in accordance with statutory and constitutional restrictions.[6]

Where, as here, a religious denomination's corporate entity holds the denomination's assets and is fully capable of serving as the defendant in a lawsuit – in other words, where the

[6] *See, e.g., Trinity Presbyterian Church of Montgomery v. Tankersley,* 374 So.2d 861, 866 (Ala. 1979) ("[W]henever there is an incorporated church, there exist two entities. . . Questions involving the spiritual church are ecclesiastical in nature, and civil courts cannot decide any questions concerning this entity."); *Sorenson v. Logan,* 32 Ill.App.2d 294, 295-96, 177 N.E.2d 713 (1961) (same); *Koch v. Estes,* 146 Misc. 249, 252, 262 N.Y.S. 23 (1933) ("A religious corporation has a double aspect, the one spiritual, the other temporal. With regard to the former, courts have no concern"); *Willis v. Davis,* 323 S.W.2d 847 (Ky. Ct. App. 1959) ("such a corporation is civil in nature and is an entity *distinguishable* from an ecclesiastical society or association, the one having jurisdiction over the temporal or secular and the other over ecclesiastical or spiritual affairs").



GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154-1007
Phone (206) 467-6477
Fax (206) 467-6292

religious entity is focused entirely on religious matters – courts should and must honor the corporate structure and deny attempts to drag the unincorporated religious entity into personal injury lawsuits.

## B.     The Church Is not an "Unincorporated Association."

The Church has often been characterized or characterized itself as an unincorporated association.  While this is somewhat descriptive insofar as it distinguishes it from an incorporated entity, it is not accurate in the legal sense.

The term "unincorporated association"—commonly associated with entities such as labor unions and homeowners' associations—refers to an association that operates absent any corporate form.  *EEOC v. St. Francis Xavier Parochial School*, 77 F. Supp. 2d 71 (D.D.C. 1999).  In that case, plaintiff brought a claim arising under the Americans with Disabilities Act against a Catholic church and school that were part of a parish within the incorporated Archdiocese of Washington.  Plaintiff alleged that the school and church were unincorporated associations that were properly joined as parties under Federal Rule 17(b).  The court disagreed with plaintiff's starting premise that the church and school were "unincorporated associations."

> While all of these definitions describe an unincorporated association as a collection of persons working together for a common objective, they also describe it as *an entity operating without a corporate charter*.  The Court finds this latter characteristic determinative of whether an unincorporated division of a corporation meets the definition of an unincorporated association.  Unlike the unincorporated associations defined above, a division of a corporation does operate with a charter -- the charter of the larger corporation.

*EEOC v. St. Francis Xavier*, 77 F. Supp. at 77 (emphasis added).  While the Church is not a division of COP, the principle is equally applicable—the Church has established a corporation for carrying out its worldly affairs.

DEFENDANT CORPORATION OF THE PRESIDENT OF THE
CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS'
MOTION TO DISMISS - 11

Page 73

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154-1007
Phone (206) 467-6477
Fax (206) 467-6292

The district court in *EEOC v. St. Francis Xavier* also reasoned that the unincorporated

entities's lack of assets buttressed the conclusion they were not proper parties.

> This construction of "unincorporated association" is also consistent with the
> rationale for denying unincorporated divisions of a corporation the capacity to be
> sued in the first place. As discussed, this rationale arises out of an unincorporated
> division's lack of independent assets: because any judgment against it must be
> satisfied out of the corporation's assets, the corporation must be named, and
> adjudged liable, as a party.

*Id.* at n. 9. Similarly, here, Plaintiff knew he needed to join COP, as it is the Church entity with

assets. Given COP's presence in this case, there is no reason to grant the unincorporated Church

the capacity to be sued.

