FILED

07 JAN 11 PM 4:32

KING COUNTY
SUPERIOR COURT CLERK
KENT, WA

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

D.F.,

PLAINTIFF,

v.

CORPORATION OF THE PRESIDENT OF THE CHURCH OF
JESUS CHRIST OF LATTER-DAY SAINTS,

DEFENDANT.

CASE NO. 06-2-18131-0 KNT
NOTICE FOR HEARING
KENT REGIONAL JUSTICE CENTER ONLY
(Clerk's Action Required)   (NTHG)

TO:     THE CLERK OF THE COURT and to all other parties per list on Page 2:
        PLEASE TAKE NOTICE that an issue of law in this case will be heard on the date below and the Clerk is directed to
        note this issue on the calendar checked below.

**Calendar Date:** FEBRUARY 9, 2007          **Day of Week:** Friday
**Nature of Motion:** MOTION TO DISMISS

**CASES ASSIGNED TO INDIVIDUAL JUDGES – RJC**

Working Papers: The judge's name, date and time of hearing must be noted in the upper right corner of the Judge's copy.
Deliver Judge's copies to Judges' Mailroom at RJC
☐ Without oral argument (Mon - Fri)
☒ With oral argument Hearing       Date/Time:  February 9, 2007 at 9:00 a.m.
        If oral argument on the motion is allowed (LR 7(b)(2)), contact staff of assigned judge to schedule date and time before
        filing this notice.
Judge's Name: LAURA INVEEN          Trial Date: November 19, 2007

**CHIEF CIVIL DEPARTMENT – RJC**

All Chief Civil calendars are at 10:00 on Fridays, except as noted.  See signs posted at RJC for calendar location.
Deliver working copies to Judges' Mailroom, Room 2D at RJC.  In upper right corner of papers write "Chief Civil Department"
and date of hearing.
☐ Extraordinary Writs (Show Cause Hearing) (LR 98.40)
☐ Supplemental Proceedings (9:15 am) (LR 69)
☐ Motions to Consolidate with multiple judges assigned (LR 40(a)(4)) (without oral argument)) M-F

Non-Assigned Cases:
☐ Dispositive Motions and Revisions (10:30 am)          ☐ Non-Dispositive Motions M-F (without oral argument)
☐ Certificates of Rehabilitation- Weapon Possession (**Convictions from Limited Jurisdiction Courts**)(LR 40(2)(B))
☐ Certificates of Rehabilitation (**Employment**)

**PARTIES:** The address of the Regional Justice Center is 401 4th Avenue North, Kent, WA 98032. You must bring this
document and appear as scheduled.
☐ Room:          ☐ See Posted Signs

You may list an address that is not your residential address where you agree to accept legal documents.
Sign:                                    Print/Type Name: Michael Rosenberger
WSBA#: 17730                             Attorney for: Defendant
Address: 1001 Fourth Avenue, Suite 4000, Seattle, WA 98154-1007
Telephone: (206) 476-6477          Date: January 11, 2007

**DO NOT USE THIS FORM FOR FAMILY LAW, EX PARTE OR RALJ MOTIONS.**

NOTICE FOR HEARING – KENT COURTHOUSE ONLY                    Page 1
KNT072802
www.metrokc.gov/kcscc/forms.htm

Dockets.Justia.com

| LIST NAMES AND SERVICE ADDRESSES FOR ALL NECESSARY PARTIES REQUIRING NOTICE |
|---|

| Name: | Michael T. Pfau | Name: | Timothy D. Kosnoff |
|---|---|---|---|
| Address: | Michelle A. Menely | Address: | Law Offices of Timothy D. Kosnoff |
| | Gordon, Thomas, Honeywell, Malanca, | | One Union Square |
| | Peterson & Daheim LLP | | 600 University Street, Suite 2101 |
| | 600 University, Suite 2100 | | Seattle, WA 98101 |
| | Seattle, WA 98101-4185 | | |

| WSBA#: | 24649 | Attorney For: | Plaintiff | 24649 | Attorney For: | Plaintiff | 24649 |
|---|---|---|---|---|---|---|---|
| Telephone#: | (206) 676-7500 | | | Telephone#: | (206) 676-7610 | | |

| Name: | | Name: | |
|---|---|---|---|
| Address: | | Address: | |

| WSBA#: | | Attorney For: | WSBA#: | | Attorney For: |
|---|---|---|---|---|---|
| Telephone#: | | | Telephone#: | | |

| Name: | | Name: | |
|---|---|---|---|
| Address: | | Address: | |

| WSBA#: | | Attorney For: | WSBA#: | | Attorney For: |
|---|---|---|---|---|---|
| Telephone#: | | | Telephone#: | | |

## IMPORTANT NOTICE REGARDING CASES

Party requesting hearing must file motion & affidavits separately along with this notice. List names, addresses and telephone numbers of all parties requiring notice (including GAL) on this page. Serve a copy of this notice, with motion documents, on all parties.

The original must be filed at the Clerk's Office not less than **six** court days prior to requested hearing date, except for Summary Judgment Motions (to be filed with Clerk 28 days in advance).

THIS IS ONLY A PARTIAL SUMMARY OF THE LOCAL RULES AND ALL PARTIES ARE ADVISED TO CONSULT WITH AN ATTORNEY.

The REGIONAL JUSTICE CENTER is in Kent, Washington at 401 Fourth Avenue North. The Clerk's Office is on the second floor, Room 2C. The Judges' Mailroom is Room 2D.

NOTICE FOR HEARING – KENT COURTHOUSE ONLY
KNT072802
www.metrokc.gov/kcscc/forms.htm

FILED

07 JAN 11 PM 4: 32

KING COUNTY
SUPERIOR COURT CLERK
KENT, WA

The Honorable Laura C. Inveen

SUPERIOR COURT OF THE STATE OF WASHINGTON
FOR KING COUNTY

D.F.,

                     `Plaintiff,

        v.

THE CORPORATION OF THE PRESDIENT
OF THE CHURCH OF JESUS CHRIST OF
LATTER-DAY SAINTS, a Utah corporation
sole; LDS SOCIAL SERVICES a/k/a LDS
FAMILY SERVICES, a Utah corporation; and
the "MORMON CHURCH" THE CHURCH
OF JESUS CHRIST OF LATTER-DAY
SAINTS, an unincorporated association,

             Defendants.

NO.  06-2-18131-0 KNT

DECLARATION OF PAUL D.
RYTTING IN SUPPORT OF
DEFENDANT CORPORATION OF
THE PRESIDENT OF THE CHURCH
OF JESUS CHRIST OF LATTER-
DAY SAINTS' MOTION TO
DISMISS AND/OR FOR SUMMARY
JUDGMENT

I, Paul D. Rytting, declare as follows:

    1.     My name is Paul D. Rytting.  I am over the age of eighteen and I make these

statements based upon personal knowledge.

    2.     I have been a member of the Church of Jesus Christ of Latter-Day Saints ("the

Church") all of my life.  I currently function as the Risk Manager for the Corporation of the

President of the Church of Jesus Christ of Latter-Day Saints ("COP") and am familiar with the

DECLARATION OF PAUL D. RYTTING IN SUPPORT OF
DEFENDANT CORPORATION OF THE PRESIDENT OF THE
CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS'
MOTION TO DISMISS AND/OR FOR SUMMARY JUDGMENT
- 1

**GORDON MURRAY TILDEN LLP**
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154-1007
Phone (206) 467-6477
Fax (206) 467-6292

ORIGINAL

legal organization of COP and the Church.  I have worked in similar or related positions for

fifteen years.

       3.      For approximately 75 years, COP has been incorporated as a corporation sole

under Utah law.  COP has its headquarters in Salt Lake City, Utah.  It hires and pays

employees, owns significant assets and carries out church business.

       4.      The Church, in contrast, exists solely as an ecclesiastical organization.  In its

unincorporated form, the Church holds no assets or property.  It does no business in any state,

nor is it registered to do so.  The Church has no employees, and has no money from which to pay

salaries.  The Church has no asserts or property from which a judgment can be satisfied.

       5.      The Church has more than 27,000 congregations.  There are 12.6 million

members worldwide, with 245,665 in the State of Washington as of December 31, 2005.

       6.      The Church has no corporate identity and no articles of association, bylaws, or

rules governing its legal existence.  Instead, the Church is organized and governed by scripture,

by modern revelation, and by ecclesiastical doctrines and believes of the Church.

       7.      Under Church doctrine, the Church functions as the Kingdom of God on earth.

From time to time, the president or other "general authorities" of the Church provides spiritual

and doctrinal guidance to local Church leaders and to the general membership.  Local Church

leaders also perform functions similar to those performed at other religious organizations,

including blessings, baptisms, confirmations, ordinations, and the calling of members to serve in

///

///

///

DECLARATION OF PAUL D. RYTTING IN SUPPORT OF
DEFENDANT CORPORATION OF THE PRESIDENT OF THE
CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS'
MOTION TO DISMISS AND/OR FOR SUMMARY JUDGMENT
- 2

**GORDON MURRAY TILDEN LLP**
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154-1007
Phone (206) 467-6477
Fax (206) 467-6292

1   volunteer ecclesiastical positions.
2
3       I declare under penalty of perjury that the foregoing is true and correct.
4
5       SIGNED at Salt Lake City, Utah, this ___2ⁿᵈ___ day of ___JAN.___, 200_7_.
6
7
8
9       _____
10                      PAUL D. RYTTING
11
12
13
14
15
16
17      DATED this _____ day of _____, 2006.
18
19                              **GORDON MURRAY TILDEN LLP**
20
21
22
23                      By_____
24                          Charles C. Gordon, WSBA #1773
25                          Jeffrey I. Tilden, WSBA #12219
26                          Attorneys for Defendants
27                      The Corporation of the President of the Church
28                      of Jesus Christ of Latter-Day Saints
29
30
31
32
33
34
35
36
37
38
39
40
41
42
43
44
45

DECLARATION OF PAUL D. RYTTING IN SUPPORT OF
DEFENDANT CORPORATION OF THE PRESIDENT OF THE
CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS'
MOTION TO DISMISS AND/OR FOR SUMMARY JUDGMENT
- 3

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154-1007
Phone (206) 467-6477
Fax (206) 467-6292

FILED

07 JAN 11 PM 4: 32

KING COUNTY
SUPERIOR COURT CLERK
KENT, WA

The Honorable Laura Inveen
Hearing Date:  February 9, 2006 9:00 a.m.

SUPERIOR COURT OF THE STATE OF WASHINGTON
FOR KING COUNTY

| | |
|---|---|
| D.F.,<br><br>    Plaintiff,<br><br>  v.<br><br>THE CORPORATION OF THE PRESDIENT OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, a Utah corporation sole; LDS SOCIAL SERVICES a/k/a LDS FAMILY SERVICES, a Utah corporation; and the "MORMON CHURCH" THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, an unincorporated association,<br><br>    Defendants. | NO.  06-2-18131-0 KNT<br><br>DECLARATION OF MICHAEL ROSENBERGER IN SUPPORT OF DEFENDANT CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS' MOTION TO DISMISS AND/OR FOR SUMMARY JUDGMENT |

  Michael Rosenberger, being duly sworn on oath, deposes and says:

  1.  I am one of the attorneys representing the Corporation of the President of the Church of Jesus Christ of Latter-Day Saints in this matter.  I am also among the attorneys representing COP in other suits brought by plaintiffs' counsel relating to alleged sexual abuse of minors.  I make this declaration based upon personal knowledge.

