FILED

07 JAN 29 PM 4:48

KING COUNTY
SUPERIOR COURT CLERK
KENT, WA

SUPERIOR COURT OF THE STATE OF WASHINGTON
FOR KING COUNTY

D.F.,

        Plaintiff,

v.

THE CORPORATION OF THE PRESIDEN OF
THE CHURCH OF JESUS CHRIST OF
LATTER-DAY SAINTS, a Utah Corporation
sole; and the "MORMON CHURCH" THE
CHURCH OF JESUS CHRIST OF LATTER-
DAY SAINTS, an unincorporated association,

        Defendants.

NO. 06-2-18131-0 KNT

DECLARATION OF MICHELLE A.
MENELY IN SUPPORT OF
PLAINTIFF'S OPPOSITION TO
DEFENDANT COPRORATION OF THE
PRESIDENT OF THE CHURCH OF
JESUS CHRIST OF LATTER-DAY
SAINTS MOTION TO DISMISS
AND/OR FOR SUMMARY JUDGMENT

NOTED FOR: FEBRUARY 9, 2007
9:00 A.M.

THE HONORABLE LAURA INVEEN

I, Michelle A. Menely, hereby certify and declare as follows:

I am one of the attorneys for Plaintiff D.F., in this action. I have personal knowledge
of and am competent to testify to the facts set forth below.

    1.    Attached hereto as **Exhibit A** is a true and correct copy of an email dated April
20, 2006, between counsel regarding naming COP and the unincorporated association (relating
to the *Rinde vs. COP* matter).

    2.    Attached hereto as **Exhibit B** is a true and correct copy of the Declaration of
Timothy D. Kosnoff Re: Reply to Opposition Motion to Amend Complaint to Clarify Status of

DECL. OF M. MENELY RE: PLTF. OPP. TO DEF. MSJ - 1
06-2-18131-0 KNT
[175210 v02.doc]

ORIGINAL

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 • FACSIMILE (206) 676-7575

Dockets.Justia.com

Defendants and Motion to Remand, dated May 26, 2006 (without attachments) (relating to the *Rinde vs. COP* matter). Attached hereto as **Exhibit B-1** is a true and correct copy of the plaintiff's Motion to Amend Compliant to Clarify Status of Defendants and Motion to Remand, along with the Reply Brief (filed in the *Rinde* matter).

3. Attached hereto as **Exhibit C** is a true and correct copy of the Order dated June 30, 2006, from United States District Judge Zilly regarding Plaintiff's Motion to Amend Complaint to Clarify Status of Defendants, Plaintiff's Motion to Remand back to King County Superior Court (pertaining to the *Rinde* matter).

4. The *R.K.* case was set for trial to commence on October 2, 2006 – approximately five months after the Motion to Amend/Remand briefs were submitted to Judge Zilly. In the week or two prior to commencement of trial, the parties exchanged proposed jury instructions – including the instruction in which COP admitted it "stands in the shoes of the church."

5. Attached hereto as **Exhibit D** is a true and correct copy of the Answer to Defendants Gregory Foster, the Church of Jesus Christ of Latter-Day Saints, Corporation of the President and Corporation of the Presiding Bishop of the Church of Jesus Christ of Latter-Day Saints to Plaintiff's Third Amended Complaint.

6. Attached hereto as **Exhibit E** is a true and correct copy of Judge Aiken's Opinion and Order in *Scott*.

7. Attached hereto as **Exhibit F** is a true and correct copy of a case in which COP was the Plaintiff in the case.

8. Attached hereto as **Exhibit G** is a true and correct copy of a case in which COP was the Defendant in the case.

9. Attached hereto as **Exhibit H** is a true and correct copy of a case involving COP in an employment case.

DECL. OF M. MENELY RE: PLTF. OPP. TO DEF. MSJ - 2
*06-2-18131-0 KNT*
[175210 v02.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

10.    Attached hereto as **Exhibit I** is a true and correct copy of a case in which this issue of whether the Mormon Church itself has assets was called into question.

11.    Attached hereto as **Exhibit J** is a true and correct copy of the Church Defendants' Reply on their Motion for Judicial Determination of Diversity Jurisdiction in *Scott*.

12.    Attached hereto as **Exhibit K** is a true and correct copy of Affidavit of Dwayne L. Liddell in Support of Church Defendants' Motion for Judicial Determination of Diversity Jurisdiction in *Scott v. Corporation of the Presiding Bishop of the Church of Jesus Christ of Latter-Day Saints, et. al.*

13.    Attached hereto as **Exhibit L** is a true and correct copy of the General Handbook of Missions, published by The Church of Jesus Christ of Latter-day Saints.

14.    Attached hereto as **Exhibit M** is a true and correct copy of Temple presidents for the Seattle Washington Temple.

15.    Attached hereto as **Exhibit N** is a true and correct copy of copies of articles where Gordon G. Conger has been appointed as a spokesman on behalf of the Mormon Church.

I declare under penalty of perjury under the laws of the State of Washington that the above is true and correct.

Dated this ⟨29th⟩ day of January, 2007 at Seattle, Washington

_Michelle A. Menely_
Michelle A. Menely

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 • FACSIMILE (206) 676-7575

1

## CERTIFICATE OF SERVICE

2      THIS IS TO CERTIFY that on this *29* day of January, 2007, I did serve true and

3

correct copies of the foregoing via facsimile and via ABC Legal Messengers by directing

4

delivery to and addressed to the following:

5

**Counsel for COP.:**
6      Charles Gordon, Esq.
Jeffrey Tilden, Esq.
7      Michael Rosenberger, Esq.
GORDON MURRAY TILDEN
8      1325 Fourth Avenue, Suite 1800
Seattle, WA 98101
9      TEL:   206.467.6477
FAX:   206.467.6292
10

11

12                    *Fara Fusaro*
Fara Fusaro
13                    Legal Assistant to Michelle A. Menely

14

15

16

17

18

19

20

21

22

23

24

25

26

DECL. OF M. MENELY RE: PLTF. OPP. TO DEF. MSJ - 4
06-2-18131-0 KNT
[175210 v02.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 · FACSIMILE (206) 676-7575

# EXHIBIT A

**Menely, Michelle**

| | |
|---|---|
| **From:** | Tim Kosnoff [timkosnoff@comcast.net] |
| **Sent:** | Thursday, April 20, 2006 9:35 AM |
| **To:** | Michelle 8Menely |
| **Subject:** | FW: FW: RE: Diversity etc. |

```
--- Original Message---
To: Michael 2Pfau <pfaum@gth-law.com>
Cc: John Schulz <JRS@mcgrannshea.com>
From: TDK
Sent: 4/20/2006 9:22AM
Subject: FW: RE: Diversity etc.




>> --- Original Message---
>> To: "Tim Kosnoff" <timkosnoff@comcast.net>
>> Cc: "Jeff Tilden" <jtilden@gmtlaw.com>
>> From: "Chuck Gordon" <cgordon@gmtlaw.com>
>> Sent: 4/20/2006 9:20AM
>> Subject: RE: Diversity etc.
>>
>> >> Tim, we will follow up on this and review the issue with our
>> >> client. We will get back to you shortly. We will get your address
>> >> corrected. Regards, Chuck
>> >>
>> >> -----Original Message-----
>> >> From: Tim Kosnoff [mailto:timkosnoff@comcast.net]
>> >> Sent: Thursday, April 20, 2006 9:11 AM
>> >> To: Chuck Gordon; Michael 2Pfau
>> >> Subject: Diversity etc.
>> >>
>> >> Chuck,
>> >>
>> >> Attached is the docket in Scott v. COJCOLDS, et al from US Dist
>> >> Court D. Oregon in which your client successfully argued the same
>> >> position it would now be opposing if you remove. I believe the
>> >> complaint sufficiently reflects that both entities, COP and the
>> >> unincorporated association are named. If the court thinks
>> >> otherwise, we will merely amend to make that clear. To me, this is
>> >> a battle that doesn't make any sense for us to fight.
>> >>
>> >> On another note, I saw you have my old Bellevue address. You
>> >> should correct your files to reflect my present office address
>> >> noted below.
>> >>
>> >> Thank you for your cooperation.
>> >>
>> >> Tim
>> >>
>> >> Timothy D. Kosnoff
>> >> Law Offices of Timothy D. Kosnoff, P.C.
>> >> One Union Square
>> >> 600 University St., Suite 2101
>> >> Seattle, WA 98101
>> >>
>> >> 206-676-7610
>> >> 425-837-9690
```

1

>> >> 425-837-...
>> >> timkosnoff@comcast.net
>> >> ***************************************************************
>> >> ******
>> >> *********
>> >> This e-mail may contain information that is privileged, confidential or
>> >> otherwise protected from disclosure. If you are not the intended
>> >> recipient or otherwise have received this message in error, you are not
>> >> authorized to read, print, retain, copy or disseminate this message or
>> >> any part of it. If you are not the intended recipient or otherwise have
>> >> received this message in error, please notify the sender immediately by
>> >> e-mail, discard any paper copies and delete all electronic files of the
>> >> message.
>> >> Thank you.
>> >> ***************************************************************
>> >> **********
>> >>
>> >>
>>

2

# EXHIBIT B

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ROB RINDE f/k/a ROBERT LARRY LEROY PITSOR, JR.

                Plaintiff,

vs.

THE CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, a Utah corporation sole, aka the "MORMON CHURCH" THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, an unincorporated association,

                Defendant.

NO.  2:06-CV-00556TSZ

DECLARATION OF TIMOTHY D. KOSNOFF RE: REPLY TO OPPOSITION MOTION TO AMEND COMPLAINT TO CLARIFY STATUS OF DEFENDANTS AND MOTION TO REMAND

NOTED FOR:  FRIDAY, MAY 26, 2006

        TIMOTHY D. KOSNOFF, being first duly sworn on oath, states as follows:

        1.     I am one of the attorneys for the plaintiff in this matter; I make this declaration based on my own personal knowledge.

        2.     Shortly before receipt of the defendant's Notice of Appearance/Notice of Removal, I had a telephone conversation with defense counsel, Chuck Gordon.  During that

KOSNOFF DECL. RE: REPLY TO OPP. TO MTN TO
AMEND/REMAND - 1 of 3
(2:06-CV-00556TSZ)
[164446 v03.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON  98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

conversation, Mr. Gordon advised me that it was COP's intention to remove this action to this Court.

