1

2

3

4

FILED

07 JAN 29 PM 4:48

KING COUNTY
SUPERIOR COURT CLERK
KENT, WA

5

6        SUPERIOR COURT OF THE STATE OF WASHINGTON
7                        FOR KING COUNTY

8    D.F.,                              | NO. 06-2-18131-0 KNT

9              Plaintiff,               | PLAINTIFF'S MEMORANDUM IN
                                        | OPPOSITION TO CORPORATION OF
10   v.                                 | THE PRESIDENT OF THE CHURCH
                                        | OF JESUS CHRIST OF LATTER-DAY
11   THE CORPORATION OF THE PRESIDENT OF| SAINTS' MOTION TO DISMISS
     THE CHURCH OF JESUS CHRIST OF      | AND/OR FOR SUMMARY JUDGMENT
12   LATTER-DAY SAINTS, a Utah Corporation
     sole; and the "MORMON CHURCH" THE  | NOTED FOR: FEBRUARY 9, 2007
13   CHURCH OF JESUS CHRIST OF LATTER-  |              9:00 A.M.
14   DAY SAINTS, an unincorporated association,
                                        | THE HONORABLE LAURA INVEEN
15             Defendants.

16

17                    I.    INTRODUCTION

18        Defendant Corporation of the President of the Church of Jesus Christ of Latter-day

19   Saints' ("COP") Motion to Dismiss and/or Motion for Summary Judgment is nothing more

20   than an attempt to paint plaintiff and plaintiff's counsel in a false light to this court. As

21   discussed in more detail below, this Court should deny COP's motion for the following

22   reasons: 1) the issues raised herein have already been briefed, considered and addressed by a

23   Judge Thomas Zilly, 2) COP's argument that the Church is not "doing business" in the State of

24   Washington is incorrect; and 3) COP's claim that the Church, "as a practical matter," cannot

25   be sued is disingenuous, as the Church has sued and has been sued no less than 11 times.

26

PLTF. OPP. TO DEF. MSJ - 1
06-2-18131-0 KNT
[175168 v6.doc]

ORIGINAL

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

Dockets.Justia.com

## II.   STATEMENT OF RELEVANT FACTS

Defendant cites to several other recent cases filed by plaintiff's counsel in an attempt to support its argument that plaintiff's naming of the Church is simply an attempt at forum shopping. However, Defendant conveniently fails to provide the Court with all the relevant procedural facts in those cases. A complete understanding of the procedural facts and relevant timelines in those cases demonstrates that Defendant's allegations of forum shopping are baseless.

Plaintiff filed this lawsuit on June 1, 2006, naming both COP and the Mormon Church. As noted by defendant, Plaintiff's counsel also represents the plaintiff in the matter of *Rinde v. The Corporation of President of the Church of Jesus Christ of Latter-day Saints, et al.* (King Co. Sup. Ct. 06-2-09825-1). The *Rinde* matter was filed on March 22, 2006.

As Defendant is aware, in filing the *Rinde* complaint, plaintiff intended to name both COP and the Mormon Church itself.[1] Despite this knowledge (and despite knowing the inclusion of the Mormon Church would defeat diversity), COP removed the matter to federal court. COP's removal was based on its determination that the plaintiff had named only one defendant – COP – and that complete diversity existed. Plaintiff then filed a Motion to Amend to Clarify Status of Defendants and for Remand. Plaintiff's primary position (communicated to COP prior to the removal)[2] that the plaintiff had, indeed, named the Mormon Church as a defendant.[3] In ruling on the Motion to Amend/Remand, Judge Zilly did

---

[1] Declaration of Michelle A. Menely at **Exhibit A**.

[2] At about the time COP appeared in that action, a telephone conversation occurred between plaintiff's counsel, Tim Kosnoff, and defense counsel, Chuck Gordon. During that conversation, defense counsel advised that it was COP's intention to remove the action to federal court. In response, Kosnoff, specifically advised Gordon that the Mormon Church, itself, was a named defendant and that diversity did not exist. *See*, Declaration of Tim Kosnoff, ¶2 (filed in support of Reply to Opposition to Motion to Amend/Remand (U.S.D.C. Dkt No. 9) attached as **Exhibit B** (without attachments) to the Declaration of Michelle A. Menely, filed herewith.

[3] A copy of Plaintiffs' Motion to Amend/Remand, along with the Reply Brief is attached to the Menely Declaration as **Exhibit B-1**.

PLTF. OPP. TO DEF. MSJ - 2
06-2-18131-0 KNT
[175168 v6.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON  98101-4185
(206) 676-7500 · FACSIMILE (206) 676-7575

not agree that the plaintiff had originally named the Mormon Church, but allowed plaintiff to amend, which amendment necessitated remand to King County.[4]

Approximately five months **after** the briefing on the Motion to Amend/Remand motion was complete in the *Rinde* matter, counsel for the parties to this case began trying another case – *R.K. vs. Corporation of the President of the Church of Jesus Christ of Latter day Saints.*[5] In the week or two prior to the commencement of the trial, the parties exchanged proposed jury instructions – including the instruction in which COP admitted it "stands in the shoes of the Church."[6]

### III. ARGUMENT

**A. EVENTS THAT OCCURRED AFTER THE TIME THE MOTION TO AMEND/REMAND IN THE *RINDE* MATTER WAS BRIEFED DO NOT RENDER PLAINTIFF'S ASSERTIONS AS MISREPRESENTATIONS.**

While irrelevant to this matter, COP's allegations that plaintiff's counsel "misrepresented" facts in the *Rinde* motion are wholly incorrect and must be corrected in light of COP's apparent intention to use such allegations to unjustly paint the plaintiff in this matter in a bad light. COP supports its offensive assertion by pointing to the language of a jury instruction that was submitted approximately five months **after** the briefing was completed on the Motion to Amend/Remand in the *Rinde* matter. It is beyond dispute that a statement (or admission) made five months after a pleading was filed does not render statements in the original pleading "misrepresentations." In this circumstance, defendant's assertion is disingenuous at best and, at worst, it is an attempt to poison this Court as to the veracity of plaintiff's counsel. Defendant's attempt should be disregarded.

---

[4] Menely Decl. at **Exhibit C**. Judge Zilly allowed Plaintiff to amend its Complaint and join the Mormon Church because – among other reasons – "[t]he absence of the Mormon Church as a named defendant could preclude Mr. Rinde from recovering damages for any fault attributable to the Mormon Church." *Id.* at 2:20-22. Despite defendant's allegation of "forum shopping" Judge Zilly declined to "impute an improper motive to Plaintiff." *Id.* at 3:1-2.

[5] The case was set for trial to commence on October 2, 2006. Menely Decl., ¶4.

[6] *Id.*

PLTF. OPP. TO DEF. MSJ - 3
06-2-18131-0 KNT
[175168 v6.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 • FACSIMILE (206) 676-7575

Furthermore, defendant's assertion that it could not "rebut" this alleged falsehood is incorrect. Fed Civ. R. 7(g) provides the parties with an ability to file a sur-reply to strike materials contained in a reply brief. One would presume that defendant would have filed a Motion to Strike if they truly believed that the reply brief contained misrepresentations which swayed Judge Zilly's decision.

**B.    PLAINTIFF HAS THE RIGHT TO NAME DEFENDANTS AS HE SEES FIT.**

Defendant asserts that because plaintiff has named COP in this action, the inclusion of the Mormon Church is futile. However, at least prior to the proposed jury instruction, plaintiff could not know whether COP would defend this claim by asserting that it did not prescribe the policies and practices of the local wards of the Mormon Church or that it is not the entity responsible for the acts or inactions of the Bishops, Stake Presidents, or other officials involved in this case. If so, and if COP successfully defended this action by asserting that agents of the "Mormon Church" – and not COP – were responsible for plaintiff's injuries, plaintiff would be left with an "empty chair" entity. Plaintiff should not be placed in that position.

Furthermore, while COP now admits that "legally it stands in the shoes of the Church" plaintiff is unsure what this means for purposes of this (and other) continuing cases. Does COP now admit, **for all purposes – and for all cases –** that **any** person or entity who would otherwise be an agent of the Mormon Church is an agent of COP? Does COP stipulate that such admission applies to evidentiary issues?[7] If so, plaintiff offers to dismiss the Mormon Church, itself, from this litigation.[8] However, in the absence of an **unequivocal** stipulation

---

[7] For example, if the Mormon Church were a defendant and if a statement by a member would qualify as an "admission of a party opponent (the Mormon Church)" would COP stipulate that such statement would be an admission for purposes of COP?

[8] However, in the interest of full disclosure, due, in part, to events which occurred during the *R.K.* trial, and due, in part, to the result in the *R.K.* matter, plaintiff is considering moving to consolidate this case and another matter which is factually intertwined, *K.F. vs. Estate of Allenbach,* King County Cause No. 06-2-18132-8 KNT.

PLTF. OPP. TO DEF. MSJ - 4
06-2-18131-0 KNT
[175168 v6.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON  98101-4185
(206) 676-7500 · FACSIMILE (206) 676-7575

regarding the relationship between COP and members of the Mormon Church, plaintiff must be allowed to pursue the litigation strategies of his choice.[9]

### C. COP (AND THE MORMON CHURCH) SHOULD BE JUDICIALLY ESTOPPED FROM ARGUING THAT THE MORMON CHURCH IS NOT AN ENTITY THAT CAN SUE OR BE SUED.

"Judicial estoppel is an equitable doctrine that precludes a party from gaining advantage by asserting one position in a court proceeding and later seeking a second advantage by taking a clearly inconsistent position." *City of Spokane v. Marr*, 129 Wn.App. 890, 893, 120 P.3d 652 (2005) citing *Johnson v. Si-Cor, Inc.*, 107 Wn. App. 902, 906, 28 P.3d 832 (2001). The doctrine applies "only if a litigant's prior inconsistent position benefited the litigant or was accepted by the court." *Id.* Here, for the reasons discussed below, COP should be judicially estopped from asserting that the Mormon Church is not an entity that can be sued.

### (1) *SCOTT V. COP* – COP IMPLIEDLY ARGUED FOR THE OPPOSITE.

In the case of *Scott v. Corporation of the Presiding Bishop of the Church of Jesus Christ of Latter-Day Saints*, U.S.D.C., District of Oregon (Cause No. 98-366AA) the plaintiff named four defendants (1) the Corporation of the Presiding Bishop, (2) **the Mormon Church**, (3) the Corporation of the President of the Church of Jesus Christ of Latter-Day saints, and (4) Gregory Lee Foster. All four defendants appeared and answered the Complaint.[10] The defendants in that action – including COP – then brought a motion for determination of diversity. In bringing the motion, COP asserted that it was "concerned" that

---

[9] The fact that plaintiff's counsel has, or has not, included the Mormon Church as a defendant in prior actions is not dispositive of whether plaintiff should be permitted to do so in this case. Plaintiff's counsel should not be required to divulge their litigation strategies and theories to defense counsel. However, lest plaintiff be accused of agreeing with defendant's assertion, plaintiff points out that theories and strategies relating to prosecution of clergy sex abuse cases are evolving over time. The *Doe* and *R.K.* matters were filed years ago (in 2002 and 2004, respectively) and plaintiff's counsel's theories and strategies have been evolving during that time frame. With respect to the *David Ames* case, counsel in this case are not directing the litigation strategies of the New Jersey counsel.

[10] Menely Decl. at **Exhibit D**.

PLTF. OPP. TO DEF. MSJ - 5
06-2-18131-0 KNT
[175168 v6.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 · FACSIMILE (206) 676-7575

inclusion of the Mormon Church destroyed diversity.[11]  In rendering the decision, the judge in *Scott* agreed that the inclusion of the Mormon Church destroyed diversity and remanded the matter to the Oregon Superior Court.  By raising the issue in the manner it did, and by obtaining a remand as a result, COP impliedly argued that the Mormon Church was a properly-named defendant.  COP cannot now take the exact opposite position.  Its motion to dismiss should be denied for this reason alone.

### (2) OTHER REPORTED CASES.

Defendant asserts that because COP exists, the Mormon Church is not an entity that can sue or be sued.  In support of this assertion, COP asserts that it is the entity that has employees and possesses assets (and that the Mormon Church, itself, has none).[12]  However, reported cases from around the country indicate that the Mormon Church itself: 1) has been involved in litigation, both as a plaintiff and as a defendant; 2) has employees; and 3) possesses assets.

The Mormon Church, itself, is the named **plaintiff** in the following actions:[13]

- *Church of Jesus Christ of Latter-day Saints vs. Jefferson County*, 741 F. Supp. 1522 (N.D. Ala. 1990) ("church which unsuccessfully applied for rezoning to allow development of land for place of worship filed action against county....");

- *Church of Jesus Christ of Latter-day Saints vs. Jefferson County, Alabama*, 721 F. Supp. 1212 (N.D. Ala. 1989) ("vendors of property and purchaser, a church, brought action challenging denial of zoning change to all construction of worship facility on the property....");

- *Stotts v. Church of Jesus Christ of Latter-day Saints vs. Lindsey Constr. Co.*, 882 P.2d 1106 (Okla. App. 1984) (in defending claim against it, church defendant instituted a third-party complaint):

---

[11] **Menely Decl., Exhibit E**, pg. 2:15-17.

[12] *Id.* at 2:5-22.

[13] Menely Decl. at **Exhibit F**.

PLTF. OPP. TO DEF. MSJ - 6
06-2-18131-0 KNT
[175168 v6.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

It is disingenuous for the COP (on behalf of the Mormon Church) to "pick and choose" – claiming that the Mormon Church is an entity capable of suing – and suing in its own name when it suits the Church's purpose – but then denying that it can be sued when it does not suit the Church's purpose. The mere fact that the Mormon Church has elected to sue in its own name should judicially estop it from arguing that it is not an entity that can be sued.

The Mormon Church, itself, was the named defendant in the following cases:[14]

- *Davis v. Church of Jesus Christ of Latter-day Saints*, 852 P.2d 640 (Mont. 1993) (defending fraud claim);

- *Hotaling v. Church of Jesus Christ of Latter-day Saints*, 118 F.3d 1999 (4th Cir. 1997) (defending copyright infringement action);

- *Church of Jesus Christ of Latter-day Saints v. Superior Court of State of Arizona*, 714 P.2d 431 (Ariz. App. 1985) (defending claim of parents of child who was killed after being struck by an automobile when he rode his bicycle from church parking lot into city street);

- *Church of Jesus of Latter-day Saints v. Superior Court of State of Arizona*, 764 P.2d 759 (Ariz. App. 1988) (defending claim by mother of victim of child abuse).

The reported cases indicate that the Mormon Church, the unincorporated entity, **has employees:**[15]

- *Church of Jesus Christ of Latter-day Saints vs. Industrial Commission of Arizona*, 724 P.2d 581 (Ariz. App. 1986) (claimant was "injured while **employed** by the Church of Jesus Christ of Latter-Day Saints....") (emphasis added);

- *Church of Jesus Christ of Latter-day Saints vs. Industrial Comm'n of Utah*, 590 P.2d 328 (Utah 1979) (case involved workman's compensation claim by person who was "**employed** by Plaintiff [the Church]") (emphasis added);

---

[14] Menely Decl at **Exhibit G**.

