The Honorable James L. Robart

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| D.F.,<br><br>          Plaintiff,<br><br>    v.<br><br>CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, a Utah corporation sole,<br><br>          Defendant. | NO. C07-0801 JLR<br><br>RESPONSE TO ORDER TO SHOW CAUSE BY CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS |

## I.    INTRODUCTION

In June 2006, Plaintiff D.F. commenced this action. He not only named Corporation of the President of The Church of Jesus Christ of Latter-day Saints ("COP") as defendant, but also the unincorporated Church of Jesus Christ of Latter-day Saints ("the Church"). COP is the corporation established approximately 75 years ago to possess property, to enter contracts and to serve generally as the Church's interface with secular society.

At the time the action commenced, plaintiff's counsel knew that the Church was not a necessary or proper party as they had previously tried a similar sexual abuse case to verdict—*against only COP*. They also had another case pending in this Court, in which the Church also

RESPONSE TO ORDER TO SHOW CAUSE BY
CORPORATION OF THE PRESIDENT OF THE CHURCH
OF JESUS CHRIST OF LATTER-DAY SAINTS - 1
NO. C07-0801 JLR

GORDON TILDEN THOMAS & CORDELL LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154-1007
Phone (206) 467-6477
Fax (206) 467-6292

Dockets.Justia.com

was not a party. In the present action, plaintiff D.F. sued the Church solely to defeat diversity jurisdiction, the theory being that the Church is an incorporated association that is a citizen of every state in which it has members, including Washington.

This Court has asked to COP to show cause why the case should not be remanded, citing circuit precedent that the involuntary dismissal of resident defendants do not make a case removable (the "voluntary-involuntary rule"). That rule, however, is subject to exceptions where the joinder is fraudulent or the state court dismissal of the resident defendant is on jurisdictional grounds. Both exceptions apply here.

Plaintiff sued the Church without any chance of ever bringing the Church before the jurisdiction of the court. Jurisdiction does not exist without effective service. Assuming the Church were considered an "unincorporated association," plaintiff needed to serve the Church's 245,000 Washington members—just as he would if the defendant were an unincorporated social club. Washington law allows service to be made on an association's agent *only* if the association is "doing business" in Washington. However, the Church plainly does not do business in Washington. The Church enters no contracts, and has no employees, no property, and no assets—those functions are carried out through COP. The Church is solely a spiritual organization that, according to Church doctrine, exists as the Kingdom of God on earth.

The Superior Court dismissed the Church because the Church is not doing business in Washington and the purported service upon a Church agent was neither effective nor capable of being accomplished. The subsequent removal falls outside the voluntary-involuntary rule because the Church's dismissal was jurisdictional. Moreover, plaintiff failed to state a claim against the Church under the settled rules of the state, and thus removal falls within the

RESPONSE TO ORDER TO SHOW CAUSE BY
CORPORATION OF THE PRESIDENT OF THE CHURCH
OF JESUS CHRIST OF LATTER-DAY SAINTS - 2
NO. C07-0801 JLR

GORDON TILDEN THOMAS & CORDELL LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154-1007
Phone (206) 467-6477
Fax (206) 467-6292

traditional fraudulent joinder exception to the rule. COP respectfully contends it has shown cause why the case should not be remanded.

## II.   FACTS

### A. COP Removed This Case After Dismissal of An Entity Plaintiff Had Fraudulently or Improperly Joined

The facts supporting COP's motion to dismiss below and the Superior Court's dismissal of the Church on jurisdictional grounds, show why this case was properly removed. In the proceedings in state court, COP established that the Church is purely an ecclesiastical organization. COP thus established that the court could never exercise jurisdiction over the Church because it could never be served with process under Washington law.

#### 1. Distinction Between COP and the Church

For nearly 75 years, COP has been incorporated as a corporation sole under Utah law. Declaration of Michael Rosenberger, Ex. 1, ¶ 3.[1] It has its headquarters in Salt Lake City, Utah. It has employees, owns significant assets, and carries out church business. *Id.* COP, for example, funds all church-sponsored activities and outings.

