# EXHIBIT 3

EXHIBIT 3
Page 12

Dockets.Justia.com

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34
35
36
37
38
39
40
41
42
43
44
45

The Honorable Laura Inveen
Hearing Date: February 9, 2006 9:00 a.m.

SUPERIOR COURT OF THE STATE OF WASHINGTON
FOR KING COUNTY

D.F.,

                Plaintiff,

       v.

THE CORPORATION OF THE PRESDIENT
OF THE CHURCH OF JESUS CHRIST OF
LATTER-DAY SAINTS, a Utah corporation
sole; LDS SOCIAL SERVICES a/k/a LDS
FAMILY SERVICES, a Utah corporation; and
the "MORMON CHURCH" THE CHURCH
OF JESUS CHRIST OF LATTER-DAY
SAINTS, an unincorporated association,

              Defendants.

NO.  06-2-18131-0 KNT

DEFENDANT CORPORATION OF
THE PRESIDENT OF THE CHURCH
OF JESUS CHRIST OF LATTER-DAY
SAINTS' MOTION TO DISMISS
AND/OR FOR SUMMARY
JUDGMENT

## I.    INTRODUCTION

Plaintiff alleges that approximately 31 years ago he was sexually abused by an Assistant

Scout Master of the Boy Scouts who was a member of The Church of Jesus Christ of Latter-day

Saints ("the Church" or "the LDS Church").  Although the abuser was not a member of the

clergy, plaintiff alleges that defendants had a duty to prevent such abuse.  By this motion,

defendant Corporation of the President of The Church of Jesus Christ of Latter-day Saints

("COP") moves to dismiss the Church as a party.  COP stands in the shoes of the Church and

DEFENDANT CORPORATION OF THE PRESIDENT OF THE
CHURCH OF JESUS CHRIST OF LATTER-DAY
MOTION TO DISMISS - 1

EXHIBIT 3
Page 13

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154-1007
Phone (206) 467-6477
Fax (206) 467-6292

brings this motion on the Church's behalf because, as discussed below, the Church has no

capacity to sue, be sued, or participate in litigation.

Defendant COP is a corporation organized nearly 75 years ago as a legal vehicle for the

Church's interface and relationship with secular society. COP possesses assets, enters contracts

to carry out the business of the Church, hires and pays employees, and has the capacity to file

suit and be sued. COP is registered to conduct business in the State of Washington and has

identified an agent for service of process. In contrast, the Church exists solely as a spiritual and

ecclesiastical entity which possesses no assets or property, does no business in any state, and has

no employees. According to Church doctrine, the Church functions as the Kingdom of God on

earth. The Church is not incorporated or registered to do business, and has no agent for service

of process.

COP moves to dismiss the Church from this suit for two reasons. First, the Church lacks

capacity to be sued. Once a religious organization has seen fit to incorporate, it is solely this

legal entity that can be sued. The corresponding ecclesiastical, unincorporated church lacks any

legal existence. Enforcing this principle would cause no prejudice to plaintiff's liability or

damages case. COP concedes it is liable for any negligence of the Church and COP's assets are

available to satisfy any judgment. Thus, for example, counsel for plaintiff and defendants tried a

similar sexual abuse case in federal court just a few months ago, and the sole defendant in that

case was COP. COP proposed a jury instruction, which Judge Ricardo S. Martinez gave, that

advised the jury that COP "stands in the shoes of the Church."

That is as equally true here as it was there. Because the COP stands in the shoes of the

Church, the Church has no assets, and any judgment would be paid by COP, the Church is

DEFENDANT CORPORATION OF THE PRESIDENT OF THE
CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS'
MOTION TO DISMISS - 2
    EXHIBIT 3
    Page 14

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154-1007
Phone (206) 467-6477
Fax (206) 467-6292

completely superfluous. Plaintiff has sued the Church for one reason: to defeat diversity jurisdiction. If the Church were deemed an "unincorporated association" with capacity to be sued, the traditional rule is that such an association is a resident of any state in which it has a member, thus making diversity jurisdiction impossible. COP's motion, if granted, merely prevents plaintiff's counsel from forum shopping between federal and state court—adding or omitting the Church as a defendant at times of plaintiff's counsel's whim. Plaintiff's counsel has represented several other plaintiffs in sexual abuse cases against COP, and in most of them the Church is not a named defendant.[1]

