# EXHIBIT 4

EXHIBIT 4
Page 28

Dockets.Justia.com

The Honorable Laura C. Inveen

SUPERIOR COURT OF THE STATE OF WASHINGTON
FOR KING COUNTY

| | |
|---|---|
| D.F., <br><br> Plaintiff, <br><br> v. <br><br> THE CORPORATION OF THE PRESDIENT OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, a Utah corporation sole; LDS SOCIAL SERVICES a/k/a LDS FAMILY SERVICES, a Utah corporation; and the "MORMON CHURCH" THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, an unincorporated association, <br><br> Defendants. | NO. 06-2-18131-0 KNT <br><br> DEFENDANT COP'S MOTION FOR RECONSIDERATION |

## I. INTRODUCTION

On February 9, 2007, this Court denied Defendant COP's Motion to Dismiss the unincorporated Church from this action. In its oral remarks, the Court indicated that it believed a fact question existed as to whether the Church was "doing business" in the state of Washington. Whether the Church is doing business determines whether plaintiff has properly served the Church. If the Church is not doing business, plaintiff's service of a Church agent is not proper under RCW 4.28.080(10) and the Church's motion to dismiss should be granted.

DEFENDANTS' MOTION FOR RECONSIDERATION - 1

EXHIBIT 4
Page 29

COPY

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154-1007
Phone (206) 467-6477
Fax (206) 467-6292

COP respectfully requests that this Court vacate its order, and grant COP's motion, because: (1) despite plaintiff's *argument* that the Church does business in the State of Washington, there is no *evidence in the record* to support this contention; and (2) whether service has been effected is a jurisdictional question that must be resolved as a matter of law by the Court, not the jury. To the extent that the Court believes a fact question exists as to the propriety of service, it should vacate its order denying the motion and resolve the issue itself after an evidentiary hearing.

## II.   EVIDENCE RELIED UPON

The Declaration of Paul D. Rytting, and Second Declaration of Paul D. Rytting, both previous filed with the motion under reconsideration.

## III.   ARGUMENT

### A.   Plaintiff Presented No Facts from which the Court Could Conclude a Fact Question Existed.

Clearly, the parties disagree regarding whether the Church does business in this state. However, plaintiff presented *no factual evidence* to support his position, and thus there is no basis from which the Court could conclude that a fact question exists.

If the Court reviews the evidence submitted by plaintiff in opposition to COP's motion, the Court will look in vain for *any* indicia that the Church is doing business in this state. Plaintiff presented none of the following: (a) pay stubs indicating that the Church employs persons in this state; (b) real property records indicating that the Church owns property in this state; (c) contracts to which the Church is a party; or (d) bank accounts in the name of the Church.

DEFENDANTS' MOTION FOR RECONSIDERATION - 2

EXHIBIT 4
Page 30

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154-1007
Phone (206) 467-6477
Fax (206) 467-6292

1. **Cases from Other Jurisdictions Say Nothing about Church Dealings in Washington.**

Plaintiff's claim that the Church is doing business rests on three propositions. First, plaintiff argues the Church must be "doing business" in Washington because it has been characterized in other lawsuits as having engaged in a property transaction or having employees. As discussed in prior briefing and oral argument, this is not true—these cases reflect nothing more than inattention by the parties to those cases to the fact that the real party in interest was COP.[1]

Significantly, however, even if one gives plaintiff the benefit of the doubt and assumes for purposes of the motion that in the past the Church had employees or did business in another state, this says nothing about whether the Church currently does business in *this* state. If we were discussing a corporation, the fact that it did business in Florida in 1995 would not prove it currently does business in Washington.

2. **The Only Factual Evidence Cited by Plaintiff Says Nothing About Whether COP or the Church Controls the Assets.**

Second, plaintiff opposed the motion by asserting that money collected and spent by local congregations (known as "wards") constitutes "doing business." COP urges the Court to scrutinize the authority cited by plaintiff because the facts he cited do not support his contention.

For example, plaintiff alleged that "the fact that the Mormon Church has assets and does business in the State of Washington is further exemplified by the fact that each ward has financial records and budget." Pl's Memo in Opp. at 10. Plaintiff based this contention on the Church's Handbook of Instructions, which states only that "every stake and ward should prepare

---

[1] For example, one can readily imagine that an employee of COP with a worker's compensation claim might refer to his employer as "the Church," just as a person employed at the University of Washington might identify her employer as the University, even though technically her employer is the State of Washington.

DEFENDANTS' MOTION FOR RECONSIDERATION - 3

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154-1007
Phone (206) 467-6477
Fax (206) 467-6292

EXHIBIT 4
Page 31

and operate on a budget." Declaration of Michelle Menely, Ex. L at 9-2. Significantly, the Handbook of Instructions does *not* identify the source of such funds or the corporate entity that owns and controls such funds. Those facts are provided only in the Second Declaration of Paul Rytting:

> The checking (disbursement) account used by domestic local wards and stakes is owned by the Corporation of the Presiding Bishop of the Church of Jesus Christ of Latter-day Saints ("CPB"). Funds in this account are provided by COP from contributed revenue, including tithing.

Second Declaration of Paul D. Rytting ¶ 8. Plaintiff presents absolutely no contrary evidence.

Corporate control of the financial affairs of the Church is so complete that local wards do not even pay the electric bills for the facilities in which Church members worship:

> Local wards and stakes and their bishops and stake presidents do not enter into contracts. They do not buy the furniture in their buildings. They do not employ the maintenance staff or even pay the light bill. They do not own or maintain the properties.