COP concedes that this state permits unincorporated associations to be sued, as do many

other states. This is a function of necessity. For example, a person with a grievance against a

labor union would have no recourse if it (the labor union) were not subject to suit as an

unincorporated association. However, such is not the case here—Plaintiff rights, if any, can be

fully vindicated without the presence of the Church in this litigation. The Church is not an

"unincorporated association" as that term is used to describe unions and other such organizations

that lack any corporate form.

**C.    The Church Must Be Dismissed Because it Has Not and Cannot Be Served--the
    Church is not "Doing Business" in Washington and thus the Summons and
    Complaint Cannot be Served upon a Church agent.**

As noted above, Plaintiff purported to serve the Church by serving a former clergy

member, Mr. Conger. For purposes of this motion, the Church does not dispute that Mr. Conger

is the Church's "agent." COP contends, rather, that if the Church were a proper party, the

purported service on an agent is improper. The only way to serve the Church would be to serve

all its members. The Church should thus be dismissed—it has not been served and, as a practical

DEFENDANT CORPORATION OF THE PRESIDENT OF THE
CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS'
MOTION TO DISMISS - 12

Page 74

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154-1007
Phone (206) 467-6477
Fax (206) 467-6292

matter, the Church's continued presence on the caption would be a fiction because its 245,000

members in Washington cannot practicably be served.

The Washington statute governing service of process contains only one subsection that

mentions associations. The statute provides that the summons shall be served by delivering a

copy as follows:

> (10) If the suit be against a foreign corporation or non-resident joint stock company, partnership or *association doing business* within the State, to any agent, cashier or secretary thereof.
> . . .

> (15) In all other cases, to the defendant personally, or by leaving a copy of the summons at his house or his or her usual abode with some person of suitable age and discretion then resident therein.

R.C.W. 4.28.080 (10) (15) (emphasis added). Thus, even if this Court were to hold that the

Church is an unincorporated association, it is not "doing business" in the State and thus service

cannot be made upon the Church by serving a Church agent. Rather, like a social club that does

not "do business" in the State, the Church would need to be served by serving all its members.

As used in R.C.W. 4.28.080, the phrase "doing business" is not defined and COP is

unaware of any cases applying this phrase in the context of service upon an "association."

However, it has been interpreted and applied in the context of disputes concerning personal

jurisdiction over foreign corporations. "Although [RCW 4.28.080(10)] appears only to address

service of process, the Washington Supreme Court has held that it confers general jurisdiction

over a nonresident defendant 'doing business' in this state, that is, transacting *substantial and*

*continuous business* of such character as to give rise to a legal obligation." *Mbm Fisheries v.*

*Bollinger Mach. Shop & Shipyard*, 60 Wn. App. 414, 418, 804 P.2d 627 (1991). As discussed

DEFENDANT CORPORATION OF THE PRESIDENT OF THE
CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS'
MOTION TO DISMISS - 13

Page 75

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154-1007
Phone (206) 467-6477
Fax (206) 467-6292

above, the Church has no employees, enters no contracts and generally conducts *no* business in the State of Washington. Surely, it is not engaging in "substantial and continuous" business that would trigger the application of the statute permitting service upon an agent.

Moreover, other states have refused to apply similar statutes to associations other than businesses. For example, the Ninth Circuit, applying Nevada law, observed that a Nevada statute providing for service upon two or more persons "associated in any business" does not apply to unincorporated trade associations. *Strotek Corp. v. Air Transport Association of America*, 300 F.3d 1129, 1134 n.2 (9th Cir. 2002). As the court stated, "neither does it seem logical that it would be [applied to trade associations], for a trade association conducts no 'business' and its members have no joint liability." *Id.*

Similarly, in *Cox v. Thee Evergreen Church*, 836 S.W.2d 167 (Tex. 1992), the Texas Supreme Court held that a statute applicable to associations "doing business" in Texas did not apply to unincorporated charitable organizations. The Texas statute contains language similar to that contained in Washington's service of process statute:

> Any incorporated joint stock company or association, whether foreign or domestic, doing business in the State, may sue or be sued in any court of this state having jurisdiction of the subject matter in its company or distinguishing name; . . .