DECLARATION OF MICHAEL ROSENBERGER IN SUPPORT
OF DEFENDANT CORPORATION OF THE PRESIDENT OF
THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS'
MOTION TO DISMISS AND/OR FOR SUMMARY JUDGMENT
- 1

Page 85

ORIGINAL

**GORDON MURRAY TILDEN LLP**
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154-1007
Phone (206) 467-6477
Fax (206) 467-6292

2.      Attached as Exhibit 1 is a true and accurate copy of COP's proposed jury instruction in *R.K. v. Corporation of the President of the Church of Jesus Christ of Latter-Day Saints* regarding the relationship of COP and the Church.

3.      Attached as Exhibit 2 is a true and accurate copy of the Court's instruction in *R.K. v. COP*, relating to the relationship of COP and the Church.

4.      Attached as Exhibit 3 is a true and accurate copy of the complaint recently filed in the District of New Jersey in the matter of *Ames v. Corporation of the President of the Church of Jesus Christ of Latter-Day Saints*.

5.      Attached as Exhibit 4 is a true and accurate copy of an excerpt from the demand letter in *Ames* showing that plaintiff's counsel, Msrrs. Kosnoff and Pfau, represent Mr. Ames.

6.      Attached as Exhibit 5 is a true and accurate copy of the complaint in *Doe v. Corporation of the President of the Church of Jesus Christ of Latter-Day Saints*.

7.      Attached as Exhibit 6 is a true and accurate copy of the Order in this matter dated June 30, 2006, issued by Judge Zilly of the Western District of Washington.

8.      Attached as Exhibit 7 us a true and accurate copy of plaintiff's reply brief in support of his motion to amend the complaint and motion to remand.

**I declare under the laws of the State of Washington and of the United States that the foregoing is true and correct.**

DATED this 11th day of January, 2007.

Michael Rosenberger

DECLARATION OF MICHAEL ROSENBERGER IN SUPPORT OF DEFENDANT CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS' MOTION TO DISMISS AND/OR FOR SUMMARY JUDGMENT - 2

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154-1007
Phone (206) 467-6477
Fax (206) 467-6292

Page 86

EXHIBIT 1

THE HONORABLE RICARDO S. MARTINEZ

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON – AT SEATTLE

| | |
|---|---|
| R.K. ,<br><br>               Plaintiff,<br><br>vs.<br><br>THE CORPORATION OF THE PRESIDENT<br>OF THE CHURCH OF JESUS CHRIST OF<br>LATTER-DAY SAINTS, a Utah corporation<br>sole;<br><br>             Defendants. | NO. 04-2338 RSM<br><br>JOINT DISPUTED JURY<br>INSTRUCTIONS |

| No. | Title | Source | Page No. | Party |
|---|---|---|---|---|
| 1 | Claims and Defenses | 9th Cir. 1.2 | 4 | Plaintiff |
| 2 | Claims and Defenses | 9th Cir. 1.2 | 7 | Defendant |
| 3 | Burden of Proof | WPI 21.02, 21.05 | 9 | Plaintiff |
| 4 | Burden of Proof – Plaintiff | WPI 21.02 | 11 | Defendant |
| 5 | Burden of Proof – Non-Parties at Fault | WPI 21.10 | 13 | Defendant |
| 6 | Corporations and Partnerships – Fair Treatment | 9th Cir. 6.1 | 14 | Plaintiff |
| 7 | Religious Organizations Treated Same as Individuals | WPI 1.07 | 15 | Defendant |

JOINT DISPUTED JURY INSTRUCTIONS  - 1 of 80
(04-2338RSM)
[170548 v1.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 · FACSIMILE (206) 676-7575

| No. | TITLE | SOURCE | Page No. | PARTY |
|---|---|---|---|---|
| 8 | Liability of Corporations – Scope of Authority Not In Issue | 9th Cir. 6.2 | 16 | Plaintiff |
| 9 | Scope of Authority Defined | WPI 50.02 | 18 | Plaintiff |
| 10 | Scope of Authority Defined | WPI 50.02 | 19 | Defendant |
| 11 | Act of Agent is Act of Principal – Scope of Authority Not in Issue | 9th Cir. 6.6 | 21 | Plaintiff |
| 12 | Principal Sued But Not Agent – Agency or Authority Defined | WPI 50.07 | 22 | Plaintiff |
| 13 | Principal Sued, But Not Agent – Agency or Authority Denied | WPI 50.07 | 23 | Defendant |
| 14 | Violation of Statute is Evidence if Negligence | RCW 26.44.030 WPI 60.01 | 25 | Plaintiff |
| 15 | Violation of Statute is Evidence of Negligence | WPI 60.03 | 27 | Defendant |
| 16 | Reporting Statute | RCW 26.44.030 | 28 | Defendant |
| 17 | Definition of Practitioner | 1969 Laws of Washington | 31 | Defendant |
| 18 | Definition of Clergyman | 1969 Laws of Washington | 32 | Defendant |
| 19 | Definition of Clergyman | 1969 Laws of Washington | 34 | Plaintiff |
| 20 | Negligence of Parent Not Imputed to Child | WPI 11.04 | 35 | Plaintiff |
| 21 | "Issues" | WPI 20.01, 20.05 | 36 | Plaintiff |
| 22 | Plaintiff's Alternative "Issues" | WPI 20.01, 20.05 | 38 | Plaintiff |
| 23 | Defendant's "Issues" Instruction | WPI 20.01, 20.05 | 39 | Defendant |
| 24 | Intervening Criminal Act | *McLoed v. Grant County*, 42 Wn.2d 316 (1953); *Passovoy v. Nordstrom*, 52 | 42 | Plaintiff |

JOINT DISPUTED JURY INSTRUCTIONS - 2 of 80
(04-2338RSM)
[170548 v1.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 • FACSIMILE (206) 676-7575

| No. | Title | Source | Page No. | Party |
|---|---|---|---|---|
| | | Wn.App. 166 (1988) | | |
| 25 | Statute of Limitation | RCW 4.16.340 | 44 | Defendant |
| 26 | Statute of Limitations – Defenses | *Hollman v. Corcoran*, 89 Wn.App. 323 (1997) | 46 | Plaintiff |
| 27 | Statute of Limitations – Defenses | *Hollman v. Corcoran*, 89 Wn.App. 323 (1997) | 48 | Plaintiff |
| 28 | Statute of Limitations – Defenses | *Cloud v. Summers*, 98 Wn. App. 724 (1999) | 49 | Plaintiff |
| 29 | Statute of Limitations – Defenses | *Cloud v. Summers*, 98 Wn. App. 724 (1999) 1 Laws of 1991, Ch. 212 | 50 | Plaintiff |
| 30 | Segregation of Damages | *Tegman v. Accident and Medical Investigations, Inc.* 150 Wn.2d 102 (2003); Court Order Dkt No. 153 | 51 | Defendant |
| 31 | Segregation of Damages | *Tegman v. Accident and Medical Investigations, Inc.* 150 Wn.2d 102 (2003); Court Order Dkt No. 153 | 52 | Plaintiff |
| 32 | Privileged Communications | | 53 | Defendant |
| 33 | Privileged Communications | WPI 6.08 | 56 | Plaintiff |
| 34 | "Special Relationship" | *C.J.C. v. Corp. of Catholic Bishop*, 138 Wn.2d 699 (1999) | 57 | Plaintiff |
| 35 | "Special Relationship" – Duty to Warn | *C.J.C. v. Corp. of Catholic Bishop*, 138 Wn.2d 699 | 59 | Plaintiff |

JOINT DISPUTED JURY INSTRUCTIONS  - 3 of 80
(04-2338RSM)
[170548 v1.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

| No. | Title | Source | Page No. | Party |
|-----|-------|--------|----------|-------|
|  |  | (1999); *Niece v. Elmview Group Home*, 131 Wn.2d 39 (1997) |  |  |
| 36 | "Special Relationship" – Protect Third Persons | *Peterson v. State*, 100 Wn.2d 421 (1989) | 61 | Plaintiff |
| 37 | Mandatory Reporting Statute | RCW 26.44.030 | 63 | Plaintiff |
| 38 | Allegation in Complaint | WPI 6.10.01 | 65 | Defendant |
| -- | Plaintiff's Proposed Special Verdict Form |  | 67 | Plaintiff |
| -- | Defendant's Proposed Special Verdict Form |  | 74 | Defendant |

GORDON THOMAS HONEYWELL MALANCA
PETERSON & DAHEIM, LLP

By _Michelle Menely_
    Michael T. Pfau, WSBA No. 24649
    mpfau@gth-law.com
    Michelle A. Menely, WSBA No. 28353
    mmenely@gth-law.com
    Co-Counsel for Plaintiff

LAW OFFICES OF TIMOTHY D. KOSNOFF

By _____
    Timothy D. Kosnoff, WSBA No. 16586
    timkosnoff@comcast.net
    Co-Counsel for Plaintiff

GORDON MURRAY TILDEN LLP

By _____
    Charles C. Gordon, WSBA No. 1773
    cgordon@gmtlaw.com
    Jeffrey I. Tilden, WSBA No. 12219
    jtilden@gmtlaw.com
    Michael Rosenberger, WSBA No. 17730

JOINT DISPUTED JURY INSTRUCTIONS  - 4 of 80
(04-2338RSM)
[170548 v1.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
800 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON  98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

PROPOSED INSTRUCTION NO. 7

DEFENDANT'S PROPOSED ALTERNATIVE INSTRUCTION
RELIGIOUS ORGANIZATIONS TREATED THE SAME AS INDIVIDUALS

The law treats all parties equally whether they are religious organizations or individuals. This means that religious organizations and individuals are to be treated in the same fair and unprejudiced manner.

Defendant in this case is the corporation established by the Church of Jesus Christ of Latter-Day Saints to carry out the secular affairs of the Church. Legally, it stands in the shoes of the Church.

WPI 1.07 (mod.)

**Defendant's authority:** The first paragraph of the proposed alternative is from WPI 1.07. It achieves the same purpose as plaintiff's proposed instruction, but is superior in that the language specifically states that individuals and religious organizations are treated equally. Given that plaintiff is an individual, this is more appropriate here.

The second paragraph explains why COP is the defendant. Plaintiff previously argued in briefing that the jury "will not understand why COP is the responsible party." Dkt. No. 163 at 17: 20. It is appropriate to clarify this.

Plaintiff's proposed language in the second paragraph has several problems. First, COP was not established to carry out the "affairs" of the church, but only its secular affairs. Second, the name of the church is not "the Mormon church." Third, the third sentence is of unclear meaning, but appears to add nothing to the second sentence. The only point of the second paragraph is to identify the defendant.