3.      In response, I advised Mr. Gordon that (a) that the Mormon Church was a defendant and (b) this issue of whether there was diversity of citizenship in an action in which the Mormon Church was a named defendant had already been resolved by a United States District Court Judge (and that the judge had found that the inclusion of the Mormon Church as a defendant indeed destroyed diversity). I specifically requested that in this circumstance COP not file the removal.

4.      Attached hereto as **Exhibit A** is a true and correct copy of the face sheets from the cases cited in Section C of Plaintiff's Reply to Defendant's Opposition to Motion to Amend/Remand.

5.      Attached hereto as **Exhibit B** is a true and correct copy of the Answer in the case of *Scott v. Corporation of the Presiding Bishop of the Church of Jesus Christ of Latter-day Saints*, U.S.D.C., Oregon District, Cause No. 98-366AA.


I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.


DATED at Seattle, Washington, this 26th day of May, 2006.


_____/s/ Timothy D. Kosnoff_____
Timothy D. Kosnoff


KOSNOFF DECL. RE: REPLY TO OPP. TO MTN TO
AMEND/REMAND - 2 of 3
(2:06-CV-00556TSZ)
[164446 v3.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

## CERTIFICATE OF ELECTRONIC FILING

I hereby certify that on May 26, 2006, I electronically filed the foregoing **DECLARATION OF TIMOTHY D. KOSNOFF RE: REPLY TO OPPOSITION TO MOTION TO AMEND COMPLAINT TO CLARIFY STATUS OF DEFENDANTS AND MOTION TO REMAND** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| Charles C. Gordon<br>cgordon@gmtlaw.com<br>Jeffrey I. Tilden<br>jtilden@gmtlaw.com<br>1001 Fourth Avenue, Suite 4000<br>Seattle, WA 98154<br>PH: 206.467.6477<br>FX: 206.467.6292 | |

DATED this 16th day of May, 2006.

/s/ Bernadette Lovell
Legal Assistant to Michelle A. Menely

KOSNOFF DECL. RE: REPLY TO OPP. TO MTN TO
AMEND/REMAND - 3 of 3
(2:06-CV-00556TSZ)
[164446 v03.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 · FACSIMILE (206) 676-7575

# EXHIBIT B-1

1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10

11  ROB RINDE f/k/a ROBERT LARRY LEROY
    PITSOR, JR.
12
                                              NO.  2:06-CV-00556TSZ
13              Plaintiff,
                                              MOTION TO AMEND COMPLAINT TO
                                              CLARIFY STATUS OF DEFENDANTS
14  vs.                                       AND MOTION TO REMAND

15  THE CORPORATION OF THE PRESIDENT          NOTED FOR: FRIDAY, MAY 26, 2006
    OF THE CHURCH OF JESUS CHRIST OF
16  LATTER-DAY SAINTS, a Utah corporation
    sole, aka the "MORMON CHURCH" THE
17  CHURCH OF JESUS CHRIST OF LATTER-
    DAY SAINTS, an unincorporated association,
18
19              Defendant.
20  ────────────────────────────────

21              I.    INTRODUCTION

22        COMES NOW plaintiff above-named, by and through his counsel of record, and

23  moves this Court to amend the Complaint to clarify the status of the two defendants in the

24  action and to remand the matter to the King County Superior Court.

25

26

MOTION TO AMEND/REMAND - 1 of 5
(2:06-CV-00556TSZ)
[163699 v03.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 · FACSIMILE (206) 676-7575

## II.   STATEMENT OF RELEVANT FACTS

Plaintiff filed this action on March 22, 2006, in the King County Superior Court.  In doing so, plaintiff intended to name to two defendants – The Corporation of the President of the Church of Jesus Christ of Latter-day Saints ("COP") and the Mormon Church itself.[1]

Believing that the plaintiff had named only one defendant, defendant COP appeared through counsel and filed a Notice of Removal.  While not conceding that the original complaint was inaccurate, in order to clarify the claims being asserted, plaintiff moves this Court to allow it to amend his complaint to clarify that there are, in fact, two defendants in the action.  The proposed Amended Complaint is attached as **Exhibit A** to the Declaration of Timothy D. Kosnoff, filed herewith.[2]

Additionally, because the second defendant is an "unincorporated association," there is not complete diversity of citizenship.  Consequently, plaintiff also moves this Court to remand this action to the King County Superior Court.

## III.   STATEMENT OF ISSUES

1.     Whether this Court should grant plaintiff leave to amend the Complaint when the action has only just commenced, when discovery has not commenced on this matter, when the amendment is limited to clarifying that plaintiff is pursuing claims against two defendants and when allowing the amendment will not prejudice any of the parties to this action?

2.     Whether this Court should remand this matter to the King County Superior Court when there is not complete diversity of citizenship between the parties.

---

[1] While it may not have been entirely clear from the Complaint itself, the paragraph identifying the parties, indicates that there are two defendants:  (1) the corporation itself and (2) the church that the corporation operates – the Mormon Church. *See Complaint,* ¶2.2.

[2] For the Court and counsel's reference, a red-lined version of the proposed Amended Complaint is as to the Kosnoff Declaration as **Exhibit B.**

MOTION TO AMEND/REMAND - 2 of 5
(2:06-CV-00556TSZ)
[163699 v03.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

## IV.    EVIDENCE RELIED UPON

This motion is based upon the records and files herein, upon the declaration of Michelle A. Menely, and attachment thereto, and upon the files and records herein.

## V.    LEGAL AUTHORITY

### A.    MOTION TO AMEND.

FRCP 15(a) provides that once the defendant has filed a responsive pleading, the plaintiff must move for leave of court to amend the complaint.    Leave to amend the complaint "shall be freely given when justice so requires." FRCP 15(a).  Here, defendant has not filed a "responsive pleading," but has filed a Notice of Removal.   While a Notice of Removal is not a "responsive pleading," plaintiffs nevertheless seek leave of Court to amend the Complaint.

Neither defendant COP nor defendant the Mormon Church will be prejudiced by this amendment.  First, as indicated herein, in preparing the Complaint, plaintiff intended to name two defendants -- COP and the Mormon Church.  The amendment is limited to clarifying that there are in fact two entities to this litigation.  Furthermore, discovery has not yet commenced in this action and a trial date is not yet set.

### B.    MOTION TO REMAND.

In diversity case, a federal Court has jurisdiction over a matter only if there is complete diversity of citizenship between the parties to the action.  28 U.S.C. §1332(a).  The citizenship of an unincorporated association for purposes of federal diversity jurisdiction is the citizenship of each of the individual members of the association.  *Carden v. Arkoma Assoc.,* 494 U.S. 185, 189, 110 S.Ct. 1015, 108 L.Ed.2d 157 (1990); *see, also, Brown v. Protestant Episcopal Church,* 8 F.2d 149 (E.D. La. 1925).

Here, as admitted by COP in other matters, the Mormon church itself has asserted that it is an "unincorporated association," with "millions of members worldwide" and,

MOTION TO AMEND/REMAND - 3 of 5
(2:06-CV-00556TSZ)
[163699 v03.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 · FACSIMILE (206) 676-7575

consequently, admitted that it is not a member of any given state.[3]   From this statement, plaintiff can surmise that the Mormon church has members in Utah (the state of "residence" of defendant COP), the plaintiff's current state of residence, Minnesota, and his former state of residence, Washington.  Consequently, there is not complete diversity of citizenship and this Court should remand this action to the King County Superior Court.

## VI.   CONCLUSION

For the above-stated reasons, plaintiff respectfully requests that this Court permit him to file an amended complaint which is limited to clarifying that there are two defendants in this action and to grant the motion to remand to state court.

RESPECTFULLY SUBMITTED this _16th_ day of May, 2006.

GORDON, THOMAS, HONEYWELL,
MALANCA, PETERSON & DAHEIM LLP

By: _Michelle Menely_
Michael T. Pfau, WSBA No. 24649
mpfau@gth-law.com
Michelle A. Menely, WSBA No. 28353
mmenely@gth-law.com
Co-Counsel for Plaintiff

LAW OFFICES OF TIMOTHY D. KOSNOFF

By: _Timothy D. Kosnoff_
Timothy D. Kosnoff, WSBA No. 16586
timkosnoff@comcast.net
Co-Counsel for Plaintiff

---

[3] *See, pg. 3 of Church Defendants' Reply on their Motion for Judicial Determination of Diversity Jurisdiction, filed* Scott v. Corporation of the Presiding Bishop of the Church of Jesus Christ of Latter-day Saints, *U.S.D.C., District of Oregon, Cause No. 98-366AA (attached as Exhibit C to Declaration of Timothy D. Kosnoff.)*

MOTION TO AMEND/REMAND - 4 of 5
(2:06-CV-00556TSZ)
[163699 v03.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON  98101-4185
(206) 676-7500 · FACSIMILE (206) 676-7575

## CERTIFICATE OF ELECTRONIC FILING

I hereby certify that on May 16, 2006, I electronically filed the foregoing **MOTION TO AMEND COMPLAINT TO CLARIFY STATUS OF DEFENDANTS AND MOTION TO REMAND** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| Charles C. Gordon<br>cgordon@gmtlaw.com<br>Jeffrey I. Tilden<br>jtilden@gmtlaw.com<br>1001 Fourth Avenue, Suite 4000<br>Seattle, WA  98154<br>PH: 206.467.6477<br>FX: 206.467.6292 | |

DATED this 16th day of May, 2006.

/s/Nicole Calvert
Nicole Calvert
Legal Assistant to Michelle A. Menely

MOTION TO AMEND/REMAND  - 5 of 5
(2:06-CV-00556TSZ)
[163699 v03.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON  98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROB RINDE f/k/a ROBERT LARRY LEROY PITSOR, JR.<br><br>Plaintiff,<br><br>vs.<br><br>THE CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, a Utah corporation sole, aka the "MORMON CHURCH" THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, an unincorporated association,<br><br>Defendant. | NO.  2:06-CV-00556TSZ<br><br>PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO AMEND COMPLAINT TO CLARIFY STATUS OF DEFENDANTS AND MOTION TO REMAND<br><br>**NOTED FOR:  FRIDAY, MAY 26, 2006** |

## I.    INTRODUCTION

In its opposition, defendant COP takes the position that plaintiff is attempting to add a

new party to this action in order to defeat diversity.  However, as was indicated in plaintiff's

original moving papers, plaintiff is not moving to add a new party to this action.  Instead,

plaintiff simply moved this Court to amend his complaint to clarify that he had instituted an

action against two separate entities – (1) The Corporation of the President of the Church of

REPLY TO OPP. TO MOTION TO AMEND/REMAND  - 1 of 8
(2:06-CV-00556TSZ)
[164343 v07.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 • FACSIMILE (206) 676-7575

1   Jesus Christ of Latter-day Saints **and** (2) The Church of Jesus Christ of Latter-Day Saints,

2   a/k/a the Mormon Church itself.  Plaintiff reiterates that request in this reply to defendant's

3   opposition.