[15] Menely Decl. at **Exhibit H**.

PLTF. OPP. TO DEF. MSJ - 7
06-2-18131-0 KNT
[175168 v6.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7600 · FACSIMILE (206) 676-7575

- *Schmoyer v. Church of Jesus Christ of Latter-day Saints*, 343 S.E.2d 551 (N.C. App. 1986) (plaintiff's-decedent was "**employed as a custodian** at the Church of Jesus Christ of Latter-Day Saints.") (emphasis added.)

Finally, the issue of whether the Mormon Church itself **has assets** was called into question by at least one reported case: *Church of Jesus Christ of Latter-Day Saints v. Scarborough*, 189 F.2d (1951) (plaintiff brought action against the Church to "recover $7000 which **was on deposit** with the Church....") (emphasis added).[16]

Where the Mormon Church has, itself, instituted (and defended) prior actions, it disingenuous, at best, to assert that it not an entity capable of being sued.  At a minimum, the very existence of the other cases demonstrates that there is a question of fact on the issue of whether the Church itself can be sued.

**D.    THE MORMON CHURCH IS AN UNINCORPORATED ASSOCIATION.**

The determination of whether the "Mormon Church" is an unincorporated association has already been determined.  First, in the *Rinde* matter Judge Zilly, relying on defendant's own admissions, specifically held that the Mormon Church is an unincorporated association with members in all 50 states.[17]  Moreover, in *Scott v. Corporation of the Presiding Bishop of the Church of Jesus Christ of Latter-day Saints, et. al.,* defendant affirmatively declared that the Mormon Church is an incorporated association, stating "[t]he Church of Jesus Christ of Latter-day Saints **is an unincorporated religious association** with a worldwide membership .... "[18]  In fact, in the *Scott* case, the defendant affirmatively stated "Defendants **would affirmatively represent to this court that the proper defendant herein is the unincorporated association** of the Brentwood Ward of the Portland Oregon State."[19]

---

[16] Menely Decl. at **Exhibit I**.

[17] Menely Decl., **Exhibit C**, pg. 2, ll. 1-2.

[18] Menely Decl. at **Exhibit J** at pg. 3, ll. 4-10; **Exhibit K** at ¶4.

[19] **Exhibit J** at footnote 1.

PLTF. OPP. TO DEF. MSJ - 8
06-2-18131-0 KNT
[175168 v6.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

1    Accordingly defendant is now estopped from arguing that the "Church is not an

2    unincorporated association."

3    E.    **THE MORMON CHURCH CAN BE SUED AND IT "DOES BUSINESS" WITHIN THE**

4          **STATE OF WASHINGTON.**

5          RCW 4.28.080 provides the process by which a defendant can be served with

6    process. That statute provides, in pertinent part: (1) If the suit be against a[n] .... **association**

7    doing business within this state, to **any agent**, cashier or secretary thereof.

8          The issue of whether an entity "does business" in Washington generally arises in the

9    context of whether jurisdiction can be obtained over the defendant under the long-arm statute.

10   While the issue in this case is not jurisdiction, that case law provides guidance as to when an

11   entity is "doing business" in this state. Under the long-arm statute, a foreign corporation is

12   subject to jurisdiction of this state if the corporation "transacts business in this state. . . ."

13   *Washington Equip. Mfg. Co. v. Concrete Placing Co.,* 85 Wn. App. 240, 246, 931 P.2d 170

14   (1997).[20] A foreign corporation "transacts business" in this state if it "purposefully avail[s]

15   itself of the benefits of this state. . . ." *Id.* The determination of whether a corporation

16   "purposefully avails" itself generally turns on whether the corporate entity actually sought

17   Washington business. *Id.* Here, there can be no real question as to whether the Mormon

18   Church meets this test.

19         First, the Mormon Church actively recruits Washington citizens into membership

20   into the Church through its Missionary program.[21] Second, the members are **required** to pay

21   one-tenth of their gross income to the Church.[22] In fact, the Church actually audits the

22

23   ───────────────────

24   [20] The *Washington Equip.* case went on to address the other criteria for assertion of jurisdiction over a foreign
     corporation. The issue here is not whether jurisdiction is properly asserted, it is whether the Mormon Church
     "does business" within this state. Consequently, analysis of the other factors relating to jurisdiction are not
25   included herein.

     [21] Menely Decl., **Exhibit L** at 7-4 and 7-5.

26   [22] Menely Decl., **Exhibit L** at 9-1.

PLTF. OPP. TO DEF. MSJ - 9
06-2-18131-0 KNT
[175168 v6.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

members to ensure the members are complying with their mandatory tithing requirements.[23] Interestingly, in certain circumstances, the Mormon Church will even accept "marketable real estate" as payment of the requisite tithe.[24] The tithing is paid directly to the member's "ward," and the "ward" then deposits those funds into a local checking account and all funds are to be handled through that checking account (prior to transfer to Church headquarters).[25]

The tithing money is used, among other things, to provide welfare services to needy members within that Ward.[26] These welfare services include "food, clothing, shelter, medical assistance, or other life-sustaining aid for the needy."[27] Presumably, in order to pay for food for its members, the ward must spend money at a store to purchase that food. The same holds true for clothing, shelter, medical assistance, and other life-sustaining aid for the needy.

The fact that the Mormon Church has assets and does business in the State of Washington is further exemplified by the fact that each ward has financial records and a budget.[28] The wards do business in the state, as the ward must "operate on a budget" and ensure that "projected expenses do not exceed anticipated income."[29] It makes no sense for the ward to have a budget, if it is not spending money, and thus doing business within the State of Washington.

Where the Mormon Church is requiring all members in the State of Washington to pay it ten percent of its annual gross income, and to pay that money directly to the appropriate ward of the church, it defies logic to state that it is not "doing business" in the State of Washington.

---

[23] Menely Decl., **Exhibit L** at 9-1.

[24] Menely Decl., **Exhibit L** at 9-3.

[25] Menely Decl., **Exhibit L** at 9-1, 9-2, 9-3.

[26] Menely Decl. at **Exhibit L** at 9-1.

[27] Menely Decl. at **Exhibit L** at 9-1.

[28] Menely Decl. at **Exhibit L** at 1-2, 1-3, 1-4,1-5,9-1, and 9-2.

[29] Menely Decl. at **Exhibit L** at 9-2.

PLTF. OPP. TO DEF. MSJ - 10
06-2-18131-0 KNT
[175168 v6.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

**F.    THE MORMON CHURCH CAN BE SERVED WITH PROCESS.**

Because the Mormon Church "does business" in the State of Washington, Plaintiff can serve the Mormon Church by serving any agent of the Church. See RCW 4.28.080. The Mormon Church has multiple agents within this state – any Bishop or other clergy would suffice. Here, plaintiff served Gordon Conger as agent for the Church. Mr. Conger served as the Seattle Temple President for the Mormon Church from 2001 to 2004.[30] The Mormon Church has identified Gordon Conger as its "spokesman" for several prominent sexual abuse cases, including cases brought by the same firm who represents Plaintiff in this case.[31] Plaintiff has served Conger as "an agent" for the Mormon Church and doing so is sufficient service of process.

**G.    ARGUMENT IN FRONT OF THE SAME JUDGES**

Plaintiff defers to this Court regarding COP's unorthodox proposal that it hear this motion concurrently with the nearly-identical Motion to Dismiss to be heard by the William L. Downing, but is confident that both judges are capable of making individual, independent decisions.

\* \* \* \* \* \* \*

\* \* \* \* \* \*

\* \* \* \* \*

\* \* \* \*

\* \* \*

\* \*

\*

---

[30] Menely Decl. at **Exhibit M.**

[31] Menely Decl. at **Exhibit N.**

PLTF. OPP. TO DEF. MSJ - 11
06-2-18131-0 KNT
[175168 v6.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

## IV.  CONCLUSION

For the above stated reasons, plaintiff respectfully requests that this Court DENY

COP's Motion to Dismiss and/or for Summary Judgment.

RESPECTFULLY SUBMITTED this _29th_ day of January 2007.

GORDON, THOMAS, HONEYWELL,
MALANCA, PETERSON & DAHEIM LLP

By _Michelle Menely_
       Michael T. Pfau, WSBA No. 24649
       mpfau@gth-law.com
       Michelle A. Menely, WSBA No. 28353
       mmenely@gth-law.com
       Yvonne M. Mattson, WSBA No. 35322
       ymattson@gth-law.com
       Co-Counsel for Plaintiff

LAW OFFICES OF TIMOTHY D. KOSNOFF

By _Timothy D. Kosnoff_
       Timothy D. Kosnoff, WSBA No. 16586
       timkosnoff@comcast.net
       Co-Counsel for Plaintiff

PLTF. OPP. TO DEF. MSJ - 12
06-2-18131-0 KNT
[175168 v6.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON  98101-4185
(206) 676-7500 • FACSIMILE (206) 676-7575

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

## CERTIFICATE OF SERVICE

THIS IS TO CERTIFY that on this 29 day of January, 2007, I did serve true and correct copies of the foregoing via facsimile and via ABC Legal Messengers by directing delivery to and addressed to the following:

**Counsel for COP.:**
Charles Gordon, Esq.
JEFFREY TILDEN, Esq
GORDON MURRAY TILDEN
1325 Fourth Avenue, Suite 1800
Seattle, WA 98101
TEL:    206.467.6477
FAX:    206.467.6292


Fara Fusaro
Legal Assistant to Michelle A. Menely

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON  98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

FILED

07 FEB -6 AM 11: 19

...G COUNTY
SUPERIOR COURT CLERK
KENT, WA

The Honorable Laura C. Inveen

SUPERIOR COURT OF THE STATE OF WASHINGTON
FOR KING COUNTY

D.F.,

          Plaintiff,

       v.

THE CORPORATION OF THE PRESDIENT
OF THE CHURCH OF JESUS CHRIST OF
LATTER-DAY SAINTS, a Utah corporation
sole; LDS SOCIAL SERVICES a/k/a LDS
FAMILY SERVICES, a Utah corporation; and
the "MORMON CHURCH" THE CHURCH
OF JESUS CHRIST OF LATTER-DAY
SAINTS, an unincorporated association,

          Defendants.

NO. 06-2-18131-0 KNT

SECOND DECLARATION OF PAUL
D. RYTTING IN SUPPORT OF
REPLY BRIEF IN SUPPORT OF
MOTION TO DISMISS AND/OR
MOTION FOR SUMMARY
JUDGMENT

I, Paul D. Rytting, declare as follows:

    1.    My name is Paul D. Rytting. I am over the age of eighteen, and I make these

statements based upon personal knowledge.

    2.    I have been a member of The Church of Jesus Christ of Latter-day Saints ("the

Church") all of my life. I currently function as the Director of the Church's Risk Management

Division and have served in similar positions for fifteen years.

SECOND DECLARATION OF PAUL D. RYTTING IN
SUPPORT OF REPLY BRIEF IN SUPPORT OF MOTION TO
DISMISS AND/OR MOTION FOR SUMMARY JUDGMENT - 1
Page 274

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154-1007
Phone (206) 467-6477
Fax (206) 467-6292

3.    I also serve as the bishop of my ward (congregation) of the Church in the Salt Lake area and am familiar with the corporate organization of Corporation of the President of The Church of Jesus Christ of Latter-day Saints ("COP"), the organization of the Church, the financial operations of local wards, and the polity, policy, and beliefs of the Church.

4.    Missionary work is a deep spiritual obligation of every member of the Church.

5.    The payment of tithing is a spiritual obligation and a privilege. The payment of tithing is considered a privilege of membership with associated blessings. Members make an annual, personal declaration to their bishop of whether they tithe, but no one's membership is revoked for failing to do so. Although the Church will accept certain in-kind donations as tithing, it does so exclusively through a corporate entity like COP – the Church as an unincorporated association does not take title to real property.

6.    The Church does not own or lease any property used by local missions. COP funds the operation of local missions.

7.    The donated funds collected by local wards are deposited in local banks. Within 24 hours, those accounts are swept into a central account owned by COP.

8.    The checking (disbursement) account used by domestic local wards and stakes is owned by Corporation of the Presiding Bishop of The Church of Jesus Christ of Latter-day Saints ("CPB"). Funds in this account are provided by COP from contributed revenue, including tithing.

9.    The budget of a local ward is an amount allocated to local units by COP and CPB. The local units are aided greatly in tracking and administering budgets by COP and CPB employees. The "budget" of a local unit is not connected to the amount of donations received.

SECOND DECLARATION OF PAUL D. RYTTING IN
SUPPORT OF REPLY BRIEF IN SUPPORT OF MOTION TO
DISMISS AND/OR MOTION FOR SUMMARY JUDGMENT - 2
Page 275

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154-1007
Phone (206) 467-6477
Fax (206) 467-6292

10.    Fast offerings are used solely for the purpose of providing for the poor and needy. Fast offering donations are collected by local wards, but are also deposited in local bank accounts that are swept into a central COP account.

11.    Local leaders sign checks on the CPB account to provide for the needy in their area.  In most instances, the Church does not have to pay for food or other commodities provided to the needy inasmuch as CPB and affiliated entities operate their own farms and other facilities for welfare purposes.  Thus, the Church can simply provide  food and other commodities to the needy, which may include people of other faiths.  Money to pay for needed items not available within the system comes from COP, not Church, bank accounts via the CPB disbursement account.

12.    Welfare operations and facilities are all owned and operated by CPB and other corporate entities, not the Church.

13.    Local wards and stakes and their bishops and stake presidents do not do enter into contracts.  They do not buy the furniture in their buildings.  They do not employ the maintenance staff or even pay the light bill.  They do not own or maintain the properties.

I declare under penalty of perjury that the foregoing is true and correct.

SIGNED at Salt Lake City, Utah, this 5th day of February, 2007.

_____
PAUL D. RYTTING

SECOND DECLARATION OF PAUL D. RYTTING IN
SUPPORT OF REPLY BRIEF IN SUPPORT OF MOTION TO
DISMISS AND/OR MOTION FOR SUMMARY JUDGMENT - 3
   Page 276

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154-1007
Phone (206) 467-6477
Fax (206) 467-6292

FILED

07 FEB -6 AM 11: 19

KING COUNTY
SUPERIOR COURT CLERK
KENT. WA

The Honorable Laura Inveen
Hearing Date:  February 9, 2006 9:00 a.m.

SUPERIOR COURT OF THE STATE OF WASHINGTON
FOR KING COUNTY

| | |
|---|---|
| D.F., | NO.  06-2-18131-0 KNT |
| Plaintiff, | |
| v. | REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS AND/OR *MOTION FOR SUMMARY JUDGMENT* |
| THE CORPORATION OF THE PRESDIENT OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, a Utah corporation sole; LDS SOCIAL SERVICES a/k/a LDS FAMILY SERVICES, a Utah corporation; and the "MORMON CHURCH" THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, an unincorporated association, | |
| Defendants. | |

## I.    INTRODUCTION

COP's motion should be granted because Plaintiff concedes the two central bases of the

motion.