As distinguished from COP, the Church exists solely as an ecclesiastical/spiritual organization, with more than 12.6 million members worldwide. *Id.* ¶ 4-5. The Church itself holds no assets or property. *Id.* ¶ 4. The Church itself has no corporate identity and no articles of association, bylaws, or rules governing legal existence. *Id.* It does not do business in any state, nor is it registered to do so. *Id., see also* Ex. 2. The Church has no employees and no assets or property from which a judgment could be satisfied. The Church is organized and governed by Scripture, by modern revelation from God, and by the ecclesiastical doctrines and

---

[1] All subsequent citations to exhibits refer to exhibits to the Rosenberger declaration.

RESPONSE TO ORDER TO SHOW CAUSE BY
CORPORATION OF THE PRESIDENT OF THE CHURCH
OF JESUS CHRIST OF LATTER-DAY SAINTS - 3
NO. C07-0801 JLR

GORDON TILDEN THOMAS & CORDELL LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154-1007
Phone (206) 467-6477
Fax (206) 467-6292

beliefs of the Church. Ex. 1, ¶ 7. Under Church doctrine, the Church functions as the Kingdom of God on earth.

### 2. COP's Corporate Form

Utah permits a religious organization to incorporate as a "corporation sole," thus permitting the incorporation of one or more high offices within a particular church. Utah Code Ann. § 16-7-1 *et seq.* Washington also permits this form of organization and, for example, the the Catholic Archbishop of Seattle is so organized.[2]

Most religious organizations choose to incorporate rather than carry out the secular aspects of church affairs (e.g., ownership of property) through unincorporated associations. This is due to the disadvantages of associations: "lack of limits on personal liability for the members and directors; difficulties in the ownership, receipt and succession of property, particularly real property; [and] complications in entering into legal transactions such as contracts and the initiation of lawsuits . . . ." Gerstenblith, *Associational Structures of Religious Organizations*, 1995 B.Y.U. L. Rev. 439, 444 (1995).

### 3. COP's Motion to Dismiss

COP moved to dismiss, first, on the ground that the Church lacked capacity to be sued and thus was not a proper party. Ex. 3 at 2. As stated by one state court, "Whenever a religious society incorporates, it assumes a dual existence; two distinct entities come into being – one, the church, which is conceived and endures wholly free from civil law, and the other, the corporation created through the state prescribed method." *Folwell v. Bernard*, 477 So.2d 1060, 1063 (Fla. App. 1985).

---

[2] This information is available on the web site of the Washington Secretary of State, http://www.secstate.wa.gov/corps/.

RESPONSE TO ORDER TO SHOW CAUSE BY
CORPORATION OF THE PRESIDENT OF THE CHURCH
OF JESUS CHRIST OF LATTER-DAY SAINTS - 4
NO. C07-0801 JLR

GORDON TILDEN THOMAS & CORDELL LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154-1007
Phone (206) 467-6477
Fax (206) 467-6292

Second, COP argued that service of the Complaint on a church agent was improper and, as a practical matter, the Church could never be served and brought before the jurisdiction of the Court. Ex. 3 at 3. Even if one considered the Church to be an "unincorporated association," the Washington statute governing service of process allows service on an association's agent only if the association is "doing business within the state." RCW 4.28.080(10). Since the Church does not "do business" in the state, the Church could not be served by serving its agent. Like a social club that does not do business in the state, the Church would need to be served by serving all its members. As a practical matter, a court could never acquire jurisdiction over the Church because plaintiff could never serve the 245,000 Church members in Washington.

### 4. The Court Dismissed the Church on Jurisdictional Grounds

Judge Inveen of King County Superior Court heard arguments and initially denied COP's motion. Judge Inveen mentioned in her oral remarks that she believed a fact question exists as to whether the Church "does business" in the State of Washington. Because the propriety of service is not a factual question for the jury, COP moved to reconsider. COP argued: (1) while the parties clearly disagreed regarding whether the Church "does business" in the state, plaintiff presented no factual evidence to support his position; and (2) service of process is a jurisdictional issue (i.e., service of process is essential to invoking personal jurisdiction) and jurisdiction is a question of law for the court. Ex. 4 at 2, 5. After considering plaintiff's opposition to the motion, the Court agreed that service was improper and thus granted COP's motion for reconsideration, dismissing the Church with prejudice. Ex. 5.