Second, the Church should be dismissed because plaintiff has failed to serve the Church and, indeed, cannot practically do so under any circumstances. Plaintiff attempted service on the Church by serving a former clergy member, Gordon Conger, presumably on the belief that Mr. Conger is the Church's agent. However, service upon the Church (even if it were a proper party) cannot be accomplished by serving an "agent" of the Church. Washington law provides an agent of an unincorporated association can be served when that association is "doing business" in Washington. Given that the Church has no employees and conducts no business in the State of Washington, the Church is not "doing business" and thus cannot be served through an agent. Thus, even if the Church were a proper party, which COP disputes, the Church could be served only by serving each of its members in the State. COP readily concedes that this is nearly impossible as a practical matter and such impossibility serves only to highlight the impropriety of joining the Church in this action.

---

[1] For example, and as discussed in more detail below, plaintiff's counsel did not name the Church as a defendant in the case recently tried against COP in the Western District of Washington, *R.K. v. Corporation of the President of The Church of Jesus Christ of Latter-day Saints*. Plaintiffs' counsel also represent a plaintiff in a federal action that does not name the Church as a defendant, *Ames v. Corporation of the President of the Church of Jesus Christ of Latter-day Saints*.

DEFENDANT CORPORATION OF THE PRESIDENT OF THE
CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS'
MOTION TO DISMISS - 3

EXHIBIT 3
Page 15

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154-1007
Phone (206) 467-6477
Fax (206) 467-6292

## II.    FACTS

**A.    Similar Cases Show The Church is Not an Appropriate or Necessary Party.**

Plaintiff's counsel, Mssrs. Pfau and Kosnoff, represent current and former litigants in sex abuse cases against COP. Some of these cases are being litigated in federal court against only COP. Given that the Church is not needed to litigate these cases or to collect on any judgment, one must conclude the Church's presence as a party derives solely from plaintiff's counsel's opinion as to the forum most favorable for a given case.

In this case and another pending before this Court, plaintiff's counsel named the Church as a defendant. Plaintiff's counsel have sought to justify naming the Church as a defendant on the ground that COP purportedly could argue the Church is a non-party at fault under R.C.W. 4.22.070, thereby reducing plaintiff's damages. However, the Church cannot be an "empty chair" to whom fault could be attributed, and COP would be willing to so stipulate.

The cases filed by plaintiff's counsel against COP include:

1. *R.K. v. The Corporation of the President of The Church of Jesus Christ of Latter-day Saints* (W.D. Wash. C04-2338RSM): That case, now on appeal, did not name the Church as a defendant. Four plaintiffs commenced the action, which was originally captioned *K.F. v. The Corporation of the President of the Church of Jesus Christ of Latter Day Saints*. The lead plaintiff in that case, K.F., is the brother of D.F., plaintiff herein. Three plaintiffs, including K.F., settled with COP and R.K.'s claim went to trial. COP itself proposed a jury instruction —which the Court gave—that succinctly stated the relationship between COP and the Church:

> Defendant in this case is the corporation established by the
> Church of Jesus Christ of Latter-Day Saints to carry out the

DEFENDANT CORPORATION OF THE PRESIDENT OF THE
CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS'
MOTION TO DISMISS - 4

EXHIBIT 3
Page 16

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154-1007
Phone (206) 467-6477
Fax (206) 467-6292

secular affairs of the Church. <u>Legally, it stands in the shoes of the Church.</u>

Declaration of Michael Rosenberger, Exs. 1-2 (emphasis added).[2]

2. *David V. Ames v. The Corporation of the President of the Church of Jesus Christ of Latter-day Saints* (D.N.J., 2:06-cv-03441 –WJM-RJH). That sexual abuse case does <u>not</u> name the Church and was recently commenced in federal court in New Jersey.[3]

3. *Doe v. The Corporation of the President of The Church of Jesus Christ of Latter-day Saints* (King Co. Sup. Ct. 02-2-04105-1 KNT): That case, also on appeal, did <u>not</u> name the Church as a defendant. Ex. 5. COP did not remove the case to federal court because complete diversity was lacking; the plaintiffs and COP's co-defendant were Washington residents.