*Id.* at ¶ 13.

### 3. Tithing and Missionary Work Are Spiritual, not Commercial, Practices.

Third, plaintiff argued that tithing and missionary work constitutes "doing business." Mr. Rytting's Second Declaration removes any doubt as to the role of tithing and missionary work in the Church—these are religious practices, not commercial ones. Plaintiff's argument to the contrary is just that, argument. There is no contrary *evidence* and, in any case, the Church's interpretation of its own doctrine is dispositive. *Presbyterian Church v. Mary Elizabeth Hull Mem'l Presbyterian Church*, 393 U.S. 440, 451 (1969) (courts cannot "engage in the forbidden process of interpreting and weighing church doctrine).

DEFENDANTS' MOTION FOR RECONSIDERATION - 4

EXHIBIT 4
Page 32

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154-1007
Phone (206) 467-6477
Fax (206) 467-6292

In sum, plaintiff presented no <u>facts</u> from which this Court could conclude the Church does business in this state.

**B.    Even if this Court Found a Fact Question as to Whether Service had been Property Accomplished, it is this Court's Duty to Resolve that Issue, not the Jury's.**

**1.    Service of Process is a Jurisdictional Issue.**

"'First and basic to any litigation is jurisdiction, and first and basic to jurisdiction is service of process.'" *State v. Breazeale*, 144 Wn.2d 829, 842, 31 P.2d 1155 (2001), quoting *Dobbins v. Mendoza*, 88 Wn. App. 862, 871, 947 P.2d 1229 (1997). "Proper service of the summons and complaint is essential to invoke person jurisdiction over a party." *In Re Marriage of Markowski*, 50 Wn. App. 633, 635-36, 749 P.2d 754 (1988).

**2.    Jurisdiction is a Question of Law for this Court, Not the Jury.**

"Jurisdiction is a question of law." *City of Spokane v. Spokane County*, 158 Wn.2d 661, 681, 146 P.3d 893 (2006); *see also*, *Rodriguez v. James-Jackson*, 127 Wn. App. 139, 144, 111 P.3d 271 (2005) ("Whether a plaintiff has satisfied the requirements for service by publication under RCW 4.28.100 is a question of law.")

**3.    If a Fact Question Exists as to Whether the Church Has Been Served, the Court Should Resolve the Motion After an Evidentiary Hearing.**

For the reasons stated above, COP strenuously urges that no fact question exists as to whether it does business in this state. If so, the Church cannot be served through an agent, service has not been effected, and the motion to dismiss should be granted.

To the extent the Court continues to believe a fact question exists as to the Church's alleged business dealings, it is the Court's duty to resolve the issue after an evidentiary hearing. This process has been approved by the Court of Appeals:

DEFENDANTS' MOTION FOR RECONSIDERATION - 5

EXHIBIT 4
Page 33

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154-1007
Phone (206) 467-6477
Fax (206) 467-6292

> We remanded for an evidentiary hearing to determine whether Mr. Spence was served with process and, thus, whether the court had personal jurisdiction over him. After considering conflicting evidence, the <u>trial</u> <u>court</u> determined the summons and complaint were left by a process server with a person of suitable age and discretion at Mr. Spence's residence . . . .

*Woodruff v. Spence*, 88 Wn. App. 565, 566, 45 P.2d 745 (1997).

### C.  Judge Downing Granted COP's Motion.

As the Court is aware, the parties had an identical motion in a similar case pending before Judge Downing. *Rinde v. Corporation of the President, et al.*, Cause No. 06-2-09825-1 SEA. Although his ruling is not binding upon this Court, the Court may be interested to know that Judge Downing granted COP's motion, subject generally to the conditions that COP agrees that Church agents are COP agents and that COP not remove the case to federal court until the Court rules on a motion to amend the complaint to add a Washington resident (COP will oppose it but, if granted, it would destroy diversity).

The form of order submitted by the parties for Judge Downing's approval is attached hereto. As of the date the instant motion was filed, undersigned counsel had not yet received a signed copy.

### IV.  CONCLUSION

For the reasons stated above, COP respectfully requests that this Court vacate its order and grant COP's motion to dismiss the Church. The record presented to this Court includes no facts from which the Court could conclude that the Church was doing business in the State of Washington, and thus service of process was improper. Alternatively, in the event that the Court continues to believe a fact question exists, the order should be vacated pending an evidentiary hearing to determine whether the Church is doing business in the State of Washington.

DEFENDANTS' MOTION FOR RECONSIDERATION - 6

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154-1007
Phone (206) 467-6477
Fax (206) 467-6292

EXHIBIT 4
Page 34

DATED this 15th day of February, 2007.

GORDON MURRAY TILDEN LLP

By _____
Charles C. Gordon, WSBA #1773
Jeffrey I. Tilden, WSBA #12219
Michael Rosenberger, WSBA #17730
Attorneys for Defendants
The Corporation of the President of the Church
of Jesus Christ of Latter-Day Saints

DEFENDANTS' MOTION FOR RECONSIDERATION - 7

GORDON MURRAY TILDEN LLP
1001 Fourth Avenue, Suite 4000
Seattle, WA 98154-1007
Phone (206) 467-6477
Fax (206) 467-6292

EXHIBIT 4
Page 35