Tex. Rev. Civ. Stat. Ann. Article 6133.

In sum, even if this Court disagrees with COP's position that the Church is not a proper party, the Court should conclude the Church is not "doing business" in this state and therefore service of process cannot be made on a Church agent as provided in R.C.W. 4.28.080 (10). As a practical matter, such a ruling would require dismissal of the Church as Plaintiff would never be able to serve process on the 245,000 members of the Church in Washington.

DEFENDANT CORPORATION OF THE PRESIDENT OF THE
CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS'
MOTION TO DISMISS - 14

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154-1007
Phone (206) 467-6477
Fax (206) 467-6292

V.    CONCLUSION

For the reasons stated above, COP respectfully requests that this Court dismiss the Church from this action.

DATED this 11th day of January, 2006.

GORDON MURRAY TILDEN LLP

By _____
    Charles C. Gordon, WSBA #1773
    Jeffrey I. Tilden, WSBA #12219
    Michael Rosenberger, WSBA #17730
    Attorneys for Defendants
The Corporation of the President of the Church
of Jesus Christ of Latter-Day Saints

DEFENDANT CORPORATION OF THE PRESIDENT OF THE
CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS'
MOTION TO DISMISS - 15

Page 77

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154-1007
Phone (206) 467-6477
Fax (206) 467-6292

1
2
3
4
5
6
7
8
9
10                                                      The Honorable Laura C. Inveen
11
12              SUPERIOR COURT OF THE STATE OF WASHINGTON
13                          FOR KING COUNTY
14
15    D.F.,
16                                              NO.  06-2-18131-0 KNT
17              Plaintiff,
18                                              [PROPOSED] ORDER GRANTING
19        v.                                    DEFENDANT'S MOTION TO
20                                              DISMISS AND/OR FOR SUMMARY
21    THE CORPORATION OF THE PRESDIENT          JUDGMENT
22    OF THE CHURCH OF JESUS CHRIST OF
23    LATTER-DAY SAINTS, a Utah corporation
24    sole; LDS SOCIAL SERVICES a/k/a LDS
25    FAMILY SERVICES, a Utah corporation; and
26    the "MORMON CHURCH" THE CHURCH
27    OF JESUS CHRIST OF LATTER-DAY
28    SAINTS, an unincorporated association,
29
30              Defendants.
31
32
33
34        THIS MATTER was brought before the Court upon the motion of defendant Corporation
35
36    of the President of the Church of Jesus Christ of Latter-Day Saints to dismiss and/or for
37
38    summary judgment seeking dismissal of defendant The Church of Jesus Christ of Latter-day
39
40    Saints.  The Court has considered the arguments of counsel and the following submissions:
41
42
43        1.      COP's memo in support;
44
45        2.      Declaration of Michael Rosenberger and attached exhibits;

ORDER - 1

COPY

**GORDON MURRAY TILDEN LLP**
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154-1007
Phone (206) 467-6477
Fax (206) 467-6292

3.    Declaration of Paul Rytting;

4.    Plaintiff's Opposition Brief;

5.    COP's Reply Brief;

6.    _____

7.    _____


Based upon the foregoing, it is hereby:

ORDERED, ADJUDGED AND DECREED that the motion is GRANTED; The Church

of Jesus Christ of Latter-day Saints is dismissed from this action with prejudice.

DATED this _____ day of _____, 2007.


_____
The Honorable Laura Inveen

Presented by:

**GORDON MURRAY TILDEN LLP**

By _____
    Charles C. Gordon, WSBA #1773
    Jeffrey I. Tilden, WSBA #12219
    Michael Rosenberger, WSBA #17730
Attorneys for Defendant

ORDER - 2

**GORDON MURRAY TILDEN LLP**
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154-1007
Phone (206) 467-6477
Fax (206) 467-6292