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 • FACSIMILE (206) 676-7575

EXHIBIT 2

**04-CV-02338-JY**

1

2

3

4

5

6           UNITED STATES DISTRICT COURT
7        WESTERN DISTRICT OF WASHINGTON
                    AT SEATTLE
8

9

10  R.K.,

11              Plaintiff,              CASE NO. C04-2338RSM

12          v.                          COURT'S INSTRUCTIONS
                                        TO THE JURY
13  THE CORPORATION OF THE PRESIDENT
    OF THE CHURCH OF JESUS CHRIST OF
14  LATTER-DAY SAINTS,

15              Defendant.

16

17

18

19      DATED this __10th__ day of __October__, 2006.

20

21

22

23      RICARDO S. MARTINEZ
        UNITED STATES DISTRICT JUDGE
24

25

26

27

28  COURT'S INSTRUCTIONS TO THE JURY

**END OF CASE INSTRUCTIONS  16**
**CORPORATIONS – FAIR TREATMENT**


All parties are equal before the law and a corporation or church is entitled to the same fair and conscientious consideration by you as any party.

Defendant in this case is the corporation established by the Church of Jesus Christ of Latter-Day Saints to carry out the secular affairs of the Church.  Legally, it stands in the shoes of the Church.

EXHIBIT 3

william J. Mantini, Judge
Ronald J. Hodges, Magistrate

SR-0455
STEPHEN C. RUBINO, ESQUIRE
ROSS & RUBINO, LLP
8510 Ventnor Avenue
Margate, NJ 08402
(609) 487-9864

Attorneys for Plaintiff, DAVID V. AMES

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAVID V. AMES,<br><br>        Plaintiff<br><br>vs.<br><br>CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, a Utah corporation sole, a/k/a the "MORMON CHURCH," and WILLIAM SCOTT HANSON, individually,<br><br>        Defendants | CIVIL ACTION NO.<br><br>COMPLAINT AND JURY DEMAND |

## INTRODUCTION

Plaintiff, DAVID V. AMES, through his undersigned attorneys, in the form of a Complaint, states the following:

## JURISDICTION

1.  The matter in controversy exceeds, exclusive of interest and costs, the sum of $75,000.

2.  Jurisdiction is conferred upon this Court by 28 U.S.C. §1332 *et seq*. The venue of this action is proper under 28 U.S.C. §1391(b). This cause of action sounds in:

    a.    Sexual battery and violation of N.J.S.A. 2A:61B-1 entitled "Sexual Abuse;"

    b.    Negligence and Breach of Fiduciary Duty;

 

 

    c.    Intentional Infliction of Emotional Distress; and

    d.    Conspiracy.

### THE PARTIES

1.    Plaintiff, DAVID V. AMES, is a citizen of the State of Maine, residing in the City of South Portland. At all relevant times, the Plaintiff, was a minor and a member of the Church of Jesus Christ of Latter-Day Saints and attended the Mormon Church ward in Ledgewood, New Jersey. Plaintiff was born on July 31, 1986.

2.    Defendant, CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS AND SUCCESSORS, also known as the "Mormon Church," operates its worldwide affairs as the Corporation of the President of the Church of Jesus Christ of Latter-day Saints and Successors, a Utah Corporation Sole ("COP" or "LDS"), with principal place of business being in the City of Salt Lake City.

3.    COP is a corporation governed by a single individual, the "President" of the Mormon Church. The President wields ultimate and absolute authority within the Mormon Church. The President of the Mormon Church, Gordon B. Hinckley, is the "Divine Prophet, Seer and Revelator" of the Church and has the authority to appoint and remove anyone in the Mormon Church, including all members of wards and stakes, at will. The President of the Mormon Church controls everything in the Mormon Church and all of its wards and stakes. As such, the President of the Church has authority to dictate changes in Church policy, discipline, ecclesiastical doctrine or anything else he so chooses. The acts of the President, in his capacity

-2-

as head of the Mormon Church, are the acts of COP.   COP is registered to do business within, and conducts continuous and systematic activities within the State of New Jersey.

4.    COP administers the Mormon Church through a multi-level structure. Structurally, the Mormon Church follows a strict hierarchical form. At the local level are "wards," consisting of a geographic area administered by a "bishop" and two counselors which comprise the governing "bishopric." An average size ward would have approximately 250 families.  A cluster of 8-12 wards are grouped into a "stake," which is administered by a "stake president."  Stakes are, in turn, grouped into "areas," which are administered by an "area president." All bishops, stake presidents, and area presidents are answerable, directly or indirectly, to COP and are its agents and servants.  The wards, stakes and areas of the Mormon Church are instruments of COP and are not separate corporate entities.

5.    All members of the Mormon Church are required to tithe 10% of their annual gross income to the Church as a condition of membership.

6.    During all times material to this action, the Plaintiff regularly attended and tithed to the Mormon Church.

7.    The Mormon Church, through the COP and its hierarchal officials, agents or representatives, were, at all relevant times, mandatory child abuse reporters, as required by N.J.S.A. 9:6-8 *et seq.*

8.    Defendant, WILLIAM SCOTT HANSON ("HANSON"), is a citizen of the State of New Jersey, residing at the Adult Diagnostic & Treatment Center in Avenel, Woodbridge Township, Middlesex County. HANSON is a serial pedophile and a life-long compulsive sexual

-3-

predator of boys. He has been convicted in Utah, Wisconsin and New Jersey of molesting and raping young boys. He is presently serving a thirty year sentence in New Jersey and will then serve a consecutive term of forty years for child rape in Wisconsin.

9.     At all relevant times HANSON was raping and molesting boys, he was also serving defendant COP's church as High Priest, Scout leader and Young Men's Leader.

## FACTS

1.     Adherents of the Mormon faith who have been baptized into the Church are known as "members." The President of the Church (and corporate sole of COP) has the power to limit or restrict the capacity in which any member serves the Church, and may place such conditions on a member's service as may be in the interests of the Church and of its members and prospective converts.

2.     Adult male members of the Church are eligible to be ordained as a "Priest." There are various levels of priesthood, including elevation to the rank of "Elder," "Melchizedek" Priest and "High Priest." Elders and Melchizedek and High Priests are held out by the Mormon Church as men that are "morally worthy" and deserving of the trust of its members.

3.     At all relevant times, the Mormon Church assumed special responsibilities toward its members including a disciplinary and red-flagging system meant to identify and track sexual predators and other dangerous individuals within the membership in order to protect innocent members from harm they might inflict.

4.     The Mormon Church is closely affiliated with the Boy Scouts of America. The Mormon Church is the oldest and one of the largest sponsoring organizations of boy scouting in the United

-4-

States. Since 1913 the Mormon Church has used the Scouting program as an integral part of its ministry to boys and young men. Scouting is the exclusive youth activity for males in the Mormon Church.

5.    The Mormon Church knew or should have known that HANSON was a dangerous child molester yet for at least fifteen years repeatedly put him in to positions that gave him access to young boys, dozens of whom he raped and sodomized.

6.    HANSON was known by church authorities to be a sexual offender with children while he was still a teenager.

7.    In approximately 1986, HANSON was a scout leader in a ward of the Mormon church in Provo, Utah. In his capacity as LDS ward scout leader, HANSON sexually abused DC, RS, and MD, in Utah.

8.    HANSON was subsequently arrested and charged with multiple counts of attempted forcible sodomy and aggravated sexual abuse of a child in Utah County, Fourth Judicial District, State of Utah, Criminal No. 87-72.

9.    Hanson pleaded guilty to reduced charges of Lewdness Involving a Child in October 1987.

10.    Robert O. Hansen was HANSON'S ward bishop in 1987.    Robert O. Hansen was aware of specific allegations against Hanson, yet spoke as a character witness and argued for leniency at the sentencing hearing. He told the court that HANSON was not a child molester. Hansen told the court that HANSON had merely exercised bad judgment. HANSON was sentenced to probation and therapy.

-5-

11. On information and belief, HANSON failed to complete court ordered sexual deviancy therapy. Instead, Hanson moved to Texas in 1988 and joined an LDS ward in Dallas.

12. Bishop Robert O. Hansen informed the bishop of the Dallas LDS ward about HANSON'S criminal law problems in Utah. Notwithstanding HANSON'S known sexual abuse of boys in Utah, church officials in Texas put HANSON in church positions working with youth in the ward.

13. HANSON moved to West Lafayette, IN, in approximately 1989, and joined a local ward of the LDS church.

14. In Indiana, HANSON became a scout leader in the local LDS ward. Through his position as ward scout leader, HANSON befriended a church member's family. HANSON began grooming and later sexually abusing their son, PM. HANSON abused PM on scout camp outings in multiple locations including Indiana, Arkansas and Iowa.

15. HANSON moved to Reston, Virginia, and then to Beaumont, Texas. In Texas, HANSON joined the local ward of the Mormon church and again was put into the church's scouting program. In Beaumont, HANSON abused more boys, including DB.

16. HANSON moved to Waukesha, Wisconsin, in approximately 1995. He joined the local ward of the Mormon church. The church put him in charge of the Blazers, younger scouts ages 11 to 12. The church also made him Young Men's Leader. In those positions, HANSON sexually abused more boys in Wisconsin including BH.

17. HANSON moved to Warren County, New Jersey, in approximately 1998, and joined the Ledgewood ward of the Mormon Church. Church authorities again put HANSON into

-6-

scouting and youth leadership positions. In those positions, HANSON raped Plaintiff DAVID

V. AMES, a minor at that time, on hundreds of occasions and in multiple locations including

Warren, Morris and Middlesex counties, New Jersey, as well as other locations throughout the

United States and Canada.

18.   HANSON also brought BH from Wisconsin to New Jersey on his vacations and

repeatedly sexually assaulted BH in New Jersey.

19.   Despite being placed in scouting leadership positions in Mormon church wards in

Texas, Indiana, Wisconsin and New Jersey, Mormon Church officials never registered HANSON

with the Boy Scouts of America.

20.   In 2000, HANSON was arrested and charged with 42 counts of aggravated child sexual

abuse in Warren County, New Jersey.

21.   In 2001, HANSON pleaded guilty and was sentenced to multiple concurrent sentences

of 15 to 30 years.

22.   In 2004, HANSON was sentenced to a consecutive 40 year term of imprisonment in

Waukesha County, Wisconsin.

## FIRST COUNT
## SEXUAL BATTERY AND VIOLATION OF N.J.S.A. 2A:61B-1

1.   Plaintiff incorporates by reference the allegations contained in all preceding paragraphs

of this Complaint as if fully set forth herein under this Count.

-7-

2.    At all times material hereto, the Plaintiff, David V. Ames, was a minor and a resident of the State of New Jersey. He was a member of the Church of Jesus Christ of Latter-Day Saints and attended the Mormon Church ward in Ledgewood, New Jersey.

3.    At all times relevant hereto, specifically in or about 1998 through 2000, HANSON sexually raped, molested, battered and fondled said minor child by subterfuge, duress and force. These acts complained above constitute violation of N.J.S.A. 2A:61B-1 *et seq*.