## II.    STATEMENT OF RELEVANT FACTS

On March 22, 2006, plaintiff filed an action in the King County Superior Court and, in

doing so, named two defendants -- COP and the Mormon Church.[1]  On or about April 20,

2006 plaintiff received a Notice of Appearance on behalf of defendant COP and a Notice of

Removal (Diversity Jurisdiction).  Shortly before the Notice of Appearance and Notice of

Removal was filed, a telephone conversation occurred between plaintiff's counsel, Tim

Kosnoff, and defense counsel, Chuck Gordon.  During that conversation, Mr. Gordon advised

that it was COP's intention to remove the action based on diversity.  In response, plaintiff's

counsel specifically advised Mr. Gordon that (a) the Mormon Church was a defendant and

(b) the issue of whether there was diversity of citizenship in an action in which the Mormon

Church was a named defendant had already been resolved by a United States District Court

Judge (and that the judge had found that the inclusion of the Mormon Church as a defendant

indeed destroyed diversity).[2]  As a result of the prior ruling on this issue, plaintiff requested

that COP not take any steps to remove this action.[3]  Unfortunately, COP declined

necessitating this motion.

## III.    ARGUMENT

**A.    DEFENDANT'S RELIANCE ON CASE LAW PERTAINING TO WHEN A PLAINTIFF MAY
ADD AN ADDITIONAL PARTY IS MISPLACED.**

As explained in the moving papers, plaintiff intended to name, and did name, two

defendants in this action – COP and the Mormon Church itself.  Defendant COP took the

---

[1] *See Plaintiff's Complaint, ¶2.2.*

[2] *Declaration of Timothy D. Kosnoff, ¶2 & 3.*

[3] *Id.*

REPLY TO OPP. TO MOTION TO AMEND/REMAND  - 2 of 8
(2:06-CV-00556TSZ)
[164343 v07.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 · FACSIMILE (206) 676-7575

position that only one defendant had been named and, based on that position, removed the action to this Court. While not agreeing that plaintiff failed to adequately plead the existence of two defendants, plaintiff determined that the best way to resolve the dispute was to amend the complaint to **clarify** the allegations. However, at no point, did plaintiff seek to name an additional party.[4] Consequently, defendant's reliance on case law pertaining to when a plaintiff may add an additional party is misplaced.

**B.   PLAINTIFF'S CLAIMS AGAINST THE MORMON CHURCH ARE NOT FUTILE**

Defendant asserts that because plaintiff has named COP in this action, the inclusion of the Mormon Church is futile. However, plaintiff, at this juncture, is not sure whether COP will defend this claim by asserting that it did not prescribe the policies and practices of the local wards of the Mormon Church or that it is not the entity responsible for the acts or inactions of the Bishops, Stake Presidents and other officials involved in this case. If COP so defends, and if COP is successful in asserting such defenses, in the absence of the Mormon Church as a named defendant, plaintiff could be left with an "empty chair" defendant. Thus, faced with such possible defenses the inclusion of the Mormon Church is not futile to plaintiff's pursuit of his claims.

In addition, the fact that the Mormon Church does or does not have any assets available to satisfy a judgment does not render the inclusion of the Mormon Church "futile." The plaintiff's claims arise out of the sexual abuse he suffered as a child. It is inconceivable that the plaintiff would be deemed to be partially at fault for his harms. Thus, liability against the defendants will, presumably, be joint and several pursuant to RCW 4.22.070(b).[5]

---

[4] *See Motion to Amend and Remand, on file herein.*

[5] However, if COP is willing to stipulate that all the stake presidents, bishops and other hierarchal officials are agents of COP and that it will not assert an empty chair defense with respect to the persons involved in this case (and its officials) plaintiff will withdraw this motion.

REPLY TO OPP. TO MOTION TO AMEND/REMAND - 3 of 8
(2:06-CV-00556TSZ)
[164343 v07.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

Finally, plaintiff is not "forum" shopping. Instead, absent a fraudulent joinder a "plaintiff has the right to select the forum, to elect whether to sue joint tortfeasors and to prosecute his own suit in his own way to final determination." *Parks v. New York Times*, 308 F.2d 474, 478 (5th Cir. 1962). Here, plaintiff chose to bring his action in King County Superior Court. Prior to the filing of the Notice of Removal, COP was advised of plaintiff's position with regard to the existence of two named defendants and that diversity did not exist. In this circumstance, plaintiff's choice of where to file an action cannot reasonably be considered "forum" shopping.

## C. REPORTED CASES INDICATE THAT THE MORMON CHURCH HAS SUED AND BEEN SUED.

Defendant asserts that because COP exists, the Mormon Church is not an entity that can sue or be sued. In support of this assertion, COP asserts it is the entity that has employees and possesses assets (and that the Mormon Church, itself, has none).[6] However, reported cases from around the country indicate that the Mormon Church itself has been involved in litigation, both as a plaintiff and as a defendant, on numerous occasions, that it has employees and that it possesses assets.

The Mormon Church is the named plaintiff in the following actions:

- *Church of Jesus Christ of Latter-day Saints vs. Jefferson County,* 741 F.Supp. 1522 (N.D. Ala. 1990) ("church which unsuccessfully applied for rezoning to allow development of land for place of worship filed action against county. . . .")

- *Church of Jesus Christ of Latter-day Saints vs. Jefferson County, Alabama,* 721 F.Supp. 1212 (N.D. Ala. 1989) ("vendors of property and purchaser, a church, brought action challenging denial of zoning change to all construction of worship facility on the property. . . .")

---

[6] *See* Opposition to Motion to Amend/Remand, pg. 2, ll. 21-33.

REPLY TO OPP. TO MOTION TO AMEND/REMAND - 4 of 8
(2:06-CV-00556TSZ)
[164343 v07.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 · FACSIMILE (206) 676-7575

- *Stotts v. Church of Jesus Christ of Latter-Day Saints vs. Lindsey Constr. Co.,* 882 P.2d 1106 (Okla. App. 1994) (in defending claim against it, church defendant instituted a third party complaint).

The Mormon Church, itself, was the named defendant in the following cases:

- *Davis v. Church of Jesus Christ of Latter-Day Saints,* 852 P.2d 640 (Mont. 1993) (defended fraud claim)

- *Hotaling v. Church of Jesus Christ of Latter-Day Saints,* 118 F.3d 1999 (4th Cir. 1997) (defended copyright infringement action);

- *Church of Jesus Christ of Latter-Day Saints v. Superior Court of State of Arizona,* 714 P.2d 431 (Ariz. App. 1985) (defending claim by parents of child who was killed after being struck by an automobile when he rode his bicycle from church parking lot into city street);

- *Church of Jesus Christ of Latter-Day Saints v. Superior Court of State of Arizona,* 764 P.2d 759 (Ariz. App. 1988) (defending claim by mother of victim of child abuse).[7]

The reported cases indicate that the Mormon Church, itself, has employees:

- *Church of Jesus Christ of Latter-day Saints vs. Industrial Commission of Arizona,* 724 P.2d 581 (Ariz. App. 1986) (claimant was "injured while employed by the Church of Jesus Christ of Latter-Day Saints. . . .");

- *Church of Jesus Christ of Latter-Day Saints vs. Industrial Comm'n of Utah,* 590 P.2d 328 (Utah 1979) (case involved workman's compensation claim by a person who was "employed by Plaintiff [the Church]");

- *Schmoyer v. Church of Jesus Christ of Latter-Day Saints,* 343 S.E.2d 551 (N.C. App. 1986) (plaintiff's-decedent was "employed as a custodian at the Church of Jesus Christ of Latter-Day Saints.")

Finally, the issue of whether the Mormon Church itself has no assets is called into question by at least one reported case: *Church of Jesus Christ of Latter-Day Saints v.*

---

[7] For the Court and counsel's reference, the first page of each of these decisions is attached to the declaration of Timothy D. Kosnoff as **Exhibit A.**

REPLY TO OPP. TO MOTION TO AMEND/REMAND - 5 of 8
(2:06-CV-00556TSZ)
[164343 v07.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 · FACSIMILE (206) 676-7575

*Scarborough,* 189 F.2d (1951) (plaintiff brought action against the Church to "recover $7000 which was on deposit with the Church. . . .")

**D.    THE MORMON CHURCH CAN BE SERVED WITH PROCESS.**

RCW 4.28.080 provides the process by which a defendant can be served with process. That statute provides, in pertinent part:

> (10) If the suit be against a foreign corporation. . . . **association** doing business within this state, to **any** agent, cashier or secretary thereof.

The Mormon Church has multiple agents within this state – any Bishop or other clergy member would presumably suffice. Furthermore, Gordon B. Hinckley is the President of the Mormon Church. Service could be accomplished by personal service on Mr. Hinckley.

**E.    COP HAS ADMITTED THAT THE INCLUSION OF THE MORMON CHURCH AS A DEFENDANT DESTROYS DIVERSITY.**

In the case of *Scott v. Corporation of the Presiding Bishop of the Church of Jesus Christ of Latter-Day Saints,* U.S.D.C., District of Oregon (Cause No. 98-366AA) the plaintiff named four defendants (1) the Corporation of the Presiding Bishop, (2) the Mormon Church itself, (3) the Corporation of the President of the Church of Jesus Christ of Latter-Day Saints, and (4) Gregory Lee Foster. All four defendants appeared and answered the Complaint.[8] The defendants in that action – including COP – then brought a motion for determination of diversity. Included within the assertions made by COP was the fact that inclusion of the Mormon Church as a defendant destroyed diversity. In making that prior motion, COP admitted that "lack of jurisdiction is not waivable," and the jurisdictional defect can be raised

---

[8] *See* Answer of Defendants Gregory Foster, the Church of Jesus Christ of Latter-day Saints, Corporation of the President and Corporation of the Presiding Biship of the Church of Jesus Christ of Latter-day Saints, attached to Declaration of Timothy D. Kosnoff, as **Exhibit B.**

REPLY TO OPP. TO MOTION TO AMEND/REMAND - 6 of 8
(2:06-CV-00556TSZ)
[164343 v07.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 • FACSIMILE (206) 676-7575

1    at any time and, thus, sought the judicial determination of diversity.[9] The same situation is

2    present here – the inclusion of the Mormon Church as a defendant destroys diversity.