First, plaintiff concedes the Church is not needed to prove liability or recover damages.

Plaintiff asserts he would "dismiss the Mormon Church" if COP stipulates that "any person or

REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS
AND/OR MOTION FOR SUMMARY JUDGMENT - 1

ORIGINAL

**GORDON MURRAY TILDEN LLP**
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154-1007
Phone (206) 467-6477
Fax (206) 467-6292

entity who would otherwise be an agent of the Mormon Church is an agent of COP."[1]  COP so

stipulates and the Court need go no further—the motion should be granted.  When COP states it

"stands in the shoes of the Church," it means that any person who the jury otherwise would find

to be an agent of the Church (if the Church were a party) is an agent of COP.  There will be no

"empty chair," and COP will not assign "fault" to the Church if the Church is dismissed.

Naming the Church as a defendant is no more proper than naming an operating division of a

corporation.  In each case, the related corporate entity is the proper party to answer for the

alleged acts of negligence.

Second, plaintiff fails to discuss, much less rebut, the cases cited by COP that hold that

when a religious society incorporates, the spiritual church "endures wholly free from civil law."[2]

When a religious organization adopts a corporate form, it is only that entity that answers in court

for the unincorporated church.

## II.    ARGUMENT

### A.    Plaintiff Fails to Rebut the Legal Basis of the Motion.

#### 1.    When a Religious Organization Incorporates, the Remaining Spiritual Organization Is Not Subject to Suit.

COP's central legal argument was not rebutted by plaintiff, and thus it must be deemed

conceded.  As COP stated in its opening motion, once a religious entity chooses to incorporate,

one can bring suit only against the corporate form:

> Whenever a religious society incorporates, it assumes a dual
> existence; two distinct entities come into being—one, the Church,
> which is conceived and endures wholly free from civil law, and the
> other, the corporation created through the state prescribed method.
> . . .  The components of the ecclesiastical relationship between the

---

[1] Pl.'s Memo in Opposition at 4:22.
[2] *Folwell v. Bernard*, 477 So.2d 1060, 1063 Fl. App. (1985).

REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS
AND/OR MOTION FOR SUMMARY JUDGMENT - 2

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154-1007
Phone (206) 467-6477
Fax (206) 467-6292

parent church and the subordinate body cannot be permitted to
serve as a bridge capable of reaching the non-secular parent in a
civil proceeding.

*Folwell*, 477 So.2d at 1063. Since plaintiff fails to distinguish or contradict this authority, the

Court must conclude that the only proper defendant is the church's corporate incarnation, COP.

COP's motion should be granted.

### 2.    COP Accepts Plaintiff's Offer to Dismiss the Church.

Plaintiff does not dispute COP's assertion that the Church is not needed by plaintiff to

prove liability or collect damages. To the contrary, plaintiff concedes that the Church should be

dismissed—and that he would do it himself—if agents of the Church are deemed agents of COP.

Pl.'s Opp. at 4:20-21. COP hereby accepts plaintiff's offer. With nothing in dispute, the Court

should dismiss the Church.

Setting aside plaintiff's unreasonable suggestion that COP should enter into a stipulation

"for all cases," the circumstances of which are neither known nor relevant here, COP agrees to

the following for purposes of this case: (1) anyone who would be an agent of the Church if the

Church were a party is an agent of COP; (2) any statement that would be an ER 801 party

admission of the Church if the Church were a party is likewise an admission of COP; and (3) the

Church is not an entity to whom fault can be attributed under RCW 4.22.070. Hence, COP has

provided the assurances plaintiff has requested, and the Court should adopt plaintiff's suggestion

to dismiss the Church from the litigation.

REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS
AND/OR MOTION FOR SUMMARY JUDGMENT - 3

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154-1007
Phone (206) 467-6477
Fax (206) 467-6292

Page 279

### 3.    Judge Zilly's Ruling is Not Binding

Plaintiff states that Judge Zilly ruled on this issue in the *Rinde* case. That ruling is not binding in this case, and plaintiff does not suggest otherwise.

Substantively, as COP previously discussed, Judge Zilly's decision to permit Mr. Rinde to add the Church as a defendant was borne of a misconception. That misconception has been erased—the undisputed fact is that no "empty chair" results from dismissal of the Church. Whether the briefing to Judge Zilly was intentionally misleading or not is not the point, and COP did not intend to paint counsel in a negative light. The important thing is that counsel's suggestion of the empty chair risk came on reply brief, it was wrong, and Judge Zilly relied on it.

## B.    Judicial Estoppel Does Not Apply.

COP candidly concedes that the Church's attention to corporate formalities has not always been as rigorous and consistent as it has become in the last decade. The Church has participated in litigation in its own name. The question for this Court is thus whether the legally correct ruling should be sacrificed because of an artifact of Church history? Legally and equitably, the answer must be no.

Plaintiff's reliance on judicial estoppel is misplaced. Division I of the Court of Appeals, quoting the United States Supreme Court, has stated that judicial estoppel "prevent[s] 'perversion of the judicial process' by not allowing parties to 'gain an advantage by litigation on one theory, and then seek[ing] an inconsistent advantage by pursuing an incompatible theory.'" *Falkner v. Foshaug*, 108 Wn. App. 113, 124, 29 P. 3d 771 (2001) quoting *New Hampshire v. Main*, 532 U.S. 742, 750 121 S. Ct. 1808, 149 L. Ed.2d 968 (2001). Judicial estoppel is applied in the discretion of the court. *Id.*

REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS
AND/OR MOTION FOR SUMMARY JUDGMENT - 4

Page 280

**GORDON MURRAY TILDEN LLP**
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154-1007
Phone (206) 467-6477
Fax (206) 467-6292

As a threshold matter, judicial estoppel should not apply because the alleged inconsistency relates to a question of law—capacity to sue and be sued—not fact. However, "the heart of the doctrine is the prevention of inconsistent positions as to facts. It does not require counsel to be consistent on points of law." *King v. Clodfelder*, 10 Wn. App. 514, 521 (1974). *Accord, Holst v. Fireside Realty Inc.*, 89 Wn. App. 245, 259, 948 P.2d 858 (1997) (the "doctrine prevents a party from taking a factual position that is inconsistent with his or her factual position in previous litigation.")

Both the United States Supreme Court and the courts of this state have cited factors to guide the Court in exercising its discretion, and "these factors are not exclusive and 'additional considerations may inform the doctrine's application in specific factual contexts.'" *Falkner,* 108 Wn. App. at 124-25, quoting *New Hampshire v. Main*, 532 U.S. at 751. The Court of Appeals in *Falkner* identified the following factors:

> [T]he following have been enumerated as essentials to the establishment of an estoppel under the rule that a position taken in an earlier action estops the one taking such position from assuming an inconsistent position in a later action: (1) the inconsistent position first asserted must have been successfully maintained; (2) a judgment must have been rendered; (3) the positions must be clearly inconsistent; (4) the parties and questions must be the same; (5) the party claiming estoppel but have been misled and have changed his position; (6) it must appear unjust to one party to permit the other to change.

*Falkner*, 108 Wn. App. at n.36.[3]  These factors are not present here:

- <u>Not successfully maintained</u>:  There is no evidence that the Church actually *advocated* a contrary position, or that a court adopted it. The alleged

---

[3] The *Falkner* court noted that the Supreme Court in *New Hampshire v. Maine* identified a similar set of factors: "(1) clear inconsistency between the party's earlier and later positions, (2) the party's success in convincing the court to accept its position in the earlier litigations; and (3) an unfair detriment to the opposing party from allowing assertion of the inconsistent positions." *Falkner*, 108 Wn. App. at 125.

REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS
AND/OR MOTION FOR SUMMARY JUDGMENT - 5

Page 281

inconsistency arises solely by virtue of the Church's silence (in those cases in which it was sued) and by implication (in those few cases in which is brought suit).

• Not clearly inconsistent: As discussed above, the Church's position was not inconsistent on a point of fact.

• Not same parties: Here, the parties are different.

• Plaintiff not misled: Plaintiff does not contend the Church's alleged inconsistency caused him to be misled in any way or to change his position.

• No injustice: Dismissing the Church cause no injustice to plaintiff, as it affects neither plaintiff's liability nor damages case. To the contrary, it would be unjust to require the Church to answer in all future suits simply because it did not always adhere strictly to corporate formalities.

In sum, whichever half of the equation one examines—the Church's actions or the effect upon the plaintiff—judicial estoppel is not supported. The Church did not persuade a court in the earlier actions to accept its right to sue or be sued, which in any event is a legal question. And, plaintiff asserts no reliance or prejudice. Plaintiff cites judicial estoppel in an effort to lock the Church into a position which plaintiff impliedly concedes is not supported by law. This is not a just result, it is not supported by the law, and it should not be endorsed by this Court.[4]

---

[4] Plaintiff's judicial estoppel argument focuses particular attention on *Scott v. Corporation of the Presiding Bishop of the Church of Latter Day Saints*, et. al. (D. Ore. Civ. No. 98-366). In that case, the complaint named the Church, not COP, as a corporation sole, which the Church denied. The Church then filed a motion "for determination of diversity jurisdiction," advising the court that it had no desire to return to state court but *if* the Court viewed the Church as an unincorporated association, and that entity was a defendant, then the traditional rule would defeat diversity. The Church defendants did not concede that the unincorporated Church was a proper defendant with COP -- the issue was not addressed at all -- and thus there is no inconsistency between COP's position here and in *Scott*.

REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS
AND/OR MOTION FOR SUMMARY JUDGMENT - 6

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154-1007
Phone (206) 467-6477
Fax (206) 467-6292

C.    **Compliance with the Beliefs of the Church is Not "Doing Business."**

In the alternative, COP moved to dismiss because service was improper and no service could be made on a Church agent because the Church is not doing business in Washington. Relying on their own interpretation of Church doctrines and religious practices concerning tithing/almsgiving and missions (evangelizing), plaintiff asserts there can be "no question" as to whether the Church does business.  COP agrees there is no question on this topic, but draws the opposite conclusion.

1.    **The Court Must Accept the Church's Interpretation of Its Own Doctrine and Practices.**

To the extent this issue turns on the characterization of Church doctrine and practices, this Court must accept the Church's interpretation over plaintiff's caricatures.[5]  Basic First Amendment law holds that churches are the definitive interpreters of their own religious doctrines, teachings, polities, and practices.[6]  Absent a sham, no litigant or civil court has the right to second-guess a church in the interpretation of its own religion.

---

[5] Plaintiff's self-serving portrayals betray a fundamental misunderstanding of Church doctrine and practices and highlight the dangers of allowing an adverse litigant to characterize a church's religious practices.  The distortions will be more fully examined below.

[6] Since *Watson v. Jones*, 80 U.S. (13 Wall.) 679 (1871), the United States Supreme Court has repeatedly held that "'civil courts exercise no jurisdiction'" over "'a matter which concerns theological controversy.'" *Serbian Eastern Orthodox Diocese v. Milivojevich*, 426 U.S. 696, 713-14 (1976) (quoting *Watson*, 80 U.S. (13 Wall.) at 733-34).  Civil courts can never "engage in the forbidden process of interpreting and weighing church doctrine." *Presbyterian Church v. Mary Elizabeth Blue Hull Mem'l Presbyterian Church*, 393 U.S. 440, 451 (1969).

REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS
AND/OR MOTION FOR SUMMARY JUDGMENT - 7

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154-1007
Phone (206) 467-6477
Fax (206) 467-6292

### 2.    Tithing and Missionary Work are Religious Practices, Not "Doing Business."

The religious practices plaintiff calls "business" are actually central to the spiritual life of the Church.[7]  As such, the Church's practices of tithing and evangelizing no more constitute "doing business" in Washington than the Catholic Church's practice of communion.  Second Declaration of Paul Rytting, ¶¶ 4-5.  These core religious practices are simply not "business" under Washington law – they are fundamentally religious, not commercial.  If the Church were operating a grocery store as a mechanism to raise funds, that would be doing business.  The practices cited by plaintiff are not commercial in nature, and thus cannot be characterized as "doing business."

Plaintiff argues that the Church's missionary effort in the State of Washington indicates that it is doing business.  That simply is not the case.  The Church's missionary effort is a core spiritual function.  Rytting Declaration, ¶ 4.   Moreover, the Church is not doing business in the mission.  It does not own any of the property used by the mission or enter contracts in connection with the mission.  *Id.* ¶ 6.  The spiritual work of the mission would not be possible without supporting "business" functions (e.g., checking accounts), but these are controlled and owned by corporate entities.  In fact, the funds used to operate the mission are drawn on accounts owned by COP.  *Id.*

---

[7] The ancient religious practices of tithing/almsgiving and evangelizing are expressly enjoined by scriptural texts (*see* Malachi 3:8-12; Mark 16:15-16), which under Church doctrine remain binding on current Church members.

REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS
AND/OR MOTION FOR SUMMARY JUDGMENT - 8

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154-1007
Phone (206) 467-6477
Fax (206) 467-6292

Similarly, the payment of tithing is a core spiritual function,[8] but the "business" of facilitating the donation is done by COP, not the Church. *Id.* ¶¶ 5, 7-11. While it is true that the funds are collected by local wards and deposited in local banks, those accounts are swept within 24 hours and the funds deposited in a central account owned by COP. *Id.* ¶ 7. The checking account used by the local wards and stakes is funded by COP but owned by a second Church corporation, The Corporation of the Presiding Bishop of The Church of Jesus Christ of Latter-day Saints ("CPB"). *Id.* ¶ 8. The local ward budget is an amount allocated to local units by COP and CPB. Id. ¶ 9. The local units are aided greatly in tracking funds and administering budgets by paid COP and CPB employees. Id.

Plaintiffs incorrectly indicate that tithing is used to provide welfare services to needy members. In reality, another donation known as fast offerings is used for that purpose. *Id.* ¶ 10. Again, those local donations are swept into a central COP account. *Id.* In most instances, the Church does not have to buy food or other commodities provided to the needy, contrary to Plaintiff's contentions, inasmuch as Church-affiliated corporations operate their own farms and other facilities for welfare purposes. *Id.* Those welfare operations are all owned and operated by corporate entities not the Church. *Id.* ¶ 12. Any need to purchase items to provide for the needy, are again, drawn on COP accounts. *Id.* ¶ 11.

---

[8] For example, contrary to plaintiff's assertion, Church members are not "required" to tithe their earnings and there is no "audit" to "ensure compliance with their mandatory tithing requirement." Pl.'s Opp. at 10. This picture of coercion entirely distorts the meaning and place of tithing within the Church's spiritual life. The payment of tithing is considered a privilege of membership with associated blessings. Members do indeed make a personal declaration to their bishop of whether they tithe, but no one's membership is revoked for failing to do so. And while the Church will accept certain in-kind donations, it does so exclusively through a corporate entity like COP – the Church as an unincorporated association does not take title to real property. Plaintiff may have a copy of the Church's ecclesiastical canons, but they have no idea how they actually apply in a Church congregation. .

REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS
AND/OR MOTION FOR SUMMARY JUDGMENT - 9

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154-1007
Phone (206) 467-6477
Fax (206) 467-6292

Finally, local wards and stakes and, respectively, their bishops and stake presidents, do not do business. They do enter into contracts. *Id.* ¶13. They do not buy the furniture in their buildings. They do not employ the maintenance staff or even pay the light bill. They do not own or maintain the properties. These functions are performed through COP or other corporate entities and their authorized agents.

In sum, Plaintiff's contention that the Church is doing business is grossly inaccurate. This Court should conclude that the Church is not doing business in the State of Washington and, therefore, service cannot be had on any Church agent.

## III.    CONCLUSION

For the reasons stated above and in COP's opening memorandum, COP respectfully requests that this Court dismiss the Church from this suit.

DATED this 5th day of February, 2007.

**GORDON MURRAY TILDEN** LLP

By _____
        Charles C. Gordon, WSBA #1773
        Jeffrey I. Tilden, WSBA #12219
        Michael Rosenberger, WSBA #17730
        Attorneys for Defendant
        Corporation of the President of the Church
        of Jesus Christ of Latter-Day Saints

REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS
AND/OR MOTION FOR SUMMARY JUDGMENT - 10

Page 286

**GORDON MURRAY TILDEN** LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154-1007
Phone (206) 467-6477
Fax (206) 467-6292

FILED

07 FEB -6 AM 11: 20

KING COUNTY
SUPERIOR COURT CLERK
KENT, WA

The Honorable Paris K. Kallas

SUPERIOR COURT OF THE STATE OF WASHINGTON
FOR KING COUNTY

D.F.,

    Plaintiff,

  v.

THE CORPORATION OF THE PRESIDENT
OF THE CHURCH OF JESUS CHRIST OF
LATTER-DAY SAINTS, a Utah corporation
sole; LDS SOCIAL SERVICES a/k/a LDS
FAMILY SERVICES, a Utah corporation; and
the "MORMON CHURCH" THE CHURCH
OF JESUS CHRIST OF LATTER-DAY
SAINTS, an unincorporated association,

    Defendants.

NO.  06-2-18131-0 KNT

CERTIFICATE OF SERVICE

  The undersigned hereby certifies that on February 5, 2007, copies of the following

document:

    1.  REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS AND/OR
      MOTION FOR SUMMARY JUDGMENT;
    2.  SECOND DECLARATION OF PAUL D. RYTTING; and
    3.  this CERTIFICATE OF SERVICE

were served at the following addresses via the methods indicated:

CERTIFICATE OF SERVICE - 1

ORIGINAL

**GORDON MURRAY TILDEN LLP**
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154-1007
Phone (206) 467-6477
Fax (206) 467-6292

Michael T. Pfau
Michelle A. Menely
Gordon, Thomas, Honeywell, Malanca, Peterson & Daheim LLP
600 University, Suite 2100
Seattle, WA  98101-4185
Co-Counsel for Plaintiff Rob Rinde
() Mail        ( XX )  Hand Delivery              () Via e-mail
( ) Fax        (  )  Federal Express

Timothy D. Kosnoff
Law Offices of Timothy D. Kosnoff
One Union Square
600 University Street, Suite 2101
Seattle, WA  98101
Co-Counsel for Plaintiff Rob Rinde
() Mail        ( XX )  Hand Delivery              () Via e-mail
( ) Fax        (  )  Federal Express


DATED this 5th day of February, 2007.



_Jacqueline Lucien_
Jacqueline Lucien

CERTIFICATE OF SERVICE - 2

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154-1007
Phone (206) 467-6477
Fax (206) 467-6292



1
2
3
4
5
6
7
8
9
10
11                                                    The Honorable Paris K. Kallas
12
13              SUPERIOR COURT OF THE STATE OF WASHINGTON
14                            FOR KING COUNTY
15
16   D.F.,
17                                          NO.  06-2-18131-0 KNT
18              Plaintiff,
19
20       v.
21                                          CERTIFICATE OF SERVICE
22   THE CORPORATION OF THE PRESIDENT
23   OF THE CHURCH OF JESUS CHRIST OF
24   LATTER-DAY SAINTS, a Utah corporation
25   sole; LDS SOCIAL SERVICES a/k/a LDS
26   FAMILY SERVICES, a Utah corporation; and
27   the "MORMON CHURCH" THE CHURCH
28   OF JESUS CHRIST OF LATTER-DAY
29   SAINTS, an unincorporated association,
30
31              Defendants.
32
33
34
35       The undersigned hereby certifies that on February 7, 2007, copies of the following
36
37   document:
38
39              1.   PRAECIPE TO DEFENDANT'S REPLY BRIEF; and
40              2.   this CERTIFICATE OF SERVICE
41
42
43   were served at the following addresses via the methods indicated:
44
45

CERTIFICATE OF SERVICE - 1

ORIGINAL

**GORDON MURRAY TILDEN LLP**
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154-1007
Phone (206) 467-6477
Fax (206) 467-6292

```
 1    Michael T. Pfau
 2    Michelle A. Menely
 3    Gordon, Thomas, Honeywell, Malanca, Peterson & Daheim LLP
 4    600 University, Suite 2100
 5    Seattle, WA 98101-4185
 6    Co-Counsel for Plaintiff Rob Rinde
 7    () Mail       ( XX ) Hand Delivery          () Via e-mail
 8    ( ) Fax       ( ) Federal Express
 9
10    Timothy D. Kosnoff
11    Law Offices of Timothy D. Kosnoff
12    One Union Square
13    600 University Street, Suite 2101
14    Seattle, WA 98101
15    Co-Counsel for Plaintiff Rob Rinde
16    () Mail       ( XX ) Hand Delivery          () Via e-mail
17    ( ) Fax       ( ) Federal Express
18
19
20    DATED this 7th day of February, 2007.
21
22
23
24
25    Jacqueline Lucien
26
27
28
29
30
31
32
33
34
35
36
37
38
39
40
41
42
43
44
45
```

CERTIFICATE OF SERVICE - 2

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154-1007
Phone (206) 467-6477
Fax (206) 467-6292

FILED
07 FEB -7 PM 4:43
KING COUNTY
SUPERIOR COURT CLERK
KENT, WA

The Honorable Laura Inveen
Hearing Date: February 9, 2006 9:00 a.m.

The Honorable Laura C. Inveen

SUPERIOR COURT OF THE STATE OF WASHINGTON
FOR KING COUNTY

| | |
|---|---|
| D.F.,<br><br>                    Plaintiff,<br><br>         v.<br><br>THE CORPORATION OF THE PRESDIENT OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, a Utah corporation sole; LDS SOCIAL SERVICES a/k/a LDS FAMILY SERVICES, a Utah corporation; and the "MORMON CHURCH" THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, an unincorporated association,<br><br>                    Defendants. | NO. 06-2-18131-0 KNT<br><br>PRAECIPE TO DEFENDANT'S REPLY BRIEF |

Defendant's Reply Brief in Support of Motion to Dismiss and/or Motion for Summary Judgment omitted a word, "not," on page 10, line 3. The corrected sentence should read as follows: "They do not enter into contracts."

///

///

///

///

PRAECIPE TO DEFENDANT'S REPLY BRIEF - 1

ORIGINAL

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154-1007
Phone (206) 467-6477
Fax (206) 467-6292

DATED this 7th day of February, 2007.

GORDON MURRAY TILDEN LLP

By _____
    Charles C. Gordon, WSBA #1773
    Jeffrey I. Tilden, WSBA #12219
    Michael Rosenberger, WSBA #17730
    Attorneys for Defendants
The Corporation of the President of the Church
of Jesus Christ of Latter-Day Saints

PRAECIPE TO DEFENDANT'S REPLY BRIEF - 2

Page 292

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154-1007
Phone (206) 467-6477
Fax (206) 467-6292

FILED

07 FEB 09 PM 1:13

KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE NUMBER: 06-2-18131-0 KNT

## CLERK'S MINUTES

SCOMIS CODE:  SMJHRG

| | | |
|---|---|---|
| Judge: | Laura Inveen | Dept. 48 |
| Bailiff: | Greg Howard | Date:  2/9/2007 |
| Clerk: | Kim Phipps | |
| Reporter: | Not Reported | Page 1 of 1 |

### KING COUNTY CAUSE NO.:  06-2-18131-0 KNT

### DF vs. The corporation of the president of the church of Jesus Christ of Latter Day Saints

**Appearances:**

Plaintiff appearing through counsel Tim Kosnoff

Defendant appearing through counsel Michael Rosenberger, Jeff Tilling

### MINUTE ENTRY

Defendant's motion to dismiss and/or for Summary Judgment

The court hears oral argument and Denies the motion

Order is signed

FILED
07 FEB -9 AM 10: 02
KING COUNTY
SUPERIOR COURT
KENT, WA CLERK

SUPERIOR COURT OF THE STATE OF WASHINGTON
FOR KING COUNTY

D.F.,

        Plaintiff,

v.

THE CORPORATION OF THE PRESIDENT OF
THE CHURCH OF JESUS CHRIST OF
LATTER-DAY SAINTS, a Utah Corporation
sole; and the "MORMON CHURCH" THE
CHURCH OF JESUS CHRIST OF LATTER-
DAY SAINTS, an unincorporated association,

        Defendants.

NO. 06-2-18131-0 KNT

[PROPOSED] ORDER DENYING
DEFENDANT CORPORATION OF THE
PRESIDENT OF THE CHURCH OF
JESUS CHRIST OF LATTER-DAY
SAINTS' MOTION TO DISMISS
AND/OR FOR SUMMARY JUDGMENT

NOTED FOR: FEBRUARY 9, 2007
9:00 A.M.

THE HONORABLE LAURA INVEEN

THIS MATTER having come on for hearing on defendant's Motion to Dismiss and/or
for Summary Judgment and the Court having considered the following:

1.    Defendant COP's Motion to Dismiss and/or for Summary Judgment, including
the Declarations of Michael Rosenberger and Paul Rytting, and all attachments
thereto;

2.    Plaintiff's Memorandum in Opposition, including the Declaration of Michelle
A. Menely, and all attachments thereto;

3.    COP's Reply Brief and any declarations submitted in reply.

And having heard argument of counsel ORDERS that defendant's Motion to Dismiss
and/or for Summary Judgment is DENIED.

(PROPOSED) ORDER DENYING DEF. MSJ - 1
06-2-18131-0 KNT
[175211 v01.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

ORIGINAL

1

DONE IN OPEN COURT this ___9___ day of ~~January,~~ February, 2007.

2

3

THE HONORABLE LAURA INVEEN

4

5

**PRESENTED BY:**

6

GORDON, THOMAS, HONEYWELL,
MALANCA, PETERSON & DAHEIM LLP

7

8

9

By _____
     Michael T. Pfau, WSBA No. 24649
     mpfau@gth-law.com
     Michelle A. Menely, WSBA No. 28353
     mmenely@gth-law.com
     Attorneys for Plaintiff

10

11

12

13

LAW OFFICES OF TIMOTHY KOSNOFF

14

15

By _____
     Timothy D. Kosnoff, WSBA No.

16

17

18

19

20

21

22

23

24

25

26

(PROPOSED) ORDER DENYING DEF. MSJ - 2
06-2-18131-0 KNT
[175211 v01.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON  98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

FILED

07 FEB 15 PM 2: 11

KING COUNTY
SUPERIOR COURT CLERK
KENT. WA

The Honorable Paris K. Kallas

SUPERIOR COURT OF THE STATE OF WASHINGTON
FOR KING COUNTY

| | |
|---|---|
| D.F.,<br><br>               Plaintiff,<br><br>     v.<br><br>THE CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, a Utah corporation sole; LDS SOCIAL SERVICES a/k/a LDS FAMILY SERVICES, a Utah corporation; and the "MORMON CHURCH" THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, an unincorporated association,<br><br>           Defendants. | NO.  06-2-18131-0 KNT<br><br><br>CERTIFICATE OF SERVICE |

The undersigned hereby certifies that on February 15, 2007, copies of the following document:

    1.  DEFENDANT COP'S MOTION FOR RECONSIDERATION; and
    2.  this CERTIFICATE OF SERVICE

were served at the following addresses via the methods indicated:

CERTIFICATE OF SERVICE - 1

ORIGINAL

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154-1007
Phone (206) 467-6477
Fax (206) 467-6292

Michael T. Pfau
Michelle A. Menely
Gordon, Thomas, Honeywell, Malanca, Peterson & Daheim LLP
600 University, Suite 2100
Seattle, WA 98101-4185
Co-Counsel for Plaintiff Rob Rinde
() Mail        ( XX ) Hand Delivery          () Via e-mail
( ) Fax        ( ) Federal Express

Timothy D. Kosnoff
Law Offices of Timothy D. Kosnoff
One Union Square
600 University Street, Suite 2101
Seattle, WA 98101
Co-Counsel for Plaintiff Rob Rinde
() Mail        ( XX ) Hand Delivery          () Via e-mail
( ) Fax        ( ) Federal Express


DATED this 15th day of February, 2007.


Jacqueline Lucien

CERTIFICATE OF SERVICE - 2

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154-1007
Phone (206) 467-6477
Fax (206) 467-6292

FILED

07 FEB 15 PM 2: 12

KING COUNTY
SUPERIOR COURT CLERK
KENT, WA

## IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
## IN AND FOR THE COUNTY OF KING

D.F.,

                    PLAINTIFF,

         v.

CORPORATION OF THE PRESIDENT OF THE CHURCH OF
JESUS CHRIST OF LATTER-DAY SAINTS,

                    DEFENDANT.

CASE NO.  06-2-18131-0 KNT
NOTICE FOR HEARING
KENT REGIONAL JUSTICE CENTER ONLY
(Clerk's Action Required)    (NTHG)

**TO:**      **THE CLERK OF THE COURT** and to all other parties per list on Page 2:
         **PLEASE TAKE NOTICE** that an issue of law in this case will be heard on the date below and the Clerk is directed to
         note this issue on the calendar checked below.

**Calendar Date:** February 23, 2007                    **Day of Week:** Friday
**Nature of Motion:** MOTION FOR RECONSIDERATION

| CASES ASSIGNED TO INDIVIDUAL JUDGES – RJC |
|---|

Working Papers: The judge's name, date and time of hearing must be noted in the upper right corner of the Judge's copy.
Deliver Judge's copies to Judges' Mailroom at RJC
☒ Without oral argument (Mon - Fri)
☐ With oral argument Hearing          Date/Time:___
         If oral argument on the motion is allowed (LR 7(b)(2)), contact staff of assigned judge to schedule date and time before
         filing this notice.
Judge's Name: LAURA INVEEN                    Trial Date: November 19, 2007

| CHIEF CIVIL DEPARTMENT – RJC |
|---|

All Chief Civil calendars are at 10:00 on Fridays, except as noted.  See signs posted at RJC for calendar location.
Deliver working copies to Judges' Mailroom, Room 2D  at RJC.  In upper right corner of papers write "Chief Civil Department"
and date of hearing.