RESPONSE TO ORDER TO SHOW CAUSE BY
CORPORATION OF THE PRESIDENT OF THE CHURCH
OF JESUS CHRIST OF LATTER-DAY SAINTS - 5
NO. C07-0801 JLR

GORDON TILDEN THOMAS & CORDELL LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154-1007
Phone (206) 467-6477
Fax (206) 467-6292

B.  **The Church Was Improperly Named As a Defendant Solely to Thwart Federal Jurisdiction**

Plaintiffs' lawyers typically prefer to be in state court rather than federal court. Many lawyers believe, accurately or not, that federal judges are more likely to grant dispositive motions. The history between COP and plaintiff's counsel makes this preference far stronger.

D.F. is the fourth suit filed against COP in recent years by plaintiff's counsel, Messrs. Pfau and Kosnoff. Two of the cases were tried and are currently on appeal, the other two are currently pending before this Court. The first case against COP was tried to a King County Superior Court jury, which awarded damages in excess of $4 million.[3] The second case was tried to a jury before Judge Martinez of this Court and resulted in a judgment against COP of only $87,500.[4] The widely varying results have only reinforced plaintiff's counsel's determination to avoid federal court at all costs.

The history of the other COP case pending before this Court, *Rinde v. COP* (No. 2:07-CV-00348-JLR), is instructive as it highlights the contemporaneous efforts of plaintiff's counsel to add any party who would destroy diversity, regardless of the legal deficiencies of the claim against that putative defendant.

- March 22, 2006: Plaintiff Rinde filed his complaint in King County Superior Court. The action is captioned *Rinde v. Corporation of the President of the Church of Jesus Christ of Latter-Day Saints, a Utah corporation sole, a/k/a the "Mormon Church."*

- April 19, 2006: COP removed the action, and it was assigned to Judge Zilly.

---

[3] *Jane Doe v. Corporation of the Presiden, et. al.*, No. 02-2-04105-1 KNT. Ex. 6. Although the Church was not a named party, COP could not remove because plaintiffs also sued the abuser (their stepfather), a Washington resident.

[4] *R.K. v. Corporation of the President*, No. C04-2338 RSM, Dkt. # 220, 221.

RESPONSE TO ORDER TO SHOW CAUSE BY
CORPORATION OF THE PRESIDENT OF THE CHURCH
OF JESUS CHRIST OF LATTER-DAY SAINTS - 6
NO. C07-0801 JLR

GORDON TILDEN THOMAS & CORDELL LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154-1007
Phone (206) 467-6477
Fax (206) 467-6292

- May 16, 2006: Plaintiff filed a motion to amend the complaint to "clarify" the status of defendants, and a motion to remand. *Rinde*, No. 2:06-CV-00556, Dkt. # 5. Plaintiff moved to add the Church as a separate defendant and argued that, as an unincorporated association with members in Washington, it was a non-diverse defendant, thus requiring remand. In his reply brief in support of his motion, plaintiff argued for the first time that he needed to add the Church because COP might argue it is not responsible for negligence of Church clergy and, if COP did so, plaintiff could be left with an "empty chair" defendant. *Id.*, Dkt. # 8 at 3:10-16. Plaintiff made this statement despite the fact that: (1) plaintiff's counsel previously tried *Jane Doe v. COP*, *supra* fn. 3, in which the Church was *not* a party, and COP had not asserted such an empty chair defense; and (2) COP had never suggested it would deny that Church clergy are agents of COP.

- June 30, 2006: Judge Zilly granted the motions to amend and to remand, noting the purported empty chair "could preclude Mr. Rinde from recovering damages for any fault attributable to the Mormon Church." *Id.*, Dkt. # 15 at 20-21.