4. *Rinde v. The Corporation of the President of The Church of Jesus Christ of Latter-day Saints*, et. al. (King Co. Sup. Ct. 06-2-09825-1 SEA). In *Rinde*, plaintiff's counsel initially named only COP.[4] COP removed to federal court, at which point plaintiff moved to amend the Complaint to add the Church as a defendant and to remand to this Court. Judge Zilly permitted plaintiff to add the Church based on the plaintiff's misrepresentation that COP might assert "that it is not the entity responsible for the acts of the Bishops, Stake Presidents and other officials involved in this case." Ex. 7 at 3. Plaintiff thus suggested he "could be left with an 'empty chair' defendant." *Id.* These

---

[2] All exhibits subsequently cited are attached to the Rosenberger declaration filed herewith.

[3] Plaintiff's counsel do not appear on the Complaint in that action, Ex. 3, but the preceding demand letter identifies them as counsel for plaintiff Mr. Ames. Ex. 4.

[4] The federal court to which the case was removed noted that Plaintiff "failed to plead the existence of two defendants in his Complaint." Ex. 6 at 1.

DEFENDANT CORPORATION OF THE PRESIDENT OF THE
CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS'
MOTION TO DISMISS - 5

EXHIBIT 3
Page 17

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154-1007
Phone (206) 467-6477
Fax (206) 467-6292

statements were blatantly false because, as reflected by the instruction COP proposed in

*R.K. v. COP*, COP concedes it is the entity responsible if Church clergy were negligent

while acting within the scope of their authority as clergy. Unfortunately, COP could not

rebut the misrepresentation because it appeared in plaintiff's reply brief and the court did

not hold a hearing. The court relied on plaintiff's misstatements and thus allowed Mr.

Rinde to add the Church as a defendant, stating that "the absence of the Mormon church

as a named defendant could preclude Mr. Rinde from recovering damages for any fault

attributable to the Mormon church." Ex. 6 at 2. The court then remanded the case to

Superior Court as it viewed the Church as an association that is a resident of every state

in which a member resides, including Washington, thus defeating diversity jurisdiction.

*Rinde* is pending before Judge Downing, and COP has filed a nearly

identical motion to dismiss the Church from that case. That motion will be argued on the

same day as the present motion, February 9, 2007. If it would be of convenience to the

Court, COP would be willing to argue the two motions simultaneously before both Judge

Inveen and Judge Downing.

Hence, three of plaintiff's counsel's four other cases against COP did not name the

Church as a defendant, and two of them are being litigated in federal court. Surely, plaintiff's

counsel cannot contend that Plaintiff would be prejudiced if the Church were dismissed.

**B.    Most Religious Organizations, Including the LDS and Catholic Churches, Operate Through a Form of Corporate Organization.**

Before addressing the specifics of the corporate existence of the LDS Church, it is

appropriate to describe why religious organizations adopt a corporate form and the unique

corporate form that is often used.

DEFENDANT CORPORATION OF THE PRESIDENT OF THE
CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS'
MOTION TO DISMISS - 6
     EXHIBIT 3
     Page 18

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154-1007
Phone (206) 467-6477
Fax (206) 467-6292

Most religious organizations do not carry out church business through unincorporated

associations. This is not surprising, given the disadvantages of associations: "lack of limits on

personal liability for the members and directors; difficulties in the ownership, receipt and

succession of property, particularly real property; [and] complications in entering into legal

transactions such as contracts and the initiation of lawsuits. . . ." Gerstenblith, *Associational*

*Structures of Religious Organizations*, 1995 B.Y.U. L. Rev. 439, 444 (1995).

> For these reasons, most organizations which are of any size or
> complexity, which own property, or which desire to gain other
> advantages from a more formal corporate status choose to
> incorporate under one of the applicable state incorporation statutes.