4.    As a direct and proximate result of the conduct described hereinabove, Plaintiff David V. Ames has suffered and will continue to suffer physical and emotional pain and dysfunction to his general, non-economic damage in an amount to be determined. As a further result of the sexual abuse, Plaintiff, DAVID V. AMES has incurred and/or will continue to incur costs for counseling and psychological treatment, and has lost earning capacity to his damage in an amount to be proved at trial.

**WHEREFORE**, Plaintiff, David V. Ames, hereby demands judgment against Defendant WILLIAM SCOTT HANSON for compensatory and punitive damages, interest, costs of suit, attorneys' fees, and such other relief as the court or jury may deem proper.

## SECOND COUNT
## NEGLIGENCE AND BREACH OF FIDUCIARY DUTY

1.    Plaintiff incorporates by reference the allegations contained in all preceding paragraphs of this Complaint as if fully set forth herein under this Count.

-8-

2.    Defendant COP had a "special relationship" with Plaintiff and with HANSON.
Knowing that HANSON was a pedophile that was abusing children, Defendant had a duty to
warn or protect foreseeable victims, including Plaintiff.

3.    Furthermore, at all relevant times, the Mormon Church's bishops, stake presidents,
scout leaders and Defendant COP's hierarchal officials were all mandatory child abuse reporters
pursuant to N.J.S.A. 9:6-8 *et seq.*

4.    COP, through its officials and other Mormon Church leaders, breached both a
statutorily mandated duty and a duty of reasonable care by failing to report their knowledge of
HANSON's sexual abuse of children to civil authorities and the parents of minor children
members of the Ledgewood Mormon Stake..

5.    But for the breach of duty, acts, omissions and deceit of Defendant, COP, HANSON
would not have been able to abuse Plaintiff, DAVID V. AMES because HANSON would have
been arrested, prosecuted and convicted or would have been in prison or under an order of
supervision or would otherwise have been publicly identified as a child molester.

6.    Moreover, Defendant COP adopted guidelines for handling victims of child sexual
abuse and sex offenders.  Plaintiff, DAVID V. AMES, is of the class of people whom the
guidelines were designed to protect. The harm Plaintiff, DAVID V. AMES, suffered as a result
of Defendant COP's negligence was the harm contemplated in Defendant COP's Handbook of
Instruction to clergy.

7.    Notwithstanding Defendant COP's duty, it failed to train and supervise its hierarchal
clergy in the proper implementation of its guidelines, policies and procedures regarding the

-9-

treatment of victims of child sexual abuse, to monitor and insure compliance with their guidelines, policies and procedures, treatment of child sexual abusers and reporting of child sexual abuse.

8.   Defendant COP knew, or in the exercise of reasonable care should have known, that its failure to warn  appropriate law enforcement or child protective services agencies about HANSON or to warn foreseeable victims and church members.

9.   As a result of the molestation and breach of trust, Plaintiff, DAVID V. AMES, has suffered and will continue to suffer physical and emotional pain and dysfunction to his general, non-economic damage in an amount to be determined.   As a further result of the sexual abuse, Plaintiff, DAVID V. AMES has incurred and/or will continue to incur costs for counseling and psychological treatment, and has lost earning capacity to his damage in an amount to be proved at trial.

10.   Defendant COP's conduct was the result of a willful, reckless and outrageous indifference to a highly unreasonable risk of harm and a conscious indifference to the health, safety and welfare of Plaintiff.   Defendant COP's conduct is socially intolerable and Plaintiff gives notice of intent to seek exemplary damages.

**WHEREFORE**, Plaintiff, David V. Ames, hereby demands judgment against Defendant COP for compensatory and punitive damages, interest, costs of suit, attorneys' fees, and such other relief as the court or jury may deem proper.

-10-

## THIRD COUNT
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

1.    Plaintiff incorporates by reference the allegations contained in all preceding paragraphs of this Complaint as if fully set forth herein under this Count.

2.    Defendant COP knew that many children had been sexually molested as a result of its bishops, stake president and other agents having previously failed to report child sexual abuse to civil authorities.

3.    Defendant COP further knew or should have known that it was substantially certain that HANSON would continue to sexually abuse children, including Plaintiff, if it failed to warn parents or failed to report HANSON to civil authorities and that such abuse would result in severe emotional distress to the Plaintiff.

4.    Defendant COP's conduct was an outrageous violation of societal norms and went so far beyond all possible bounds of decency, so as to be regarded as atrocious, and utterly intolerable in a civilized community, and resulted in severe emotional distress.

5.    By permitting HANSON to continue as aforesaid, Defendant COP directed extreme and outrageous conduct toward the Plaintiff in a fashion intended to produce emotional distress, or recklessly in deliberate disregard of a high degree of probability that emotional distress would follow.

6.    As a further result of the sexual abuse, Plaintiff has incurred and/or will continue to incur costs for counseling and psychological treatment, and has lost earning capacity to his damage in an amount to be proved at trial. As a result of the Defendant COP's conduct, Plaintiff

-11-

has suffered and will continue to suffer physical and emotional pain and dysfunction to his general, non-economic damage in an amount to be proved at trial.

**WHEREFORE**, Plaintiff, David V. Ames, hereby demands judgment against Defendant COP for compensatory and punitive damages, interest, costs of suit, attorneys' fees, and such other relief as the court or jury may deem proper.

### FOURTH COUNT
### EMPLOYER LIABILITY FOR EMPLOYEE'S/AGENT'S ACTS
### ADMINISTRATIVE NEGLIGENCE AND RESPONDEAT SUPERIOR

1.    Plaintiff incorporates by reference the allegations contained in all preceding paragraphs of this Complaint as if fully set forth herein under this Count.

2.    Defendant COP is vicariously and/or directly liable for compensatory and punitive damages since it knew, or had reason to know of the particular unfitness, incompetence, and/or dangerous attributes of HANSON and could reasonably have foreseen that such qualities created a risk of harm to other persons and in particular this Plaintiff whose injuries were proximately caused by HANSON'S characteristics as aforesaid.

3.    Defendant COP is liable for punitive damages in addition to compensatory damages since HANSON'S conduct and characteristics were especially egregious and Defendant COP participated in the conduct as an enabler, by demonstrating willful indifference and by subsequently ratifying HANSON'S intentional acts against Plaintiff by Defendant COP's continued relationship with HANSON as High Priest, Scout leader and Young Men's Leader in New Jersey.

-12-

4.    As a further result of the sexual abuse, Plaintiff has incurred and/or will continue to incur costs for counseling and psychological treatment, and has lost earning capacity to his damage in an amount to be proved at trial. As a result of the Defendant COP's conduct, Plaintiff has suffered and will continue to suffer physical and emotional pain and dysfunction to his general, non-economic damage in an amount to be proved at trial.

**WHEREFORE,** Plaintiff, David V. Ames, hereby demands judgment against Defendant COP for compensatory and punitive damages, interest, costs of suit, attorneys' fees, and such other relief as the court or jury may deem proper.

### FIFTH COUNT
### CONSPIRACY

1.    Plaintiff incorporates by reference the allegations contained in all preceding paragraphs of this Complaint as if fully set forth herein under this Count.

2.    Defendant COP, by and through its agents and representatives, agreed or otherwise conspired to cover up incidents of sexual abuse of minors by Melchizedek priests and scout leaders and to prevent disclosure, prosecution and civil litigation including, but not limited to: failure to report incidents of abuse to law enforcement or child protection agencies; denial of abuse it had substantiated; aiding criminal child molesters in evading detection, arrest and prosecution; allowing them to cross state and international borders for purposes of gaining access to uninformed parents whose innocent children could be sexually abused; failure to warn; and by failure to seek out and redress the injuries its priests and scoutmasters had caused. Based on these actions, Defendants COP, HANSON, and other unnamed subordinate agents and

-13-

representatives of COP, all or some of whom owing an independent duty to warn/protect the Plaintiff from sexual abuse, conspired for the unlawful purpose of concealing and suppressing information on the danger and threat that its priests posed to unsuspecting children, including the Plaintiff.

3.    As a further result of the sexual abuse, Plaintiff has incurred and/or will continue to incur costs for counseling and psychological treatment, and has lost earning capacity to his damage in an amount to be proved at trial. As a result of the Defendant COP's conduct, Plaintiff has suffered and will continue to suffer physical and emotional pain and dysfunction to his general, non-economic damage in an amount to be proved at trial.

WHEREFORE, Plaintiff, David V. Ames, hereby demands judgment against Defendant COP for compensatory and punitive damages, interest, costs of suit, attorneys' fees, and such other relief as the court or jury may deem proper.

DATED: July 25, 2006

ROSS & RUBINO, LLP

BY: _____
    Stephen C. Rubino
    Attorneys for Plaintiff

-14-

## JURY DEMAND

Plaintiff, DAVID V. AMES, hereby demands a trial by jury as to all Counts contained herein.

DATED: July 25, 2006

ROSS & RUBINO, LLP

BY:_____

Stephen C. Rubino
Attorneys for Plaintiff

-15-

EXHIBIT

4

# Ross & Rubino, LLP

## Attorneys at Law

Stephen C. Rubino

Edward J. Ross*

Deborah Anniello*

Jonathan L. Ross**

*Member NJ and PA Bar
**Member NY Bar
  LL.M. - Taxation

8510 Ventnor Avenue
Margate, New Jersey 08402
(609) 487-9864
FAX (609) 487-8398

scr@rossandrubino.com

February 21, 2006

Westmont Office
Sentry Office Plaza - Suite 100
216 Haddon Avenue
Westmont, NJ 08108
(856) 365-0500

Pennsylvania Office
P.O. Box 471
Fort Washington, PA 19034
(215) 627-1106

Reply to Margate Office

**WITHOUT PREJUDICE. FOR SETTLEMENT DISCUSSIONS ONLY**

*Via UPS Next Day Air*
Office of General Counsel
Church of Jesus Christ of Latter-day Saints
50 East North Temple Street
2nd Floor, West Wing - 2WW
Salt Lake City, UT 84150

Von Keetch, Esquire
Kirton & McConkie
1800 Eagle Gate Tower
60 East South Temple Street
Salt Lake City, UT 84150

    Re:   **David Victor Ames**

*"There'll be a blip here, a blip there. A mistake here, a mistake there. But by and large, the welfare of women and children is as seriously considered as is the welfare of the men in this church, if not more so. We're working very hard at it. There are cases. They're everywhere. They're all over this world. It is a disease. It's an illness. It's a sickness. It's a reprehensible and evil thing. We recognize it as such."*

*Gordon B. Hinckley, President*
*The Church of Jesus Christ of Latter-day Saints*

Gentlemen:

    I along with Timothy D. Kosnoff and Michael T. Pfau, represent David Ames who was sexually assaulted by William Scott Hanson. Mr. Ames was a minor throughout the duration of the

EXHIBIT 5

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
FOR KING COUNTY

"JANE DOE" (a pseudonym),
and MICHAEL F. OSBORNE, on behalf of
"REBECCA DOE" (a pseudonym), a minor,

                    Plaintiffs,

vs.