3    Consequently, the case must be remanded to the Superior Court.

4                              IV.    CONCLUSION

5            For the above-stated reasons, plaintiff respectfully requests that this Court GRANT his

6    motion to amend and remand.

7            RESPECTFULLY SUBMITTED this 26th day of May, 2006.

8
9                              GORDON, THOMAS, HONEYWELL,
                               MALANCA, PETERSON & DAHEIM LLP
10

11                             By:___/s/ Michelle A. Menely_____
                                   Michael T. Pfau, WSBA No. 24649
12                                 mpfau@gth-law.com
                                   Michelle A. Menely, WSBA No. 28353
13                                 mmenely@gth-law.com
                                   Co-Counsel for Plaintiff
14

15                             LAW OFFICES OF TIMOTHY D. KOSNOFF

16
17                             By:___/s/ Timothy D. Kosnoff_____
                                   Timothy D. Kosnoff, WSBA No. 16586
18                                 timkosnoff@comcast.net
                                   Co-Counsel for Plaintiff
19

20

21

22

23

24

25    _____
      [9] *See,* Church Defendant's Reply on their Motion for Judicial Determination of Diversity Jurisdiction, pg. 3, ll.
26    19-20, attached to Plaintiff's Motion to Amend/Remand.

REPLY TO OPP. TO MOTION TO AMEND/REMAND - 7 of 8
(2:06-CV-00556TSZ)
[164343 v07.doc]
                                                    LAW OFFICES
                                    GORDON, THOMAS, HONEYWELL, MALANCA,
                                            PETERSON & DAHEIM LLP
                                             ONE UNION SQUARE
                                           600 UNIVERSITY, SUITE 2100
                                        SEATTLE, WASHINGTON 98101-4185
                                      (206) 676-7500 · FACSIMILE (206) 676-7575

1

<u>CERTIFICATE OF ELECTRONIC FILING</u>

2     I hereby certify that on May 26, 2006, I electronically filed the foregoing **REPLY TO**

3     **OPPOSITION TO MOTION TO AMEND COMPLAINT TO CLARIFY STATUS OF**

4     **DEFENDANTS AND MOTION TO REMAND** with the Clerk of the Court using the

5     CM/ECF system which will send notification of such filing to the following:

6

| | |
|---|---|
| Charles C. Gordon<br>cgordon@gmtlaw.com<br>Jeffrey I. Tilden<br>jtilden@gmtlaw.com<br>1001 Fourth Avenue, Suite 4000<br>Seattle, WA 98154<br>PH: 206.467.6477<br>FX: 206.467.6292 | |

7

8

9

10

11

12     DATED this 16th day of May, 2006.

13

14                                    /s/ Bernadette Lovell
                                     Legal Assistant to Michelle A. Menely
15

16

17

18

19

20

21

22

23

24

25

26

REPLY TO OPP. TO MOTION TO AMEND/REMAND  - 8 of 8
(2:06-CV-00556TSZ)
[164343 v07.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 • FACSIMILE (206) 676-7575

# EXHIBIT C

1

2

3

4

5

6                          UNITED STATES DISTRICT COURT
7                       WESTERN DISTRICT OF WASHINGTON
                                     AT SEATTLE
8

9    ROB RINDE f/k/a ROBERT LARRY
     LEROY PITSOR, JR.,
10                                                    No.  C06-556Z
                        Plaintiff,
11                                                    ORDER
     v.
12
     THE CORPORATION OF THE
13   PRESIDENT OF THE CHURCH OF JESUS
     CHRIST OF LATTER-DAY SAINTS, a Utah
14   corporation sole, aka the "MORMON
     CHURCH" THE CHURCH OF JESUS
15   CHRIST OF LATTER-DAY SAINTS, an
     unincorporated association,
16
                        Defendant.
17

18
           This matter comes before the Court on Plaintiff's Motion to Amend Complaint to
19
     Clarify Status of Defendants and Motion to Remand, docket no. 5.  The Court being fully
20
     advised now GRANTS the motions as set forth in this Order:
21
           **Plaintiff's Motion to Amend Complaint to Clarify Status of Defendants**
22
           Plaintiff, Rob Rinde, failed to plead the existence of two defendants in his Complaint.
23
     See Compl., docket 3.  The Court therefore construes Plaintiff's Motion to Amend
24
     Complaint to Clarify Status of Defendants as a motion to join the "'Mormon Church' The
25
     Church of Jesus Christ of Latter-Day Saints" (hereinafter referred to as the "Mormon
26
     Church") as a defendant.

     MINUTE ORDER  1–

1    The Mormon Church is an unincorporated association with members in all fifty states.

2    Rytting Decl., docket 7, ¶ 5; Def.'s Opp'n, docket 6, at 2.  It is well-established that the

3    citizenship of unincorporated associations is the citizenship of each of the individual

4    members of the association.  Johnson v. Columbia Props. Anchorage, 437 F.3d 894, 899 (9th

5    Cir. 2006).  Thus, the Mormon Church is a non-diverse defendant.

6    "[T]he proper standard for deciding whether to allow post-removal joinder of a

7    diversity-destroying defendant is set forth in 28 U.S.C. § 1447(e)."  Boon v. Allstate Ins.

8    Co., 229 F. Supp. 2d 1016, 1020 n.2 (C.D. Cal. 2002).  Section 1447(e) provides: "If after

9    removal the plaintiff seeks to join additional defendants whose joinder would destroy subject

10   matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to

11   the State court."  28 U.S.C. § 1447(e).  Joinder of a diversity-destroying defendant pursuant

12   to Section 1447(e) is left to the discretion of the district court.  Newcombe v. Adolf Coors

13   Co., 157 F.3d 686, 691 (9th Cir. 1998).

14   Having considered the six factors described in Boon, 229 F. Supp. 2d at 1019-20, the

15   Court concludes that permitting joinder under Section 1447(e) is appropriate in the present

16   case.  Permitting joinder of the Mormon Church would facilitate a just adjudication of the

17   matter.  Conversely, disallowing joinder would hinder Mr. Rinde from asserting his rights

18   against an entity allegedly involved in the breach of duties and related causes of action.  See

19   IBC Aviation Servs., Inc. v. Compania Mexicana de Aviacion, 125 F. Supp. 2d 1008, 1012

20   (N.D. Cal. 2000).  The absence of the Mormon Church as a named defendant could preclude

21   Mr. Rinde from recovering damages for any fault attributable to the Mormon Church.  See

22   Kottler v. Wetherington, 136 Wn.2d 437, 445-47 (1998).  In contrast, "[t]here will be little

23   prejudice to Defendant[] from allowing amendment and remand at such an early stage in the

24   case."  Palestini v. Gen. Dynamics Corp., 193 F.R.D. 654, 657 (S.D. Cal. 2000).  Although

25   Defendant Corporation of the President of the Church of Jesus Christ of Latter-Day Saints

26   ("COP") argues that Mr. Rinde's sole purpose for seeking joinder is to destroy diversity

MINUTE ORDER   2–

1  jurisdiction, the Court "declines to impute an improper motive to Plaintiff simply because

2  Plaintiff seeks to add a non-diverse defendant post-removal." IBC Aviation Servs., 125 F.

3  Supp. 2d at 1012.

4        COP also contends that the Mormon Church is not a proper party because once a

5  religious entity has chosen to incorporate, only the corporate form may be sued.  The cases

6  cited by COP, however, merely support the general rule that religious controversies are not

7  the proper subject of civil court inquiry.  See, e.g., Islamic Ctr. of Harrison, Inc. v. Islamic

8  Science Found., Inc., 628 N.Y.S. 2d 179, 179 (App. Div. 1995).  Although the Free Exercise

9  Clause of the United States Constitution "restricts the government's ability to intrude into

10  ecclesiastical matters or to interfere with a church's governance of its own affairs," Bollard

11  v. California Province of the Soc'y of Jesus, 196 F.3d 940, 945 (9th Cir. 1999), a religious

12  association does not operate wholly free from civil law.  "The First Amendment does not

13  provide churches with absolute immunity to engage in tortious conduct.  So long as liability

14  is predicated on secular conduct and does not involve the interpretation of church doctrine or

15  religious beliefs, it does not offend constitutional principles." C.J.C. v. Corp. of Catholic

16  Bishop of Yakima, 138 Wn.2d 699, 728 (1999) (citing Sanders v. Casa View Baptist Church,

17  134 F.3d 311, 366 (5th Cir. 1998)).

18        For the foregoing reasons, the Court GRANTS Plaintiff's Motion to Amend

19  Complaint to Clarify Status of Defendants, docket no. 5.  The Clerk is directed to file the

20  Proposed Amended Complaint, attached as Exhibit A to the Kosnoff Decl., docket no. 5.

21        **Plaintiff's Motion to Remand**

22        Diversity jurisdiction requires complete diversity of citizenship between the parties to

23  an action.  28 U.S.C. § 1332(a); Cardon v. Arkoma Assocs., 494 U.S. 185, 187 (1990).  Once

24  a non-diverse defendant is joined, remand becomes mandatory: "[a] district court may not

25  allow joinder of a non-diverse party and retain jurisdiction." Stevens v. Brink's Home

26  Security, Inc., 378 F.3d 944, 949 (9th Cir. 2004); see also 28 U.S.C. § 1447(e).  Because the

MINUTE ORDER  3–

1    Court is granting Plaintiff's motion to join the Mormon Church as a non-diverse defendant,

2    remand is mandatory.  Accordingly, the Court GRANTS the Plaintiff's Motion to Remand,

3    docket no. 5.

4         The Clerk is directed to remand the case to King County Superior Court, Case No. 06-

5    2-09825-1SEA, in accordance with this Order.