☐ Extraordinary Writs (Show Cause Hearing) (LR 98.40)
☐ Supplemental Proceedings (9:15 am) (LR 69)
☐ Motions to Consolidate with multiple judges assigned (LR 40(a)(4)) (without oral argument)) M-F

Non-Assigned Cases:
☐ Dispositive Motions and Revisions (10:30 am)          ☐ Non-Dispositive Motions M-F (without oral argument)
☐ Certificates of Rehabilitation- Weapon Possession (**Convictions from Limited Jurisdiction Courts**)(LR 40(2)(B))
☐ Certificates of Rehabilitation (**Employment**)

**PARTIES: The address of the Regional Justice Center is 401 4th Avenue North, Kent, WA 98032. You must bring this
document and appear as scheduled.**

☐ Room:_____                    ☐ See Posted Signs

You may list an address that is not your residential address where you agree to accept legal documents.

Sign: _____          Print/Type Name: Michael Rosenberger
WSBA#: 17430                                             Attorney for: Defendant
Address: 1001 Fourth Avenue, Suite 4000, Seattle, WA 98154-1007
Telephone: (206) 476-6477                    Date: February 15, 2007

**DO NOT USE THIS FORM FOR FAMILY LAW, EX PARTE OR RALJ MOTIONS.**



| LIST NAMES AND SERVICE ADDRESSES FOR ALL NECESSARY PARTIES REQUIRING NOTICE | |
|---|---|

| Name:<br>Address: | Michael T. Pfau<br>Michelle A. Menely<br>Gordon, Thomas, Honeywell, Malanca,<br>Peterson & Daheim LLP<br>600 University, Suite 2100<br>Seattle, WA 98101-4185 | Name:<br>Address: | Timothy D. Kosnoff<br>Law Offices of Timothy D. Kosnoff<br>One Union Square<br>600 University Street, Suite 2101<br>Seattle, WA 98101 | |
|---|---|---|---|---|
| WSBA#: | 24649    Attorney For:    Plaintiff | 24649 | Attorney    Plaintiff<br>For: | 24649 |
| Telephone#: | (206) 676-7500 | Telephone#: | (206) 676-7610 | |
| Name:<br>Address: | | Name:<br>Address: | | |
| WSBA#: | Attorney For: | WSBA#: | Attorney For: | |
| Telephone#: | | Telephone#: | | |
| Name:<br>Address: | | Name:<br>Address: | | |
| WSBA#: | Attorney For: | WSBA#: | Attorney For: | |
| Telephone#: | | Telephone#: | | |

## IMPORTANT NOTICE REGARDING CASES

Party requesting hearing must file motion & affidavits separately along with this notice. List names, addresses and telephone numbers of all parties requiring notice (including GAL) on this page. Serve a copy of this notice, with motion documents, on all parties.

The original must be filed at the Clerk's Office not less than six court days prior to requested hearing date, except for Summary Judgment Motions (to be filed with Clerk 28 days in advance).

THIS IS ONLY A PARTIAL SUMMARY OF THE LOCAL RULES AND ALL PARTIES ARE ADVISED TO CONSULT WITH AN ATTORNEY.

The REGIONAL JUSTICE CENTER is in Kent, Washington at 401 Fourth Avenue North. The Clerk's Office is on the second floor, Room 2C. The Judges' Mailroom is Room 2D.

1
2
3
4
5
6
7
8
9

FILED

07 FEB 15 PM 2: 11

KING COUNTY
SUPERIOR COURT CLERK
KENT, WA

10                                                The Honorable Laura C. Inveen
11
12          SUPERIOR COURT OF THE STATE OF WASHINGTON
13                        FOR KING COUNTY
14
15   D.F.,
16                                          NO.  06-2-18131-0 KNT
17               Plaintiff,
18                                          DEFENDANT COP'S MOTION FOR
19          v.                              RECONSIDERATION
20
21   THE CORPORATION OF THE PRESDIENT
22   OF THE CHURCH OF JESUS CHRIST OF
23   LATTER-DAY SAINTS, a Utah corporation
24   sole; LDS SOCIAL SERVICES a/k/a LDS
25   FAMILY SERVICES, a Utah corporation; and
26   the "MORMON CHURCH" THE CHURCH
27   OF JESUS CHRIST OF LATTER-DAY
28   SAINTS, an unincorporated association,
29
30               Defendants.
31
32
33                I.    INTRODUCTION
34
35          On February 9, 2007, this Court denied Defendant COP's Motion to Dismiss the
36
37   unincorporated Church from this action.  In its oral remarks, the Court indicated that it believed a
38
39   fact question existed as to whether the Church was "doing business" in the state of Washington.
40
41   Whether the Church is doing business determines whether plaintiff has properly served the
42
43   Church.  If the Church is not doing business, plaintiff's service of a Church agent is not proper
44
45   under RCW 4.28.080(10) and the Church's motion to dismiss should be granted.

DEFENDANTS' MOTION FOR RECONSIDERATION - 1

**ORIGINAL**

**GORDON MURRAY TILDEN LLP**
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154-1007
Phone (206) 467-6477
Fax (206) 467-6292

COP respectfully requests that this Court vacate its order, and grant COP's motion, because:  (1) despite plaintiff's *argument* that the Church does business in the State of Washington, there is no *evidence in the record* to support this contention; and (2) whether service has been effected is a jurisdictional question that must be resolved as a matter of law by the Court, not the jury.  To the extent that the Court believes a fact question exists as to the propriety of service, it should vacate its order denying the motion and resolve the issue itself after an evidentiary hearing.

## II.    EVIDENCE RELIED UPON

The Declaration of Paul D. Rytting, and Second Declaration of Paul D. Rytting, both previous filed with the motion under reconsideration.

## III.    ARGUMENT

**A.    Plaintiff Presented No Facts from which the Court Could Conclude a Fact Question Existed.**

Clearly, the parties disagree regarding whether the Church does business in this state.  However, plaintiff presented *no factual evidence* to support his position, and thus there is no basis from which the Court could conclude that a fact question exists.

If the Court reviews the evidence submitted by plaintiff in opposition to COP's motion, the Court will look in vain for *any* indicia that the Church is doing business in this state.  Plaintiff presented none of the following:  (a) pay stubs indicating that the Church employs persons in this state; (b) real property records indicating that the Church owns property in this state; (c) contracts to which the Church is a party; or (d) bank accounts in the name of the Church.

DEFENDANTS' MOTION FOR RECONSIDERATION - 2

**GORDON MURRAY TILDEN LLP**
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154-1007
Phone (206) 467-6477
Fax (206) 467-6292

1. **Cases from Other Jurisdictions Say Nothing about Church Dealings in Washington.**

Plaintiff's claim that the Church is doing business rests on three propositions. First, plaintiff argues the Church must be "doing business" in Washington because it has been characterized in other lawsuits as having engaged in a property transaction or having employees. As discussed in prior briefing and oral argument, this is not true—these cases reflect nothing more than inattention by the parties to those cases to the fact that the real party in interest was COP.[1]

Significantly, however, even if one gives plaintiff the benefit of the doubt and assumes for purposes of the motion that in the past the Church had employees or did business in another state, this says nothing about whether the Church currently does business in *this* state. If we were discussing a corporation, the fact that it did business in Florida in 1995 would not prove it currently does business in Washington.

2. **The Only Factual Evidence Cited by Plaintiff Says Nothing About Whether COP or the Church Controls the Assets.**

Second, plaintiff opposed the motion by asserting that money collected and spent by local congregations (known as "wards") constitutes "doing business." COP urges the Court to scrutinize the authority cited by plaintiff because the facts he cited do not support his contention.

For example, plaintiff alleged that "the fact that the Mormon Church has assets and does business in the State of Washington is further exemplified by the fact that each ward has financial records and budget." Pl's Memo in Opp. at 10. Plaintiff based this contention on the Church's Handbook of Instructions, which states only that "every stake and ward should prepare

---

[1] For example, one can readily imagine that an employee of COP with a worker's compensation claim might refer to his employer as "the Church," just as a person employed at the University of Washington might identify her employer as the University, even though technically her employer is the State of Washington.

DEFENDANTS' MOTION FOR RECONSIDERATION - 3

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154-1007
Phone (206) 467-6477
Fax (206) 467-6292

and operate on a budget." Declaration of Michelle Menely, Ex. L at 9-2. Significantly, the

Handbook of Instructions does *not* identify the source of such funds or the corporate entity that

owns and controls such funds. Those facts are provided only in the Second Declaration of Paul

Rytting:

> The checking (disbursement) account used by domestic local
> wards and stakes is owned by the Corporation of the Presiding
> Bishop of the Church of Jesus Christ of Latter-day Saints ("CPB").
> Funds in this account are provided by COP from contributed
> revenue, including tithing.

Second Declaration of Paul D. Rytting ¶ 8. Plaintiff presents absolutely no contrary evidence.

Corporate control of the financial affairs of the Church is so complete that local wards do

not even pay the electric bills for the facilities in which Church members worship:

> Local wards and stakes and their bishops and stake presidents do
> not enter into contracts. They do not buy the furniture in their
> buildings. They do not employ the maintenance staff or even pay
> the light bill. They do not own or maintain the properties.

*Id.* at ¶ 13.

### 3. Tithing and Missionary Work Are Spiritual, not Commercial, Practices.

Third, plaintiff argued that tithing and missionary work constitutes "doing business." Mr.

Rytting's Second Declaration removes any doubt as to the role of tithing and missionary work in

the Church—these are religious practices, not commercial ones. Plaintiff's argument to the

contrary is just that, argument. There is no contrary *evidence* and, in any case, the Church's

interpretation of its own doctrine is dispositive. *Presbyterian Church v. Mary Elizabeth Hull*

*Mem'l Presbyterian Church*, 393 U.S. 440, 451 (1969) (courts cannot "engage in the forbidden

process of interpreting and weighing church doctrine).

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154-1007
Phone (206) 467-6477
Fax (206) 467-6292

In sum, plaintiff presented no <u>facts</u> from which this Court could conclude the Church does business in this state.

**B.    Even if this Court Found a Fact Question as to Whether Service had been Property Accomplished, it is this Court's Duty to Resolve that Issue, not the Jury's.**

**1.    Service of Process is a Jurisdictional Issue.**

"'First and basic to any litigation is jurisdiction, and first and basic to jurisdiction is service of process.'" *State v. Breazeale*, 144 Wn.2d 829, 842, 31 P.2d 1155 (2001), quoting *Dobbins v. Mendoza*, 88 Wn. App. 862, 871, 947 P.2d 1229 (1997). "Proper service of the summons and complaint is essential to invoke person jurisdiction over a party." *In Re Marriage of Markowski*, 50 Wn. App. 633, 635-36, 749 P.2d 754 (1988).

**2.    Jurisdiction is a Question of Law for this Court, Not the Jury.**

"Jurisdiction is a question of law." *City of Spokane v. Spokane County*, 158 Wn.2d 661, 681, 146 P.3d 893 (2006); *see also, Rodriguez v. James-Jackson*, 127 Wn. App. 139, 144, 111 P.3d 271 (2005) ("Whether a plaintiff has satisfied the requirements for service by publication under RCW 4.28.100 is a question of law.")

**3.    If a Fact Question Exists as to Whether the Church Has Been Served, the Court Should Resolve the Motion After an Evidentiary Hearing.**

For the reasons stated above, COP strenuously urges that no fact question exists as to whether it does business in this state. If so, the Church cannot be served through an agent, service has not been effected, and the motion to dismiss should be granted.

To the extent the Court continues to believe a fact question exists as to the Church's alleged business dealings, it is the Court's duty to resolve the issue after an evidentiary hearing. This process has been approved by the Court of Appeals:

DEFENDANTS' MOTION FOR RECONSIDERATION - 5

**GORDON MURRAY TILDEN LLP**
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154-1007
Phone (206) 467-6477
Fax (206) 467-6292

> We remanded for an evidentiary hearing to determine whether Mr.
> Spence was served with process and, thus, whether the court had
> personal jurisdiction over him.  After considering conflicting
> evidence, the <u>trial court</u> determined the summons and complaint
> were left by a process server with a person of suitable age and
> discretion at Mr. Spence's residence . . . .

*Woodruff v. Spence*, 88 Wn. App. 565, 566, 45 P.2d 745 (1997).

## C.    Judge Downing Granted COP's Motion.

As the Court is aware, the parties had an identical motion in a similar case pending before

Judge Downing.  *Rinde v. Corporation of the President, et al.*, Cause No. 06-2-09825-1 SEA.

Although his ruling is not binding upon this Court, the Court may be interested to know that

Judge Downing granted COP's motion, subject generally to the conditions that COP agrees that

Church agents are COP agents and that COP not remove the case to federal court until the Court

rules on a motion to amend the complaint to add a Washington resident (COP will oppose it but,

if granted, it would destroy diversity).

The form of order submitted by the parties for Judge Downing's approval is attached

hereto.  As of the date the instant motion was filed, undersigned counsel had not yet received a

signed copy.

## IV.    CONCLUSION

For the reasons stated above, COP respectfully requests that this Court vacate its order

and grant COP's motion to dismiss the Church.  The record presented to this Court includes no

facts from which the Court could conclude that the Church was doing business in the State of

Washington, and thus service of process was improper.  Alternatively, in the event that the Court

continues to believe a fact question exists, the order should be vacated pending an evidentiary

hearing to determine whether the Church is doing business in the State of Washington.

DEFENDANTS' MOTION FOR RECONSIDERATION - 6

**GORDON MURRAY TILDEN LLP**
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154-1007
Phone (206) 467-6477
Fax (206) 467-6292

DATED this 15th day of February, 2007.

GORDON MURRAY TILDEN LLP

By _____
    Charles C. Gordon, WSBA #1773
    Jeffrey I. Tilden, WSBA #12219
    Michael Rosenberger, WSBA #17730
Attorneys for Defendants
The Corporation of the President of the Church
of Jesus Christ of Latter-Day Saints

DEFENDANTS' MOTION FOR RECONSIDERATION - 7

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154-1007
Phone (206) 467-6477
Fax (206) 467-6292

F
Chron

# GORDON MURRAY TILDEN LLP

### ATTORNEYS AT LAW

1001 FOURTH AVENUE, SUITE 4000 · SEATTLE, WASHINGTON 98154-1007
TELEPHONE: (206) 467-6477 · FACSIMILE: (206) 467-6292
EMAIL: MROSENBERGER@GMTLAW.COM

February 12, 2007

***Sent via Hand Delivery***

The Honorable William L. Downing
King County Superior Court
516 Third Ave.
Seattle, WA 98104

      Re:   ***Rob Rinde v. Corporation of the President of the Church of Jesus
           Christ of Latter-day Saints***
           **King County Superior Court Cause No. 06-2-09825-1 SEA**

Dear Judge Downing:

      Enclosed please find a proposed form of order which embodies your oral remarks
in granting COP's motion to dismiss last Friday. The order is acceptable to counsel for
all parties. If it is acceptable to you as well, please sign it and return conformed copies to
counsel. We have enclosed self-addressed stamped envelopes for that purpose.