- January 11, 2007: COP moved in Superior Court to dismiss Rinde's claims, citing the lack of capacity of the Church to be sued and the Court's lack of jurisdiction over the Church due to improper (and impossible) service. To eliminate any chance of plaintiff reprising his "empty chair" argument, COP stated that "COP does not distance itself from the acts of Church clergy – to the extent clergy were negligent while acting within the scope of their authority as

RESPONSE TO ORDER TO SHOW CAUSE BY
CORPORATION OF THE PRESIDENT OF THE CHURCH
OF JESUS CHRIST OF LATTER-DAY SAINTS - 7
NO. C07-0801 JLR

GORDON TILDEN THOMAS & CORDELL LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154-1007
Phone (206) 467-6477
Fax (206) 467-6292

clergy, COP concedes it is the entity that is responsible . . . . The Church cannot be an 'empty chair.'" Ex. 7 at pp. 4-5 (emphasis in original).

- <u>February 13, 2007</u>: Judge Downing granted COP's motion to dismiss the Church. Ex. 8. At oral argument, plaintiff's counsel suggested that COP's motion was pointless because, if it were granted, plaintiff would simply add another non-diverse defendant. The court thus granted Rinde time to file a motion to amend to attempt to add another non-diverse defendant, Gordon Conger.

- March 5, 2007: Judge Downing denied plaintiff's motion to add Mr. Conger as a defendant, finding plaintiff's proposed claim without merit because the statute of limitation had run nearly 17 years ago. Ex. 9. COP then removed.

The instant action, *D.F. v. COP*, was filed June 1, 2006, after plaintiff's counsel had filed the motions to amend to add the Church in *Rinde v. COP*. In both cases, plaintiff's joinder of the Church was neither necessary (given that *Jane* Doe was tried to verdict absent the Church) nor proper (given the impossibility of obtaining jurisdiction).

### III.    ARGUMENT

**A.    The Superior Court's Dismissal Was Based on a Jurisdictional Issue.**

COP's sole basis for moving for reconsideration was that it had not been properly served and, in fact, could not be served. Ex. 4. When Judge Inveen granted this motion and dismissed the Church, the ruling was jurisdictional.

"'First and basic to any litigation is jurisdiction, and first and basic to jurisdiction is service of process.'" *State v. Breazeale*, 144 Wn.2d 829, 842, 31 P.2d 1155 (2001), quoting *Dobbins v. Mendoza*, 88 Wn. App. 862, 871, 947 P.2d 1229 (1997). "Proper service of the

RESPONSE TO ORDER TO SHOW CAUSE BY
CORPORATION OF THE PRESIDENT OF THE CHURCH
OF JESUS CHRIST OF LATTER-DAY SAINTS - 8
NO. C07-0801 JLR

GORDON TILDEN THOMAS & CORDELL LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154-1007
Phone (206) 467-6477
Fax (206) 467-6292

summons and complaint is essential to invoke person jurisdiction over a party." *In Re Marriage of Markowski*, 50 Wn. App. 633, 635-36, 749 P.2d 754 (1988).

**B.    A Dismissal For Lack of Jurisdiction, Like Fraudulent Joinder, Falls Outside the "Voluntary-Involuntary" Rule**

As noted in the Order to Show Cause, the Ninth Circuit observes the voluntary-involuntary rule, "which requires that a suit remain in state court unless a 'voluntary' act of the plaintiff brings about a change that renders the case removable." *Self v. General Motors Corp.*, 588 F.2d 655 (9th Cir. 1978). The court recognized that this rule is subject to an exception for fraudulent joinder of the resident defendant. "*[I]n the absence of a fraudulent purpose to defeat removal*, the plaintiff may by the allegations of his complaint determine the status with respect to removability of a case, . . . " *Self*, 588 F.2d at 659, quoting *Great Northern Ry. v. Alexander*, 246 U.S. 276, 282, 38 S. Ct. 237, 62 L.Ed. 713 (1918) (emphasis added).