*Id.*

Utah permits a religious organization to incorporate as a "corporation sole," thus

permitting the incorporation of one or more high offices within the particular church. Utah Code

Ann. § 16-7-1 et seq. Washington also permits this form of organization and, for example, the

Catholic Bishop of Spokane and the Corporation of the Catholic Archbishop of Seattle are

organized as corporations sole.[5]

> [A] corporation sole is the incorporation of the bishop or other
> presiding officer of the church for the purposes of administering
> and managing the affairs, property and temporalities of the church.
> The principal purpose of a corporation sole is to insure the
> continuation of ownership of a religious organization's property. At
> the death of the individual holding the office, church property
> passes to the successor to the office for the benefit of the religious
> group, rather than passing to the officeholder's heirs.

Gerstenblith, *supra*, at 455. Utah's corporation sole statute grants corporate status and

protection to the incorporating religious organization, and provides that the entity shall have

---

[5] According to the web site of the Washington Secretary of State, http://www.secstate.wa.gov/corps/, the Catholic
Bishop of Spokane is an active corporation sole organized in 1915 and The Corporation of the Catholic Archbishop
of Seattle is an active corporation sole organized in 1861.

DEFENDANT CORPORATION OF THE PRESIDENT OF THE
CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS'
MOTION TO DISMISS - 7

EXHIBIT 3
Page 19

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154-1007
Phone (206) 467-6477
Fax (206) 467-6292

power: (1) to "acquire," "possess" and "dispose" of real property; (2) "to borrow money"; (3) "to contract and be contracted with"; (4) "to sue and be sued"; (5) "to plead and be impleaded in all courts of justice"; and (6) to have a common seal. Utah Code Ann. § 16-7-6.

## C.    Defendant COP Exists to Conduct Temporal Affairs on Behalf of the Church.

For nearly 75 years, COP has been incorporated as a corporation sole under Utah law. Affidavit of Paul D. Rytting, ¶ 3. It has its headquarters in Salt Lake City, Utah. *Id.* It has employees, owns significant assets and carries out church business. *Id.* COP, for example, funds all Church-sponsored activities and outings.

## D.    The Church Is Concerned Solely with Spiritual Matters, Holds No Property, and Conducts No Business.

As distinguished from COP, the Church exists solely as an ecclesiastical/spiritual organization, with more than 27,000 congregations and more than 12.6 million members worldwide. Rytting Affidavit ¶ 5. Under Church doctrine, the Church functions as the Kingdom of God on earth. From time to time, the president or other "general authorities" of the Church provide spiritual and doctrinal guidance to local Church leaders and the general membership. *Id.* ¶ 7. Local leaders of the Church also perform religious functions similar to those performed in other religious organizations, including blessings, baptisms, confirmation, ordinations, and the calling of members to serve in volunteer ecclesiastical positions. *Id.* The Church itself has no corporate identity and no articles of association, bylaws, or rules governing legal existence. Instead, the Church is organized and governed by scripture, by modern revelation from God, and by the ecclesiastical doctrines and beliefs of the Church. *Id.* ¶ 6.

As a purely ecclesiastical and spiritual entity, the Church itself holds no assets or property. *Id.* ¶ 4. It does not do business in any state, nor is it registered to do so. *Id.* The

DEFENDANT CORPORATION OF THE PRESIDENT OF THE
CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS'
MOTION TO DISMISS - 8
    EXHIBIT 3
    Page 20

**GORDON MURRAY TILDEN LLP**
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154-1007
Phone (206) 467-6477
Fax (206) 467-6292

Church has no employees and it has no money from which to pay salaries, employment taxes, or benefits. *Id.* Thus, if a judgment were rendered against the Church, it would be futile because the Church has absolutely no assets or property from which such a judgment could be satisfied. *Id.*

**E.    Plaintiff Has Purported to Serve the Church by Serving a Former Clergy Member.**

Even if the Church had the capacity to be sued, plaintiff has not accomplished effective service of process.