THE CORPORATION OF THE
PRESIDENT OF THE CHURCH OF JESUS
CHRIST OF LATTER-DAY SAINTS, a
UTAH CORPORATION SOLE, aka the
"MORMON CHURCH" and
"JOHN ROE" (a pseudonym),

                    Defendants.

NO: 02- 2 - 04105 - 1KNT

COMPLAINT

(Sexual Abuse of a Child;
Negligence and Breach of
Fiduciary Duty;
Intentional Infliction
of Emotional Distress)

NOT SUBJECT TO
MANDATORY ARBITRATION

I. GENERAL ALLEGATIONS

PARTIES:

1.

Plaintiff JANE DOE (whose identity is made known to all defendants by separate
cover letter) is an adult having attained the age of majority on April 15, 1999, and all
times relevant hereto was, and now is a resident of the State of Washington.

COMPLAINT FOR PERSONAL INJURIES
IN TORT ( CHILD SEXUAL ABUSE
AND NEGLIGENCE ) - 1

Timothy D. Kosnoff Law Offices, P.C.
800 Bellevue Way N.E., Suite 300
Bellevue, Washington 98004
(425) 637-3070 Fax (425) 837-9692
Internet: timkosnoff@attbi.com

02/11/2002 14:29 FAX

**2.**

1

2  Plaintiff MICHAEL F. OSBORNE, is the duly appointed guardian ad litem for

3  REBECCA DOE, (a pseudonym), a minor. Both OSBORNE and REBECCA DOE are

4  and were residents of the State of Washington at all times relevant hereto. JANE

5  DOE and REBECCA DOE are sisters.

6                                          **3.**

7  Defendant JOHN ROE, (a pseudonym used to protect the identity of plaintiffs but

8  whose identity is made known to all defendants) (hereinafter "ROE") was the

9  stepfather of Plaintiffs JANE DOE and REBECCA DOE, minor children, and as such,

10  was in a position of parenthood and trust with respect to them.

11                                          **4.**

12  At all relevant times, Plaintiffs were members of the Church of Jesus Christ of

13  Latter-day Saints, also known as the "Mormon Church." ROE was also a member of

14  the Mormon Church, a "High Priest" and the High Priest Group Leader within the

15  Mormon Church Federal Way Stake. As such, he was subject to the control and

16  discipline of the Church.

17                                          **5.**

18  Defendant ROE is presently incarcerated in the Washington State Department of

19  Corrections.

20                                          **6.**

21  Defendant CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS

22  CHRIST OF LATTER-DAY SAINTS AND SUCCESSORS, also known as the

23  Mormon Church, operates its worldwide affairs as the Corporation of the President

24  of the Church of Jesus Christ of Latter-day Saints and Successors, a Utah

25  Corporation Sole ("COP"). COP is a corporation governed by a single individual,

26  the "President" of the Mormon Church. The President wields ultimate and absolute

27  authority within the Mormon Church. The acts of the President, in his capacity as

28  head of the Mormon Church, are the acts of COP. COP is registered to do business

COMPLAINT FOR PERSONAL INJURIES
IN TORT ( CHILD SEXUAL ABUSE
AND NEGLIGENCE ) - 2

Timothy D. Kosnoff Law Offices, P.C.
800 Bellevue Way N.E., Suite 300
Bellevue, Washington 98004
(425) 637-3070 Fax (425) 637-9692
Internet: tlmkosnoff@attbi.com

1    within, and conducts continuous and systematic activities within, the State of
2    Washington.

                                   7.

4    COP administers the Mormon Church through a multi-level structure. At the local
5    level are "wards," consisting of a geographic area administered by a "bishop." An
6    average size ward would have approximately 250 families. Several wards are
7    grouped into a "stake," which is administered by a "stake president." Stakes are, in
8    turn, grouped into "areas," which are administered by an "area president." All
9    bishops, stake presidents, and area presidents are answerable, directly or indirectly,
10   to COP and are its agents and servants. The wards, stakes and areas of the Mormon
11   Church are instruments of COP and are not separate corporate entities. At all
12   relevant times, LDS Social Services (LDSSS), was a Mormon Church-run social
13   service organization and was an agent of COP.

                                   8.

15   Plaintiffs allege that at all times relevant hereto, the acts and events complained of
16   occurred in King County, Washington.

                                   9.

18                          JURISDICTION AND VENUE
19   That the subject matter hereof and the parties hereto, is subject to the jurisdiction of
20   the above-entitled court; and that venue is proper;

21                                FACTS
22                                  10.

23   Adherents of the Mormon faith who have been baptized into the Church are known
24   as "members." COP has the power to limit or restrict the capacity in which any
25   member serves the Church, and may place such conditions on a member's service as
26   may be in the interests of the Church and of its members and prospective converts.

27                                  11.

28   Adult male members of the Church are eligible to be ordained as a "Priest." There

COMPLAINT FOR PERSONAL INJURIES
IN TORT ( CHILD SEXUAL ABUSE
AND NEGLIGENCE ) - 3

Timothy D. Kosnoff Law Offices, P.C.
800 Bellevue Way N.E., Suite 300
Bellevue, Washington 98004
(425) 637-3070 Fax (425) 837-9692
Internet: timkosnoff@attbi.com

02/11/2002 14:30 FAX

1   are various levels of priesthood, including elevation to the position of "High Priest."
2   A High Priest is held out by the Mormon Church as someone who is "morally
3   worthy" and deserving of the trust of its members. At all relevant times, the
4   Mormon Church assumed special responsibilities toward its members
5   including a system of disciplinary action meant to identify sexual predators and
6   other dangerous individuals within the membership in order to protect innocent
7   members from harm they might inflict.
8                                    12.
9   Ward bishops provide counseling of both a pastoral and non-pastoral nature to
10  members. Bishops have "comprehensive pastoral and administrative
11  responsibility" at the ward level, including providing "assistance to the needy" and
12  counseling members who "have problems and questions." COP directs its bishops
13  to "know [their] members well and ... understand the circumstances that cause their
14  problems."
15                                   13
16  It is the policy of the COP that members should bring their problems and questions
17  to the church and to "consult freely with their bishops and receive from them the
18  counsel they need."
19                                   14.
20  Beginning in approximately 1988 and continuing through approximately 1998,
21  Defendant ROE subjected Plaintiff JANE DOE to countless of acts of childhood
22  sexual abuse which acts were also violations of chapter 9A.44 RCW or RCW 9.68A.040
23  or prior laws of similar effect at the time the acts were committed.
24                                   15.
25  In approximately 1993, JANE DOE complained to her family's ward bishop that she
26  was being sexually abused by ROE. JANE DOE met with the bishop who questioned
27  her at length about the details of the abuse.
28                                   16.

COMPLAINT FOR PERSONAL INJURIES
IN TORT ( CHILD SEXUAL ABUSE
AND NEGLIGENCE ) - 4

Timothy D. Kosnoff Law Offices, P.C.
800 Bellevue Way N.E., Suite 300
Bellevue, Washington 98004
(425) 637-3070 Fax (425) 837-9692
Internet: timkosnoff@attbi.com

1   Shortly thereafter, the ward bishop met with ROE in the bishop's office at the ward

2   chapel. The two men discussed JANE DOE'S disclosures regarding the abuse. ROE

3   admitted to the bishop that he had sexually abused JANE DOE.

4                                        17.

5   After meeting with ROE , the bishop arranged a separate meeting at the church with

6   ROE and the plaintiffs' mother. The bishop led JANE DOE to believe he had called

7   the meeting to tell JANE DOE's mother about ROE'S abuse of her. The bishop

8   excluded JANE DOE from the meeting and directed her to remain outside his office

9   in the hall during the meeting.

10                                       18.

11  The bishop, however, failed to inform plaintiffs' mother that ROE was sexually

12  abusing her daughter. Instead, the bishop pretended to know nothing about the

13  abuse of JANE DOE and  that the purpose of the meeting was to discuss why JANE

14  DOE and ROE "were not getting along at home." By this deception, the bishop led

15  JANE DOE to believe that her mother knew about the abuse but did not care enough

16  about her to protect her. Consequently, JANE DOE was made to feel ashamed,

17  humiliated and too frightened to tell anyone else about the abuse.

18                                       19.

19  The bishop failed and refused to report the child abuse to the police or civil

20  authorities knowing, or having reason to know, that JANE DOE was being sexually

21  abused and that there were other minor children in the home at risk from abuse by

22  ROE.

23                                       20.

24  As a direct and immediate consequence of the bishop's and COP's deceit, failure to

25  warn, report or protect JANE DOE from ROE, JANE DOE was made to endure the

26  sexual abuse of her stepfather for the next five years.

27                                       21.

28  Beginning soon after JANE DOE'S disclosures of ROE'S abuse to COP and the

COMPLAINT FOR PERSONAL INJURIES
IN TORT ( CHILD SEXUAL ABUSE
AND NEGLIGENCE ) - 5

Timothy D. Kosnoff Law Offices, P.C.
800 Bellevue Way N.E., Suite 300
Bellevue, Washington 98004
(425) 637-3070 Fax (425) 837-9692
Internet: timkosnoff@attbi.com

Page 119

1   bishop in approximately 1993 and continuing through approximately 1998,
2   Defendant ROE subjected Plaintiff REBECCA DOE to acts of childhood sexual abuse
3   which acts were also violations of chapter 9A.44 RCW or RCW 9.68A.040 or prior
4   laws of similar effect at the time the acts were committed. As described above, the
5   abuse of JANE DOE and REBECCA DOE was ongoing, persistent and involved
6   countless, separate and individual instances of abuse.
7                                    22.
8   In 1998, JANE DOE disclosed ROE'S abuse to a close friend. That friend notified
9   church officials of ROE'S abuse of JANE DOE. Sometime between 1993 and 1998,
10  defendant COP had installed a new bishop for the Federal Way ward. Church
11  officials notified the new bishop, who immediately informed ROE of JANE DOE'S
12  disclosures. The bishop, however, never notified JANE DOE'S mother.
13                                   23.
14  The bishop did, however, call JANE DOE into his office and discouraged her from
15  reporting the abuse to the police. The bishop failed and refused to report the abuse
16  to the police or child welfare authorities.
17                                   24.
18  Finally, on or about November 1998, JOHN ROE told plaintiffs' mother about ROE'S
19  sexual abuse of JANE DOE. Upon learning of the abuse for the first time, Plaintiffs'
20  mother acted promptly to get ROE out of the family's home and initiated divorce
21  proceedings shortly thereafter.
22                                   25.
23  Stake President Mitchell contacted Plaintiffs' mother and directed that JANE DOE
24  go to LDS Social Services, a church-run social service agency, for "therapy."
25  Mitchell represented to JANE DOE and her mother that church officials would get
26  the matter reported to civil authorities.
27                                   26.
28  In approximately 1999, at the direction of Stake President Mitchell, JANE DOE

COMPLAINT FOR PERSONAL INJURIES
IN TORT ( CHILD SEXUAL ABUSE
AND NEGLIGENCE ) - 6

Timothy D. Kosnoff Law Offices, P.C.
800 Bellevue Way N.E., Suite 300
Bellevue, Washington 98004
(425) 637-3070 Fax (425) 837-9692
Internet: timkosnoff@attbi.com

1 discussed her abuse with LDS Social Services therapist Tonya Singleton.