6         IT IS SO ORDERED.

7         Filed and entered this 30th day of June, 2006.

8

9                              _Thomas S Zilly_

10                             Thomas S. Zilly
                               United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

MINUTE ORDER  4—

# EXHIBIT D

08/04/98  14:05 FAX 503 224 7324     DUNN CARNEY ONE                                ☑002/012

SC012-1        LF/JMH/ BKB/GER

RECEIVED
AUG 04 1998
DUNN, CARNEY

1   Stephen F. English, OSB 73084
    Lori R. Metz, OSB 85286
2   Karen M. Vickers, OSB 91381
    BULLIVANT, HOUSER, BAILEY
3   A Professional Corporation
    300 Pioneer Tower
4   888 SW Fifth Avenue
    Portland, OR  97204-2089
5   Telephone:  (503) 228-6351
    Facsimile:  (503) 295-0915
6   E-Mail:  stephen.english@bullivant.com
    E-Mail:  lori.metz@bullivant.com
7   E-Mail:  karen.vickers@bullivant.com

8        Attorneys for Defendants

9

10            IN THE UNITED STATES DISTRICT COURT

11            FOR THE DISTRICT OF OREGON

12   JEREMIAH SCOTT,                    )
                                        )
13            Plaintiff,                )
                                        )    Civil No. 98-366-AA
14        v.                            )
                                        )    ANSWER OF DEFENDANTS GREGORY
15   CORPORATION OF THE PRESIDING       )    FOSTER, THE CHURCH OF JESUS
     BISHOP OF THE CHURCH OF JESUS      )    CHRIST OF LATTER-DAY SAINTS,
16   CHRIST OF LATTER DAY SAINTS, a     )    CORPORATION OF THE PRESIDENT
     Utah corporation sole;            )    AND CORPORATION OF THE
17   GREGORY LEE FOSTER, an            )    PRESIDING BISHOP OF THE
     individual; THE CHURCH OF         )    CHURCH OF JESUS CHRIST OF
18   JESUS CHRIST OF LATTER-DAY        )    LATTER-DAY SAINTS TO
     SAINTS, a Utah corporation        )    PLAINTIFF'S THIRD AMENDED
19   sole; THE CORPORATION OF THE      )    COMPLAINT
     PRESIDENT OF THE CHURCH OF        )
20   JESUS CHRIST OF LATTER-DAY        )
     SAINTS, a Utah corporation        )
21   sole,                             )
                                        )
22            Defendants.               )

23        For their Answer to plaintiff's Third Amended

24   Complaint, defendants Corporation of the Presiding Bishop of The

25   Church of Jesus Christ of Latter-day Saints ("CPB"), Corporation

26   of the President of The Church of Jesus Christ of Latter-day

Page 1 -  ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT

BULLIVANT HOUSER BAILEY
A Professional Corporation
888 S.W. Fifth Avenue, Suite 300
Portland, Oregon 97204-2089
Telephone (503) 228-6351

2

Page 173

1   Saints ("COP"), and The Church of Jesus Christ of Latter-day

2   Saints ("the Church") and Gregory Lee Foster ("Foster") (all four

3   are hereinafter collectively referred to as "Defendants") admit,

4   deny and affirmatively allege as follows:

5                              FIRST DEFENSE

6        Defendants respond to the specific allegations of the

7   Third Amended Complaint as follows:

8        1.   Defendants admit that Plaintiff's claim is civil

9   in nature and that Plaintiff alleges that it involves a sum,

10  exclusive of interest and costs, in excess of $75,000, but deny

11  that complete diversity of citizenship exists between the parties

12  to this matter.  Defendants deny the remaining allegations of

13  paragraph 1 of the Third Amended Complaint.

14       2.   Defendants admit that given the allegations of the

15  Complaint, venue appears to be proper in this Court.  Defendants

16  specifically deny that any events or omissions occurred that give

17  rise to any claim.  Defendants deny the remaining allegations of

18  paragraph 2 of the Third Amended Complaint.

19                              PARTIES

20       3.  . Defendants are without knowledge and information

21  sufficient to form a belief as to the truthfulness of the

22  allegations of paragraph 3 and therefore deny the same.

23       4.   Defendants admit that Defendant CPB is a

24  nonprofit, Utah corporation sole organized and existing under the

25  laws of the State of Utah and with its principal operations in

26  Utah.  Defendants also admit that CPB is registered in the State

Page 2 -  ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT

SULLIVANT HOUSER BAILEY
A Professional Corporation
888 S.W. Fifth Avenue, Suite 900
Portland, Oregon 97204-2089
Telephone (503) 228-6351

1   of Oregon.  Defendants deny the remaining allegations of

2   paragraph 4 of the Third Amended Complaint.

3           5.   Defendants admit that Defendant Foster is a

4   resident of Oregon and that he was the Bishop of the Brentwood

5   Ward located in Portland, Oregon.  Defendants deny the remaining

6   allegations of paragraph 5 of the Third Amended Complaint.

7           6.   Defendants deny the allegations of paragraph 6.

8   Defendants affirmatively allege that the Church is an

9   unincorporated association that is not subject to suit.

10          7.   Defendants admit that COP is a nonprofit, Utah

11  corporation sole formed in 1923 with its principal operations in

12  Utah.

13          RELATIONSHIPS BETWEEN THE DEFENDANTS

14          8.   Defendants admit the allegations of paragraph 8,

15  except to add that the Church has over 10 million members in over

16  150 countries.

17          9.   Defendants admit that the LDS Church is a

18  hierarchical church.  Defendants also admit that its highest

19  governing councils and quorum are the First Presidency, the

20  Council of the Twelve Apostles, the First and Second Quorums of

21  the Seventy, and the Presiding Bishopric.  Defendants also admit

22  that local congregation are known as wards or branches and groups

23  of wards or branches constitute stakes or districts.  Defendants

24  deny the remaining allegations of paragraph 9 of the Third

25  Amended Complaint.

26  ///

Page  3 -  ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT

BULLIVANT HOUSER BAILEY
A Professional Corporation
888 S.W. Fifth Avenue, Suite 300
Portland, Oregon 97204-2089
Telephone (503) 228-6351

1          10.   Defendants admit that the Council of the

2     Disposition of Tithes consists of the First Presidency, the

3     Council of Twelve Apostles, and the Presiding Bishopric.

4     Defendants deny the remaining allegations of paragraph 10 of the

5     Third Amended Complaint.

6          11.   Church defendants are without knowledge and

7     information sufficient to form a belief as to the truthfulness of

8     the allegations that the Scotts regularly attended Church

9     meetings and therefore deny the same.  Defendants admit that the

10    Scott family has paid tithing to the Church.  Defendants also

11    admit that the law of tithing requires all to give 10% of their

12    annual increase to the Lord.   Defendants deny the remaining

13    allegations of paragraph 11 of the Third Amended Complaint.

14         12.   Defendants deny the allegations of paragraph 12 of

15    the Third Amended Complaint.

16         13.   Defendants admit that COP and CPB were organized

17    and exist to acquire, hold, and dispose of property on behalf of

18    the Church.  Defendants deny the remaining allegations of

19    paragraph 13 of the Third Amended Complaint.

20         14.   Defendants admit that CPB was organized in 1916 to

21    acquire, hold, and dispose of property for the Church.

22    Defendants also admit that CPB holds title to many ward buildings

23    and related real property.  Defendants deny the remaining

24    allegations of paragraph 14.

25         15.   Defendants deny the allegations of paragraph 15 of

26    the Third Amended Complaint.

Page  4 -  ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT

BULLIVANT HOUSER BAILEY
A Professional Corporation
888 S.W. Fifth Avenue, Suite 300
Portland, Oregon 97204-2089
Telephone (503) 228-6351

1    16.   Defendants admit that a publication entitled

2   "Child Abuse, Helps for Ecclesiastical Leaders" was published in

3   1985.  Defendants deny the remaining allegations of paragraph 16

4   of the Third Amended Complaint.

5        17.   Defendants deny the allegations of paragraph 17 of

6   the Third Amended Complaint.

7                        GENERAL ALLEGATIONS

8        18.   Defendants admit that the Plaintiff and his

9   parents were members of the Brentwood Ward.  Defendants are

10  without knowledge and information sufficient to form a belief as

11  to the truthfulness of the allegations of paragraph 18 and

12  therefore deny the same.

13       19.   Defendant Foster admits that Sandra Scott was a

14  Sunday School instructor.  Defendant Foster denies that Franklyn

15  Richard Curtis was a Sunday School Teacher or that he had other

16  leadership positions in the Brentwood Ward.  Defendants are

17  without knowledge and information sufficient to form a belief as

18  to the truthfulness of the remaining allegations of paragraph 19

19  and therefore deny the same.

20       20.   Defendant Foster admits that Sandra Scott advised

21  him of her intent to have Curtis live with her family.

22  Defendants are without knowledge and information sufficient to

23  form a belief as to the truthfulness of the remaining allegations

24  of paragraph 20 and therefore deny the same.

25       21.   Defendants deny the allegations of paragraph 21 of

26  the Third Amended Complaint.

Page  5 -  ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT

GALLIVANT HOUSER BAILEY
A Professional Corporation
888 S.W. Fifth Avenue, Suite 300
Portland, Oregon 97204-2052
Telephone (503) 228-6351

08/04/98  14:08 FAX 503 224 7324        DUNN CARNEY ONE                    ☎007/012

1        22.   Defendant Foster admits that Curtis lived at the

2  Scott residence for a period of time in 1990.  Defendants are

3  without knowledge and information sufficient to form a belief as

4  to the truthfulness of the remaining allegations of paragraph 22

5  and therefore deny the same.

6        23.   Defendants are without knowledge and information

7  sufficient to form a belief as to the truthfulness of the

8  allegations of paragraph 23 and therefore deny the same.

9        24.   Defendants are without knowledge and information

10  sufficient to form a belief as to the truthfulness of the

11  allegations of paragraph 24 and therefore deny the same.

12        25.   Defendants are without knowledge and information

13  sufficient to form a belief as to the truthfulness of the

14  allegations of paragraph 25 and therefore deny the same.

15        26.   Defendants deny the allegations of paragraph 26 of

16  the Third Amended Complaint.

17        27.   Defendants deny the allegations of paragraph 27 of

18  the Third Amended Complaint.

19        28.   Defendants deny the allegations of paragraph 28 of

20  the Third Amended Complaint.

21        29.   Defendants deny the allegations of paragraph 29 of

22  the Third Amended Complaint.

23        30.   Defendants deny the allegations of paragraph 30 of

24  the Third Amended Complaint.

25        31.   Defendants deny the allegations of paragraph 31 of

26  the Third Amended Complaint.

Page  6 -  ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT

7

1          32.   Defendants deny the allegations of paragraph 32 of
2     the Third Amended Complaint.

3          33.   Defendants deny the allegations of paragraph 33 of
4     the Third Amended Complaint.

5          34.   Defendants deny the allegations of paragraph 34 of
6     the Third Amended Complaint.

7          35.   Defendants deny the allegations of paragraph 35 of
8     the Third Amended Complaint.

9          36.   Defendants deny the allegations of paragraph 36 of
10    the Third Amended Complaint.