      Thank you for your attention to this matter.

                      Sincerely,

                      Michael Rosenberger

MR:jl
Enclosure
cc:    (w/enclosure)
       Michael T. Pfau (via facsimile)
       Timothy D. Kosnoff (via facsimile)

1
2
3
4
5
6
7
8
9
10
11                                                    The Honorable William L. Downing
12                    SUPERIOR COURT OF THE STATE OF WASHINGTON
13                                    FOR KING COUNTY
14
15   ROB RINDE f/k/a ROBERT LARRY LEROY
16   PITSOR, JR.,                                    NO.  06-2-09825-1 SEA
17
18                    Plaintiff,
19                                                   ORDER GRANTING
20        v.                                         DEFENDANT'S MOTION TO
                                                     DISMISS AND/OR FOR SUMMARY
21                                                   JUDGMENT
22   THE CORPORATION OF THE PRESIDENT
23   OF THE CHURCH OF JESUS CHRIST OF
24   LATTER-DAY SAINTS, a Utah corporation
25   sole; and the "MORMON CHURCH" THE
26   CHURCH OF JESUS CHRIST OF LATTER-
27   DAY SAINTS, an unincorporated association,
28
29                    Defendants.
30
31
32
33            THIS MATTER was brought before the Court upon the motion of defendant Corporation
34
35   of the President of the Church of Jesus Christ of Latter-day Saints ("COP") to dismiss and/or for
36
37   summary judgment seeking dismissal of defendant The Church of Jesus Christ of Latter-day
38
39   Saints ("the Church").  The Court heard the arguments of counsel on February 9, 2007, and has
40
41   considered the following submissions:
42
43
44            1.       COP's Motion to Dismiss;
45

ORDER - 1                                             **GORDON MURRAY TILDEN LLP**
                                                     1001 Fourth Avenue, Suite 4000
                                                     Seattle, WA  98154-1007
                                                     Phone (206) 467-6477
                                                     Fax (206) 467-6292

2.     Declaration of Michael Rosenberger and attached exhibits;

3.     Declaration of Paul Rytting;

4.     Plaintiff's Opposition Brief;

5.     COP's Reply Brief;

6.     Plaintiff's Memorandum in Opposition;

7.     Declaration of Michelle A. Menely;

8.     Reply Brief in Support of Motion to Dismiss; and

9.     Second Declaration of Paul Rytting.

Based upon the foregoing, it is hereby:

ORDERED that the motion is GRANTED, subject to the following provisos.

First, to allow plaintiff the opportunity to move to amend the complaint to name Gordon Conger as a party defendant, the case shall not be removed to federal court until after the Motion to Amend is filed and ruled upon; provided, however, the defendant shall have the right to remove if no ruling is issued on or before March 19, 2007.  Plaintiff shall file the Motion to Amend no later than 14 days after the date of the hearing, e.g., by no later than February 23, 2007 and plaintiff shall note the motion for hearing, without oral argument, for six (6) court days after filing, and in no event later than March 5, 2007.

Second, in granting the motion, the Court specifically notes and rules as follows:

1.     The Mormon Church, itself, is dismissed as a defendant.  However, any person who would otherwise be an agent of the Church is an agent of COP.

2.     The Court will be liberal in considering statements and admission by agents of the Church as statements and admissions against COP;

ORDER - 2

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154-1007
Phone (206) 467-6477
Fax (206) 467-6292

3.    Any agent of the Church is an agent of COP for both liability and evidentiary purposes.

4.    The Mormon Church will not be an "empty chair" entity in this case.

DATED this _____ day of _____, 2007.

_____
The Honorable William L. Downing

Presented By:

GORDON MURRAY TILDEN

By _____
   Michael Rosenberger, WSBA No. 17730
   Attorneys for Defendant


Approved as to form:

GORDON, THOMAS, HONEYWELL,
MALANCA, PETERSON & DAHEIM LLP

By _____
   Michael T. Pfau, WSBA No. 24649
   Michelle A. Menely, WSBA No. 28353
   Co-Counsel for Plaintiff

LAW OFFICES OF TIMOTHY D. KOSNOFF

By _____
   Timothy D. Kosnoff, WSBA No. 16586
   Co-Counsel for Plaintiff


ORDER - 3

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154-1007
Phone (206) 467-6477
Fax (206) 467-6292

1
2
3
4
5
6
7
8
9
10
11

The Honorable Laura C. Inveen

12        SUPERIOR COURT OF THE STATE OF WASHINGTON
13                        FOR KING COUNTY
14

15   D.F.,
16                                              NO.  06-2-18131-0 KNT
17              Plaintiff,
18                                              [PROPOSED]
19        v.                                    ORDER GRANTING COP'S MOTION
20                                              FOR RECONSIDERATION AND
21   THE CORPORATION OF THE PRESDIENT           DISMISSING THE MORMON
22   OF THE CHURCH OF JESUS CHRIST OF           CHURCH
23   LATTER-DAY SAINTS, a Utah corporation
24   sole; LDS SOCIAL SERVICES a/k/a LDS
25   FAMILY SERVICES, a Utah corporation; and
26   the "MORMON CHURCH" THE CHURCH
27   OF JESUS CHRIST OF LATTER-DAY
28   SAINTS, an unincorporated association,
29
30              Defendants.
31
32
33
34        THIS MATTER was brought before the Court upon the motion of defendant Corporation
35
36   of the President of the Church of Jesus Christ of Latter-Day Saints ("COP") for reconsideration
37
38   of this Court's order denying COP's motion to dismiss and/or for summary judgment seeking
39
40   dismissal of defendant The Church of Jesus Christ of Latter-day Saints ("the Church").  The
41
42   Court heard argument of counsel on the original motion on Friday, February 9, 2007, and has
43
44   considered the following submissions:
45

ORDER - 1

COPY

**GORDON MURRAY TILDEN LLP**
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154-1007
Phone (206) 467-6477
Fax (206) 467-6292

1.   COP's memo in support;

2.   Declaration of Michael Rosenberger and attached exhibits;

3.   Declaration of Paul Rytting;

4.   Plaintiff's Opposition Brief;

5.   Declaration of Michelle A. Menely and attached exhibits;

6.   COP's Reply Brief;

7.   Second Declaration of Paul D. Rytting

8.   COP's Motion for Reconsideration

9.   _____

Based upon the foregoing, it is hereby:

ORDERED that COP's motion for reconsideration is GRANTED.  The Court hereby vacates its order of February 9, 2007, and dismisses the Church from this action with prejudice.

DATED this _____ day of _____, 2007.


_____
The Honorable Laura C. Inveen


Presented by:

**GORDON MURRAY TILDEN** LLP

By _____ .
    Charles C. Gordon, WSBA #1773
    Jeffrey I. Tilden, WSBA #12219
    Michael Rosenberger, WSBA #17730
Attorneys for Defendant

ORDER - 2

Page 312

FILED
07 FEB 20 PM 3:33
KING COUNTY
SUPERIOR COURT CLERK
KENT, WA

# SUPERIOR COURT, IN AND FOR THE COUNTY OF KING, STATE OF WASHINGTON

D.F.

           Plaintiff/Petitioner

vs.

THE CORPORATION OF THE PRESIDENT
OF THE CHURCH OF JESUS CHRIST OF
LATTER-DAY SAINTS, A UTAH CORPORATION
SOLE; ET AL.,

           Defendant/Respondent

Cause #:   06-2-18131-0
           KNT

Declaration of Service of:

SUBPOENA DUCES TECUM TO KENT SCHOOL DISTRICT,
12033 S.E. 256TH STREET, KENT, WA 98030-6643;
WITNESS FEE CHECK

Hearing Date:  Mar 5 2007

Declaration:

The undersigned hereby declares: That s(he) is now and at all times herein mentioned, a citizen of the United States and a resident of the State of Washington, over the age of eighteen, not an officer of a plaintiff corporation, not a party to nor interested in the above entitled action, and is competent to be a witness therein.

On the date and time of Feb 15 2007 1:18PM at the address of 12033 SE 256TH ST KENT, within the County of KING, State of WASHINGTON, the declarant duly served the above described documents upon KENT SCHOOL DISTRICT, RECORDS CUSTODIAN by then and there personally delivering 1 true and correct copy(ies) thereof, by then presenting to and leaving the same with BARBARA GROHE, SUPERINTENDENT .

No information was provided that indicates that the subjects served are members of the U.S. military.

I hereby declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

Dated: February 16, 2007 at Seattle, WA

by _____
              C. Reeves

Service Fee Total: $ 65.85

ABC Legal Services, Inc.
206 521-9000
Tracking #: 2537107

**ORIGINAL
PROOF OF SERVICE**

Page 1 of 1

Gordon, Murray & Tilden
1001 4th Ave, #4000
Seattle, WA   98154
206 467-6477

**F I L E D**

KING COUNTY, WASHINGTON

MAR 2 7 2007

SUPERIOR COURT CLERK
**KIM C. PHIPPS**
**DEPUTY**

The Honorable Laura C. Inveen

SUPERIOR COURT OF THE STATE OF WASHINGTON
FOR KING COUNTY

| | |
|---|---|
| D.F.,<br><br>    Plaintiff,<br><br>  v.<br><br>THE CORPORATION OF THE PRESDIENT OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, a Utah corporation sole; LDS SOCIAL SERVICES a/k/a LDS FAMILY SERVICES, a Utah corporation; and the "MORMON CHURCH" THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, an unincorporated association,<br><br>    Defendants. | NO.  06-2-18131-0 KNT<br><br>[~~PROPOSED~~]<br>ORDER GRANTING COP'S MOTION FOR RECONSIDERATION ~~AND DISMISSING THE MORMON CHURCH~~ AND SETTING BRIEFING SCHEDULE |

THIS MATTER was brought before the Court upon the motion of defendant Corporation

of the President of the Church of Jesus Christ of Latter-Day Saints ("COP") for reconsideration

of this Court's order denying COP's motion to dismiss and/or for summary judgment seeking

dismissal of defendant The Church of Jesus Christ of Latter-day Saints ("the Church").  The

Court heard argument of counsel on the original motion on Friday, February 9, 2007, and has

considered the following submissions:

ORDER - 1

Page 314

ORIGINAL

**GORDON MURRAY TILDEN LLP**
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154-1007
Phone (206) 467-6477
Fax (206) 467-6292

1.  COP's memo in support;

2.  Declaration of Michael Rosenberger and attached exhibits;

3.  Declaration of Paul Rytting;

4.  Plaintiff's Opposition Brief;

5.  Declaration of Michelle A. Menely and attached exhibits;

6.  COP's Reply Brief;

7.  Second Declaration of Paul D. Rytting

8.  COP's Motion for Reconsideration

9.  _____

Based upon the foregoing, it is hereby:

ORDERED that COP's motion for reconsideration is GRANTED. ~~The Court hereby~~ *Response to COP's* motion shall be due by April 9, 2007. Reply shall be ~~heard~~ due by ~~vacates its order of February 9, 2007, and dismisses the Church from this action with prejudice.~~ April 13 2007. Matter shall be heard without oral argument on or after

DATED this __23__ day of __March__, 2007. April 16, 2007

_Laura C. Inveen_
The Honorable Laura C. Inveen

Presented by:

**GORDON MURRAY TILDEN LLP**

By _Michael R._____

Charles C. Gordon, WSBA #1773
Jeffrey I. Tilden, WSBA #12219
Michael Rosenberger, WSBA #17730
Attorneys for Defendant

ORDER - 2

**GORDON MURRAY TILDEN LLP**
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154-1007
Phone (206) 467-6477
Fax (206) 467-6292

FILED

07 APR -9 PM 4:48

KING COUNTY
SUPERIOR COURT CLERK
KENT. WA

1
2
3
4
5

6          SUPERIOR COURT OF THE STATE OF WASHINGTON
7                          FOR KING COUNTY

8    D.F.,                                    NO. 06-2-18131-0 KNT

9              Plaintiff,                      PLAINTIFF'S MEMORANDUM IN
                                              OPPOSITION to DEFENDANT COP'S
10   v.                                        MOTION FOR RECONSIDERATION

11   THE CORPORATION OF THE PRESIDENT OF       **THE HONORABLE LAURA INVEEN**
     THE CHURCH OF JESUS CHRIST OF
12   LATTER-DAY SAINTS, a Utah Corporation
     sole; and the "MORMON CHURCH" THE
13   CHURCH OF JESUS CHRIST OF LATTER-
     DAY SAINTS, an unincorporated association,
14
15              Defendants.

16                      **I.    INTRODUCTION**

17         On February 9, 2007 this Court properly ruled that there was a question of fact

18   precluding the dismissal of defendant "the Mormon Church."  COP now seeks reconsideration

19   asserting that the factual basis upon which plaintiff successfully defended the summary

20   judgment are insufficient.   For the reasons stated below, this Court should deny COP's

21   Motion for Reconsideration.

22                       **II.   ARGUMENT**

23         In seeking reconsideration (and reversal of this Court's prior determination), COP

24   submits nothing more than its own subjective determination of factual issues.  However, as

25   this Court is well-aware, on a motion for summary judgment, the moving party's

26

PLTF. OPP. TO DEF. MTN FOR RECONSIDERATION- 1
06-2-18131-0 KNT
[177719 v04.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

interpretation of "facts" is not controlling. Instead, all facts, **and reasonable inferences therefrom,** must be taken in the light most favorable to the non-moving party – in this case, plaintiff Dan Fleming. *KMS Fin. Servs., Inc. vs. Seattle,* 135 Wn.App. 489, 495-496, 156 P.3d 1195 (2006).

### A. PLAINTIFF HAS PROVIDED FACTUAL EVIDENCE THAT THE CHURCH HOLDS ITSELF OUT AS "DOING BUSINESS."

There is no real dispute that the case law cited by plaintiff in the original opposition demonstrates that the Church itself has been named as a party plaintiff and/or party defendant on multiple occasions. In apparent recognition of its inability to factually distinguish the prior case law, defendant asserts that the case law from other jurisdictions demonstrate nothing more than COP was the "real-party-in-interest" in prior cases and that the plaintiffs in the prior cases simply named the wrong party. However, in doing so, COP does not explain why the Church itself actually instituted suit as a party plaintiff. If, indeed, the cases were merely reflective of COP being the real party in interest, one would imagine that COP – as the party instituting an action – would name the proper party. By holding itself out as an entity capable of instituting suit, should estop the Church from now arguing that it is incapable of being sued.

In an effort to circumvent the inconsistent positions, COP argues that simply because the Church actually "does business" in other states does not mean that it "does business" in this state asserting that the Church itself conducts no business, holds no property, and conduct "no business." The Church's argument is a red-herring and is an attempt to replace its determination of what "doing business" entails over that of the plaintiff and, ultimately, the jury. Indeed, Plaintiff provided factual evidence from which this Court (or, ultimately, a jury) could determine that COP is indeed "doing business" in Washington. That evidence[1]

---

[1] Listed on pgs. 9 and 10 of plaintiff's opposition to defendant's motion to dismiss.