The Eleventh Circuit has held that dismissal on jurisdictional grounds is akin to fraudulent joinder and thus permits removal. *Insinga v. LaBella*, 845 F.2d 249 (11th Cir. 1988). Plaintiff in *Insinga* alleged that she had been injured from care provided in defendant Humana's hospital, by an imposter who had fraudulently obtained a medical license from the State of Florida. Plaintiff filed suit in Florida state court against "Dr. LaBella," the State Board of Medical Examiners, the State Department of Professional Regulation, and Humana, a Delaware corporation with its principal place of business in Kentucky. Plaintiff never served "Dr. LaBella" and voluntarily dismissed the Department of Professional Regulation. After the state court dismissed the Board on sovereign immunity grounds, Humana removed. The Eleventh Circuit held removal to be proper:

> Under Florida law, sovereign immunity is a "defense that relates solely to the jurisdiction of the court," not the merits of the case.

RESPONSE TO ORDER TO SHOW CAUSE BY
CORPORATION OF THE PRESIDENT OF THE CHURCH
OF JESUS CHRIST OF LATTER-DAY SAINTS - 9
NO. C07-0801 JLR

GORDON TILDEN THOMAS & CORDELL LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154-1007
Phone (206) 467-6477
Fax (206) 467-6292

> Under these circumstances, we hold that the voluntary-involuntary rule does not apply and that the case was properly removed to the federal district court.

*Insinga*, 845 F.2d at 254 (citations omitted).

The Eleventh Circuit's analysis began with a discussion of a Supreme Court case also cited by the Ninth Circuit in *Self*, *Whitcomb v. Smithson*, 175 U.S. 635, 20 S. Ct. 248, 44 L. Ed. 303 (1900). In *Whitcomb*, the Supreme Court held that removal after a dismissal on the merits was improper:

> This [directed verdict] was a ruling on the merits, *and not a ruling on the question of jurisdiction.* It was adverse to the plaintiff, and without his assent, and the trial court rightly held it did not operate to make the case then removable . . . .

*Whitcomb*, 175 U.S. at 638 (emphasis added). The *Insinga* court found significant Whitcomb's discussion of jurisdiction:

> While the court did not state what the result would have been had the dismissal been premised on jurisdictional grounds, the obvious implication is that, had the state court dismissal been based on a finding of lack of jurisdiction over the resident defendant, the voluntary-involuntary rule would not have come into play.

*Insinga*, 845 F.2d at 254.

In addition to *Whitcomb*'s implied exception to the voluntary-involuntary rule for dismissals on jurisdictional grounds, the Eleventh Circuit found further support for its holding in the fact that a dismissal on jurisdictional grounds is "akin" to the well-established fraudulent joinder exception to the voluntary-involuntary rule.

> Fraudulent joinder is a well-established exception to the voluntary-involuntary rule. In order to sustain a fraudulent joinder, a state court must find either that there was no possibility that the plaintiff could prove a cause of action against the resident defendant or that the plaintiff fraudulently pled jurisdictional facts in order to subject

RESPONSE TO ORDER TO SHOW CAUSE BY
CORPORATION OF THE PRESIDENT OF THE CHURCH
OF JESUS CHRIST OF LATTER-DAY SAINTS - 10
NO. C07-0801 JLR

GORDON TILDEN THOMAS & CORDELL LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154-1007
Phone (206) 467-6477
Fax (206) 467-6292

> that resident defendant to the jurisdiction of the state court. *For all intents and purposes, a trial court's finding that it lacks jurisdiction over a resident defendant is akin to a finding of fraudulent joinder of that defendant in that it involves a determination by the court that the resident defendant was never properly before the court, rather than a determination that the court had jurisdiction of that defendant, but that the case against him, although not frivolous, was not meritorious.*

*Insinga*, 845 F.2d at 254-55 (emphasis added).

Hence, COP's removal was proper, and fell within an exception to the voluntary-involuntary rule, because the Superior Court's dismissal was jurisdictional.

### C. The Fraudulent Joinder Exception Also Applies.

Even under the traditional fraudulent joinder exception to the voluntary-involuntary rule, COP's removal was proper. Where a plaintiff fails to state a cause of action against a resident defendant, and the "failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998).