Plaintiff attempted to serve the Church by serving Gordon Conger. Mr. Conger is a former clergy member of the Church. Although it is questionable whether Mr. Conger is an "agent" of the Church, this motion does not contest his status. Rather, COP contends that no service can be made on *any* agent because the Church is not "doing business" in Washington.

## III.    EVIDENCE RELIED UPON

1.    Declaration of Michael Rosenberger.

3.    Declaration of Paul D. Rytting.

## IV.    ARGUMENT

The factual setting from which this motion arises is novel. In most such cases, a personal injury plaintiff attempts to join the asset-rich corporate entity affiliated with a religious organization, and in some cases the corporate entity disputes responsibility for the torts of the actor in question. Here, COP does not dispute that it will be liable for, and pay, any judgment resulting from the negligence of Church agents acting within the scope of their authority.

Paradoxically, Plaintiff here seeks to maintain an action against an unincorporated religious organization with no assets and for no reason bearing upon liability or damages. Plaintiff's counsel seek to maintain the fiction of the Church as a necessary party so as to

DEFENDANT CORPORATION OF THE PRESIDENT OF THE
CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS'
MOTION TO DISMISS - 9
    EXHIBIT 3
    Page 21

**GORDON MURRAY TILDEN LLP**
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154-1007
Phone (206) 467-6477
Fax (206) 467-6292

preserve their discretion to defeat diversity jurisdiction when they perceive it in their interest to

do so.

## A.     The Church Has No Legal Status and is not a Proper Party.

As a purely spiritual association with no worldly affairs, the Church cannot be sued and

thus is not a proper party.  Once a religious entity chooses to incorporate utilizing a valid and

recognized form of legal incorporation, one can bring suit *only* against the corporate form:

> [W]henever a religious society incorporates, it assumes a dual
> existence; two distinct entities come into being -- *one, the church.*
> *which is conceived and  endures wholly free from the civil law*, and
> the other, the corporation created through the state prescribed
> method.  Each remains separate although closely allied.  *The*
> *components of the ecclesiastical interrelationship between the*
> *parent church and the subordinate body cannot be permitted*
> *to serve as a bridge capable of reaching the non-secular parent*
> *in a civil proceeding.*

*Folwell v. Bernard*, 477 So. 2d 1060, 1063 (Fla. App. 1985) (emphasis added) (citation omitted).

Other courts concur with *Folwell* and expressly acknowledge and respect the existence of two

separate yet related entities:  the spiritual or ecclesiastical entity that cannot be sued and over

which courts have no jurisdiction, and the temporal or corporate entity which is subject to

judicial control in accordance with statutory and constitutional restrictions.[6]

Where, as here, a religious denomination's corporate entity holds the denomination's

assets and is fully capable of serving as the defendant in a lawsuit – in other words, where the

---

[6] *See, e.g., Trinity Presbyterian Church of Montgomery v. Tankersley*, 374 So.2d 861, 866 (Ala. 1979) ("[W]henever there is an incorporated church, there exist two entities. . . Questions involving the spiritual church are ecclesiastical in nature, and civil courts cannot decide any questions concerning this entity."); *Sorenson v. Logan*, 32 Ill.App.2d 294, 295-96, 177 N.E.2d 713 (1961) (same); *Koch v. Estes*, 146 Misc. 249, 252, 262 N.Y.S. 23 (1933) ("A religious corporation has a double aspect, the one spiritual, the other temporal. With regard to the former, courts have no concern"); *Willis v. Davis*, 323 S.W.2d 847 (Ky. Ct. App. 1959) ("such a corporation is civil in nature and is an entity distinguishable from an ecclesiastical society or association, the one having jurisdiction over the temporal or secular and the other over ecclesiastical or spiritual affairs").

DEFENDANT CORPORATION OF THE PRESIDENT OF THE
CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS'
MOTION TO DISMISS - 10
EXHIBIT 3
Page 22

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154-1007
Phone (206) 467-6477
Fax (206) 467-6292

religious entity is focused entirely on religious matters – courts should and must honor the

corporate structure and deny attempts to drag the unincorporated religious entity into personal

injury lawsuits.