2                    27.

3 COP, Stake President Mitchell, both of the Federal Way ward's bishops and LDS

4 Social Services therapist Tonya Singleton all failed and refused to report the abuse

5 to civil authorities.  In approximately December 1999, REBECCA DOE disclosed her

6 abuse to her mother. Finally, in approximately January 2000, upon realizing that

7 church officials had lied to and deceived them about reporting the matter to civil

8 authorities, Plaintiffs' mother reported the abuse to the police. ROE was

9 subsequently arrested and charged with multiple counts of felony child sexual

10 abuse.

11                    28.

12 As a direct result of ROE'S abuse and the acts and/or omissions of COP and its

13 agents, Plaintiffs have suffered, and continue to suffer great pain of mind and body,

14 shock, emotional distress, physical manifestations of emotional distress,

15 embarrassment, loss of self-esteem, disgrace, humiliation, and loss of enjoyment of

16 life; were prevented and will continue to be prevented from performing their daily

17 activities and obtaining the full enjoyment of life; have sustained loss of earning s

18 and earning capacity; and have incurred and will continue to incur expenses for

19 medical and psychological treatment, therapy, and counseling.

20                II. FIRST CAUSE OF ACTION
                      (Child Sexual Abuse)
21                       ROE only

22 Plaintiffs incorporate all paragraphs of this Complaint as if fully set forth under this

23 count and further alleges:

24                    29.

25 Between 1988 and 1998, ROE engaged in unpermitted and harmful sexual contact

26 and abuse upon the persons of both plaintiffs.

27                    30.

28 As a direct result of the sexual abuse and sexual exploitation and breach of trust,

COMPLAINT FOR PERSONAL INJURIES
IN TORT ( CHILD SEXUAL ABUSE
AND NEGLIGENCE ) - 7

Timothy D. Kosnoff Law Offices, P.C.
800 Bellevue Way N.E., Suite 300
Bellevue, Washington 98004
(425) 637-3070 Fax (425) 837-9692
Internet: timkosnoff@attbi.com

Page 121

1   each plaintiff has suffered and will continue to suffer physical and emotional pain
2   and dysfunction to her general, non-economic damage in an amount to be
3   determined.   As a further result of the molestation, each plaintiff has incurred
4   and/or will continue to incur costs for counseling and psychological treatment, and
5   has lost earning capacity to her damage in an amount to be proved at trial.

6                                    31.

7   ROE'S conduct was the result of a wilful, reckless and outrageous indifference to a
8    highly unreasonable risk of harm and a conscious indifference to the health, safety
9   and welfare of plaintiffs. ROE's conduct is socially intolerable and plaintiffs give
10  notice of intent to seek an award of punitive damages.

11

12              III. SECOND CAUSE OF ACTION
                (Negligence and Breach of Fiduciary Duty)
13                          COP only

14  Plaintiffs incorporate all paragraphs of this Complaint as if fully set forth under this
15  count and further alleges:

16                                   32.

17  Defendant COP had a "special relationship" with plaintiffs and with ROE.
18  Knowing that ROE was a pedophile who was actively abusing JANE DOE, COP had
19  a duty to warn Plaintiffs' mother and otherwise protect plaintiffs from sexual abuse
20  by ROE.

21                                   33.

22   Furthermore, at all relevant times, the Mormon Church's bishops, stake presidents
23  and LDS Social Services therapists were all mandatory child abuse reporters
24  pursuant to R.C.W. 24.44.

25                                   34.

26  The Mormon Church's bishops, stake presidents  and therapist within the State of
27  Washington breached both a statutorily proscribed duty and a duty of reasonable
28  care by failing to report their knowledge of ROE'S sexual abuse of Plaintiffs.

COMPLAINT FOR PERSONAL INJURIES
IN TORT ( CHILD SEXUAL ABUSE
AND NEGLIGENCE ) - 8

Timothy D. Kosnoff Law Offices, P.C.
800 Bellevue Way N.E., Suite 300
Bellevue, Washington 98004
(425) 637-3070 Fax (425) 837-9692
Internet: timkosnoff@atbi.com

35.

2   But for the breach of duty, acts, omissions and deceit of COP, church bishops, stake
3   presidents and area presidents, ROE would not have been able to continue to abuse
4   JANE DOE and would never have been able to abuse REBECCA DOE.

5                                           36.
6   Moreover, COP adopted guidelines for handling victims of child sexual abuse and
7   sex offenders.  Plaintiffs are of the class of people whom the guidelines were
8   designed to protect.  The harm Plaintiffs suffered as a result of Defendant's
9   negligence was the harm contemplated in Defendant's handbook.

10                                          37.
11  Notwithstanding Defendant COP's duty, it failed to train and supervise its
12  hierarchal clergy in the proper implementation of its guidelines, policies and
13  procedures regarding the treatment of victims of child sexual abuse, to monitor and
14  insure compliance with their guidelines, policies and procedures, treatment of child
15  sexual abusers and reporting of child sexual abuse.

16                                          38.
17  Defendant COP knew, or in the exercise of reasonable care should have known, that
18  its failure to report ROE'S sexual abuse to appropriate law enforcement or social
19  services agencies or to notify Plaintiffs' mother would result in ROE'S continued
20  sexual abuse of JANE DOE and the commencement of sexual abuse of REBECCA
21  DOE.

22                                          39.
23  As a result of the molestation and breach of trust, each plaintiff has suffered and
24  will continue to suffer physical and emotional pain and dysfunction to her general,
25  non-economic damage in an amount to be determined.   As a further result of the
26  sexual abuse, each plaintiff has incurred and/or will continue to incur costs for
27  counseling and psychological treatment, and has lost earning capacity to her
28  damage in an amount to be proved at trial.

COMPLAINT FOR PERSONAL INJURIES
IN TORT ( CHILD SEXUAL ABUSE
AND NEGLIGENCE ) - 9

Timothy D. Kosnoff Law Offices, P.C.
800 Bellevue Way N.E., Suite 300
Bellevue, Washington 98004
(425) 637-3070 Fax (425) 637-9692
Internet: timkosnoff@attbi.com

02/11/2002 14:33 FAX                                                                              @018

40.

1

2  COP's conduct was the result of a wilful, reckless and outrageous indifference to a

3  highly unreasonable risk of harm and a conscious indifference to the health, safety

4  and welfare of plaintiffs.   COP's conduct is socially intolerable and plaintiffs give

5  notice of intent to seek an award of punitive damages.

6                          III. THIRD CAUSE OF ACTION
                      (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)
7                                    ROE and COP

8  Plaintiffs incorporate all paragraphs of this Complaint as if fully set forth under this

9  count and further alleges:

10                                         41.

11  Defendants knew that many children had been sexually molested as a result of its

12  bishops, stake president and other agents having previously failed to report child

13  sexual abuse to civil authorities.

14                                         42.

15  Defendants further knew that it was substantially certain that ROE would continue

16  to  sexually abuse JANE DOE and begin abusing REBECCA DOE if it failed to warn

17  plaintiffs' mother or failed to report ROE to civil authorities and that such abuse

18  would result in severe emotional distress to the plaintiffs.

19                                         43.

20  Defendants' conduct was an outrageous violation of societal norms and went so far

21  beyond all possible bounds of decency, so as to be regarded as atrocious, and utterly

22  intolerable in a civilized community, and resulted in severe emotional distress.

23                                         44.

24

25  As a further result of the sexual abuse, each plaintiff has incurred and/or will

26

27  continue to incur costs for counseling and psychological treatment, and has lost

28

COMPLAINT FOR PERSONAL INJURIES
IN TORT ( CHILD SEXUAL ABUSE
AND NEGLIGENCE ) - 10

Timothy D. Kosnoff  Law Offices, P.C.
800 Bellevue Way N.E., Suite 300
Bellevue, Washington 98004
(425) 637-3070 Fax (425) 837-9692
Internet: timkosnoff@attbi.com

02/11/2002 14:33 FAX
From: Timothy Kosnoff 425-837-9692 To: Randy Austin                    Date: 2/8/2002 Time: 5:18:52 PM
☑019
Page 19 of 25

1   earning capacity to her damage in an amount to be proved at trial. As a result of the
2
3   defendants' conduct, plaintiffs have suffered and will continue to suffer physical
4
5   and emotional pain and dysfunction to their general, non-economic damage in an
6
7   amount to be proved at trial.
8                                          45.
9
10  Plaintiffs give notice of intent to seek an award of punitive damages.
11                                        PRAYER
12
13  PLAINTIFFS PRAY for judgment against defendants, and each of them, as follows:
14
15      a)   For an amount commensurate with Plaintiffs' injuries, including all
16          special and general damages, to be determined at the time of trial, and
17          punitive damages;
18
19      b)   For Plaintiff's costs and disbursements herein;
20      c)   For Plaintiff's pre-judgment interest on all liquidated amounts.
21      d)   For Plaintiff' attorney's fees; and
22
23      e)   For such other, further and different relief as the court deems just and
24          equitable.
25      Dated this  6 th  day of February, 2002.
26
27                              TIMOTHY D. KOSNOFF, WSBA No. 16586
28                                  Attorney for Plaintiffs

COMPLAINT FOR PERSONAL INJURIES
IN TORT ( CHILD SEXUAL ABUSE
AND NEGLIGENCE ) - 11

Timothy D. Kosnoff Law Offices, P.C.
800 Bellevue Way N.E., Suite 300
Bellevue, Washington 98004
(425) 637-3070 Fax (425) 837-9692
Internet: timkosnoff@attbi.com

EXHIBIT 6

cc: *V. Kentch*
*J. Reid*
*R. Hester*
*CLG*
*ME*
*JIT*

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
### AT SEATTLE

ROB RINDE f/k/a ROBERT LARRY
LEROY PITSOR, JR.,

          Plaintiff,

v.

THE CORPORATION OF THE
PRESIDENT OF THE CHURCH OF JESUS
CHRIST OF LATTER-DAY SAINTS, a Utah
corporation sole, aka the "MORMON
CHURCH" THE CHURCH OF JESUS
CHRIST OF LATTER-DAY SAINTS, an
unincorporated association,

          Defendant.

No.  C06-556Z

ORDER

      This matter comes before the Court on Plaintiff's Motion to Amend Complaint to Clarify Status of Defendants and Motion to Remand, docket no. 5.  The Court being fully advised now GRANTS the motions as set forth in this Order:

**Plaintiff's Motion to Amend Complaint to Clarify Status of Defendants**

      Plaintiff, Rob Rinde, failed to plead the existence of two defendants in his Complaint. See Compl., docket 3.  The Court therefore construes Plaintiff's Motion to Amend Complaint to Clarify Status of Defendants as a motion to join the "'Mormon Church' The Church of Jesus Christ of Latter-Day Saints" (hereinafter referred to as the "Mormon Church") as a defendant.