11         37.   Defendants deny the allegations of paragraph 37 of
12    the Third Amended Complaint.

13         38.   Defendants deny the allegations of paragraph 38 of
14    the Third Amended Complaint.

15         39.   Defendants deny the allegations of paragraph 39 of
16    the Third Amended Complaint.

17         40.   Defendants deny the allegations of paragraph 40 of
18    the Third Amended Complaint.

19         41.   Defendants deny the allegations of paragraph 41 of
20    the Third Amended Complaint.

21         42.   Defendants deny the allegations of paragraph 42 of
22    the Third Amended Complaint.

23         43.   Defendants deny the allegations of paragraph 43 of
24    the Third Amended Complaint.

25         44.   Defendants deny the allegations of paragraph 44 of
26    the Third Amended Complaint.

Page  7 -  ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT

BULLIVANT HOUSER BAILEY
A Professional Corporation
888 S.W. Fifth Avenue, Suite 300
Portland, Oregon 97204-2089
Telephone (503) 228-6351

1          45.   Defendants deny the allegations of paragraph 45 of

2    the Third Amended Complaint.

3          46.   Defendants deny the allegations of paragraph 46 of

4    the Third Amended Complaint.

5          47.   Defendants deny the allegations of paragraph 47 of

6    the Third Amended Complaint.

7          48.   Defendants deny the allegations of paragraph 48 of

8    the Third Amended Complaint and deny that Plaintiff is entitled

9    to any relief in this matter.

10         49.   Defendants affirmatively deny each and every

11   allegation that has not been specifically admitted herein.

12                    SECOND AFFIRMATIVE DEFENSE

13         This Court lacks jurisdiction over this matter and the

14   Church Defendants, and this action violates constitutional

15   protections under Amendments I, IV, V, and XIV of the United

16   States Constitution, and Article I, §2, §3, §8 and §9 of the

17   Oregon Constitution and federal and state common law.

18                     THIRD AFFIRMATIVE DEFENSE

19         The Complaint fails to state a claim upon which relief

20   can be granted.

21                    FOURTH AFFIRMATIVE DEFENSE

22         Plaintiff's claims for punitive damages violate the

23   Constitutions of the United States and Oregon and federal and

24   state common law principles.

25   ///

26   ///

Page  8 -   ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT

BULLIVANT HOUSER BAILEY
A Professional Corporation
888 S.W. Fifth Avenue, Suite 300
Portland, Oregon 97204-2089
Telephone (503) 228-6351

9

## FIFTH AFFIRMATIVE DEFENSE

1     Plaintiff's Third Amended Complaint is barred, in whole

2  or in part, by the applicable state of limitations or the

3  equitable doctrines of waiver, estoppel and laches.

## SIXTH AFFIRMATIVE DEFENSE

4     Defendants COP, CPB, and the Church are not proper

5  party defendants in this matter.

## SEVENTH AFFIRMATIVE DEFENSE

6     The injury and damages, if any, sustained by plaintiff

7  were caused solely by the negligence or culpable conduct of

8  entities or individuals other than Defendants.

## EIGHTH AFFIRMATIVE DEFENSE

9     Defendants assert the defense of charitable immunity.

## NINTH AFFIRMATIVE DEFENSE

10     No vicarious liability can be imposed upon any of the

11  Church Defendants for any acts or omissions of any other person

12  in connection with this matter.

## TENTH AFFIRMATIVE DEFENSE

13     Defendants assert the defense of comparative fault in

14  that individual and or entities other than the Defendants may

15  have fault in causing the alleged damage suffered by Plaintiff.

## ELEVENTH AFFIRMATIVE DEFENSE

16     Defendants assert the defense that no duty statutory or

17  common law was owed to Plaintiff or breached in this matter.

///

///

Page 9 - ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT

BULLIVANT HOUSER BAILEY
A Professional Corporation
888 S.W. Fifth Avenue, Suite 300
Portland, Oregon 97204-2089
Telephone (503) 228-6351

10

## TWELFTH AFFIRMATIVE DEFENSE

1

2       Defendants assert the defense of potential lack of

3  subject matter jurisdiction or diversity jurisdiction over this

4  matter may be lacking.

5       DATED:  August 4, 1998

6                          BULLIVANT, HOUSER, BAILEY
                           A Professional Corporation
7                          Telephone:  (503) 228-6351

8

9              By _Karen M. Vickers_____
                  Stephen F. English, OSB 73084
10                Lori R. Metz, OSB 85286
                  Karen M. Vickers, OSB 91381

11             Attorneys for Defendants

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

Page  10 - ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT

BULLIVANT HOUSER BAILEY
A Professional Corporation
888 S.W. Fifth Avenue, Suite 300
Portland, Oregon 97204-2089
Telephone (503) 228-6351

11

## CERTIFICATE OF SERVICE

I hereby certify that on August 4, 1998, the foregoing

ANSWER OF DEFENDANTS GREGORY FOSTER, THE CHURCH OF JESUS CHRIST

OF LATTER-DAY SAINTS, CORPORATION OF THE PRESIDENT AND

CORPORATION OF THE PRESIDING BISHOP OF THE CHURCH OF JESUS CHRIST

OF LATTER-DAY SAINTS TO PLAINTIFF'S THIRD AMENDED COMPLAINT was

served on the parties by delivering to their offices, by the

method indicated, copies thereof addressed as follows:

        Gary E. Rhoades                          HAND DELIVERY
        Dunn Carney Allen Higgins & Tongue
        851 SW Sixth Avenue, Suite 1500
        Portland, OR  97204

            Attorneys for Plaintiffs

        Joel T. Salmi                            MAIL
        800 Bellevue Way NE, Ste. 300
        Bellevue, WA 98004

            Attorneys for Plaintiffs


                        _Karen M. Vickers_
                        Karen M. Vickers

                        Attorneys for Defendants




1 -   CERTIFICATE OF SERVICE


                            12

# EXHIBIT E

FILED

98 NOV 30 PH 3: 00

CLERK U.S. DISTRICT COURT
DISTRICT OF OREGON
EUGENE, OREGON

BY_____

DOCKETED

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| JEREMIAH SCOTT, | ) | |
| Plaintiff, | ) | Civil No. 98-366-AA |
| vs. | ) | |
| CORPORATION OF THE PRESIDING BISHOP OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, a Utah corporation sole; GREGORY LEE FOSTER, an individual; THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, a Utah corporation sole; THE CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, a Utah corporation sole, | ) ) ) ) ) ) ) ) ) ) ) | OPINION AND ORDER |
| Defendants. | ) | |

Gary Rhoades
Dunn, Carney, Allen, Higgins & Tongue
851 S.W. Sixth Avenue, Suite 1500
Portland, Oregon 97204-1357
        Attorney for plaintiff

Stephen F. English
Lori R. Metz
Karen M. Vickers
Bullivant, Houser, Bailey
300 Pioneer Tower
888 S.W. Fifth Avenue
Portland, Oregon 97204-2089
        Attorneys for defendants

1 - OPINION AND ORDER

EXHIBIT ____1____

PAGE ____1 OF 6____

1    AIKEN, Judge:

2         Defendants Corporation of the Presiding Bishop of the Church

3    of Jesus Christ of Latter-Day Saints, The Church of Jesus Christ

4    of Latter-Day Saints, and the Corporation of the President of the

5    Church of Jesus Christ of Latter-Day Saints ("church defendants")

6    bring    this    motion    challenging    this    court's    diversity

7    jurisdiction, pursuant to Fed. R. Civ P. 16(a), (c).  The church

8    defendants move this court for a determination as to whether

9    complete diversity exists between the parties.  Rule 16 permits

10.  this court to address issues at an early stage of the litigation

11   in order to "expedit[e] the disposition of this action,"

12   "discourag[e] wasteful pretrial activities," and address "the

13   necessity or desirability of amendments to the pleadings."  Fed.

14   R. Civ. P. 16(a)(1), (2), and (c)(2).  Specifically, the church

15   defendants are concerned that inclusion of The Church of Jesus

16   Christ of Latter-Day Saints ("LDS Church") may destroy diversity

17   jurisdiction in this case.

18                               DISCUSSION

19        All parties agree that plaintiff is a citizen of Washington,

20   that defendant Gregory Lee Foster is a citizen of Oregon, and

21   that defendants Corporation of the Presiding Bishop of the Church

22   of Jesus Christ of Latter-Day Saints and Corporation of the

23   President of the Church of Jesus Christ of Latter-Day Saints are

24   Utah corporations sole.  To this extent, the parties agree that

25   diversity jurisdiction exists.  However, the church defendants

26   have denied the allegation that the LDS Church is a Utah

27   corporation sole.  See Third Amended Complaint, ¶ 6; Defendants'

28   Answer, ¶ 5.  The LDS Church maintains that it is a

2 - OPINION AND ORDER

EXHIBIT ___1___

PAGE _2 OF 6_

1  unincorporated association with millions of members worldwide.

2  *See* Answer, ¶ 8.  The church defendants are concerned that the

3  LDS Church's proper status as an unincorporated association may

4  destroy diversity jurisdiction.

5      The citizenship of an unincorporated association for federal

6  diversity purposes is the citizenship of each of the individual

7  members of the association.  <u>Carden v. Arkoma Assoc.</u>, 494 U.S.

8  185, 189 (1990).  The church defendants argue that, under this

9  rule, the citizenship of the Washington members of the LDS Church

10  must be taken into account and because the Washington members

11  share  citizenship  with  plaintiff,  there  is  not  complete

12  diversity.

13      In  certain  circumstances,  however,  an  unincorporated

14  association may be deemed a citizen of a single state where there

15  is a statute which clothes it with corporate status:

16      Whether a religious society is to be treated as a
        corporation or as an unincorporated association for
17      purposes of determining its citizenship depends on
        state law.  Where, under state statute, church
18      officers are deemed bodies corporate and unincorporated
        religious societies are to have like powers as
19      unincorporated societies with respect to gifts or grants,
        and may elect officers to sue for rights vesting in
20      consequence of such gifts or grants, they are for such
        purposes corporations and citizens of the state for
21      diversity jurisdiction purposes.  On the other hand,
        where an unincorporated religious society is not
22      treated as a corporation by statute, then it is not a
        citizen of the state in its own right, but its
23      citizenship depends upon the citizenship of its members.

24  AmJur2d, Vol. 32A, § 844 (footnotes  and  internal  citations

25  omitted).

26      There is no Oregon or Utah statute that provides the LDS

27  Church with corporate status, and therefore, it may not be deemed

28  a citizen of a single state.