PLTF. OPP. TO DEF. MTN FOR RECONSIDERATION- 2
06-2-18131-0 KNT
[177719 v04.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

included information demonstrating that the Church has "availed itself," of the benefits of this state and, therefore, "does business" within the state.    Included among the information provided was the fact that the Church (a) recruits members here, (b) collects "tithing" here (which "tithing" can include "marketable real estate"), and (c) the fact that the Church has checking accounts within the state.

In disputing these facts, COP asserts that while money is collected from Washington residents, and deposited into Washington bank accounts, the money is actually owned by the Corporation of the Presiding Bishop of the Church; however, while this assertion may be true, COP provides nothing to support this assertion, e.g., the bank account records demonstrating that the "owner" is the Presiding Bishop, as opposed to the local Ward.    Again, all facts must be taken in the light most favorable to Dan Fleming.    Plaintiff has provided factual evidence demonstrating that the Church holds itself out as "doing business" within this State.    In the absence of actual proof defeating plaintiff's allegation, COP's motion must be denied.

Finally, with regard to missionary work and/or tithing, plaintiff is not asking this Court to interpret or weigh church doctrine.    Instead, plaintiff simply demonstrates that these "events" occur within this State and that by engaging in such actions, the Church, itself, is "doing business" within this State.

**B.  THIS IS NOT A LEGAL ISSUE WHICH THE COURT MUST RESOLVE.**

Defendant correctly argues that **whether** jurisdiction has been obtained is a legal question for the Court to resolve.    However, there is no question as to whether plaintiff obtained physical service of process – he did.[2]    Consequently, the issue is limited to whether service on "any agent" is sufficient.    *See,* RCW 4.28.080(10) ("if the suit be against a . . . association doing business within this state, to **any** agent. . . .").    Consequently, the issue

---

[2] As even defendant noted, plaintiff physically served Gordon Conger with the Summons and Complaint.

PLTF. OPP. TO DEF. MTN FOR RECONSIDERATION- 3
06-2-18131-0 KNT
[177719 v04.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 · FACSIMILE (206) 676-7575

is not a jurisdictional one but is, instead, a factual one – does the Church "do business" within this State. If so, service on **any** agent is sufficient.[3]

## C. JUDGE DOWNING'S RULING.

COP implies that because Judge Downing ruled that the Mormon Church should be dismissed, that this Court should rule accordingly. Plaintiff believes that Judge Downing's ruling was erroneous and this Court should not follow that error. However, in the event this Court does, indeed, reverse itself, plaintiff respectfully requests that this Court take note of Judge Downing's concerns relating to the dismissal, as demonstrated by the conditions he imposed on COP in granting the motion to dismiss.[4] Plaintiff requests that if this Court determines that the "Mormon Church" should be dismissed that similar conditions be imposed, namely:

1. Any person who would otherwise be an agent of the Church is an agent of COP;

2. The Court will be liberal in considering statements and admissions by agents of the Church as statements and admissions against COP;

3. Any agent of the Church is an agent of COP for both liability and evidentiary purposes; and

4. The Mormon Church will not be an "empty chair" entity in this case.

## III. CONCLUSION

For the above stated reasons, plaintiff respectfully requests that this Court DENY COP's Motion for Reconsideration.

---

[3] COP has not disputed this point but, instead, asserts that the Church does not "do business" and thus, that service on **all** members is required.

[4] See Order Granting Defendant's Motion to Dismiss and/or for Summary Judgment, pg. 2, ll. 37 – pg. 3, 5, attached to COP's Motion for Reconsideration.

PLTF. OPP. TO DEF. MTN FOR RECONSIDERATION- 4
06-2-18131-0 KNT
[177719 v04.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON 98101-4185
(206) 676-7500 · FACSIMILE (206) 676-7575

1

RESPECTFULLY SUBMITTED this 9th day of April 2007.

2

3      GORDON, THOMAS, HONEYWELL,
       MALANCA, PETERSON & DAHEIM LLP

4

5      By _Michelle Menely_
           Michael T. Pfau, WSBA No. 24649
6          mpfau@gth-law.com
           Michelle A. Menely, WSBA No. 28353
7          mmenely@gth-law.com
           Co-Counsel for Plaintiff

8

9      LAW OFFICES OF TIMOTHY D. KOSNOFF

10     By _Michelle Menely  28353_
           Timothy D. Kosnoff, WSBA No. 16586
11         timkosnoff@comcast.net
           Co-Counsel for Plaintiff

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

PLTF. OPP. TO DEF. MTN FOR RECONSIDERATION- 5
06-2-18131-0 KNT
[177719 v04.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON  98101-4185
(206) 676-7500 -  FACSIMILE (206) 676-7575

1

## CERTIFICATE OF SERVICE

2      THIS IS TO CERTIFY that on this _9_ day of April, 2007, I did serve true and

3   correct copies of the foregoing via facsimile and via ABC Legal Messengers by directing

4   delivery to and addressed to the following:

5

6                          ***Counsel for COP.:***
                           Charles Gordon, Esq.
7                          Jeffrey Tilden, Esq
                           Michael Rosenberger, Esq.
8                          GORDON MURRAY TILDEN
                           1001 Fourth Avenue, Suite 4000
9                          Seattle, WA  98101
                           TEL:   206.467.6477
10                         FAX:   206.467.6292

11

12                                      _Fara Fusaro_

13                                      Fara Fusaro
                                        Legal Assistant to Michelle A. Menely

14

15

16

17

18

19

20

21

22

23

24

25

26

PLTF. OPP. TO DEF. MTN FOR RECONSIDERATION- 6
06-2-18131-0 KNT
[177719 v4.doc]

LAW OFFICES
GORDON, THOMAS, HONEYWELL, MALANCA,
PETERSON & DAHEIM LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE, WASHINGTON  98101-4185
(206) 676-7500 · FACSIMILE (206) 676-7575

# ORIGINAL COURT MINUTES

KENT REGIONAL JUSTICE CENTER                          PAGE   28
\*\* PREPARED \*\*      SHOW CAUSE COMPLIANCE HEARING - KENT
04-03-07 12:21              TUESDAY, APRIL 10, 2007
                          JUDGE PALMER ROBINSON
                    \*90 DAYS PRIOR DATE\* JANUARY 10, 2007

NOT REPORTED
_1FRSLOTO66_          COURT CLERK: Renee Janes
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
28.                              06-2-18131-0 KNT
    F, D                     VS   CORPORATION OF THE PRESIDENT OF
                                 THE CHURCH OF JESUS CHRIST OF
                                 ET AL
    PFAU, MICHAEL THOMAS         GORDON, CHARLES COOPER
    MENELY, MICHELLE             TILDEN, JEFFREY IVER
    KOSNOFF, TIMOTHY DAVID       ROSENBERGER, MICHAEL

    1:30/1F/ORDER TO SHOW CAUSE

_____ The case is NOT on track, but will be monitored by the assigned Judge.

_____ Case is on track; parties to follow civil case schedule.

__✓__ Status conference continued to _5/22/07_ unless before
    _5/15/07_ a Confirmation of Joinder, a Statement of Arbitrability or a
    a dismissal of all claims and parties is filed.

_____ This case is transferred to Family Court Services for purposes of mediation
    and investigation.

_____ Case transferred to Mandatory Arbitration; Statement of Arbitrability to be
    filed by _____.

_____ Case is dismissed without prejudice.

_____ Sanctions / Terms in the amount of $ _____ shall be paid by _____
    to the King County Clerk, no later than _____.

__✓__ Order is signed.

_____ Stricken, no appearances.


SCOMIS CODE:    __✓__STAHRG              _____STKNA

FILED
G COUNTY, WASHINGTON

APR 1 0 2007

SUPERIOR COURT CLERK
RENEE JANES
DEPUTY

**IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING**

F

Plaintiff / Petitioner

vs.

CORP OF THE PRESIDENT OF THE CHURCH OF
Defendant / Respondent

NO.    06-2-18131-0 KNT

 ORIGINAL

**ORDER ON SHOW CAUSE HEARING**
**(Clerk's Action Required)**

SCOMIS Code: ORSTAC/ORDSM/ORCNT

**I. The Court finds upon initial review that:**
1.1   The parties were not in compliance with the Case Schedule.  The Court further finds:
1.2   [X] The parties appeared for the hearing.
1.3   [ ] The parties/_____ failed to appear for the hearing.
1.4   [ ] A Confirmation of Service, showing service on all named parties, has not been filed.
1.5   [ ] The case appears to be subject to mandatory arbitration, but is not yet at issue.
1.6   [ ] Mandatory pleadings having not been filed, the _____ has not moved for default.
1.7   [ ] _____

**II. It is hereby ordered:**
2.1   [ ] This action / _____ is **dismissed** without prejudice.
2.2   [ ] The case is  **on track**  because it is in substantial compliance with the Case Schedule.
2.3   [ ] The case is fully at issue and subject to  **mandatory arbitration.**  The Court hereby transfers
        this case to mandatory arbitration, and a Statement of Arbitrability shall be filed by
        _____ with payment of $220.
2.4   [ ] The Court further requires that:

        _____
        _____

2.5   [ ] **Sanctions / Terms**  in the amount of $_____ shall be paid by _____
        to the King County Clerk / _____ no later than _____
        for failure to appear as ordered / comply with court rules / _____.
2.6   [X] This matter is continued until  _5/22/07_.  Hearing will be stricken if
        _confirmation of status filed by 5/15_
2.7   **FAILURE TO COMPLY WITH ANY TERMS OF THIS ORDER MAY RESULT IN DISMISSAL OR**
        **FURTHER SANCTIONS.**

DATED:  _4/10/07_

_____
Superior Court Judge  Palmer Robinson

GORDON, CHARLES COOPER
1001 4TH AVE STE 4000
SEATTLE, WA  98154-1007


KOSNOFF, TIMOTHY DAVID
600 UNIVERSITY ST STE 2100
SEATTLE, WA  98101-4161


MENELY, MICHELLE
600 UNIVERSITY ST STE 2100
SEATTLE, WA  98101-4185


PFAU, MICHAEL THOMAS
600 UNIVERSITY ST STE 2100
SEATTLE, WA  98101-4185


ROSENBERGER, MICHAEL
1001 4TH AVE STE 4000
SEATTLE, WA  98154-1007


TILDEN, JEFFREY IVER
1001 4TH AVE STE 4000
SEATTLE, WA  98154-1007

1
2
3
4
5
6
7
8
9
10
11

FILED

07 APR 13 PM 1:25

KING COUNTY
SUPERIOR COURT CLERK
KENT, WA

The Honorable Laura C. Inveen

12      SUPERIOR COURT OF THE STATE OF WASHINGTON
13                    FOR KING COUNTY
14

15   D.F.,

16                                          NO. 06-2-18131-0 KNT
17              Plaintiff,

18                                          DEFENDANT COP'S REPLY IN
19        v.                                SUPPORT OF MOTION FOR
20                                          RECONSIDERATION
21   THE CORPORATION OF THE PRESIDENT
22   OF THE CHURCH OF JESUS CHRIST OF
23   LATTER-DAY SAINTS, a Utah corporation
24   sole; LDS SOCIAL SERVICES a/k/a LDS
25   FAMILY SERVICES, a Utah corporation; and
26   the "MORMON CHURCH" THE CHURCH
27   OF JESUS CHRIST OF LATTER-DAY
28   SAINTS, an unincorporated association,
29
30              Defendants.
31
32
33                    I.    INTRODUCTION
34
35          Plaintiff's opposition to the motion for reconsideration fails to identify <u>any</u> evidence that
36
37   shows that the LDS Church is "doing business" in the State of Washington. Because there is a
38
39   complete failure of proof on this issue, plaintiff could not serve the Church by utilizing the
40
41   statute allowing service on an agent of an association "doing business" in the State of
42
43   Washington. Service upon an agent of the Church is not service upon the Church. Thus, with
44
45

DEFENDANT COP'S REPLY IN SUPPORT OF MOTION FOR
RECONSIDERATION - 1

**GORDON MURRAY TILDEN LLP**
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154-1007
Phone (206) 467-6477
Fax (206) 467-6292

**ORIGINAL**

service improper and no practical means by which to accomplish service, COP's motion to dismiss the Church should thus be granted.

## II.    ARGUMENT

### A.    Cases in Which the Church Was a Party Are Irrelevant

Plaintiff does not, and cannot, dispute that cases from other jurisdictions in which the Church was a named party say nothing about whether the Church currently does business in *this* state. Thus, for the purpose of resolving the issue of whether the Church is "doing business" in Washington, such cases are irrelevant.

Plaintiff argues that having brought suit in other jurisdictions, the Church should be estopped "from now arguing that it is incapable of being sued." Plaintiff's Opp. at 2:16-17. This argument misses the point of the motion. COP's motion for reconsideration does <u>not</u> argue the Church lacks capacity to be sued. COP's original motion to dismiss did argue that when a religious organization incorporates, the unincorporated church lacks capacity to sue or be sued. This Court rejected that argument, and while COP respectfully disagrees, it does not re-argue it here. This motion for reconsideration is focused solely on whether the Church is "doing business" for purposes of service of process.

### B.    Plaintiff Presents No Evidence the Church is Doing Business in Washington

Plaintiff repeats his familiar arguments that the Church is doing business in Washington, but cites <u>no facts from the record</u> to support any such contention. Plaintiff's position is based upon three things: (a) the Church's missionary work; (b) the Church's collection of donations or tithing; and (c) the allegation that "the Church" has checking accounts within the State. The former two are spiritual, not commercial practices, and the third is unsupported by any evidence.

DEFENDANT COP'S REPLY IN SUPPORT OF MOTION FOR
RECONSIDERATION - 2

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154-1007
Phone (206) 467-6477
Fax (206) 467-6292

<u>Tithing and Missionary Work</u>. The <u>only</u> evidence in the record that speaks to the role of missionary work and tithing within the Church is provided in the previously-filed Second Declaration of Paul D. Rytting. Mr. Rytting states, "Missionary work is a deep spiritual obligation of every member of the church." *Id.* ¶ 4. Similarly, Mr. Rytting states that, "Payment of tithing is a spiritual obligation and . . . is considered a privilege of membership with associated blessings." *Id.* ¶ 5. There is <u>no</u> contrary evidence.

The Church's doctrine that missionary work and tithing are spiritual practices, not commercial practices, is dispositive. Courts cannot "engage in the forbidden process of interpreting and weighing church doctrine." *Presbyterian Church v. Mary Elizabeth Hull Memorial Presbyterian Church*, 393 U.S. 440, 451 (1969).

Plaintiff contends he is not asking the Court to "weigh church doctrine," but rather, that these "events" occur in Washington and constitute "doing business" within the state. Plaintiff's Opp. at 3:16-17. However, one cannot characterize these as "business" practices unless one rejects the Church's belief that these are spiritual practices. The First Amendment precludes courts from doing so. Moreover, even if the Court could do so, donating to one's church and proselytizing to gain new members into the church are patently religious, not commercial, practices.