The claims filed against the Church were fraudulent because COP established that the Church did not do business in Washington, and thus plaintiff's purported claims against the Church could never be litigated. COP established this through the declarations of Paul Rytting. *See*, Exs. 1-2. Plaintiff proffered no evidence to the contrary, although plaintiff did argue, with neither evidentiary nor legal basis, that receiving donations and performing missionary work constituted "business."

### D. *Rinde* Should Not Be Remanded.

Although this Court has not issued an order to show cause in *Rinde*, it too is pending before Judge Robart and COP anticipates that the Court may take a similar view of the two cases.

RESPONSE TO ORDER TO SHOW CAUSE BY
CORPORATION OF THE PRESIDENT OF THE CHURCH
OF JESUS CHRIST OF LATTER-DAY SAINTS - 11
NO. C07-0801 JLR

GORDON TILDEN THOMAS & CORDELL LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154-1007
Phone (206) 467-6477
Fax (206) 467-6292

For the reasons discussed above, COP believes the instant case was removed properly. However, even if this Court were to disagree, the Court should not follow suit in *Rinde*. Plaintiff has waived the right to seek remand in *Rinde*, and this Court cannot do so *sua sponte*. "[T]he district court cannot remand *sua sponte* for defects in removal procedure." *Kelton Arms Condo. Owners Ass'n v. Homestead Ins. Co.*, 346 F.3d 1190, 1193 (9th Cir. 2003).

*Rinde* was removed on March 7, 2007, and "[a] motion to remand on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after filing of the notice of removal." 28 U.S.C. §1447(c). Rinde did not object within 30 days.

A removal that runs afoul of the voluntary-involuntary rule is only procedurally defective. The court has subject-matter jurisdiction, since the parties are diverse. Pursuant to Section 1447(c), procedural defects are waived if not objected to in 30 days:

> Where the voluntary-involuntary rule applies to bar removal in diversity, the removal is procedurally defective, not jurisdictionally defective. . . . [A] procedural defect in removal is waived unless objected to by a plaintiff within thirty days from the date of removal, see 28 U.S.C. § 1447(c); . . .

*Sanders v. Merck & Co.*, 2007 U.S. Dist. LEXIS 21614, 19-20 (D. Ill. March 27, 2007).

With plaintiff in *Rinde* having waived objections to removal, and *Kelton Arms* precluding this Court from remanding *sua sponte*, *Rinde* should remain in this Court even if the Court were to remand *D.F.*

## IV.    CONCLUSION

For the reasons stated above, COP respectfully contends it has shown cause why this case should not be remanded.

RESPONSE TO ORDER TO SHOW CAUSE BY
CORPORATION OF THE PRESIDENT OF THE CHURCH
OF JESUS CHRIST OF LATTER-DAY SAINTS - 12
NO. C07-0801 JLR

GORDON TILDEN THOMAS & CORDELL LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154-1007
Phone (206) 467-6477
Fax (206) 467-6292

DATED this 15th day of June, 2007.

GORDON TILDEN THOMAS & CORDELL LLP

By _____
Charles C. Gordon, WSBA #1773
Jeffrey I. Tilden, WSBA #12219
Michael Rosenberger, WSBA #17730
Attorneys for Defendants Corporation of the President of the Church of Jesus Christ of Latter-Day Saints

RESPONSE TO ORDER TO SHOW CAUSE BY CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS - 13
NO. C07-0801 JLR

GORDON TILDEN THOMAS & CORDELL LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154-1007
Phone (206) 467-6477
Fax (206) 467-6292

**CERTIFICATE OF SERVICE**

I hereby certify that on June 15, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Timothy D. Kosnoff
timkosnoff@comcast.net

Michelle A. Menely
mmenely@gth-law.com

Michael T. Pfau
mpfau@gth-law.com

DATED this 15th day of June, 2007.

GORDON TILDEN THOMAS & CORDELL LLP

By_____
Michael Rosenberger, WSBA #17730
Attorneys for Defendants Corporation of the President of the Church of Jesus Christ of Latter-Day Saints

RESPONSE TO ORDER TO SHOW CAUSE BY CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS - 14
NO. C07-0801 JLR

GORDON TILDEN THOMAS & CORDELL LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154-1007
Phone (206) 467-6477
Fax (206) 467-6292