**B.    The Church Is not an "Unincorporated Association."**

The Church has often been characterized or characterized itself as an unincorporated

association. While this is somewhat descriptive insofar as it distinguishes it from an

incorporated entity, it is not accurate in the legal sense.

The term "unincorporated association"—commonly associated with entities such as labor

unions and homeowners' associations—refers to an association that operates absent any

corporate form. *EEOC v. St. Francis Xavier Parochial School*, 77 F. Supp. 2d 71 (D.D.C. 1999).

In that case, plaintiff brought a claim arising under the Americans with Disabilities Act against a

Catholic church and school that were part of a parish within the incorporated Archdiocese of

Washington. Plaintiff alleged that the school and church were unincorporated associations that

were properly joined as parties under Federal Rule 17(b). The court disagreed with plaintiff's

starting premise that the church and school were "unincorporated associations."

> While all of these definitions describe an unincorporated association as a
> collection of persons working together for a common objective, they also describe
> it as *an entity operating without a corporate charter*. The Court finds this latter
> characteristic determinative of whether an unincorporated division of a
> corporation meets the definition of an unincorporated association. Unlike the
> unincorporated associations defined above, a division of a corporation does
> operate with a charter -- the charter of the larger corporation.

*EEOC v. St. Francis Xavier*, 77 F. Supp. at 77 (emphasis added). While the Church is not a

division of COP, the principle is equally applicable—the Church has established a corporation

for carrying out its worldly affairs.

DEFENDANT CORPORATION OF THE PRESIDENT OF THE
CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS'
MOTION TO DISMISS - 11

EXHIBIT 3
Page 23

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154-1007
Phone (206) 467-6477
Fax (206) 467-6292

The district court in *EEOC v. St. Francis Xavier* also reasoned that the unincorporated

entities's lack of assets buttressed the conclusion they were not proper parties.

> This construction of "unincorporated association" is also consistent with the
> rationale for denying unincorporated divisions of a corporation the capacity to be
> sued in the first place. As discussed, this rationale arises out of an unincorporated
> division's lack of independent assets:  because any judgment against it must be
> satisfied out of the corporation's assets, the corporation must be named, and
> adjudged liable, as a party.

*Id.* at n. 9.  Similarly, here, Plaintiff knew he needed to join COP, as it is the Church entity with

assets.  Given COP's presence in this case, there is no reason to grant the unincorporated Church

the capacity to be sued.

COP concedes that this state permits unincorporated associations to be sued, as do many

other states.  This is a function of necessity.  For example, a person with a grievance against a

labor union would have no recourse if it (the labor union) were not subject to suit as an

unincorporated association.  However, such is not the case here—Plaintiff rights, if any, can be

fully vindicated without the presence of the Church in this litigation.  The Church is not an

"unincorporated association" as that term is used to describe unions and other such organizations

that lack any corporate form.

**C.    The Church Must Be Dismissed Because it Has Not and Cannot Be Served--the
Church is not "Doing Business" in Washington and thus the Summons and
Complaint Cannot be Served upon a Church agent.**

As noted above, Plaintiff purported to serve the Church by serving a former clergy

member, Mr. Conger.  For purposes of this motion, the Church does not dispute that Mr. Conger

is the Church's "agent."  COP contends, rather, that if the Church were a proper party, the

purported service on an agent is improper.  The only way to serve the Church would be to serve

all its members.  The Church should thus be dismissed—it has not been served and, as a practical

DEFENDANT CORPORATION OF THE PRESIDENT OF THE
CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS'
MOTION TO DISMISS - 12

EXHIBIT 3
Page 24

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154-1007
Phone (206) 467-6477
Fax (206) 467-6292

matter, the Church's continued presence on the caption would be a fiction because its 245,000

members in Washington cannot practicably be served.

The Washington statute governing service of process contains only one subsection that

mentions associations. The statute provides that the summons shall be served by delivering a

copy as follows:

> (10) If the suit be against a foreign corporation or non-
> resident joint stock company, partnership or *association doing*
> *business* within the State, to any agent, cashier or secretary thereof.
> . . .