MINUTE ORDER  1–

1      The Mormon Church is an unincorporated association with members in all fifty states.

2   Rytting Decl., docket 7, ¶ 5; Def.'s Opp'n, docket 6, at 2.  It is well-established that the

3   citizenship of unincorporated associations is the citizenship of each of the individual

4   members of the association.  Johnson v. Columbia Props. Anchorage, 437 F.3d 894, 899 (9th

5   Cir. 2006).  Thus, the Mormon Church is a non-diverse defendant.

6      "[T]he proper standard for deciding whether to allow post-removal joinder of a

7   diversity-destroying defendant is set forth in 28 U.S.C. § 1447(e)."  Boon v. Allstate Ins.

8   Co., 229 F. Supp. 2d 1016, 1020 n.2 (C.D. Cal. 2002).  Section 1447(e) provides: "If after

9   removal the plaintiff seeks to join additional defendants whose joinder would destroy subject

10   matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to

11   the State court."  28 U.S.C. § 1447(e).  Joinder of a diversity-destroying defendant pursuant

12   to Section 1447(e) is left to the discretion of the district court.  Newcombe v. Adolf Coors

13   Co., 157 F.3d 686, 691 (9th Cir. 1998).

14      Having considered the six factors described in Boon, 229 F. Supp. 2d at 1019-20, the

15   Court concludes that permitting joinder under Section 1447(e) is appropriate in the present

16   case.  Permitting joinder of the Mormon Church would facilitate a just adjudication of the

17   matter.  Conversely, disallowing joinder would hinder Mr. Rinde from asserting his rights

18   against an entity allegedly involved in the breach of duties and related causes of action.  See

19   IBC Aviation Servs., Inc. v. Compania Mexicana de Aviacion, 125 F. Supp. 2d 1008, 1012

20   (N.D. Cal. 2000).  The absence of the Mormon Church as a named defendant could preclude

21   Mr. Rinde from recovering damages for any fault attributable to the Mormon Church.  See

22   Kottler v. Wetherington, 136 Wn.2d 437, 445-47 (1998).  In contrast, "[t]here will be little

23   prejudice to Defendant[] from allowing amendment and remand at such an early stage in the

24   case."  Palestini v. Gen. Dynamics Corp., 193 F.R.D. 654, 657 (S.D. Cal. 2000).  Although

25   Defendant Corporation of the President of the Church of Jesus Christ of Latter-Day Saints

26   ("COP") argues that Mr. Rinde's sole purpose for seeking joinder is to destroy diversity

MINUTE ORDER  2–

1   jurisdiction, the Court "declines to impute an improper motive to Plaintiff simply because

2   Plaintiff seeks to add a non-diverse defendant post-removal." <u>IBC Aviation Servs.</u>, 125 F.

3   Supp. 2d at 1012.

4        COP also contends that the Mormon Church is not a proper party because once a

5   religious entity has chosen to incorporate, only the corporate form may be sued.  The cases

6   cited by COP, however, merely support the general rule that religious controversies are not

7   the proper subject of civil court inquiry.  <u>See</u>, <u>e.g.</u>, <u>Islamic Ctr. of Harrison, Inc. v. Islamic</u>

8   <u>Science Found., Inc.</u>, 628 N.Y.S. 2d 179, 179 (App. Div. 1995).  Although the Free Exercise

9   Clause of the United States Constitution "restricts the government's ability to intrude into

10  ecclesiastical matters or to interfere with a church's governance of its own affairs," <u>Bollard</u>

11  <u>v. California Province of the Soc'y of Jesus</u>, 196 F.3d 940, 945 (9th Cir. 1999), a religious

12  association does not operate wholly free from civil law.  "The First Amendment does not

13  provide churches with absolute immunity to engage in tortious conduct.  So long as liability

14  is predicated on secular conduct and does not involve the interpretation of church doctrine or

15  religious beliefs, it does not offend constitutional principles." <u>C.J.C. v. Corp. of Catholic</u>

16  <u>Bishop of Yakima</u>, 138 Wn.2d 699, 728 (1999) (citing <u>Sanders v. Casa View Baptist Church</u>,

17  134 F.3d 311, 366 (5th Cir. 1998)).

18       For the foregoing reasons, the Court GRANTS Plaintiff's Motion to Amend

19  Complaint to Clarify Status of Defendants, docket no. 5.  The Clerk is directed to file the

20  Proposed Amended Complaint, attached as Exhibit A to the Kosnoff Decl., docket no. 5.

21       **Plaintiff's Motion to Remand**

22       Diversity jurisdiction requires complete diversity of citizenship between the parties to

23  an action.  28 U.S.C. § 1332(a); <u>Cardon v. Arkoma Assocs.</u>, 494 U.S. 185, 187 (1990).  Once

24  a non-diverse defendant is joined, remand becomes mandatory: "[a] district court may not

25  allow joinder of a non-diverse party and retain jurisdiction." <u>Stevens v. Brink's Home</u>

26  <u>Security, Inc.</u>, 378 F.3d 944, 949 (9th Cir. 2004); <u>see also</u> 28 U.S.C. § 1447(e).  Because the

MINUTE ORDER   3–

1   Court is granting Plaintiff's motion to join the Mormon Church as a non-diverse defendant,

2   remand is mandatory.  Accordingly, the Court GRANTS the Plaintiff's Motion to Remand,

3   docket no. 5.

4           The Clerk is directed to remand the case to King County Superior Court, Case No. 06-

5   2-09825-1SEA, in accordance with this Order.

6           IT IS SO ORDERED.

7           Filed and entered this 30th day of June, 2006.

8

9                                         _____
                                          Thomas S. Zilly
10                                        United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

MINUTE ORDER   4—

EXHIBIT 7

1
2
3
4
5
6
7
8
9                        UNITED STATES DISTRICT COURT
10                       WESTERN DISTRICT OF WASHINGTON
                                    AT SEATTLE
11   ROB RINDE f/k/a ROBERT LARRY LEROY
     PITSOR, JR.                                    NO.  2:06-CV-00556TSZ
12
                           Plaintiff,               PLAINTIFF'S REPLY TO DEFENDANT'S
13                                                  OPPOSITION TO PLAINTIFF'S MOTION
14   vs.                                            TO AMEND COMPLAINT TO CLARIFY
                                                    STATUS OF DEFENDANTS AND
15   THE CORPORATION OF THE PRESIDENT               MOTION TO REMAND
     OF THE CHURCH OF JESUS CHRIST OF
16   LATTER-DAY SAINTS, a Utah corporation          NOTED FOR:  FRIDAY, MAY 26, 2006
     sole, aka the "MORMON CHURCH" THE
17   CHURCH OF JESUS CHRIST OF LATTER-
18   DAY SAINTS, an unincorporated association,
19                         Defendant.
20
21                         I.      INTRODUCTION
22         In its opposition, defendant COP takes the position that plaintiff is attempting to add a
23   new party to this action in order to defeat diversity.  However, as was indicated in plaintiff's
     original moving papers, plaintiff is not moving to add a new party to this action.  Instead,
24
     plaintiff simply moved this Court to amend his complaint to clarify that he had instituted an
25
     action against two separate entities – (1) The Corporation of the President of the Church of
26

REPLY TO OPP. TO MOTION TO AMEND/REMAND - 1 of 8
(2:06-CV-00556TSZ)
[164343 v07.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 · FACSIMILE (206) 676-7575

Jesus Christ of Latter-day Saints **and** (2) The Church of Jesus Christ of Latter-Day Saints, a/k/a the Mormon Church itself.  Plaintiff reiterates that request in this reply to defendant's opposition.

## II.    STATEMENT OF RELEVANT FACTS

On March 22, 2006, plaintiff filed an action in the King County Superior Court and, in doing so, named two defendants – COP and the Mormon Church.[1]  On or about April 20, 2006 plaintiff received a Notice of Appearance on behalf of defendant COP and a Notice of Removal (Diversity Jurisdiction).  Shortly before the Notice of Appearance and Notice of Removal was filed, a telephone conversation occurred between plaintiff's counsel, Tim Kosnoff, and defense counsel, Chuck Gordon.  During that conversation, Mr. Gordon advised that it was COP's intention to remove the action based on diversity.  In response, plaintiff's counsel specifically advised Mr. Gordon that (a) the Mormon Church was a defendant and (b) the issue of whether there was diversity of citizenship in an action in which the Mormon Church was a named defendant had already been resolved by a United States District Court Judge (and that the judge had found that the inclusion of the Mormon Church as a defendant indeed destroyed diversity).[2]  As a result of the prior ruling on this issue, plaintiff requested that COP not take any steps to remove this action.[3]   Unfortunately, COP declined necessitating this motion.

## III.    ARGUMENT

### A.    DEFENDANT'S RELIANCE ON CASE LAW PERTAINING TO WHEN A PLAINTIFF MAY ADD AN ADDITIONAL PARTY IS MISPLACED.

As explained in the moving papers, plaintiff intended to name, and did name, two defendants in this action – COP and the Mormon Church itself.  Defendant COP took the

---

[1] *See Plaintiff's Complaint, ¶2.2.*

[2] *Declaration of Timothy D. Kosnoff, ¶2 & 3.*

[3] *Id.*

REPLY TO OPP. TO MOTION TO AMEND/REMAND  - 2 of 8
(2:06-CV-00556TSZ)
[164343 v07.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

position that only one defendant had been named and, based on that position, removed the action to this Court. While not agreeing that plaintiff failed to adequately plead the existence of two defendants, plaintiff determined that the best way to resolve the dispute was to amend the complaint to **clarify** the allegations. However, at no point, did plaintiff seek to name an additional party.[4]  Consequently, defendant's reliance on case law pertaining to when a plaintiff may add an additional party is misplaced.

## B.  PLAINTIFF'S CLAIMS AGAINST THE MORMON CHURCH ARE NOT FUTILE

Defendant asserts that because plaintiff has named COP in this action, the inclusion of the Mormon Church is futile. However, plaintiff, at this juncture, is not sure whether COP will defend this claim by asserting that it did not prescribe the policies and practices of the local wards of the Mormon Church or that it is not the entity responsible for the acts or inactions of the Bishops, Stake Presidents and other officials involved in this case. If COP so defends, and if COP is successful in asserting such defenses, in the absence of the Mormon Church as a named defendant, plaintiff could be left with an "empty chair" defendant. Thus, faced with such possible defenses the inclusion of the Mormon Church is not futile to plaintiff's pursuit of his claims.

In addition, the fact that the Mormon Church does or does not have any assets available to satisfy a judgment does not render the inclusion of the Mormon Church "futile." The plaintiff's claims arise out of the sexual abuse he suffered as a child. It is inconceivable that the plaintiff would be deemed to be partially at fault for his harms. Thus, liability against the defendants will, presumably, be joint and several pursuant to RCW 4.22.070(b).[5]

---

[4] *See Motion to Amend and Remand, on file herein.*

[5] However, if COP is willing to stipulate that all the stake presidents, bishops and other hierarchal officials are agents of COP and that it will not assert an empty chair defense with respect to the persons involved in this case (and its officials) plaintiff will withdraw this motion.