3 - OPINION AND ORDER

**EXHIBIT** ___1___

**PAGE** _3 OF 6_

1    Further, courts have held that mere "capacity to sue" does

2  not establish citizenship for diversity purposes. See Chapman v.

3  Barney, 129 U.S. 677 (1889). The Ninth Circuit has held:

> The citizenship of each member of an unincorporated
> association must be alleged, even though the entity
> might be recognized as having the ability to sue and
> the liability to be sued.

Fifty Associates v. Prudential Ins. Co. of America, 446 F.2d
1187, 1190 (9th Cir. 1970) (internal citation omitted).

The plaintiff does not dispute the church defendants'
argument and concedes that if the LDS Church is, in fact, an
unincorporated association, complete diversity does not exist.

Plaintiff, however, points to an Arizona case where,
plaintiff alleges, the LDS Church "admitted" that it was a "Utah
corporation sole." See The Church of Jesus Christ of Latter-Day
Saints v. Brown, 764 P.2d 759 (Ariz. App. 1988). The church
defendants state that, in fact, the LDS Church had been sued as
"The Church of Jesus Christ of Latter-Day Saints, a corporation."
The LDS Church Answered that complaint by stating that the true
name of this defendant is "THE CORPORATION OF THE PRESIDENT OF
THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, a Utah
corporation (sole)." (Capitalization in original). Plaintiff's
Response Memorandum, Ex. 1, Answer, ¶ 1. There were no "judicial
admissions" made by the LDS Church that it was in fact a
corporation; rather, the LDS Church corrected plaintiffs'
erroneous naming of the wrong defendant by answering in the name
of the proper defendant in that action.

Further, plaintiff requests "credible documentation or
testamentary evidence" that the LDS Church is, in fact, an

4 - OPINION AND ORDER

EXHIBIT _____ 1 _____

PAGE _4 OF 6_

1  unincorporated association.

2      In response, the church defendants attach Certificates of

3  Good Standing for the two defendant corporations named as parties

4  to this lawsuit, The Corporation of the President of the Church

5  of Jesus Christ of Latter-Day Saints, and The Corporation of the

6  Presiding Bishop of the Church of Jesus Christ of Latter-Day

7  Saints.  See Defendants' Reply Memorandum, Exs. 2, 3.  Attached

8  as Exhibit 4 is an Affidavit of Dwayne Liddell, Director of Risk

9  Management.  This Affidavit establishes that although the two

10  previously named corporate defendants are Utah corporations sole,

11  the LDS Church is not, rather, it "is an unincorporated religious

12  association with a worldwide membership of approximately 10

13  million members, including members in all fifty states."

14  Defendants' Reply Memorandum, Ex. 4, Liddell Affidavit at ¶ 4.

15      Once the defendant in a diversity suit has challenged the

16  plaintiff's allegations of diversity of citizenship, and has met

17  its burden of production, as the church defendants have here, the

18  plaintiff has the burden of proving that diversity jurisdiction

19  exists.  Lee v. Moss, 797 F.2d 747, 751 (9th Cir. 1986).

20  Plaintiff has not satisfied this burden.

21                          CONCLUSION

22      The church defendants' motion for judicial determination of

23  diversity jurisdiction (doc. 35) is granted.  Defendant LDS

24  Church defeats diversity jurisdiction in this case.  Plaintiff is

25  allowed ten (10) days from the date of this Order to amend his

26  ///

27  ///

28  ///

5 - OPINION AND ORDER

EXHIBIT ___I___
PAGE _5 OF 6_

1    complaint or to refile this action in state court.    The church

2    defendants' request for oral argument is denied as unnecessary.

3        Dated this 30th day of November 1998.

4

5

6

7        _____

8                 Ann Aiken
         United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

6 - OPINION AND ORDER

EXHIBIT _____1_____
PAGE __6 of 6__

# EXHIBIT F

**1522**　　　　　**741 FEDERAL SUPPLEMENT**

ORDERED that the defendant's motion to dismiss be, and the same hereby is, DENIED.



**CHURCH OF JESUS CHRIST OF LAT-TER-DAY SAINTS, Douglas Bennett, Finley Eversole, Frieda Eversole & Barry Seidel**

**v.**

**JEFFERSON COUNTY, John Katopodis, Chris McNair, David Orange, Reuben Davis & Jim Gunter.**

No. CV89-PT-0711-S.

United States District Court, N.D. Alabama, S.D.

Feb. 7, 1990.

Church which unsuccessfully applied for rezoning to allow development of land for place of worship filed action against county alleging violation of its First and Fourteenth Amendment rights. The District Court, Propst, J., held that First and Fourteenth Amendment rights of church were violated by county's procedure for obtaining rezoning to allow development of land for churches, subject to neighborhood approval, which imposed undue burden on church and was not least restrictive means of achieving governmental purpose.

So ordered.

See also 721 F.Supp. 1212.

Constitutional Law ⊗84.5(18), 278.2(1)
Zoning and Planning ⊗76

Zoning ordinance requiring church to apply for rezoning to allow development of land for place of worship, subject to neighborhood approval, violated the First and

Fourteenth Amendment rights of church; rezoning application process was unduly burdensome and not the least restrictive means of accomplishing the governmental purpose, which could be achieved by establishing zoning areas available to all churches or, at least, having objective standards for making the rezoning determination. U.S.C.A. Const.Amends. 5, 14; Ala. Code 1975, § 22-27-40 et seq.

Donald H. Brockway, Jr., Douglas P. Corretti, Mary D. Hawkins, James R. Scalco, Corretti & Newsom, Birmingham, Ala., for plaintiffs.

Charles S. Wagner, Jeffrey Monroe Sewell, Asst. County Attys., Birmingham, Ala., for defendants.

PROPST, District Judge.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

#### Findings of Fact

This cause came on to be heard at a bench trial. After considering the facts suggested by the parties, objections thereto, and the court's own copious notes, the court finds the following facts:

Plaintiff The Church of Jesus Christ of Latter-Day Saints ("LDS") entered into a contract to purchase from plaintiffs Finley Eversole and Freida S. Eversole ("the Eversoles") a parcel of real estate containing approximately eleven acres located at the northwest corner of Altadena Road and Cahaba River Road (Old U.S. Highway 280 —Florida Short Route) in an unincorporated area of Jefferson County, Alabama. Said tract of land adjoins a single family residential subdivision, and is relatively near U.S. Highway 280 (a four lane highway), and Interstate Highway I-459 and is approximately one-fourth mile from the Alabama State Offices of South Central Bell (Colonnade)[1] and the Colonnade commercial, office and retail development and,

---

1. When the County Commission rezoned the South Central Bell tract across the Cahaba River Road from the "Eversole tract," it required a

strip of residential zoning along Cahaba River Road and permitted no access from the South Central Bell property to Cahaba River Road.

BEST IMAGE POSSIBLE

at the time the federal tax liens were filed. Although the mortgage when originally filed may have been deemed perfected under state law, such a conclusion is not binding upon the United States when asserting priority of its tax liens. *See generally* Annotation, *Federal Tax Lien-Competing Liens,* 94 A.L.R.2d 748, 760 (1964). The court finds there is no genuine issue of material fact concerning the priority of the federal tax liens. Accordingly,

IT IS HEREBY ORDERED that the Government's motion for summary judgment declaring its federal tax liens superior to the defendant's mortgage be, and the same hereby is, GRANTED.



The CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, et al., Plaintiffs,

v.

JEFFERSON COUNTY, ALABAMA, et al., Defendants.

Civ. A. No. 89-AR-0711-S.

United States District Court, N.D. Alabama, S.D.

Sept. 23, 1989.

Vendors of property and purchaser, a church, brought action challenging denial of zoning change to all construction of worship facility on the property. The District Court, Acker, J., held that: (1) no claim for denial of substantive due process could be asserted against persons making zoning decision; (2) there was no taking without just compensation; (3) there was no showing of equal protection; but (4) genuine issue of material fact existed as to whether there had been a violation of church's First Amendment rights.

Ordered accordingly.

**1. Zoning and Planning ⊜351, 610**

Elected officials who vote on zoning request can act for purely political reasons as partisan, political decision making, even by unknowledgeable, closed-minded politicians fearful of harm more than political is automatically deemed rational and thus cannot be arbitrary and capricious unless it is the product of corruption, i.e., the result of an outright bribe, as contrasted to some "legitimate" promise to deliver votes or some "legitimate" threat to withhold votes or to harass the politician "legitimately."

**2. States ⊜4.2**

Fourteenth Amendment siphoned and made applicable to the states the Fifth Amendment prohibition against the taking of private property by a governmental entity without the payment of just compensation and unless due process is afforded. U.S.C.A. Const.Amends. 5, 14.

**3. Eminent Domain ⊜2(1.2)**

There is no taking of property as a result of zoning decision where the property, as zoned, has substantial value and can be exploited economically. U.S.C.A. Const. Amend. 14.

**4. Eminent Domain ⊜277**

Property owners who had not pursued state claim of inverse condemnation had not exhausted their remedy before bring § 1983 action claiming an unconstitutional taking without compensation. 42 U.S.C.A. § 1983; U.S.C.A. Const.Amend. 5.

**5. Constitutional Law ⊜228.2**
**Zoning and Planning ⊜167**

There was no denial of equal protection to those seeking change of zoning to permit construction of worship center in residential area where all applicants for rezoning of property for future construction and operation of a worship center on residential property are turned down. U.S.C.A. Const.Amend. 14.

**6. Constitutional Law ⊜274(3)**

Fourteenth Amendment incorporates the First Amendment and guarantees the right to exercise religion freely. U.S.C.A. Const.Amends. 1, 14.

**CHURCH OF JESUS CHRIST v. JEFFERSON COUNTY, ALA.** **1213**
Cite as 721 F.Supp. 1212 (N.D.Ala. 1989)

**7. Constitutional Law ⬡42.2(1)**

Vendors of property which purchasers wished to use for construction of worship center did not assert violation of First Amendment rights by denial of zoning change and did not have standing to challenge denial on that basis. U.S.C.A.Const. Amend. 1.

**8. Constitutional Law ⬡42.2(1)**

Church which sought to purchase property and to build worship center thereon had standing to complain of violation of First Amendment rights by denial of zoning, even though it did not yet have title to the property. U.S.C.A. Const.Amend. 1.