<u>The Church Has No Checking Accounts</u>. Plaintiff contends that COP provides "nothing" in support of COP's assertion that all accounts used by local wards are in fact owned and controlled by church corporations. Plaintiff's Opp. at 3: 9. This is untrue, and it ignores the Second Declaration of Mr. Rytting. Mr. Rytting states:

> The checking (disbursement) account used by domestic local
> wards and stakes is <u>owned by the Corporation of the Presiding</u>

DEFENDANT COP'S REPLY IN SUPPORT OF MOTION FOR
RECONSIDERATION - 3

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154-1007
Phone (206) 467-6477
Fax (206) 467-6292

<u>Bishop of the Church of Jesus Christ of Latter Day Saints ("CPB").</u>
Funds in this account are provided by COP from contributed
revenue, including tithing.

Second Rytting Declaration ¶ 8 (emphasis added).

This checking account is used to provide for the needs of the less fortunate within the community. *Id.* ¶ 11. It is not used to perform any commercial transactions. The local ward account is not used for any purchases or payments of a commercial nature. *Id.* ¶ 13.

In sum, there is simply no evidence that the Church does business within the State of Washington.

## C.    Whether the Church Is Doing Business Is a Jurisdictional Issue That Must Be Resolved as a Matter of Law

Plaintiff does not cite any authority to contradict the case law cited in the Motion for Reconsideration. Plaintiff merely repeats the conclusory statement that whether the Church does business is a factual question. Plaintiff is incorrect.

Here, the Court does not have jurisdiction over the Church unless service is proper. Service is only proper if the Church is doing business in the State of Washington. While plaintiff may characterize the effectiveness of service as a "factual question," it does not alter the fact that it is the duty of the Court to resolve this issue, upon which jurisdiction hinges. In this regard, the issue is no different than a dispute as to whether a foreign corporation has sufficient "minimum contacts" with the state such that a court can exercise personal jurisdiction over the defendant. Whether such minimum contacts exist may be a hotly contested factual question, but it is still the duty of the court, and not the jury, to resolve the dispute. *MBM Fisheries, Inc. v. Bollinger Mach. Shop & Shipyard, Inc.*, 60 Wn. App. 414, 418, 804 P.2d 627 (1991) ("personal jurisdiction is a question of law").

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154-1007
Phone (206) 467-6477
Fax (206) 467-6292

**D.    Judge Downing's Order Dismissing the Church is Appropriate and Acceptable.**

Since the date COP filed its motion for reconsideration, Judge Downing approved the form of order previously submitted to this Court. Plaintiff requests that if this Court dismisses the Church, that this Court also impose the same conditions as are contained in Judge Downing's order. COP has no objection to the Court doing so, as these conditions simply implement the position taken by COP from the outset: that plaintiff would suffer no prejudice from dismissal of the Church in this action.

## III.    CONCLUSION

The record before this Court shows, without contravention, that the Church's presence in this state is one that has no commercial attributes. It has no bank accounts, it has no employees, it hires no contractors, and it pays no bills. It is not doing business within the state within the meaning of the service of process statute, RCW 4.28.080(10). Plaintiff has failed to serve the Church, and cannot practically do so. COP respectfully requests that this Court grant the motion and dismiss the Church from this action.

DATED this __/3__ day of April, 2007.

GORDON MURRAY TILDEN LLP

By _Michael Rosenberger_
Charles C. Gordon, WSBA #1773
Jeffrey I. Tilden, WSBA #12219
Michael Rosenberger, WSBA #31550
Attorneys for Defendants
Corporation of the President of the Church
of Jesus Christ of Latter-Day Saints

DEFENDANT COP'S REPLY IN SUPPORT OF MOTION FOR
RECONSIDERATION - 5

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154-1007
Phone (206) 467-6477
Fax (206) 467-6292

Page 329

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on April 13, 2007, copies of the foregoing

Defendant COP's Reply in Support of Motion for Reconsideration were served at the following

addresses via hand delivery by ABC Legal Services, Inc.:

      Michael T. Pfau
      Michelle A. Menely
      Gordon, Thomas, Honeywell, Malanca, Peterson & Daheim LLP
      600 University, Suite 2100
      Seattle, WA 98101-4185
      Co-Counsel for Plaintiff Rob Rinde

      Timothy D. Kosnoff
      Law Offices of Timothy D. Kosnoff
      One Union Square
      600 University Street, Suite 2101
      Seattle, WA 98101
      Co-Counsel for Plaintiff Rob R inde

      DATED this 13th day of April, 2007.

                              _Carol H. Hudson_
                              Carol Hudson

DEFENDANT COP'S REPLY IN SUPPORT OF MOTION FOR
RECONSIDERATION - 6

Page 330

**GORDON MURRAY TILDEN LLP**
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154-1007
Phone (206) 467-6477
Fax (206) 467-6292

FILED

07 MAY -8 PM 4:43

KING COUNTY
SUPERIOR COURT CLERK
SEATTLE, WA

The Honorable Laura C. Inveen

SUPERIOR COURT OF THE STATE OF WASHINGTON
FOR KING COUNTY

D.F.,

              Plaintiff,

      v.

THE CORPORATION OF THE PRESIDENT
OF THE CHURCH OF JESUS CHRIST OF
LATTER-DAY SAINTS, a Utah corporation
sole; LDS SOCIAL SERVICES a/k/a LDS
FAMILY SERVICES, a Utah corporation; and
the "MORMON CHURCH" THE CHURCH
OF JESUS CHRIST OF LATTER-DAY
SAINTS, an unincorporated association,

              Defendants.

NO.  06-2-18131-0 KNT

NOTICE OF WITHDRAWAL AND
SUBSTITUTION OF COUNSEL

**(Clerk's Action Requested)**

## DEFENDANTS' NOTICE OF SUBSTITUTION OF COUNSEL

TO:    The Clerk of the Court; and

TO:    The Plaintiff and their Counsel of Record

      PLEASE TAKE NOTICE that, effective May 1, 2007, the law firm of GORDON

MURRAY TILDEN LLP has changed its name to GORDON TILDEN THOMAS & CORDELL

LLP. Accordingly, GORDON TILDEN THOMAS & CORDELL LLP hereby substitutes for

GORDON MURRAY TILDEN LLP as counsel for defendants, THE CORPORATION OF THE

NOTICE OF WITHDRAWAL AND SUBSTITUTION OF
COUNSEL - 1

ORIGINAL

**GORDON TILDEN THOMAS & CORDELL LLP**
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154-1007
Phone (206) 467-6477
Fax (206) 467-6292

PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, LDS

SOCIAL SERVICES A/K/A LDS FAMILY SERVICES, and THE "MORMON CHURCH"

THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS.  Except as to the foregoing,

there is no change in the address or in the attorneys assigned to handle the matter.

DATED this __7__ day of May, 2007.

GORDON TILDEN THOMAS & CORDELL LLP


By _____

Charles C. Gordon, WSBA #1773
Jeffrey I. Tilden, WSBA #12219
Michael Rosenberger, WSBA #17730
Attorneys for Defendants


DECLARATION OF SERVICE
The undersigned certifies under penalty of perjury
under the laws of the State of Washington that on the
below date, I caused a true and correct copy of this
document to be delivered via U.S. first class mail to:
MICHAEL T. PFAU and TIMOTHY D. KOSNOFF,
counsel for plaintiff, at the regular office address thereof.
Dated this 8th day of May, 2007 at Seattle,
Washington.

Carol Hudson
of Gordon Tilden Thomas & Cordell LLP

NOTICE OF WITHDRAWAL AND SUBSTITUTION OF
COUNSEL - 2

Page 332

GORDON TILDEN THOMAS & CORDELL LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154-1007
Phone (206) 467-6477
Fax (206) 467-6292





The Honorable Laura C. Inveen

SUPERIOR COURT OF THE STATE OF WASHINGTON
FOR KING COUNTY

D.F.,

              Plaintiff,

    v.

THE CORPORATION OF THE PRESDIENT
OF THE CHURCH OF JESUS CHRIST OF
LATTER-DAY SAINTS, a Utah corporation
sole; LDS SOCIAL SERVICES a/k/a LDS
FAMILY SERVICES, a Utah corporation; and
the "MORMON CHURCH" THE CHURCH
OF JESUS CHRIST OF LATTER-DAY
SAINTS, an unincorporated association,

              Defendants.

NO.  06-2-18131-0 KNT

[~~PROPOSED~~]
ORDER GRANTING COP'S MOTION
FOR RECONSIDERATION AND
DISMISSING THE MORMON
CHURCH

     THIS MATTER was brought before the Court upon the motion of defendant Corporation

of the President of the Church of Jesus Christ of Latter-Day Saints ("COP") for reconsideration

of this Court's order denying COP's motion to dismiss and/or for summary judgment seeking

dismissal of defendant The Church of Jesus Christ of Latter-day Saints ("the Church").  The

Court heard argument of counsel on the original motion on Friday, February 9, 2007, and has

considered the following submissions:

ORDER - 1

ORIGINAL

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154-1007
Phone (206) 467-6477
Fax (206) 467-6292

1.    COP's memo in support;

2.    Declaration of Michael Rosenberger and attached exhibits;

3.    Declaration of Paul Rytting;

4.    Plaintiff's Opposition Brief;

5.    Declaration of Michelle A. Menely and attached exhibits;

6.    COP's Reply Brief;

7.    Second Declaration of Paul D. Rytting

8.    COP's Motion for Reconsideration

9.    Plaintiff's Memorandum in Opposition to COP's Motion for Reconsideration

10.   Defendant COP's Reply in Support of Motion for Reconsideration

Based upon the foregoing, it is hereby:

ORDERED that COP's motion for reconsideration is GRANTED. The Court hereby

vacates its order of February 9, 2007, and dismisses the Church from this action with prejudice*

DATED this _22_ day of _May_, 2007.

_Laura C. Inveen_
The Honorable Laura C. Inveen

*pursuant to conditions 1-4 as set
out in Judge Downing's Order Granting
Defendant's Motion to Dismiss in
06-2-09825-1 entered 2/13/07,
attached hereto, and to which
Defendants indicate no objection.

Presented by:

**GORDON MURRAY TILDEN LLP**

By _Michael R___
    Charles C. Gordon, WSBA #1773
    Jeffrey I. Tilden, WSBA #12219
    Michael Rosenberger, WSBA #17730
Attorneys for Defendant

ORDER - 2

**GORDON MURRAY TILDEN LLP**
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154-1007
Phone (206) 467-6477
Fax (206) 467-6292

# ORIGINAL COURT MINUTES

```
** PREPARED **           KENT REGIONAL JUSTICE CENTER              PAGE   3
05-15-07 09:46      SHOW CAUSE COMPLIANCE HEARING - KENT
                          TUESDAY, MAY 22, 2007
                          JUDGE PALMER ROBINSON
                    *90 DAYS PRIOR DATE* FEBRUARY 21, 2007
```

### COURT CLERK: RENEE JANES                    NOT REPORTED

```
-------------------------------------------------------------------
3.
      F, D                        06-2-18131-0 KNT
                            VS   CORPORATION OF THE PRESIDENT OF
                                THE CHURCH OF JESUS CHRIST OF
                                ET AL
    PFAU, MICHAEL THOMAS          GORDON, CHARLES COOPER
    MENELY, MICHELLE              TILDEN, JEFFREY IVER
    KOSNOFF, TIMOTHY DAVID        ROSENBERGER, MICHAEL
    Fasy, Daniel  Appearing
    ORDER OF CONTINUANCE /SHOW CAUSE
```

---

_____ The case is NOT on track, but will be monitored by the assigned Judge.

__X__ Case is on track; parties to follow civil case schedule.

_____ Status conference continued to _____ unless before
      _____ a Confirmation of Joinder, a Statement of Arbitrability or a
      a dismissal of all claims and parties is filed.

_____ This case is transferred to Family Court Services for purposes of mediation
      and investigation.

_____ Case transferred to Mandatory Arbitration; Statement of Arbitrability to be
      filed by _____.

_____ Case is dismissed without prejudice.

_____ Sanctions / Terms in the amount of $ _____ shall be paid by _____
      to the King County Clerk, no later than _____.

__✓__ Order is signed.

_____ Stricken, no appearances.


**SCOMIS CODE:**    __✓__ STAHRG                _____STKNA



FILED
G COUNTY, WASHINGTON

MAY 2 2 2007

SUPERIOR COURT CLERK
RENEE JANES
DEPUTY

## IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
## IN AND FOR THE COUNTY OF KING

F

                    Plaintiff / Petitioner

  vs.

CORP OF THE PRESIDENT OF THE CHURCH OF
           Defendant / Respondent

NO.    06-2-18131-0 KNT

**ORDER ON SHOW CAUSE HEARING**
**(Clerk's Action Required)**

SCOMIS Code:  ORSTAC/ORDSM/ORCNT

### I.  The Court finds upon initial review that:

1.1  The parties were not in compliance with the Case Schedule.  The Court further finds:
1.2  [x] The parties appeared for the hearing.
1.3  [ ] The parties/_____ failed to appear for the hearing.
1.4  [ ] A Confirmation of Service, showing service on all named parties, has not been filed.
1.5  [ ] The case appears to be subject to mandatory arbitration, but is not yet at issue.
1.6  [ ] Mandatory pleadings having not been filed, the _____ has not moved for default.
1.7  [ ] _____

### II.  It is hereby ordered:

2.1  [ ] This action / _____ is **dismissed** without prejudice.
2.2  [x] The case is **on track** because it is in substantial compliance with the Case Schedule.
2.3  [ ] The case is fully at issue and subject to **mandatory arbitration.**  The Court hereby transfers
      this case to mandatory arbitration, and a Statement of Arbitrability shall be filed by
      _____ with payment of $220.
2.4  [ ] The Court further requires that:
      _____
      _____

2.5  [ ] **Sanctions / Terms**  in the amount of $_____ shall be paid by _____
      to the King County Clerk / _____ no later than _____
      for failure to appear as ordered / comply with court rules / _____.
2.6  [ ] This matter is continued until _____. Hearing will be stricken if
      _____

2.7  **FAILURE TO COMPLY WITH ANY TERMS OF THIS ORDER MAY RESULT IN DISMISSAL OR**
      **FURTHER SANCTIONS.**

DATED:  _MAy 22, 2007_           _Palmer Robinson_
                                       Superior Court Judge  Palmer Robinson

GORDON, CHARLES COOPER
1001 4TH AVE STE 4000
SEATTLE, WA  98154-1007


KOSNOFF, TIMOTHY DAVID
600 UNIVERSITY ST STE 2100
SEATTLE, WA  98101-4161


MENELY, MICHELLE
600 UNIVERSITY ST STE 2100
SEATTLE, WA  98101-4185


PFAU, MICHAEL THOMAS
600 UNIVERSITY ST STE 2100
SEATTLE, WA  98101-4185


ROSENBERGER, MICHAEL
1001 4TH AVE STE 4000
SEATTLE, WA  98154-1007


TILDEN, JEFFREY IVER
1001 4TH AVE STE 4000
SEATTLE, WA  98154-1007

06-2-18131-0 KNT