> (15) In all other cases, to the defendant personally, or by
> leaving a copy of the summons at his house or his or her usual
> abode with some person of suitable age and discretion then
> resident therein.

R.C.W. 4.28.080 (10) (15) (emphasis added). Thus, even if this Court were to hold that the

Church is an unincorporated association, it is not "doing business" in the State and thus service

cannot be made upon the Church by serving a Church agent. Rather, like a social club that does

not "do business" in the State, the Church would need to be served by serving all its members.

As used in R.C.W. 4.28.080, the phrase "doing business" is not defined and COP is

unaware of any cases applying this phrase in the context of service upon an "association."

However, it has been interpreted and applied in the context of disputes concerning personal

jurisdiction over foreign corporations. "Although [RCW 4.28.080(10)] appears only to address

service of process, the Washington Supreme Court has held that it confers general jurisdiction

over a nonresident defendant 'doing business' in this state, that is, transacting *substantial and*

*continuous business* of such character as to give rise to a legal obligation." *Mbm Fisheries v.*

*Bollinger Mach. Shop & Shipyard*, 60 Wn. App. 414, 418, 804 P.2d 627 (1991). As discussed

DEFENDANT CORPORATION OF THE PRESIDENT OF THE
CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS'
MOTION TO DISMISS - 13
    EXHIBIT 3
    Page 25

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154-1007
Phone (206) 467-6477
Fax (206) 467-6292

above, the Church has no employees, enters no contracts and generally conducts *no* business in the State of Washington. Surely, it is not engaging in "substantial and continuous" business that would trigger the application of the statute permitting service upon an agent.

Moreover, other states have refused to apply similar statutes to associations other than businesses. For example, the Ninth Circuit, applying Nevada law, observed that a Nevada statute providing for service upon two or more persons "associated in any business" does not apply to unincorporated trade associations. *Strotek Corp. v. Air Transport Association of America*, 300 F.3d 1129, 1134 n.2 (9th Cir. 2002). As the court stated, "neither does it seem logical that it would be [applied to trade associations], for a trade association conducts no 'business' and its members have no joint liability." *Id.*

Similarly, in *Cox v. Thee Evergreen Church*, 836 S.W.2d 167 (Tex. 1992), the Texas Supreme Court held that a statute applicable to associations "doing business" in Texas did not apply to unincorporated charitable organizations. The Texas statute contains language similar to that contained in Washington's service of process statute:

> Any incorporated joint stock company or association, whether foreign or domestic, doing business in the State, may sue or be sued in any court of this state having jurisdiction of the subject matter in its company or distinguishing name; . . .

Tex. Rev. Civ. Stat. Ann. Article 6133.

In sum, even if this Court disagrees with COP's position that the Church is not a proper party, the Court should conclude the Church is not "doing business" in this state and therefore service of process cannot be made on a Church agent as provided in R.C.W. 4.28.080 (10). As a practical matter, such a ruling would require dismissal of the Church as Plaintiff would never be able to serve process on the 245,000 members of the Church in Washington.

DEFENDANT CORPORATION OF THE PRESIDENT OF THE
CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS'
MOTION TO DISMISS - 14

EXHIBIT 3
Page 26

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154-1007
Phone (206) 467-6477
Fax (206) 467-6292

## V.    CONCLUSION

For the reasons stated above, COP respectfully requests that this Court dismiss the

Church from this action.

DATED this 11th day of January, 2006.

**GORDON MURRAY TILDEN LLP**

By _____

Charles C. Gordon, WSBA #1773
Jeffrey I. Tilden, WSBA #12219
Michael Rosenberger, WSBA #17730
Attorneys for Defendants
The Corporation of the President of the Church
of Jesus Christ of Latter-Day Saints

DEFENDANT CORPORATION OF THE PRESIDENT OF THE
CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS'
MOTION TO DISMISS - 15

EXHIBIT 3
Page 27

**GORDON MURRAY TILDEN LLP**
1001 Fourth Avenue, Suite 4000
Seattle, WA  98154-1007
Phone (206) 467-6477
Fax (206) 467-6292