REPLY TO OPP. TO MOTION TO AMEND/REMAND - 3 of 8
(2:06-CV-00556TSZ)
[164343 v07.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 · FACSIMILE (206) 676-7575

Finally, plaintiff is not "forum" shopping.  Instead, absent a fraudulent joinder a "plaintiff has the right to select the forum, to elect whether to sue joint tortfeasors and to prosecute his own suit in his own way to final determination." *Parks v. New York Times,* 308 F.2d 474, 478 (5th Cir. 1962).  Here, plaintiff chose to bring his action in King County Superior Court.  Prior to the filing of the Notice of Removal, COP was advised of plaintiff's position with regard to the existence of two named defendants and that diversity did not exist.  In this circumstance, plaintiff's choice of where to file an action cannot reasonably be considered "forum" shopping.

## C.   REPORTED CASES INDICATE THAT THE MORMON CHURCH HAS SUED AND BEEN SUED.

Defendant asserts that because COP exists, the Mormon Church is not an entity that can sue or be sued.  In support of this assertion, COP asserts it is the entity that has employees and possesses assets (and that the Mormon Church, itself, has none).[6]  However, reported cases from around the country indicate that the Mormon Church itself has been involved in litigation, both as a plaintiff and as a defendant, on numerous occasions, that it has employees and that it possesses assets.

The Mormon Church is the named plaintiff in the following actions:

- *Church of Jesus Christ of Latter-day Saints vs. Jefferson County,* 741 F.Supp. 1522 (N.D. Ala. 1990) ("church which unsuccessfully applied for rezoning to allow development of land for place of worship filed action against county. . . .")

- *Church of Jesus Christ of Latter-day Saints vs. Jefferson County, Alabama,* 721 F.Supp. 1212 (N.D. Ala. 1989) ("vendors of property and purchaser, a church, brought action challenging denial of zoning change to all construction of worship facility on the property. . . .")

---

[6] *See* Opposition to Motion to Amend/Remand, pg. 2, ll. 21-33.

REPLY TO OPP. TO MOTION TO AMEND/REMAND  - 4 of 8
(2:06-CV-00556TSZ)
[164343 v07.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA, PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

- *Stotts v. Church of Jesus Christ of Latter-Day Saints vs. Lindsey Constr. Co.*, 882 P.2d 1106 (Okla. App. 1994) (in defending claim against it, church defendant instituted a third party complaint).

The Mormon Church, itself, was the named defendant in the following cases:

- *Davis v. Church of Jesus Christ of Latter-Day Saints*, 852 P.2d 640 (Mont. 1993) (defended fraud claim)

- *Hotaling v. Church of Jesus Christ of Latter-Day Saints*, 118 F.3d 1999 (4th Cir. 1997) (defended copyright infringement action);

- *Church of Jesus Christ of Latter-Day Saints v. Superior Court of State of Arizona*, 714 P.2d 431 (Ariz. App. 1985) (defending claim by parents of child who was killed after being struck by an automobile when he rode his bicycle from church parking lot into city street);

- *Church of Jesus Christ of Latter-Day Saints v. Superior Court of State of Arizona*, 764 P.2d 759 (Ariz. App. 1988) (defending claim by mother of victim of child abuse).[7]

The reported cases indicate that the Mormon Church, itself, has employees:

- *Church of Jesus Christ of Latter-day Saints vs. Industrial Commission of Arizona*, 724 P.2d 581 (Ariz. App. 1986) (claimant was "injured while employed by the Church of Jesus Christ of Latter-Day Saints. . . .");

- *Church of Jesus Christ of Latter-Day Saints vs. Industrial Comm'n of Utah*, 590 P.2d 328 (Utah 1979) (case involved workman's compensation claim by a person who was "employed by Plaintiff [the Church]");

- *Schmoyer v. Church of Jesus Christ of Latter-Day Saints*, 343 S.E.2d 551 (N.C. App. 1986) (plaintiff's-decedent was "employed as a custodian at the Church of Jesus Christ of Latter-Day Saints.")

Finally, the issue of whether the Mormon Church itself has no assets is called into question by at least one reported case: *Church of Jesus Christ of Latter-Day Saints v.*

---

[7] For the Court and counsel's reference, the first page of each of these decisions is attached to the declaration of Timothy D. Kosnoff as **Exhibit A.**

REPLY TO OPP. TO MOTION TO AMEND/REMAND - 5 of 8
(2:06-CV-00556TSZ)
[164343 v07.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

*Scarborough*, 189 F.2d (1951) (plaintiff brought action against the Church to "recover $7000 which was on deposit with the Church. . . .")

## D.   THE MORMON CHURCH CAN BE SERVED WITH PROCESS.

RCW 4.28.080 provides the process by which a defendant can be served with process. That statute provides, in pertinent part:

> (10) If the suit be against a foreign corporation. . . . **association** doing business within this state, to **any** agent, cashier or secretary thereof.

The Mormon Church has multiple agents within this state – any Bishop or other clergy member would presumably suffice.  Furthermore, Gordon B. Hinckley is the President of the Mormon Church.  Service could be accomplished by personal service on Mr. Hinckley.

## E.   COP HAS ADMITTED THAT THE INCLUSION OF THE MORMON CHURCH AS A DEFENDANT DESTROYS DIVERSITY.

In the case of *Scott v. Corporation of the Presiding Bishop of the Church of Jesus Christ of Latter-Day Saints*, U.S.D.C., District of Oregon (Cause No. 98-366AA) the plaintiff named four defendants (1) the Corporation of the Presiding Bishop, (2) the Mormon Church itself, (3) the Corporation of the President of the Church of Jesus Christ of Latter-Day Saints, and (4) Gregory Lee Foster.  All four defendants appeared and answered the Complaint.[8]  The defendants in that action – including COP – then brought a motion for determination of diversity.  Included within the assertions made by COP was the fact that inclusion of the Mormon Church as a defendant destroyed diversity.  In making that prior motion, COP admitted that "lack of jurisdiction is not waivable," and the jurisdictional defect can be raised

---

[8] *See* Answer of Defendants Gregory Foster, the Church of Jesus Christ of Latter-day Saints, Corporation of the President and Corporation of the Presiding Biship of the Church of Jesus Christ of Latter-day Saints, attached to Declaration of Timothy D. Kosnoff, as **Exhibit B.**

REPLY TO OPP. TO MOTION TO AMEND/REMAND - 6 of 8
(2:06-CV-00556TSZ)
[164343 v07.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 · FACSIMILE (206) 676-7575

at any time and, thus, sought the judicial determination of diversity.[9] The same situation is present here – the inclusion of the Mormon Church as a defendant destroys diversity. Consequently, the case must be remanded to the Superior Court.

## IV.    CONCLUSION

For the above-stated reasons, plaintiff respectfully requests that this Court GRANT his motion to amend and remand.

RESPECTFULLY SUBMITTED this 26th day of May, 2006.

GORDON, THOMAS, HONEYWELL,
MALANCA, PETERSON & DAHEIM LLP


By:    /s/ Michelle A. Menely
       Michael T. Pfau, WSBA No. 24649
       mpfau@gth-law.com
       Michelle A. Menely, WSBA No. 28353
       mmenely@gth-law.com
       Co-Counsel for Plaintiff

LAW OFFICES OF TIMOTHY D. KOSNOFF


By:    /s/ Timothy D. Kosnoff
       Timothy D. Kosnoff, WSBA No. 16586
       timkosnoff@comcast.net
       Co-Counsel for Plaintiff

---

[9] See, Church Defendant's Reply on their Motion for Judicial Determination of Diversity Jurisdiction, pg. 3, ll. 19-20, attached to Plaintiff's Motion to Amend/Remand.

REPLY TO OPP. TO MOTION TO AMEND/REMAND - 7 of 8
(2:06-CV-00556TSZ)
[164343 v07.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON  98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

Page 138

1

## CERTIFICATE OF ELECTRONIC FILING

2       I hereby certify that on May 26, 2006, I electronically filed the foregoing **REPLY TO**

3  **OPPOSITION TO MOTION TO AMEND COMPLAINT TO CLARIFY STATUS OF**

4  **DEFENDANTS AND MOTION TO REMAND** with the Clerk of the Court using the

5  CM/ECF system which will send notification of such filing to the following:

6

7  | Charles C. Gordon cgordon@gmtlaw.com Jeffrey I. Tilden jtilden@gmtlaw.com 1001 Fourth Avenue, Suite 4000 Seattle, WA 98154 PH: 206.467.6477 FX: 206.467.6292 | |
|---|---|

8

9

10

11

12       DATED this 16th day of May, 2006.

13

14                                    /s/ Bernadette Lovell
                                      Legal Assistant to Michelle A. Menely

15

16

17

18

19

20

21

22

23

24

25

26

REPLY TO OPP. TO MOTION TO AMEND/REMAND - 8 of 8
(2:06-CV-00556TSZ)
[164343 v07.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

FILED

07 JAN 11 PM 4:32

KING COUNTY
SUPERIOR COURT CLERK
KENT. WA

The Honorable Paris K. Kallas

SUPERIOR COURT OF THE STATE OF WASHINGTON
FOR KING COUNTY

D.F.,

                    Plaintiff,

        v.

THE CORPORATION OF THE PRESIDENT
OF THE CHURCH OF JESUS CHRIST OF
LATTER-DAY SAINTS, a Utah corporation
sole; LDS SOCIAL SERVICES a/k/a LDS
FAMILY SERVICES, a Utah corporation; and
the "MORMON CHURCH" THE CHURCH
OF JESUS CHRIST OF LATTER-DAY
SAINTS, an unincorporated association,

                    Defendants.

NO.  06-2-18131-0 KNT

CERTIFICATE OF SERVICE

        The undersigned hereby certifies that on January 11, 2007, copies of the following

document:

        1. Notice for Hearing;
        2. Corporation of the President of the Church of Jesus Christ of Latter-day
           Saints' Motion to Dismiss and/or Motion for Summary Judgment;
        3. Declaration of Paul D. Rytting;
        4. Declaration of Michael Rosenberger;
        5. Proposed Order; and
        6. this Certificate of Service

CERTIFICATE OF SERVICE - 1

ORIGINAL

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154-1007
Phone (206) 467-6477
Fax (206) 467-6292

were served at the following addresses via the methods indicated:

Michael T. Pfau
Michelle A. Menely
Gordon, Thomas, Honeywell, Malanca, Peterson & Daheim LLP
600 University, Suite 2100
Seattle, WA 98101-4185
Co-Counsel for Plaintiff Rob Rinde
() Mail        ( XX ) Hand Delivery        () Via e-mail
( ) Fax        ( ) Federal Express

Timothy D. Kosnoff
Law Offices of Timothy D. Kosnoff
One Union Square
600 University Street, Suite 2101
Seattle, WA 98101
Co-Counsel for Plaintiff Rob Rinde
() Mail        ( XX ) Hand Delivery        () Via e-mail
( ) Fax        ( ) Federal Express

DATED this 11th day of January, 2007.

Jacqueline Lucien

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154-1007
Phone (206) 467-6477
Fax (206) 467-6292