**9. Federal Civil Procedure ⬡2491.5**

Genuine issues of material fact precluding grant of summary judgment existed as to whether there was a violation of church's First Amendment rights by denial of zoning change for property on which church sought to construct worship center. U.S.C.A. Const.Amend. 1.

———

Douglas P. Corretti, Mary D. Hawkins, James R. Scalco, Corretti & Newsom, Birmingham, Ala., for plaintiffs.

Jeffrey Monroe Sewell, Birmingham, Ala., for defendant Jefferson County, Ala.

Charles S. Wagner, Asst. County Atty., Birmingham, Ala., for all other defendants.

**MEMORANDUM OPINION**

ACKER, District Judge.

This court has for consideration a motion to dismiss or, in the alternative, a motion for summary judgment filed by defendants, Jefferson County, Alabama; David Orange; Reuben Davis; Jim Gunter; John Katopodis; and Chris McNair. The individual defendants are members of the Jefferson County, Alabama, Commission, the governing body of Jefferson County, and are sued in their representative capacities. The court will consider this motion as one invoking Rule 56, F.R.Civ.P.

*Pertinent Undisputed Facts*

Plaintiffs Finley Eversole and Frieda Eversole own real property located in an unincorporated area of Jefferson County, Alabama. Plaintiff, The Church of Jesus Christ of Latter-Day Saints (herein "Church"), entered into a contract with the Eversoles to purchase their said property contingent on obtaining a zoning classification which will permit the construction of a worship facility. Plaintiffs Barry W. Seidel and Douglas Bennett are members of the Church. The Church wishes to construct and maintain a sanctuary and allied structures. The Eversoles' property is zoned E-1 (Estate Residential). Jefferson County's zoning ordinance does not allow churches to be constructed or maintained in an E-1 zone. Consequently, the Church and the Eversoles sought to have the property rezoned to a classification which would permit a place of worship.

Defendants concede that Jefferson County's zoning scheme permits churches only in an Institutional-1 (I-1) zoning district. In other words, to construct a church a property owner must either own property now located within an I-1 zone or have its classification changed to I-1. Defendants do not contradict plaintiffs' allegation that Jefferson County now contains no unoccupied property zoned I-1. Therefore, any proposed new church location in Jefferson County would necessitate a zoning change. (Complaint at 3). In compliance with the procedure provided by state law and the zoning ordinance, plaintiffs applied to the Jefferson County Planning and Zoning Commission to rezone this property. After a hearing, the Planning Commission unanimously recommended to the Commission that plaintiffs' application for rezoning be approved. The Commission then held its own public hearing on April 4, 1989, in accordance with required procedure. Rejecting the recommendation of the Planning Commission, the Commission denied plaintiffs' application for rezoning on a 3–2 vote.

After the Commission's action, plaintiffs filed their complaint in this court, invoking 42 U.S.C. § 1983. They allege the violation

Citation                          Found Document                    Rank 1 of 1                    Database
882 P.2d 1106                                                                                       OK-CS
**(Cite as: 882 P.2d 1106)**

Harold Ralph STOTTS, Esther Elizabeth Stotts, individually and as parents and
next friend[s] of Matthew John Stotts, a minor, Plaintiffs,

v.

CHURCH OF JESUS CHRIST OF LATTER DAY SAINTS and Gregory Louis Turner,
Appellants and Third-Party Plaintiffs,

v.

LINDSEY CONSTRUCTION CO., INC., and Advanced Warnings, Inc., Appellees.

No. 83931.

Released for Publication by Order of the Court
of Appeals of Oklahoma, Division No. 1.

Court of Appeals of Oklahoma,
Division No. 1.

Sept. 13, 1994.

In personal injury action arising from automobile accident, defendants filed combined answer and third-party petition in
which they denied they were negligent and also impleaded construction company and sign company, alleging that they
had been negligent in manner that they warned motorists about ongoing construction work on street where accident
occurred. The District Court, Muskogee County, William H. Bliss, J., granted third-party defendants' motions to dismiss
third-party complaint. Defendants appealed. The Court of Appeals, Jones, J., held that: (1) fact that defendants denied
all liability for negligence alleged by plaintiff did not preclude defendants' third-party claim for contribution, and (2)
construction company waived any argument it may have had that third-party petition failed to state cognizable claim for
contribution.

Reversed and remanded.

Stotts v. Church of Jesus Christ of Latter Day Saints
[1]
96    CONTRIBUTION
96k9    Actions
96k9(.5)  k. In general.
Okl.App.,1994.
Third-party plaintiff need not state present claim for relief against third- party defendant;  rather, applicable statute
requires only that third-party defendant "is or may be liable" to third-party plaintiff "for all or part of" liability that
plaintiff in main action seeks to establish. 12 Okl.St.Ann. § 2014, subd. A.

Stotts v. Church of Jesus Christ of Latter Day Saints
[1]
96    CONTRIBUTION
96k9    Actions
96k9(3)  k. Time for bringing action.
Okl.App.,1994.
Third-party plaintiff need not state present claim for relief against third- party defendant;  rather, applicable statute
requires only that third-party defendant "is or may be liable" to third-party plaintiff "for all or part of" liability that
plaintiff in main action seeks to establish. 12 Okl.St.Ann. § 2014, subd. A.

Stotts v. Church of Jesus Christ of Latter Day Saints
[2]
287    PARTIES
287IV    New Parties and Change of Parties
287k49    Bringing in New Parties

Copr. © West 1998 No Claim to Orig. U.S. Govt. Works

882 P.2d 1106
(Cite as: 882 P.2d 1106)

287k56  k. Proceedings in cause after adding parties.
Okl.App.,1994.
Combined answer and third-party petition is not subject to dismissal merely because it includes both denial of negligence in answer to plaintiff's allegations, and assertion of contribution rights over against third-party defendant. 12 Okl.St.Ann. §§ 2008, subd. E, par. 2, 2014, subd. A.

Stotts v. Church of Jesus Christ of Latter Day Saints
[3]
287   PARTIES
287IV   New Parties and Change of Parties
287k49   Bringing in New Parties
287k56  k. Proceedings in cause after adding parties.
Okl.App.,1994.
Third-party petition, just as original petition, should not be dismissed for failure to state claim unless it appears beyond doubt that third-party plaintiff can prove no set of facts in support of its claim that would entitle third-party plaintiff to relief. 12 Okl.St.Ann. § 2014, subd. A.

Stotts v. Church of Jesus Christ of Latter Day Saints
[4]
287   PARTIES
287IV   New Parties and Change of Parties
287k49   Bringing in New Parties
287k56  k. Proceedings in cause after adding parties.
Okl.App.,1994.
By delaying its quest for dismissal of third-party petition beyond date it answered, and by omitting its grounds for dismissal from its answer, third- party defendant waived any argument it may have had that third-party petition failed to state cognizable claim for contribution. 12 Okl.St.Ann. § 2012, subd. F, par. 1b.
*1107 Appeal from the District Court of Muskogee County; William H. Bliss, District Judge.

REVERSED AND REMANDED.

Dan S. Folluo and Edward J. Main, Secrest, Hill & Folluo, Tulsa, for appellants.

Ronald D. Wood, Ronald D. Wood & Associates, Tulsa, for appellee, Advanced Warnings, Inc.

Stephen C. Wilkerson, Knight, Wilkerson & Parrish, Tulsa, for appellee, Lindsey Const. Co., Inc.

MEMORANDUM OPINION

JONES, Judge:

 On May 4, 1992, a vehicle driven by Harold Ralph Stotts collided with a vehicle driven by Gregory Turner.  Turner was driving a vehicle on behalf of the Church of Jesus Christ of Latter Day Saints ["Church"].  Stotts sued Turner and Church for negligence.  Church and Stotts filed a combined answer and third-party petition in which they denied they were negligent and also impleaded Appellees Lindsey Construction Company and Advanced Warnings, Inc. Appellants' third-party petition alleged Lindsey Construction and Advanced Warnings had been negligent in the manner that they warned motorists about ongoing construction work on the street where the accident occurred, and in other respects which would be disclosed by discovery.  Advanced Warnings moved to dismiss Church's third-party petition, arguing that a third-party claim for contribution will not lie when the third-party plaintiff denies all liability for the negligence alleged by the plaintiff.  The trial court granted the motion.  Appellants filed a motion for new trial to challenge that ruling. Lindsey Construction, which had previously answered and cross-claimed against Advanced Warnings, then filed its own motion to dismiss, relying on the arguments and authorities previously made by Advanced Warnings.  The trial court, by combined order, granted Lindsey Construction's motion to dismiss, and denied Appellants' motion for new trial.

Copr. © West 1998 No Claim to Orig. U.S. Govt. Works

882 P.2d 1106
(Cite as: 882 P.2d 1106, *1107)

Page 10

We hold that Appellants' third-party petition stated a claim against Advanced Warnings and Lindsey Construction, and the trial court erred by dismissing the third-party petition.

Third-party practice in Oklahoma is governed by the following general provision of the Pleading Code:

At any time after commencement of the action a defending party, as a third- party plaintiff, may cause a summons and petition to be served upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him or who is liable to him on a claim arising out of the transaction or occurrence that is the subject matter of a claim that is asserted against him....
12 O.S.1991 § 2014(A).

[1] A third-party plaintiff need not state a present claim for relief against third-party defendant(s). Section 2014 requires only that the third-party defendant "is or may be *1108 liable" to the third-party plaintiff "for all or part of" of the liability which the plaintiff in the main action seeks to establish. Third-party practice in this way "accelerates" the presentation of the comparative rights between third-party plaintiff and third- party defendant. See 3 Moore's Federal Practice ¶ 14.08 (1994). Impleader "may also accelerate the right of contribution among joint tortfeasors even though such right is 'inchoate, unascertainable and contingent until [the joint tort-feasor] pays more than his proportionate share of the common liability.' " Id., at 14-61 [footnote omitted]; Oklahoma Gas & Electric Co. v. District Court, 784 P.2d 61, 66 n. 22 (Okla.1989).

Contribution among joint tortfeasors is a right which exists "even though judgment has not [yet] been recovered against [the joint tortfeasor]." The fact that a claim for contribution may not accrue until the judgment's rendition does not bar the earlier assertion of the claim. The right of contribution may be asserted before judgment as either a permissive counterclaim, crossclaim, or as a third-party action.
Id., 784 P.2d at 67.

Appellees misread this Court's decision in Daugherty v. Farmers Cooperative

Copr. © West 1998 No Claim to Orig. U.S. Govt. Works

# BULKY SUB

CASE # **06-2-18131-0 KNT**

SEGMENT **2** OF **2**